UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, DIANE MOSTER,<br><br>   *Plaintiffs*,<br><br>v.<br><br>LLANO COUNTY, RON CUNNINGHAM, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY JUDGE; JERRY DON MOSS, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER; PETER JONES, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER; MIKE SANDOVAL, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER; LINDA RASCHKE, IN HER OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER; AMBER MILUM, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY SYSTEM DIRECTOR; BONNIE WALLACE, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER; ROCHELLE WELLS, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER; RHODA SCHNEIDER, IN HER OFFICIAL CAPACTY AS LLANO COUNTY LIBRARY BOARD MEMBER; AND GAY BASKIN, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER;<br><br>   *Defendants*. | Case No.  SA-22-CV-00400-JKP |

**O R D E R**

Before the Court is the status of this matter.

Upon review of the Complaint, the Court finds all Plaintiffs reside in Llano County, all Defendants are Llano County public officials, and the alleged action which is the subject of this suit occurs in Llano County. The Court recognizes venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) because Defendants reside within and/or perform official duties within the Western District of Texas. However, based upon these indisputable facts, the Court must consider whether transfer of venue to the Austin Division of the Western District of Texas is proper because the Austin Division services Llano County.

A district court has the authority to *sua sponte* transfer a case under 28 U.S.C. § 1404. *Shisinday v. Tex. Dep't of Criminal Justice-Agency*, 124 Fed. Appx. 898, 899 (5th Cir. 2005)(affirming inter-district, *sua sponte* transfer); *In re Ryze Claims Solutions, LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020); *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012); 14D Charles Alan Wright & Arthur R. Miller, 15 *Fed. Prac. & Proc. Juris.* § 3844 n. 2 (4th ed.)(collecting cases). Prior to initiating a *sua sponte* transfer of venue, a Court must provide the parties with notice, the opportunity to present a motion to transfer venue, and the opportunity for hearing. *Fincher v. Kansas City S. Ry. Co.*, No. CIV.A. 04-1259, 2009 WL 275391, at *1 (W.D. La. Feb. 4, 2009); 14D Charles Alan Wright & Arthur R. Miller, 15 *Fed. Prac. & Proc. Juris.* § 3844 n. 3 (4th ed.)(collecting cases).

Accordingly, the Court hereby provides notice to the parties of its consideration of a *sua sponte* transfer of venue to the Austin Division of the Western District of Texas. The Court hereby provides the parties the opportunity to present any appropriate motion, briefing, and oppor-

tunity for hearing on the issue whether transfer of venue to the Austin Division of the Western District of Texas is proper. Any motion or briefing by either party shall be filed on or before **Monday, May 9, 2022**. A hearing shall be held at **9 a.m. on Friday, May 13, 2022**, in Courtroom B, 262 W. Nueva St., San Antonio, TX 78207. Any responsive argument to any motion or briefing shall be heard at the hearing.

    It is so ORDERED.
    SIGNED this 28th day of April, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE