# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § | Civil Action No. 1:22-CV-00424-RP |
| Plaintiffs, | § § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move the Court for an order permitting Plaintiffs to obtain discovery from Defendants on an expedited basis in advance of a preliminary injunction hearing.[1] The discovery Plaintiffs seek is set forth in Exhibits 1-4 to this Motion.

## INTRODUCTION

Plaintiffs respectfully seek expedited discovery in support of their Motion for Preliminary Injunction to prevent Defendants from banning books in the Llano County public libraries. The full extent of Defendants' censorship remains unknown to Plaintiffs because Defendants have intentionally cloaked their illegal conduct in secrecy, acting without due process or transparency through their newly created County Library Board (the "New Library Board"). Defendants claim the New Library Board is not subject to the Texas Public Information Act or the Texas Open Meetings Act, and have, accordingly, withheld its records and closed all meetings to the public. The discovery that Plaintiffs seek is limited, and good cause exists to allow it.

The preliminary injunction Plaintiffs have requested seeks to preserve the status quo ante by requiring Defendants to "return all print books that were removed or hidden because of their viewpoint or content to their original locations in the Llano County Libraries." (Docket No. 22-12 at 2.) Plaintiffs now respectfully move the Court for an order permitting expedited discovery, focused on determining which books Defendants have censored based on their viewpoints and content since June 2021. This limited discovery will allow Plaintiffs to identify all library books

---

[1] Counsel for Defendants have not yet appeared in this case, which was filed on April 25, 2022. Consequently, Plaintiffs' counsel were unable to meet and confer with counsel for Defendants before filing this Motion, the disposition of which is urgent given the ongoing constitutional violations that Plaintiffs are suffering and the injunctive relief they seek. Once Defense counsel is identified, counsel for Plaintiffs will meet and confer with them regarding this Motion.

illegally removed by Defendants in violation of the First Amendment, which will, in turn, permit the Court to craft appropriate and tailored preliminary injunctive relief.

## **FACTUAL BACKGROUND**

Beginning in or around the summer of 2021, Defendants orchestrated a scheme to remove and restrict access to books with viewpoints and content that they subjectively disliked and disagreed with, in violation of the Library System's established library collection policies and procedures.[2] Under the guise of protecting children from "pornography," Defendants instructed staff librarians to remove books from library shelves that appeared on a list of books compiled by Texas State Representative Matt Krause (the "Krause List"). These books—many of which are award-winning titles—espouse views on racism, gender identity, and sexuality with which the representative disagrees. (*See, e.g.*, Declaration of Amy Senia ("Senia Decl."), Ex. 8 (Defendant Wells describes Krause List as "16-page list of CRT and LGBTQ book[s]" (Docket No. 22-10 at 72)); *id.,* Ex. 10 (three days after Krause List issued, Defendant Milum hides "Critical race theory book" behind front desk to limit access (Docket No. 22-10 at 77)); *id.*, Exs. 6, 7, 9 (Defendant Wallace's derivative list of Krause List books, described as "atrocious" and "pornographic filth," are removed from shelves on the same day Defendant Milum creates a spreadsheet of Krause List books in the Library System (Docket No. 22-10 at 59-75)); Baker Decl. ¶¶ 4-5, 10-12 (Defendant Milum orders librarian to remove all Krause List books and remove Krause List book display (Docket No. 22-2 at 1-3)).)

---

[2] Plaintiffs incorporate by reference the facts alleged in the Complaint and the Motion for Preliminary Injunction and its supporting declarations. (Docket Nos. 1, 22.)

Since then, Defendants have expanded their censorship beyond the Krause List books to target books with any sexual content. (Baker Decl. ¶ 6 (referring to other non-Krause List books that she believes were illegitimately removed from library shelves because of their sexual content, such as *Under the Moon: A Catwoman Tale* by Lauren Myracle (Docket No. 22-2 at 1-2)); Senia Decl., Ex. 7 (Defendant Cunningham directing Defendant Milum to "immediately" pull from library shelves "any and all books that depict any type of sexual activity or questionable nudity" (Docket No. 22-10 at 67)); *id.*, Ex. 21 (Defendant Cunningham directing Defendant Milum to pull from library shelves "[a]ny books with photos of naked or sexual conduct regardless if they are animated or actual photos" (Docket No. 22-10 at 106)).) Defendants have never publicly disclosed the complete list of books that have been removed from shelves as a part of their censorship campaign, nor do Defendants provide any notice whatsoever before removing or otherwise restricting a book because of its content or viewpoints.

Once Defendants realized that members of the public were aware of their censorship activities, Defendants moved to consolidate their power and insulate their censorship activities from public scrutiny. (Senia Decl., Exs. 3, 18 (Docket No. 22-10 at 53, 98).) Defendants first dissolved the existing library board. Then they created a new one and packed it with political appointees, including people who did not even have library cards and people who had vocally advocated for censoring books based on the Krause List, among them Defendants Bonnie Wallace, Rochelle Wells, and Rhonda Schneider. (Little Decl. ¶¶ 6, 9 (Docket No. 22-5 at 2); Senia Decl., Exs. 3, 5, 8, 11, 25 (Docket No. 22-10).) Defendants next banned staff librarians from attending meetings of the New Library Board (Baker Decl., Ex. 1 (Docket No. 22-1 at 1)), and, one month later, closed all future meetings to the public entirely (Senia Decl., Ex. 24 (Docket No. 22-10 at 129-135)).

