# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § § | Civil Action No. 1:22-CV-00424-RP |
| Plaintiffs, | § § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT LLANO COUNTY, SET ONE**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:  Defendant Llano County

**SET NUMBER**:  One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby requests that Defendant Llano County ("Defendant" or "Llano County") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within fourteen (14) days of the Court's Order re Plaintiffs' Motion for Expedited Discovery.

These requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Llano County, or anyone representing the interests of Llano County, becomes aware of any additional information, documents, or things sought by these requests between the time Llano County responds and trial.

## DEFINITIONS

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "LLANO COUNTY" refer, collectively and individually, to Llano County and its officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under its control or on its behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

1

4.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, Anita Hilton, Robyn Tibbs, and DEFENDANT Bonnie Wallace, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

5.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

6.      The term "OVERDRIVE" refers to the online platform used to access the LIBRARY SYSTEM's electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

7.      The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled by Texas State Representative Matt Krause in 2021.

8.      The term "COLLECTION REVIEW COMMITTEE" refers to the internal committee created by the LIBRARY BOARD for the review of books in the LIBRARY SYSTEM.

9.      The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

10.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, and graphic novels and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

11.     The term "RESTRICT" or "RESTRICTED" refers to MATERIALS that have been or will be moved from one library section to another or moved from their original location to behind the front desk or any other place not readily accessible to the public.

12.     The term "COMMUNICATIONS" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts and direct messages, or otherwise.

13.     The term "DOCUMENT" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by **you** or by anyone else, including non-identical copies of any of the foregoing, now in **your** possession, custody, or control.

14.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

15.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the

name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

16.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

17.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## INSTRUCTIONS

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.     If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.     Your answers to these interrogatories must be verified, dated, and signed.

## INTERROGATORIES

## INTERROGATORY NO. 1:

IDENTIFY any MATERIALS that were RESTRICTED or removed from the LIBRARY SYSTEM from June 2021 to present that YOU have reason to believe were RESTRICTED or removed on the basis of INAPPROPRIATE CONTENT.

Dated:  May 11, 2022                    BRAUNHAGEY & BORDEN LLP

                                        By:   /DRAFT/
                                              Ellen V. Leonida

                                        *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § § | Civil Action No. 1:22-CV-00424-RP |
| Plaintiffs, | § § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**<u>PLAINTIFFS' INTERROGATORIES TO DEFENDANT JERRY DON MOSS, SET ONE</u>**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:    Defendant Jerry Don Moss

**SET NUMBER**:            One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby requests that Defendant Jerry Don Moss ("Defendant" or "JDM") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within fourteen (14) days of the Court's Order re Plaintiffs' Motion for Expedited Discovery.

These requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for JDM, or anyone representing the interests of JDM, becomes aware of any additional information, documents, or things sought by these requests between the time JDM responds and trial.

## <u>DEFINITIONS</u>

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "JDM" refer, collectively and individually, to Jerry Don Moss and his officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under his control or on his behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger,

Nancy Miller, Sharon Maki, Louann Raley, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, Anita Hilton, Robyn Tibbs, and DEFENDANT Bonnie Wallace, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

5.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

6.      The term "OVERDRIVE" refers to the online platform used to access the LIBRARY SYSTEM's electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

7.      The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled by Texas State Representative Matt Krause in 2021.

8.      The term "COLLECTION REVIEW COMMITTEE" refers to the internal committee created by the LIBRARY BOARD for the review of books in the LIBRARY SYSTEM.

9.      The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

10.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, and graphic novels and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

11.     The term "RESTRICT" or "RESTRICTED" refers to MATERIALS that have been or will be moved from one library section to another or moved from their original location to behind the front desk or any other place not readily accessible to the public.

12.     The term "COMMUNICATIONS" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether

in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts and direct messages, or otherwise.

13.     The term "DOCUMENT" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by **you** or by anyone else, including non-identical copies of any of the foregoing, now in **your** possession, custody, or control.

14.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

15.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

16.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

17.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## INSTRUCTIONS

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.     If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.     Your answers to these interrogatories must be verified, dated, and signed.

## INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY any MATERIALS that were RESTRICTED or removed from the LIBRARY SYSTEM from June 2021 to present that YOU have reason to believe were RESTRICTED or removed on the basis of INAPPROPRIATE CONTENT.

Dated:  May 11, 2022                    BRAUNHAGEY & BORDEN LLP

                                        By:   /DRAFT/
                                              Ellen V. Leonida

                                        *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § § | Civil Action No. 1:22-CV-00424-RP |
| Plaintiffs, | § § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT AMBER MILUM, SET ONE**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Amber Milum

**SET NUMBER**:          One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby requests that Defendant Amber Milum ("Defendant" or "Ms. Milum") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within fourteen (14) days of the Court's Order re Plaintiffs' Motion for Expedited Discovery.

These requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Ms. Milum, or anyone representing the interests of Ms. Milum, becomes aware of any additional information, documents, or things sought by these requests between the time Ms. Milum responds and trial.

