# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § § | Civil Action No. 1:22-CV-00424-RP |
| Plaintiffs, | § § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § § | |

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT LLANO COUNTY, SET ONE**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Llano County

**SET NUMBER**:          One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within fourteen (14) days of the Court's Order re Plaintiffs' Motion for Expedited Discovery.

These requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Llano County, or anyone representing the interests of Llano County, becomes aware of any additional information, documents, or things sought by these requests between the time Llano County responds and trial.

## <u>DEFINITIONS</u>

1.     The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.     The terms "YOU," "YOUR," and "LLANO COUNTY" refer, collectively and individually, to Llano County and its officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under its control or on its behalf.

3.     The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.     The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger,

1

Nancy Miller, Sharon Maki, Louann Raley, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, Anita Hilton, Robyn Tibbs, and DEFENDANT Bonnie Wallace, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

5.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

6.      The term "OVERDRIVE" refers to the LIBRARY SYSTEM's previous electronic collection of digital materials, including ebooks, audiobooks, movies, and research databases.

7.      The term "KRAUSE LIST" refers to the list of books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

8.      The term "COLLECTION REVIEW COMMITTEE" refers to the internal committee created by the LIBRARY BOARD for the review of books in the LIBRARY SYSTEM.

9.      The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

10.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, and graphic novels and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

11.     The term "RESTRICT" or "RESTRICTED" refers to MATERIALS that have been or will be moved from one library section to another or moved from their original location to behind the front desk or any other place not readily accessible to the public.

12.     The term "COMMUNICATIONS" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether

in the form of emails, messages, chat logs, letters, envelopes, telegrams, social media posts, or otherwise.

13.     The term "DOCUMENT" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by **you** or by anyone else, including non-identical copies of any of the foregoing, now in **your** possession, custody, or control.

14.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

15.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

16.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

17.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

18.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## INSTRUCTIONS

1.      The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

     c.     Briefly describe the nature and contents of the DOCUMENT;

     d.     IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

     e.     IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

     f.     IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.     If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.     Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.     If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

     a.     A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

     b.     The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

     c.     All PERSONS who have knowledge of the loss, destruction, or disposal.

     d.     If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.     Produce DOCUMENTS in their native format where applicable.

9.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS SUFFICIENT to identify and COMMUNICATIONS RELATED TO all MATERIALS that have been RESTRICTED or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS identifying and DOCUMENTS SUFFICIENT to identify all MATERIALS that the LIBRARY BOARD intends or plans to RESTRICT or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the COLLECTION REVIEW

COMMITTEE in determining which MATERIALS to RESTRICT or remove from the

LIBRARY SYSTEM.


Dated:  May 11, 2022                                     BRAUNHAGEY & BORDEN LLP

                                                        By:    /DRAFT/
                                                               Ellen V. Leonida

                                                        *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § § | Civil Action No. 1:22-CV-00424-RP |
| Plaintiffs, | § § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § § | |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT JERRY DON MOSS, SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Jerry Don Moss

**SET NUMBER**:          One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within fourteen (14) days of the Court's Order re Plaintiffs' Motion for Expedited Discovery.

These requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Defendant Jerry Don Moss ("Defendant" or "JDM"), or anyone representing the interests of JDM, becomes aware of any additional information, documents, or things sought by these requests between the time JDM responds and trial.

## DEFINITIONS

1.     The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.     The terms "YOU," "YOUR," and "JDM" refer, collectively and individually, to Jerry Don Moss and his officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under his control or on his behalf.

3.     The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

1

4.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, Anita Hilton, Robyn Tibbs, and DEFENDANT Bonnie Wallace, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

5.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

6.      The term "OVERDRIVE" refers to the LIBRARY SYSTEM's previous electronic collection of digital materials, including ebooks, audiobooks, movies, and research databases.

7.      The term "KRAUSE LIST" refers to the list of books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

8.      The term "COLLECTION REVIEW COMMITTEE" refers to the internal committee created by the LIBRARY BOARD for the review of books in the LIBRARY SYSTEM.

9.      The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

10.      The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, and graphic novels and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

11.      The term "RESTRICT" or "RESTRICTED" refers to MATERIALS that have been or will be moved from one library section to another or moved from their original location to behind the front desk or any other place not readily accessible to the public.

12.     The term "COMMUNICATIONS" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

13.     The term "DOCUMENT" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by **you** or by anyone else, including non-identical copies of any of the foregoing, now in **your** possession, custody, or control.

14.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

15.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the

name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

16.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

17.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

18.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## **INSTRUCTIONS**

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.     Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.     If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.     For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

    a.      State the date on which the DOCUMENT was created;

    b.      State the title of the DOCUMENT;

    c.      Briefly describe the nature and contents of the DOCUMENT;

    d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

    e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

    f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

    a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

    b.      The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

    c.      All PERSONS who have knowledge of the loss, destruction, or disposal.

    d.      If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.      Produce DOCUMENTS in their native format where applicable.

9.     If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

<b>REQUESTS FOR PRODUCTION</b>

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS SUFFICIENT to identify and COMMUNICATIONS RELATED TO all MATERIALS that have been RESTRICTED or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS identifying and DOCUMENTS SUFFICIENT to identify all MATERIALS that the LIBRARY BOARD intends or plans to RESTRICT or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the COLLECTION REVIEW

COMMITTEE in determining which MATERIALS to RESTRICT or remove from the

LIBRARY SYSTEM.

