IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LEILA GREEN LITTLE, ET AL** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 1:22-CV-00424-RP |
| | § | |
| | § | |
| **LLANO COUNTY, ET AL** | § | |
| **Defendants.** | § | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY (ECF NO. 23)

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

Defendants file this response in opposition to Plaintiffs' Motion for Expedited Discovery (ECF No. 23).

### BACKGROUND

Plaintiffs, a group of Llano County library patrons, filed suit against Defendants on April 25, 2022, claiming that Defendants violated their First Amendment rights and Fourteenth Amendment due-process rights. *See generally* ECF No. 1. Specifically, Plaintiffs claim that Defendants engaged in viewpoint discrimination by restricting and removing library books that they "subjectively disagreed with or disliked." *Id.* ¶ 25. Plaintiffs further claim that Defendants violated their due process rights by "intentionally blocking public access to Library Board meetings, adopting and implementing library collection and reconsideration policies without final approval or the Commissioners Court or the Llano County Library System Director, and denying

the public of proper notice and the opportunity to be heard before restricting and removing library books." *Id.* ¶ 26. Plaintiffs seek declaratory and injunctive relief. *Id.* p. 30.

On May 9, 2022, Plaintiffs filed a motion for preliminary injunction, requesting that this Court issue an order "preliminarily enjoining Defendants' censorship." ECF No. 22 at 25. Two days later, Plaintiffs filed the instant Motion for Expedited Discovery. ECF No. 23. Plaintiffs seek to propound, on an expedited basis: one interrogatory each on Llano County, Jerry Don Moss, Amber Milum, and Bonnie Wallace; six requests for admission on Llano County; and six requests for production on Llano County. ECF Nos. 23-1–23-3. Plaintiffs also seek to take, on an expedited basis, the depositions of Jerry Don Moss, Amber Milum, and Bonnie Wallace. ECF No. 23-4.

## RESPONSE

This Court should deny Plaintiffs' motion for expedited discovery because Plaintiffs have not established good cause for expedited discovery. Specifically, Plaintiffs have not demonstrated a need for the discovery sought. Their requests are based on mere speculation, which is insufficient to establish good cause. Moreover, Plaintiffs' requests are overbroad, unduly burdensome, or otherwise improper.

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by the rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Although the Federal Rules do not provide a standard for determining whether expedited discovery should be ordered, district courts in the Fifth Circuit employ a "good cause" standard to determine when to exercise their authority to order

expedited discovery. *See Document Operations, L.L.C. v. AOS Legal Techs., Inc.*, No. 20-20388, 2021 WL 3729333, at *4 (5th Cir. Aug. 23, 2021) (per curiam) ("In the Southern District of Texas—where this case originated—courts employ a good cause standard to determine when to exercise their authority to order expedited discovery."); *Red Lion Renewables, LLC v. Haff*, No. 5:19-CV-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019) (noting that "the majority of courts considering the issue have adopted a 'good cause' standard.").

To determine "good cause," court consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Stockade Cos. v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017) (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). The party seeking expedited discovery has the burden of showing good cause, and the subject matter of the discovery must be narrowly tailored. *Id.*

I. **Plaintiffs seek expedited discovery based on speculative assertions unsupported by any facts.**

Plaintiffs' purported purpose for seeking expedited discovery is dubious. Plaintiffs claim they need expedited discovery because they have not been able to ascertain the "full extent" of Defendants' actions and that Defendants "have intentionally cloaked their illegal conduct in secrecy." ECF No. 23 at 2. These allegations are devoid of any factual support. Additionally, Plaintiffs' supposed need for additional information is belied by the content of their pleadings and the exhibits (comprising a total of 211 pages) they have attached to their motion for preliminary injunction to support their claims.

