IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER,<br><br>Plaintiffs,<br><br>v.<br><br>LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member,<br><br>Defendants. | Civil Action No. 1:22-CV-00424-RP |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs respectfully submit this reply in further support of their Motion for Expedited Discovery (ECF No. 23).

## INTRODUCTION

Plaintiffs have moved for a preliminary injunction to stop Defendants' systematic efforts to ban books from the Llano County Public Library System in violation of the First Amendment. While some aspects of Defendants' extensive censorship campaign have been revealed through public records requests, Defendants have taken significant steps to shield their conduct from public scrutiny. Plaintiffs have, therefore, propounded narrowly tailored discovery aimed at uncovering the full extent of Defendants' censorship, including: (i) a single interrogatory each on four Defendants (ii) six requests for admission on Llano County and two requests for admission each on Defendants Moss, Milum, and Wallace, (iii) six requests for production each on four Defendants, and (iv) three notices for depositions, limited to four hours each.

Defendants have responded to these requests by ignoring Plaintiffs' efforts to meet and confer and asserting baseless and contradictory objections. While conceding that Plaintiffs' requests aimed at determining the full list of books removed from the Library System are relevant and not overbroad, Defendants refuse to comply on the grounds that Plaintiffs' requests are simultaneously too speculative *and* too well-supported to justify discovery. (Opp. at 3.) Defendants next make the perplexing claim that Plaintiffs' discovery into Defendants' motives for removing books is outside the scope of the Motion for Preliminary Injunction. (Opp. at 5.) Finally, Defendants assert the requested discovery is "unduly burdensome," but have refused to explain the nature of the alleged burden or to engage with Plaintiffs' proposals to mitigate it. (Opp. at 5-6.) None of these objections are meritorious.

**ARGUMENT**

I.  **DEFENDANTS HAVE IMPROPERLY OBSTRUCTED DISCOVERY**

As an initial matter, Defendants have thwarted Plaintiffs' efforts to reach a compromise regarding their discovery requests. On May 18, 2022, the parties met and conferred regarding Plaintiffs' expedited discovery requests. Defedants' counsel stated that Plaintiffs' requests were narrowly tailored to the issues in the Preliminary Injunction Motion, and that Defendants would collect all documents responsive to Plaintiffs' requests by June 2, 2022, such that those documents would be ready for immediate production.[1] (Declaration of Sarah Salomon ISO Reply ("Salomon Decl."), ¶ 2, Ex. A.) On May 19, 2022, the Court held a telephonic status conference and instructed the parties to work together so that Plaintiffs could obtain the expedited discovery sought; Defendants did not assert any objection and agreed that they would compile discovery to be ready for production on June 2, 2022.

Contrary to Defendants' representations, however, they ignored subsequent efforts to meet and confer and, instead, filed an opposition on June 1, 2022, refusing to produce any discovery at all.[2] (ECF No. 33.) On June 2, 2022, Plaintiffs wrote to Defendants asking whether some of their concerns could be addressed through stipulations and suggesting that the parties work together to alleviate the burden that Defendants now claimed the discovery requests posed. (Salomon Decl., Ex. B.) On June 6, 2022, Defendants' counsel responded saying they might be willing to stipulate to some facts, but not identifying any specific stipulations to which they would agree. (Salomon Decl., Ex. C.)

---

[1] Defendants also indicated that they expected to retain outside counsel by May 27, 2022, and would instruct counsel to contact Plaintiffs' counsel regarding any objections to Plaintiffs' expedited discovery requests. (Salomon Decl., Ex. A.)

[2] On May 27, 2022, Plaintiffs' counsel called and emailed Defendants' counsel to ask if outside counsel had been retained so that the parties could complete the meet and confer process. Defendants provided no response. (Salomon Decl., Ex. A.)

## II. GOOD CAUSE EXISTS TO ORDER THE RELEVANT, NARROWLY TAILORED DISCOVERY PLAINTIFFS SEEK

"[G]ood cause" for ordering expedited discovery exists "where the need for expedited discovery in consideration of the administration of justice outweighs the prejudice to the responding party." *Carlton v. Olympus Corp. of the Americas*, No. 1:18-CV-00026-LY, 2018 WL 6252530, at *2 (W.D. Tex. Apr. 30, 2018) (Lane, J.), *report and recommendation adopted*, 2018 WL 6252528 (W.D. Tex. May 16, 2018). That standard is amply satisfied here.

### A. Plaintiffs Are Entitled to Discovery Showing the Full Extent of Defendants' Censorship

Defendants do not claim that Plaintiffs' discovery into the full list of books they have removed because they disagree with their content is irrelevant or unduly burdensome. Instead, Defendants argue that Plaintiffs' allegations regarding the removal of books are too speculative to justify discovery. (Opp. at 3.) This is false. The lone case cited by Defendants in support of this argument merely highlights the abundant evidence Plaintiffs have produced in support of their requests. *See Kolluri v. United States Citizenship & Immigr. Serv.*, No. 3:20-CV-02897-N, 2021 WL 183316 (N.D. Tex. Jan. 17, 2021). In *Kolluri*, the Court held that good cause did not exist to order expedited discovery because the plaintiffs had failed to present any evidence whatsoever of the defendants' bad faith—which was a necessary element of their claim.[3] *Id.*, at *7. The opposite is true here, where Plaintiffs have provided documentary support showing that Defendants have engaged in unlawful viewpoint and content-based discrimination. (Senia Decl. (ECF No. 22-10), Ex. 7 (describing a list of books to be removed as "pornographic filth"), Ex. 8 (Defendant Wells describes the Krause List as a "16-page list of CRT and LGBTQ book[s]"), Ex. 10 (after Krause list issued, Defendant Milum limits access to "critical race theory" book).)

