# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER, | § § § § § § § | Civil Action No. 1:22-cv-00424-RP |
| Plaintiffs, | § § | |
| v. | § § | |
| LLANO COUNTY, RON CUNNINGHAM, in his official capacity as Llano County Judge, JERRY DON MOSS, in his official capacity as Llano County Commissioner, PETER JONES, in his official capacity as Llano County Commissioner, MIKE SANDOVAL, in his official capacity as Llano County Commissioner, LINDA RASCHKE, in her official capacity as Llano County Commissioner, AMBER MILUM, in her official capacity as Llano County Library System Director, BONNIE WALLACE, in her official capacity as Llano County Library Board Member, ROCHELLE WELLS, in her official capacity as Llano County Library Board Member, RHONDA SCHNEIDER, in her official capacity as Llano County Library Board Member, and GAY BASKIN, in her official capacity as Llano County Library Board Member, | § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**DECLARATION OF SARAH SALOMON IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR EXPEDITED DISCOVERY**

I, Sarah Salomon, declare:

1. I am an attorney at BraunHagey & Borden LLP and counsel of record for Plaintiffs in the above-captioned matter. I make this declaration based on personal knowledge and if called upon to testify, I could and would testify competently to the facts stated herein.

2. On May 18, 2022, the parties participated in a telephonic meet and confer regarding Plaintiffs' expedited discovery requests. During this meet and confer, Defendants' counsel stated that they expected to retain outside counsel for Defendants by May 27, 2022, and that they would instruct outside counsel to contact Plaintiffs regarding any objections to the discovery requests. Defendants further stated that Plaintiffs' requests were narrowly tailored to the issues in the Preliminary Injunction Motion, and that Defendants would collect all documents responsive to Plaintiffs' requests by June 2, 2022, such that those documents would be ready for immediate production.

3. On May 27, 2022, I called and emailed Defendants' counsel to ask if outside counsel had been retained so that the parties could complete the meet and confer process.

4. A true and correct copy of an email thread including an email summarizing the parties' May 18, 2022 meet and confer, as well as my subsequent May 27, 2022 follow-up email, is attached hereto as **Exhibit A**.

5. On June 1, 2022, Defendants filed an opposition to Plaintiffs' motion raising objections to all of Plaintiffs' requests. In an effort to address Defendants' concerns identified in Defendants' opposition, Plaintiffs sent Defendants a letter on June 2, 2022 proposing that the parties stipulate to certain facts to obviate the need for the requested expedited discovery. A true and correct copy of Plaintiffs' June 2, 2022 letter is attached hereto as **Exhibit B**.

6. On June 6, 2022, Defendants responded via email to Plaintiffs' June 2, 2022 letter, stating "[h]opefully, we can agree to some of these items, but I can't promise." Plaintiffs requested Defendants' availability for a meet and confer. A true and correct copy of this June 6, 2022 email exchange is attached hereto as **Exhibit C**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 6, 2022          By:   */s/ Sarah Salomon*
                                   Sarah Salomon, Esq.