IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Leila Green Little, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 1:22-cv-00424-RP |
| § | |
| Llano County, *et al.*, § | |
| § | |
| Defendants. § | |

**PLAINTIFFS' RESPONSE TO
THE STATE OF TEXAS'S MOTION TO INTERVENE**

Plaintiffs Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster ("Plaintiffs") respectfully submit their response to the State of Texas's Motion to Intervene.

Although the State has no right to intervene under Federal Rule of Civil Procedure 24(a)(2), Plaintiffs take no position regarding whether the Court should grant permissive intervention.[1] The State of Texas's attempt to intervene in this lawsuit is a curious use of public resources, given that the Attorney General's responsibilities include protecting the First Amendment rights of the citizens of Texas and ensuring that county officials do not operate in secrecy.[2] However, if the State is granted the right to intervene, it will "become[ ] a 'party' for the purpose of protecting" the "right or interest" it claims justifies its intervention. *Deus v.*

---

[1] The State's argument for intervention as of right hinges on the inadequacy of the county's representation. (Mot. at 3.) However, since the State filed its Motion, the County has hired former Texas Solicitor General Jonathan F. Mitchell to represent it. (ECF No. 45.) Under these circumstances, the Attorney General cannot establish inadequate representation, and a "[f]ailure to satisfy any one requirement [of Federal Rule of Civil Procedure 24(a)(2)] precludes intervention of right." *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir.1996) (en banc).

[2] Indeed, the Attorney General's website lists "enforcing open government laws" as among its main directives. *See About the Attorney General,* KEN PAXTON ATTORNEY GENERAL OF TEXAS, https://www.texasattorneygeneral.gov/about-office (last visited Jun. 22, 2022).

*Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994) (per curiam); *see also Edwards v. City of Houston*, 78 F.3d at 999 ("A nonparty seeking to intervene … obtain[s] the rights and privileges of a party to the lawsuit … ."). Plaintiffs welcome adjudication by this Court of the constitutionality of the censorship activities being carried out in Llano County, which, as the State explains, will be binding on commissioners' courts statewide should intervention be granted. (Mot. at 2.) ("This case … has the potential to affect the exercise of the State's sovereign authority by commissioners' courts across the State.").

To be clear, Plaintiffs are troubled by the State's efforts to gain party status to defend the censorship activities carried out by Defendants in Llano County. The Attorney General is "the chief law officer of the state," and has "a duty to enforce and uphold the laws of Texas." Tex. Const. art. IV, § 22 & interp. cmt.; *Texas Democratic Party v. Abbott*, 978 F.3d 168, 181 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1124 (2021). Here, however, the State is intervening to **prevent** enforcement of its own laws, including the Texas Open Meetings Act, which Defendants violated by closing Library Board meetings to the public. *See* Tex. Gov't Code §§ 551 *et seq.* But, to the extent the State's intervention would permit clarification of bedrock First Amendment principles as they operate in county libraries across the State, Plaintiffs have no objection to permissive intervention.

Dated: June 22, 2022          Respectfully submitted,

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Amy Senia (CA Bar No. 329134)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com

hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
senia@braunhagey.com

/s/ *Ryan Botkin*
Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

*/s/ Ellen Leonida*
Ellen V. Leonida
