IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JULY 29
2022 ~~JUN 19~~ PM 3: 33
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | § | |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## **PLAINTIFFS' OPPOSED MOTION TO COMPEL DISCOVERY RESPONSES**

### **INTRODUCTION**

Despite agreeing to respond to Plaintiffs' narrow discovery requests, Defendants have sought to obstruct discovery at every turn. They have produced demonstrably incomplete responses, removed all metadata and attachments from their emails, and refused to provide data that would easily disprove their pretextual bases for removing the books identified in Plaintiffs' Preliminary Injunction Motion from shelves. Although Defendants have engaged in a litany of discovery misconduct, Plaintiffs are only moving to compel them, at this stage, to produce two documents: (1) A report reflecting which books were removed from Llano County library shelves from March 31, 2022 to May 11, 2022; (2) A report reflecting which books remained on Llano County library shelves as of June 28, 2022, even though they had not been checked out in the past three years. Defendants have already admitted that these reports are easily accessible but have refused to produce them because they know that these documents will confirm their campaign of viewpoint discrimination. Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs respectfully request that this Court enter an order directing Defendants to produce the requested

documents within five days of a ruling on this Motion. Plaintiffs also seek all relief to which they are entitled under Fed. R. Civ. P. 37(a)(5).

## BACKGROUND

Plaintiffs filed a Motion for Expedited Discovery in support of their Motion for Preliminary Injunction on May 5, 2022. (ECF No. 23.) On June 7, 2022, Defendants withdrew their Response in Opposition to Plaintiffs' Motion for Expedited Discovery and agreed to respond to all of Plaintiffs' discovery requests by June 21, 2022. (ECF Nos. 33, 39.)

On June 22, 2022, Defendants made a production of documents (Decl. of Sarah Salomon in Supp. of Pls.' Mot. to Compel Disc. ("Salomon Decl.") at ¶ 3.) However, Defendants did not include in their production the list of books that have been removed from shelves from March 31, 2022, to May 11, 2022 (when the discovery motion was filed), even though that list is responsive to Plaintiffs' Requests for Production 1 and 4 (ECF No. 23-3.) To date, Defendants have only identified the books that were weeded between January 1, 2021, and March 31, 2022, though Defendant Milum confirmed during her deposition that she could easily run a report for books that had been deleted through the present. (Decl. of Amy Senia in Supp. of Pls.' Mot. for Prelim. Inj. ("Senia Decl."), ECF No. 22-10, Ex. 6; Salomon Decl., Ex. 1 at 33:23-34:6.)

Moreover, despite clear instructions in Plaintiffs' Requests for Production to produce documents "in their native format," Defendants produced all emails as PDFs stripped of any metadata (ECF No. 23-3; Salomon Decl. ¶ 5.) Defendants also produced all emails without their attachments. (*Id.*) On June 26, 2022, Plaintiffs raised the issue of the missing email attachments with Defendants, who indicated that they would "research the responses and locate the attachments that are referenced throughout and produce them shortly thereafter." (Salomon Decl., Ex. 2.) Despite numerous follow-up communications from Plaintiffs and efforts to meet

2

and confer, Defendants did not produce any emails with their attachments intact until July 27, 2022—two days prior to the due date for Plaintiffs' Reply regarding their Motion for Preliminary Injunction, and a full month after the depositions of Jerry Don Moss, Amber Milum, and Bonnie Wallace (Salomon Decl. ¶ 6.)[1] But, given Defendants' production of documents in PDF form, with metadata stripped, Plaintiffs have not been able to confirm whether Defendants have produced all missing attachments, or just a selected few. (*Id.*)

Plaintiffs also subsequently learned that Defendants' email collection and production had been incomplete. According to former Kingsland head librarian Suzette Baker, she, along with other library personnel, including Amber Milum, were instructed to create Yahoo accounts from which to conduct official library business. (Decl. of Suzette Baker in Supp. of Pls.' Reply re. Mot. for Prelim. Inj. ("Baker Decl.") ¶ 26; Salomon Decl. ¶ 7.) However, it appears Defendants have not produced all responsive emails from library personnel's Yahoo accounts. (Salomon Decl. ¶ 7.)

Defendants have also refused to produce responsive discovery that would challenge their supposedly "legitimate" bases for weeding the books identified in Plaintiffs Motion for Preliminary Injunction. (Resp. in Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 49.) During her deposition, Defendant Milum explained that, according to the Library System's standard weeding procedure, a book is weeded if "it's not getting checked out at least within three years." (Salomon Decl., Ex. 1 at 31:20-32:1.) Defendant Milum further explained that she would be able

---

[1] Although the State's Motion to Intervene in this case has not yet been granted, counsel for Texas attended each deposition and witnesses stated, on the record, that the State's counsel had been involved in their preparation for questioning. (Salomon Decl., Exs. 1, at 10:13-22; 3 at 139:17-24).) Even though Texas is not yet a party to this case, and Defendants are not represented by the State Attorney General, Defendants' counsel objected on the grounds of privilege to questions regarding whether any State's counsel had so much as attended their preparation sessions. (Salomon Decl., Ex. 3 at 11:4-20.)

to pull a report reflecting which books remain on the library shelves despite not having been checked out in the past three years. (*Id.* at 84:12-17.) Plaintiffs requested that report on the record at Ms. Milum's deposition, and after lodging objections, Defendants agreed to "talk offline" regarding producing this document (*Id.* at 84:12-85:17.) A month later, despite numerous follow-up communications from Plaintiffs and attempts to meet and confer, Defendants have not produced this report. (Salomon Decl. ¶ 9.)