## ARGUMENT

Federal Rules of Civil Procedure 34(b) and 26(d) allow a party to seek expedited discovery. *See, e.g., FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing expedited discovery before preliminary injunction hearing); *Quilling v. Funding Resource Group*, 227 F.3d 221, 233 (5th Cir. 2000) (affirming district court's order granting expedited discovery). Courts generally use either a "preliminary-injunction-style analysis" or a "good cause standard" to determine whether a party is entitled to conduct expedited discovery. *See, e.g.*, *Greenthal v. Joyce*, No. 4:16-CV-0041, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016). "The Fifth Circuit has not expressly adopted either standard, but several district courts within the Fifth Circuit have used the good cause standard." *NetChoice, LLC v. Paxton*, No. 1:21-CV-840-RP, 2021 WL 7081122, at *1 (W.D. Tex. Oct. 22, 2021) (Pitman, J.) (finding good cause to permit narrowly-tailed expedited discovery related to a pending preliminary injunction motion); *see also Intel Corp. v. Rais*, No. 1:19-CV-20-RP, 2019 WL 164958, at *7 (W.D. Tex. Jan. 10, 2019) (Pitman, J.) (same); *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *2 (W.D. Tex. Nov. 8, 2017) (Pitman, J.) (same); *Stockade Companies, LLC v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 WL 8777390, at *1 (W.D. Tex. Aug. 3, 2017) (Pitman, J.) (denying reconsideration of an order permitting expedited discovery because "Plaintiffs have limited their discovery requests to those topics directly at issue in their Motion for Preliminary Injunction").

"In determining whether good cause exists, courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *NetChoice*,

2021 WL 7081122, at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). Plaintiffs have easily satisfied each prong of this test.

*Whether a preliminary injunction is pending.* Plaintiffs filed their Motion for Preliminary Injunction on May 9, 2022. (Docket No. 22.) Plaintiffs expect that they will be able to complete the limited discovery they request within a short period of time. Plaintiffs request that the Court order Defendants to respond to Plaintiffs' written discovery requests within fourteen days of the Court's ruling on this Motion and to appear for limited depositions within twenty-one days. Unless Defendants are compelled to respond according to this expedited deadline, Plaintiffs will not have sufficient time in advance of any hearing on their Motion for Preliminary Injunction to review the responsive information and develop or uncover additional relevant evidence. The requested discovery is necessary for the Court to fully evaluate the necessity and scope of injunctive relief.

*The breadth of the discovery requests.* The expedited discovery that Plaintiffs seek is narrowly tailed to only those topics that are directly at issue in Plaintiffs' Motion for Preliminary Injunction and is not unduly burdensome for Defendants. In particular, Plaintiffs request documents and information targeted at uncovering (1) which library books Defendants have removed or restricted access to because of their purportedly "inappropriate" content, (2) the criteria Defendants are applying to determine whether a book should be removed from library shelves, restricted, or moved into the adult section of the library because of its "inappropriate" content, and (3) which library books Defendants plan to remove or restrict in the immediate future, and their rationale for doing so.

Plaintiffs respectfully request that the Court order Defendants to comply fully and expeditiously with Plaintiffs' minimal and targeted Interrogatories, Requests for Production of

Documents ("RFPs"), and Requests for Admission ("RFAs") as set forth in Exhibits 1-3. This written discovery has been narrowly tailored to seek only information relevant to appropriate and effective preliminary injunctive relief. Plaintiffs' Interrogatories are aimed at revealing the full list of books that Defendants have restricted access to or removed from library shelves because of their viewpoints or content. (Ex. 1.) Similarly, Plaintiffs are seeking RFAs that endeavor to determine the criteria by which Defendants are selecting and removing books from the Library System's collection. (Ex. 2.) Plaintiffs' RFPs are also targeted at identifying which library books Defendants removed or restricted or plan to remove or restrict in the future and their reasons for doing so. (Ex. 3.)

These written discovery requests will be served on the County and the three Defendants that Plaintiffs seek to depose on an expedited schedule for limited duration (four hours each), Jerry Don Moss, Amber Milum, and Bonnie Wallace, whose emails were cited extensively in support of Plaintiffs' Motion for Preliminary Injunction. (*See* Ex. 4; *see also* Senia Decl., Ex. 1 at 3-5, 7-18, 20-21 (Docket No. 22-10).) As with Plaintiffs' written discovery requests, these depositions will be narrowly tailored to obtain evidence necessary for Plaintiffs to present a complete, relevant record for the Court to adjudicate their Motion for Preliminary Injunction.