<u>**DEFINITIONS**</u>

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU" and "YOUR" refer, collectively and individually, to Amber Milum and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger,

1

Nancy Miller, Sharon Maki, Louann Raley, DEFENDANT Rochelle Wells, DEFENDANT

Rhonda Schneider, Anita Hilton, Robyn Tibbs, and DEFENDANT Bonnie Wallace, and their

officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,

and any other persons acting under their control or on their behalf.

5.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the

Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and

individual collections of physical, audio, and electronic books and materials.

6.      The term "OVERDRIVE" refers to the online platform used to access the

LIBRARY SYSTEM's electronic collection or catalog of materials, including ebooks, audio

books, movies, and research databases.

7.      The term "KRAUSE LIST" refers to the list of purportedly inappropriate books

compiled by Texas State Representative Matt Krause in 2021.

8.      The term "COLLECTION REVIEW COMMITTEE" refers to the internal

committee created by the LIBRARY BOARD for the review of books in the LIBRARY

SYSTEM.

9.      The term "INAPPROPRIATE CONTENT" refers to material that

DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to

profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality,

teen pregnancy, violence, or LGBTQ issues.

10.     The term "MATERIALS" refers to physical books, including but not limited to

printed books in prose, picture books, and graphic novels and memoirs, as well as digital books,

including but not limited to ebooks and audiobooks.

11.     The term "RESTRICT" or "RESTRICTED" refers to MATERIALS that have

been or will be moved from one library section to another or moved from their original location

to behind the front desk or any other place not readily accessible to the public.

12.     The term "COMMUNICATIONS" refers to the transmittal of information (in the

form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether

in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts and direct messages, or otherwise.

13.     The term "DOCUMENT" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by **you** or by anyone else, including non-identical copies of any of the foregoing, now in **your** possession, custody, or control.

14.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

15.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

16.    The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

17.    The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## INSTRUCTIONS

1.    Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.    If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.    If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.    Your answers to these interrogatories must be verified, dated, and signed.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY any MATERIALS that were RESTRICTED or removed from the LIBRARY SYSTEM from June 2021 to present that YOU have reason to believe were RESTRICTED or removed on the basis of INAPPROPRIATE CONTENT.

4

Dated:  May 11, 2022                          BRAUNHAGEY & BORDEN LLP

                                             By:  __/DRAFT/_____
                                                  Ellen V. Leonida

                                             *Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § § | Civil Action No. 1:22-CV-00424-RP |
| Plaintiffs, | § § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT BONNIE WALLACE, SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Bonnie Wallace

**SET NUMBER**:          One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby requests that Defendant Bonnie Wallace ("Defendant" or "Ms. Wallace") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within fourteen (14) days of the Court's Order re Plaintiffs' Motion for Expedited Discovery.

These requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Ms. Wallace, or anyone representing the interests of Ms. Wallace, becomes aware of any additional information, documents, or things sought by these requests between the time Ms. Wallace responds and trial.

## DEFINITIONS

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU" and "YOUR" refer, collectively and individually, to Bonnie Wallace and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger,

1

Nancy Miller, Sharon Maki, Louann Raley, DEFENDANT Rochelle Wells, DEFENDANT

Rhonda Schneider, Anita Hilton, Robyn Tibbs, and DEFENDANT Bonnie Wallace, and their

officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,

and any other persons acting under their control or on their behalf.

5.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the

Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and

individual collections of physical, audio, and electronic books and materials.

6.      The term "OVERDRIVE" refers to the online platform used to access the

LIBRARY SYSTEM's electronic collection or catalog of materials, including ebooks, audio

books, movies, and research databases.

7.      The term "KRAUSE LIST" refers to the list of purportedly inappropriate books

compiled by Texas State Representative Matt Krause in 2021.

8.      The term "COLLECTION REVIEW COMMITTEE" refers to the internal

committee created by the LIBRARY BOARD for the review of books in the LIBRARY

SYSTEM.

9.      The term "INAPPROPRIATE CONTENT" refers to material that

DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to

profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality,

teen pregnancy, violence, or LGBTQ issues.

10.     The term "MATERIALS" refers to physical books, including but not limited to

printed books in prose, picture books, and graphic novels and memoirs, as well as digital books,

including but not limited to ebooks and audiobooks.

11.     The term "RESTRICT" or "RESTRICTED" refers to MATERIALS that have

been or will be moved from one library section to another or moved from their original location

to behind the front desk or any other place not readily accessible to the public.

12.     The term "COMMUNICATIONS" refers to the transmittal of information (in the

form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether

in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts and direct messages, or otherwise.

13.     The term "DOCUMENT" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by **you** or by anyone else, including non-identical copies of any of the foregoing, now in **your** possession, custody, or control.

14.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

15.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

16.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

17.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## INSTRUCTIONS

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.     If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.     Your answers to these interrogatories must be verified, dated, and signed.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY any MATERIALS that were RESTRICTED or removed from the LIBRARY SYSTEM from June 2021 to present that YOU have reason to believe were RESTRICTED or removed on the basis of INAPPROPRIATE CONTENT.

Dated:  May 11, 2022                    BRAUNHAGEY & BORDEN LLP


By:   /DRAFT/
          Ellen V. Leonida

*Attorneys for Plaintiffs*