Dated:  May 11, 2022                                  BRAUNHAGEY & BORDEN LLP

                                                     By:  ___/DRAFT/_____
                                                          Ellen V. Leonida

                                                     *Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § § | Civil Action No. 1:22-CV-00424-RP |
| Plaintiffs, | § § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT AMBER MILUM, SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Amber Milum

**SET NUMBER**:         One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within fourteen (14) days of the Court's Order re Plaintiffs' Motion for Expedited Discovery.

These requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Defendant Amber Milum ("Defendant" or "Ms. Milum"), or anyone representing the interests of Ms. Milum, becomes aware of any additional information, documents, or things sought by these requests between the time Ms. Milum responds and trial.

<u>**DEFINITIONS**</u>

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU" and "YOUR" refer, collectively and individually, to Amber Milum and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger,

Nancy Miller, Sharon Maki, Louann Raley, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, Anita Hilton, Robyn Tibbs, and DEFENDANT Bonnie Wallace, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

5.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

6.      The term "OVERDRIVE" refers to the LIBRARY SYSTEM's previous electronic collection of digital materials, including ebooks, audiobooks, movies, and research databases.

7.      The term "KRAUSE LIST" refers to the list of books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

8.      The term "COLLECTION REVIEW COMMITTEE" refers to the internal committee created by the LIBRARY BOARD for the review of books in the LIBRARY SYSTEM.

9.      The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

10.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, and graphic novels and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

11.     The term "RESTRICT" or "RESTRICTED" refers to MATERIALS that have been or will be moved from one library section to another or moved from their original location to behind the front desk or any other place not readily accessible to the public.

12.     The term "COMMUNICATIONS" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether

in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

13.     The term "DOCUMENT" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by **you** or by anyone else, including non-identical copies of any of the foregoing, now in **your** possession, custody, or control.

14.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

15.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

16.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

17.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

18.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

**INSTRUCTIONS**

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.     Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.     If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.     For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

      c.       Briefly describe the nature and contents of the DOCUMENT;

      d.       IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

      e.       IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

      f.       IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

      a.       A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

      b.       The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

      c.       All PERSONS who have knowledge of the loss, destruction, or disposal.

      d.       If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.      Produce DOCUMENTS in their native format where applicable.

9.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS SUFFICIENT to identify and COMMUNICATIONS RELATED TO all MATERIALS that have been RESTRICTED or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS identifying and DOCUMENTS SUFFICIENT to identify all MATERIALS that the LIBRARY BOARD intends or plans to RESTRICT or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the COLLECTION REVIEW

COMMITTEE in determining which MATERIALS to RESTRICT or remove from the
LIBRARY SYSTEM.


Dated:  May 11, 2022                    BRAUNHAGEY & BORDEN LLP

                                        By:    /DRAFT/
                                               Ellen V. Leonida

                                        *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § § | Civil Action No. 1:22-CV-00424-RP |
| Plaintiffs, | § § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § § | |

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT BONNIE WALLACE, SET ONE**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Bonnie Wallace

**SET NUMBER**:          One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within fourteen (14) days of the Court's Order re Plaintiffs' Motion for Expedited Discovery.

These requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Defendant Bonnie Wallace ("Defendant" or "Ms. Wallace"), or anyone representing the interests of Ms. Wallace, becomes aware of any additional information, documents, or things sought by these requests between the time Ms. Wallace responds and trial.

<u>**DEFINITIONS**</u>

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU" and "YOUR" refer, collectively and individually, to Bonnie Wallace and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS**"** refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger,

1

Nancy Miller, Sharon Maki, Louann Raley, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, Anita Hilton, Robyn Tibbs, and DEFENDANT Bonnie Wallace, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

5.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

6.      The term "OVERDRIVE" refers to the LIBRARY SYSTEM's previous electronic collection of digital materials, including ebooks, audiobooks, movies, and research databases.

7.      The term "KRAUSE LIST" refers to the list of books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

8.      The term "COLLECTION REVIEW COMMITTEE" refers to the internal committee created by the LIBRARY BOARD for the review of books in the LIBRARY SYSTEM.

9.      The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

10.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, and graphic novels and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

11.     The term "RESTRICT" or "RESTRICTED" refers to MATERIALS that have been or will be moved from one library section to another or moved from their original location to behind the front desk or any other place not readily accessible to the public.

12.     The term "COMMUNICATIONS" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

13.     The term "DOCUMENT" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by **you** or by anyone else, including non-identical copies of any of the foregoing, now in **your** possession, custody, or control.

14.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

15.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the

3

name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

16.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

17.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

18.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## **INSTRUCTIONS**

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.     Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.     If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.     For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

4

a.      State the date on which the DOCUMENT was created;

b.      State the title of the DOCUMENT;

c.      Briefly describe the nature and contents of the DOCUMENT;

d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

b.      The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

c.      All PERSONS who have knowledge of the loss, destruction, or disposal.

d.      If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.      Produce DOCUMENTS in their native format where applicable.

9.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS SUFFICIENT to identify and COMMUNICATIONS RELATED TO all MATERIALS that have been RESTRICTED or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS identifying and DOCUMENTS SUFFICIENT to identify all MATERIALS that the LIBRARY BOARD intends or plans to RESTRICT or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the COLLECTION REVIEW

6

COMMITTEE in determining which MATERIALS to RESTRICT or remove from the LIBRARY SYSTEM.


Dated:  May 11, 2022                              BRAUNHAGEY & BORDEN LLP

                                                  By:   /DRAFT/
                                                        Ellen V. Leonida

                                                  *Attorneys for Plaintiffs*