Plaintiffs claim they need expedited discovery to identify all books that have been removed from the Llano County libraries since June 2021. ECF No. 23 at 2-3. Their pleadings, however, specifically identify which books they believe were removed in violation of the First Amendment. See ECF No. 22 at 12 (specifically identifying seven books on the "Bonnie Wallace book list" allegedly removed); ECF Nos. 22-2 – 22-5, 22-7, 22-9, 22-11 (seven affidavits specifically listing the same eleven books allegedly removed from the Llano County libraries). Also attached to Plaintiffs' motion for preliminary injunction is a spreadsheet showing all books removed from Llano County library shelves from January 1, 2021, through March 31, 2022. ECF No. 22-10 at 2, 59-65. If Plaintiffs already have information regarding books that have been removed from January 1, 2021, onward, it makes little sense to seek expedited discovery to obtain information regarding books removed from June 2021 onward. That is information Plaintiffs already have and have attached as support for their motion for preliminary injunction. Plaintiffs' apparent, unsupported belief that this is not the true extent of book removals is insufficient to demonstrate good cause for expedited discovery. *See Kolluri v. United States Citizenship & Immigr. Serv.*, No. 3:20-CV-02897-N, 2021 WL 183316, at *7 (N.D. Tex. Jan. 17, 2021) (denying the "extraordinary remedy" of expedited discovery based on mere speculation of bad faith).

## II.   Plaintiffs' requests are overbroad, unduly burdensome, or otherwise improper.

Aside from failing to demonstrate any need for expedited discovery, the types of discovery Plaintiffs seek are improper and go beyond the scope of Plaintiffs' purported needs. For example, the interrogatory Plaintiffs wish to propound seek information Plaintiffs already have. Again, Plaintiffs have presented a spreadsheet of all books removed from Llano County library shelves that extends beyond what Plaintiffs claim is the relevant time period in this case. Plaintiffs have also each pointed to the same eleven books they claim were removed in violation of the First

Amendment. Asking for this same information once again, in the form of an interrogatory, would be cumulative or duplicative and thus improper. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (expressly disapproving cumulative and duplicative discovery).

Plaintiffs' discovery requests are also overbroad as they exceed the scope of the information for which they claim they need to obtain through expedited discovery. Plaintiffs claim they need expedited discovery to identify books that have been removed from the Llano County library shelves since June 2021. ECF No. 23 at 2-3. The discovery they seek, however, far exceeds this inquiry. This is best evidenced by Plaintiffs' request for admissions which ask Llano County to admit, among other things: that it violated its 2006 Materials Policy; that the content of a certain book is not pornographic or obscene; that unspecified books conforming to Plaintiffs' own definitions of "inappropriate content" and "sexual" content have "serious literary artistic, political, and scientific value;" and that "all citizens of Llano County should have access to MATERIALS on Critical Race Theory." ECF No. 23-2 at 6-7. Aside from being objectional on other, independent grounds, none of these requests relate to which books have been removed from the Llano County library shelves since 2021.

Finally, Plaintiffs' requests are unduly burdensome. For example, Plaintiffs seek production of documents related to a wide variety of topics, including: board meetings, Overdrive, the "Krause List," and criteria and policies related to the collection and/or removal of books. ECF No. 23-3 at 8-9. To produce the amount of information requested in advance of a preliminary injunction hearing (especially for information already in Plaintiffs' possession or irrelevant information) will work on undue burden on Defendants, who must at the same time prepare their own defense in advance of the preliminary-injunction hearing. Adding to that burden is Plaintiffs' request to depose three Defendants in advance of the hearing. ECF No. 23-4. It is well-established

that depositions are costly and time-consuming. *See United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967). This is especially true where, as in this case, the information Plaintiffs allege they need to discover is already known to them.

## CONCLUSION

Plaintiffs have failed to demonstrate good cause for expedited discovery. Therefore, the Court should deny their motion for expedited discovery.

Respectfully Submitted,

*Dwain K. Rogers*
Dwain K. Rogers
Llano County Attorney
Texas Bar No. 00788311
Matthew L. Rienstra
First Assistant County Attorney
Texas Bar No. 16908020
801 Ford, Room 111
Llano, Texas 78643
Tel. 325-247-7733
Fax. 325-247-7737
drogers@co.llano.tx.us
matt.rienstra@co.llano.tx.us
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2022, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

*Dwain K. Rogers*
Dwain K. Rogers
Llano County Attorney
Texas Bar No. 00788311
Matthew L. Rienstra
First Assistant County Attorney
Texas Bar No. 16908020
801 Ford, Room 111
Llano, Texas 78643
Tel. 325-247-7733
Fax. 325-247-7737
drogers@co.llano.tx.us
matt.rienstra@co.llano.tx.us
Attorneys for Defendants