---

[3] *Kolluri* also denied the plaintiffs' request for expedited discovery as moot since the court simultaneously denied their preliminary injunction motion. *Kolluri*, 2021 WL 183316, at *7.

3

Defendants also make the contradictory argument that Plaintiffs already have ***so much*** evidence regarding the removed books that expedited discovery is unnecessary. (Opp. at 4.) Defendants cannot claim that the information that Plaintiffs were able to glean via public records act requests is comprehensive, yet refuse to verify the completeness and accuracy of that information through the discovery process or via stipulation. The requested discovery is not duplicative of requests made pursuant to the Texas Public Information Act, but in any event, the Act explicitly "does not affect the scope of civil discovery." Tex. Gov't Code § 552.005(a); *see also Piatt v. City of Austin*, No. 1:07-CV-520 LY, 2008 WL 11334173, at *4 (W.D. Tex. Sept. 29, 2008) (noting that "the Texas Public Information Act has no effect on civil discovery."). As Plaintiffs noted in their Motion for Expedited Discovery, "[w]hile Plaintiffs are aware that some books have been removed, Defendants have hidden the full scope of their conduct by excluding the public from attending Library Board meetings and refusing to disclose Library Board records when Plaintiffs requested them through the Texas Public Information Act." (Mot. at 8.) Defendants cannot have it both ways: either they should confirm that Plaintiffs' list of censored books is comprehensive, or they must provide documents and written responses sufficient to identify the full list of materials that have been or will soon be restricted or removed from the public library on the basis of purportedly inappropriate content.

**B. Plaintiffs Are Entitled to Discovery Regarding Defendants' Motivation for Removing Books and Other Materials from Llano County Public Libraries**

Defendants next argue that Plaintiffs' requests for admission regarding their motives for removing books are overbroad. (Opp. at 5.) However, Defendants' "subjective judgment" in removing certain books and other materials from the Library System bears directly on whether or not Defendants' conduct constituted unlawful viewpoint discrimination in violation of the First Amendment. *See Robinson v. Hunt County, Texas*, 921 F.3d 440, 447 (5th Cir. 2019) ("Official

4

censorship based on a state actor's subjective judgment that the content of protected speech is offensive or inappropriate is viewpoint discrimination."). Plaintiffs have proposed entering into stipulations that would obviate the need for this discovery. Defendants have not provided any meaningful response.

### C. Defendants Are Not Unduly Burdened by the Discovery Requests

Defendants' final complaint, that the discovery sought is unduly burdensome, lacks specificity and is contrary to Defendants' prior representations to Plaintiffs. *See Sell v. Universal Surveillance Sys., LLC*, No. A-16-CV-660-RP-ML, 2017 WL 2999420, at *1 (W.D. Tex. Apr. 19, 2017) (Lane, J.) (holding that a party resisting discovery "must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden"). Plaintiffs have propounded only (i) a single interrogatory each on four Defendants (ii) six requests for admission on Llano County and two requests for admission each on Defendants Moss, Milum, and Wallace, (iii) six requests for production each on four Defendants, and (iv) three notices for depositions, all of which are narrowly tailored to discover the extent of materials removed and Defendants' rationale for the removals. Plaintiffs have also proposed limited depositions of four hours each in order to minimize any burden on Defendants. As Plaintiffs explained in their Motion for Expedited Discovery, courts in this District routinely order expedited discovery far more burdensome than what Plaintiffs are seeking here. (*See* Mot. at 8.)

### CONCLUSION

In light of the delay caused by Defendants' conduct, and considering that Plaintiffs' Motion for Preliminary Injunction is scheduled for hearing on July 7, 2022, Plaintiffs request that Defendants be ordered to serve responses to Plaintiffs' written discovery requests by June 14, 2022, and to produce Defendants Moss, Milum, and Wallace for depositions by June 20, 2022.

Dated: June 6, 2022                               Respectfully submitted,

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Amy Senia (CA Bar No. 329134)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
senia@braunhagey.com

/s/ *Ryan Botkin*
Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2022, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User. In addition, this document was served via U.S. Mail on the following parties, who are not registered on CM/ECF as Filing Users:

| | |
|---|---|
| Llano County<br>c/o County Judge Ron Cunningham<br>801 Ford Street, Room 101<br>Llano, Texas 78643 | Amber Milum<br>Llano County Library System Director<br>102 E. Haynie Street<br>Llano, Texas 78643 |
| Ron Cunningham<br>Llano County Judge<br>801 Ford Street, Room 101<br>Llano, Texas 78643 | Rochelle Wells<br>Llano County Library Board Member<br>1406 Ash Street<br>Llano, Texas 78643-2810 |
| Jerry Don Moss<br>Llano County Commissioner<br>2001 N. St. Hwy 16 Suite B<br>Llano, Texas 78643 | Rhonda Schneider<br>Llano County Library Board Member<br>5606 County Road 104<br>Llano, Texas 78643 |
| Peter Jones<br>Llano County Commissioner<br>P.O. Box 8759<br>Horseshoe Bay, Texas 78657 | Gay Baskin<br>Llano County Library Board Member<br>1100 Escolar Drive<br>Buchanan Dam, Texas 78609 |
| Mike Sandoval<br>Llano County Commissioner<br>8347 RR 1431<br>Buchanan Dam, Texas 78609 | Bonnie Wallace<br>Llano County Library Board Member<br>1681 Ranch Road 2323<br>Llano, Texas 78643 |
| Linda Raschke<br>Llano County Commissioner<br>8347 West Ranch Road 1431<br>Buchanan Dam, Texas 78609 | |

*/s/ Ellen Leonida*
Ellen V. Leonida