Finally, despite the requirements of Federal Rule of Civil Procedure 26 and Local Rule CV-16(c), Defendants have rebuffed Plaintiffs' repeated efforts to schedule a Rule 26(f) conference, claiming that it would be "premature" to do so. (Salomon Decl. ¶ 11.)

## ARGUMENT

As the above recitation of facts reflects, Defendants have sought to obstruct the expedited discovery they agreed to produce in myriad ways. However, in light of the expedited nature of Preliminary Injunction proceedings, Plaintiffs are only moving, at this stage, to compel production of two narrow requests: (1) A report reflecting which books were removed from shelves from March 31, 2022 to May 11, 2022; and (2) A report reflecting which books remained on shelves as of June 28, 2022 (the date of Defendant Milum's deposition), that had not been checked out in three years. As explained in Plaintiffs' initial expedited discovery motion, which Defendants conceded in full, Plaintiffs have sought narrow discovery into "which library books Defendants have removed or restricted access to because of their purportedly 'inappropriate' content and "the criteria Defendants are applying to determine whether a book should be

removed from library shelves." (ECF No. 23 at 6.) Both reports Plaintiffs seek are directly probative of those issues and should have been produced.

This is especially true given that Defendants are now claiming that each book Plaintiffs have uncovered so far was removed based on standard weeding procedures. (Resp. in Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 49 at 5-6.) If Defendants had identified the full set of books they had removed due to concerns about content in response to Plaintiffs' Interrogatories, Plaintiffs would not have to scour the weeded list for removals that are obviously pretextual. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147, 120 S. Ct. 2097, 2109 (2000) (Defendants are "in the best position to put forth the actual reason for [their] decision[s]."). As it stands, however, Defendants' insistence on attempting to camouflage their viewpoint discrimination as standard weeding makes it necessary for Plaintiffs to review the list of additional books that were removed from shelves between March 31, 2022, to May 11, 2022, when Plaintiffs issued their expedited discovery requests. And, in light of the fact that Defendant Milum stated—in sworn testimony—that she was following the "three year rule" in purportedly weeding the banned books, Defendants are entitled to the second report they requested in order to test that pretextual assertion. "[O]nce [Defendants'] justification has been eliminated, discrimination [is] the most likely alternative explanation." *Id.*

Nor can Defendants avoid producing these reports by claiming that they do not exist. Defendant Milum has already testified that the requested information is housed in the Library System and that she can create these reports. Under Federal Rule of Civil Procedure 34, a party may request "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A). If

5

Defendants prefer, they can give Plaintiffs direct access to the systems in which the requested information resides. In the alternative, they can provide the requested reports—a "translation by the responding party" of this data "into a reasonably usable form." *Id.*

Defendants appear poised to engage in the same delay and obfuscation tactics when it comes to standard case discovery. Despite multiple efforts from Plaintiffs, Defendants have refused to participate in a Rule 26(f) conference, deeming it "premature" in light of Defendants' pending Motion to Dismiss. (Salomon Decl. ¶ 11.) Defendants are free to move for a stay of discovery pending the resolution of their Motion to Dismiss, though "the issuance of a stay is by no means automatic." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008). What Defendants cannot do, however, is flout the Federal Rules of Civil Procedure, the Local Rules, and all efforts by Plaintiffs at good faith meet-and-confer as a backdoor means of imposing such a stay.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendants to produce: (1) A report reflecting which books were removed from shelves from March 31, 2022, to May 11, 2022; (2) A report reflecting which books remained on shelves as of June 28, 2022, even though they had not been checked out in three years. Plaintiffs also request that the Court order Defendants to participate in a Rule 26(f) conference, as required by the Federal Rules of Civil Procedure and the Local Rules.

Dated: July 29, 2022

Respectfully submitted,

_____
Ellen V. Leonida (CA Bar No. 184194)

Matthew Borden (CA Bar No. 214323
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2022, a true and correct copy of the foregoing document was served via personal messenger service to the following:

**Dwain K. Rogers**
Llano County Attorney
**Matthew L. Rienstra**
First Assistant County Attorney
801 Ford Street, Room 111
Llano, Texas 78643
drogers@co.llano.tx.us
matt.rienstra@co.llano.tx.us

**Jonathan F. Mitchell**
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
jonathan@mitchell.law

_____
Ellen V. Leonida