Courts have held that similar discovery requests were sufficiently narrow, and that expedited discovery was warranted under similar circumstances. *See, e.g.*, *Intel Corp.*, 2019 WL 164958, at *8 (finding good cause for plaintiff to conduct "narrow discovery in advance of the hearing on the motion for a preliminary injunction"); *Legacy of Life, Inc. v. Am. Donor Services, Inc.*, No. SA-06-CA-0802-XR, 2006 WL 8435983, at *3 (W.D. Tex. Oct. 10, 2006) (Rodriguez, J.) (granting expedited discovery requests that were "generally reasonably tailored to the issues

presented by Plaintiff's application for a preliminary injunction and are not unduly burdensome for Defendants" with certain limitations).

**The purpose for requesting the expedited discovery.** The expedited discovery that Plaintiffs request is necessary to assist the Court in issuing an appropriate and effective preliminary injunction. While Plaintiffs are aware that some books have been removed, Defendants have hidden the full scope of their conduct by excluding the public from attending Library Board meetings and refusing to disclose Library Board records when Plaintiffs requested them through the Texas Public Information Act. Without expedited discovery, Plaintiffs cannot present the Court with the full range of books that Defendants have removed and plan to remove and their ostensible reasons for doing so.

**The burden on the defendants to comply with the requests.** The burden of complying with Plaintiffs' discovery is minimal given that the requests are limited in scope and seek information which is easily accessible to Defendants. Indeed, Plaintiffs' requests are similar in nature and number to expedited discovery requests that courts have granted previously. *See, e.g.*, *Stockade Companies*, 2017 WL 8777390, at *1 (Pitman, J.) (rejecting defendant's argument that expedited discovery was unduly burdensome where plaintiff sought seven RFPs and at least three depositions on seven days' notice (*see* Docket Nos. 46, 50)); *Red Lion Renewables, LLC v. Haff*, No. 5:19-CV-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019) (Ezra, J.) (granting expedited discovery and ordering response to ten RFPs and nine interrogatories within thirty days and deposition within twenty days (*see* Docket Nos. 27, 30)).

**How far in advance of the typical discovery process the request was made.** Although Plaintiffs seek discovery in advance of the typical discovery process, as noted above, courts have generally allowed expedited discovery where, as here, the requested discovery is necessary for

an adjudication of an application for preliminary injunction. Plaintiffs are seeking only limited

expedited discovery that will assist in crafting an appropriate and effective preliminary

injunction, and will seek full-blown discovery during the typical discovery process.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached

order, which will permit Plaintiffs to undertake the expedited discovery described above, and

grant such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.


Dated: May 11, 2022                           Respectfully submitted,

                                              /s/ *Ellen Leonida*
                                              Ellen V. Leonida (CA Bar No. 184194)
                                              Matthew Borden (CA Bar No. 214323)
                                              J. Noah Hagey (CA Bar No. 262331)
                                              Sarah Salomon (CA Bar No. 308770)
                                              Pratik Ghosh (NY Bar No. 5754940)
                                              Amy Senia (CA Bar No. 329134)
                                              **BraunHagey & Borden LLP**
                                              351 California Street, 10th Floor
                                              San Francisco, CA 94104
                                              Tel & Fax:  415-599-0210
                                              leonida@braunhagey.com
                                              borden@braunhagey.com
                                              hagey@braunhagey.com
                                              salomon@braunhagey.com
                                              ghosh@braunhagey.com
                                              senia@braunhagey.com

                                              /s/ *Ryan Botkin*
                                              Ryan A. Botkin (TX Bar No. 00793366)
                                              Katherine P. Chiarello (TX Bar No. 24006994)
                                              María Amelia Calaf (TX Bar No. 24081915)
                                              **Wittliff | Cutter PLLC**
                                              1209 Nueces Street
                                              Austin, Texas 78701
                                              Tel: 512-960-4730
                                              Fax: 512-960-4869
                                              ryan@wittliffcutter.com

katherine@wittliffcutter.com
mac@wittliffcutter.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 11, 2022, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User. In addition, this document was served via U.S. Mail on the following parties, who are not registered on CM/ECF as Filing Users:

*/s/ Ellen Leonida*
Ellen V. Leonida

Llano County, c/o County Judge Ron Cunningham
801 Ford Street, Room 101
Llano, Texas 78643

Ron Cunningham, Llano County Judge
801 Ford Street, Room 101
Llano, Texas 78643

Jerry Don Moss, Llano County Commissioner
2001 N. St. Hwy 16 Suite B
Llano, Texas 78643

Peter Jones, Llano County Commissioner
508 Sombrero
Horseshoe Bay, Texas 78657

Mike Sandoval, Llano County Commissioner
8347 RR 1431
Buchanan Dam, Texas 78609

Linda Raschke, Llano County Commissioner
8347 West Ranch Road 1431
Buchanan Dam, Texas 78609

Amber Milum, Llano County Library System Director
102 E. Haynie Street
Llano, Texas 78643

Rochelle Wells, Llano County Library Board Member
1406 Ash Street
Llano, Texas 78643-2810

Rhonda Schneider, Llano County Library Board Member
5606 County Road 104
Llano, Texas 78643

Gay Baskin, Llano County Library Board Member
1100 Escolar Drive
Buchanan Dam, Texas 78609

Bonnie Wallace, Llano County Library Board Member
1681 Ranch Road 2323
Llano, Texas 78643