IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Llano County, *et al.*,<br><br>Defendants. | § § § § § § § § § § § § | Civil Action No. 1:22-cv-00424-RP |

**DECLARATION OF SARAH SALOMON**
**IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

I, Sarah Salomon, declare:

1.     I am an attorney at BraunHagey & Borden LLP and counsel of record for Plaintiffs in the above-captioned matter. I make this declaration based on personal knowledge and if called upon to testify, I could and would testify competently to the facts stated herein.

2.     Plaintiffs filed a Motion for Expedited Discovery in support of their Motion for Preliminary Injunction on May 11, 2022. (ECF No. 23.) On June 7, 2022, Defendants withdrew their Response in Opposition to Plaintiffs' Motion for Expedited Discovery and agreed to respond to all of Plaintiffs' discovery requests by June 21, 2022. (ECF Nos. 33, 39.)

3.     On June 22, 2022, Defendants made a production of documents on behalf of the County and Defendants Milum, Moss, and Wallace. However, Defendants did not include in their production the list of books that have been removed from shelves from March 31, 2022, to May 11, 2022 even though that list is responsive to RFPs 1 and 4 (ECF. No. 23-3.)

1

4.      To date, Defendants have only identified the books that were purportedly weeded between January 1, 2021 and March 31, 2022, though Defendant Milum confirmed on the record at her deposition that she could easily run a report for books that had been deleted through the present. Attached hereto as **Exhibit 1** are the excerpts of Defendant Milum's deposition cited in support of this Motion.

5.      Moreover, despite clear instructions in Plaintiffs' Requests for Production to produce documents "in their native format" (ECF No. 23-3), Defendants produced all emails as PDFs stripped of all metadata. On June 26, 2022, Plaintiffs raised the issue of the missing email attachments with Defendants, who indicated that they would "research the responses and locate the attachments that are referenced throughout and produce them shortly thereafter." Attached hereto as **Exhibit 2** is the parties' email exchange regarding the deficiencies in Defendants' discovery responses.

6.      Despite numerous follow-up communications from Plaintiffs (*See* **Ex. 2**), Defendants did not produce any emails with their attachments intact until July 27, 2022—two days prior to the due date for Plaintiffs' Reply regarding their Motion for Preliminary Injunction, and a full month after the depositions of Jerry Don Moss, Amber Milum, and Bonnie Wallace. But Defendants again produced the documents in PDF form with metadata stripped, making it difficult for Plaintiffs to confirm whether Defendants have produced all missing attachments, or just a selected few.

7.      Plaintiffs also subsequently learned that Defendants' email collection and production had been incomplete. According to former Kingsland head librarian Suzette Baker, she, along with other library personnel, including Amber Milum, were instructed to create Yahoo accounts from which to conduct official library business. However, it appears Defendants have

not produced all responsive emails from library personnels' Yahoo accounts. Upon review of Defendants' production, Plaintiffs have seen few, if any, Yahoo emails.

8.      Defendants have also refused to produce responsive discovery that would challenge their supposed "legitimate" bases for weeding the books identified in Plaintiffs Motion for Preliminary Injunction. During her deposition, Defendant Milum explained that, according to the Library System's standard weeding procedure, a book is weeded if it has not been checked out within at least three years. Defendant Milum further explained that she would be able to pull a report reflecting which books remain on the library shelves despite not having been checked out in the past three years.

9.      Plaintiffs requested that report on the record at Ms. Milum's deposition, and after lodging objections, Defendants agreed to further discussions regarding producing this document. A month later, despite numerous follow-up communications from Plaintiffs, Defendants have not produced this report.

10.      Although the State's Motion to Intervene in this case has not yet been granted, counsel for Texas attended each deposition and witnesses stated, on the record, that the State's counsel had been involved in their preparation for questioning. Even though Texas is not a party to this case, and Defendants are not represented by the Attorney General's office, Defendants' counsel objected on the grounds of privilege to questions regarding whether any State attorneys had so much as attended their preparation sessions. Attached hereto as **Exhibit 3** are the excerpts of Defendant Wallace's deposition cited in support of this Motion.

11.      Finally, Plaintiffs have reached out on numerous occasions to schedule a conference under Federal Rule of Civil Procedure 26(f). Over the course of multiple weeks, Defendants simply ignored those communications. Attached hereto as **Exhibit 4** is correspondence between the parties reflecting Plaintiffs' efforts to schedule a Rule 26(f) conference. On July 28, 2022, I had a meet and confer discussion with Defendants' counsel,

Jonathan Mitchell. Mr. Mitchell informed me that he believed a Rule 26(f) conference would be premature due to Defendants' pending Motion to Dismiss.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated:  July 29, 2022                    By:    _____
                                                Sarah Salomon

4

# EXHIBIT 1

```
 1            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
 2                    AUSTIN DIVISION
 3   LEILA GREEN LITTLE, ET     *
     AL.,                       *
 4                              *
     PLAINTIFFS,                *
 5                              * CIVIL ACTION NO.
     VS.                        * 1:22-CV-00424-RP
 6                              *
     LLANO COUNTY, ET AL.,      *
 7                              *
     DEFENDANTS                 *
 8
 9
              ******************************************
10            ORAL AND VIDEOTAPED DEPOSITION OF
                        AMBER MILUM
11                    JUNE 28, 2022
                   (REPORTED REMOTELY)
12            ******************************************
13
14            ORAL AND VIDEOTAPED DEPOSITION OF AMBER
15   MILUM, produced as a witness at the instance of the
16   PLAINTIFF(S), and duly sworn, was taken in the
17   above-styled and numbered cause on JUNE 28, 2022,
18   from 9:14 A.M. to 1:19 P.M., before AMY PRIGMORE,
19   CSR, in and for the State of Texas, reported by
20   stenographic means, at the offices of THE WITNESS,
21   Llano, Texas, pursuant to the Federal Rules of
22   Civil Procedure, the First Emergency Order
23   Regarding the COVID-19 State of Disaster, and the
24   provisions stated on the record or attached hereto.
25
```

Page 1

```
 1                 A P P E A R A N C E S
 2
 3      FOR THE PLAINTIFF(S):
        (REMOTELY)
 4           Pratik Ghosh
             Ellen V. Leonida
 5           Sarah Salomon
             BRAUN HAGEY & BORDEN LLP
 6           351 California Street 10th Floor
             San Francisco, CA 94104
 7           ghosh@braunhagey.com
             415-599-0210
 8
 9
        FOR THE DEFENDANT(S):
10      (REMOTELY)
             Dwain K. Rogers
11           LLANO COUNTY ATTORNEY
             Llano County Courthouse
12           801 Ford Street
             Llano, Texas 78643
13           325-247-7733
14
15      FOR THE DEFENDANT(S):
        (REMOTELY)
16           Jonathan F. Mitchell
             MITCHELL LAW PLLC
17           111 Congress Avenue, Suite 400
             Austin, Texas 78701
18           512-686-3940
             jonathan@mitchell.law
19
20
        FOR THE DEFENDANT(S), STATE OF TEXAS:
21           Landon A. Wade
             TEXAS ATTORNEY GENERAL
22           300 W 15th St, 10th Flr
             Austin TX 78701
23           landon.wade@oag.texas.gov
24
25
```

Page 2

1    ALSO PRESENT (REMOTELY):

         Austin Redcay, Videographer

2        Taleaka Yates

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

```
1              P R O C E E D I N G S

2                      * * *

3              THE VIDEOGRAPHER:  We are on the      09:14:13

4    record at 9:14 a.m.  This begins the video recorded  09:14:33

5    deposition of Amber Milum, taken in the matter of   09:14:37

6    Leila Green Little, et al, versus Llano County, et   09:14:42

7    al.                                                 09:14:47

8              This deposition is being held         09:14:48

9    remotely.  My name Austin Redcay, and I'm the       09:14:49

10   videographer.  The court reporter is Amy Prigmore,  09:14:53

11   both of us representing Veritext.                   09:14:55

12             Will counsel please introduce          09:14:57

13   themselves for the record, after which the reporter 09:14:59

14   will swear in the witness.                          09:15:01

15             MR. GHOSH:  My name is Pratik Ghosh.   09:15:02

16   That is P-R-A-T-I-K, G-H-O-S-H, of the law firm of  09:15:04

17   Braun Hagey & Borden, on behalf of Plaintiffs.      09:15:10

18             MR. ROGERS:  My name is Dwain          09:15:13

19   Rogers, D-W-A-I-N, R-O-G-E-R-S, Llano County        09:15:14

20   attorney, representing the County and Amber Milum.  09:15:18

21             MR. MITCHELL:  Jonathan Mitchell,      09:15:23

22   J-O-N-A-T-H-A-N, M-I-T-C-H-E-L-L, of Mitchell Law,  09:15:26

23   LLC, representing the County and Amber Milum.       09:15:33

24                  AMBER MILUM,

25   having been first duly sworn, testified as follows:
```

Page 6

| | | |
|---|---|---|
| 1 | Q.  Okay.  Did you do anything to prepare for | 09:20:25 |
| 2 | this deposition? | 09:20:29 |
| 3 | A.  (Witness shakes head.) | 09:20:29 |
| 4 | Q.  Okay.  I -- just one more time, we're just | 09:20:35 |
| 5 | going to need verbal -- verbal answers. | 09:20:38 |
| 6 | A.  Yes. | 09:20:39 |
| 7 | Q.  Okay.  What did you do to prepare for this | 09:20:41 |
| 8 | deposition? | 09:20:45 |
| 9 | MR. ROGERS:  I'm going to object to | 09:20:46 |
| 10 | the extent this might impinge on attorney-client | 09:20:47 |
| 11 | privilege. | 09:20:50 |
| 12 | But go ahead and answer, Ms. Milum. | 09:20:50 |
| 13 | A.  I spoke to my lawyers, and went over notes. | 09:20:53 |
| 14 | Q.  (BY MR. GHOSH)  And who are your lawyers? | 09:20:57 |
| 15 | A.  Dwain Rogers, Matt, Landon, and Jonathan. | 09:21:00 |
| 16 | Q.  And by Landon, are you referring to Landon | 09:21:08 |
| 17 | Wade? | 09:21:18 |
| 18 | A.  Yes. | 09:21:18 |
| 19 | Q.  Okay.  Does Mr -- does Mr. Wade, and his | 09:21:18 |
| 20 | office, do they represent you in this action right | 09:21:22 |
| 21 | now? | 09:21:24 |
| 22 | A.  I'm not quite sure exactly. | 09:21:24 |
| 23 | Q.  Okay.  Okay.  I'm going to just put up a | 09:21:30 |
| 24 | document that's just marked as No. 1, on the zip, | 09:21:41 |
| 25 | but I'm going to put it up by your screen.  Let me | 09:21:44 |

Page 10

```
 1    the -- who put the book in the library?              09:50:04

 2         A.  I -- I don't remember.                      09:50:06

 3         Q.  Okay.  Do you remember weeding the book?    09:50:07

 4         A.  No.                                         09:50:11

 5         Q.  Let's go to another book that was removed   09:50:14

 6    that same day, called, Being Jazz, My Life as a      09:50:20

 7    (Transgender) Teen, by Jazz Jennings.                09:50:27

 8              Do you have any knowledge of this title?   09:50:29

 9         A.  Yes.                                        09:50:31

10         Q.  Okay.  And what is your, I guess, knowledge 09:50:31

11    of the title?                                        09:50:35

12         A.  I -- I've seen it on the shelves.  I've     09:50:37

13    never read it.                                       09:50:39

14         Q.  Okay.  It looks like this book was also     09:50:40

15    weeded on November 12, 2021.                         09:50:46

16              Is that right?                             09:50:48

17         A.  Yes.                                        09:50:48

18         Q.  Do you know why it was weeded?              09:50:50

19         A.  Because it had not been getting checked out.09:50:57

20         Q.  And is -- is the practice -- is -- is the --09:50:59

21    what is the rule with regards to a book that isn't   09:51:07

22    checked out very frequently?                         09:51:11

23         A.  If it's not getting checked out at least    09:51:11

24    within three years, we will weed it, because it's    09:51:15

25    just -- it's wasting space, when we could put        09:51:21
```

Page 31

1   something else on the shelves.                    09:51:25

2       Q.  Okay.  And is it your testimony today that  09:51:25

3   that was the only reason why Being Jazz was weeded?  09:51:32

4       A.  Yes.                                        09:51:37

5       Q.  It wasn't weeded for any other reason?      09:51:38

6       A.  No.                                          09:51:40

7       Q.  I just want to direct your attention --      09:51:40

8   actually, before I do that, if I wanted to check     09:51:51

9   out, Caste: The Origins of Our Discontents, would I  09:51:53

10  be able to do that from the Llano County Library,    09:52:00

11  assuming I had a library card?                       09:52:05

12      A.  It doesn't look like it's in the system, but 09:52:06

13  if we had it, you would be able to.                  09:52:08

14      Q.  And it looks like that book was, in fact,    09:52:10

15  checked out last January, January 22nd, and two      09:52:13

16  more times other than that.                          09:52:18

17          Do you see that?                             09:52:20

18      A.  Yes.                                          09:52:20

19      Q.  Okay.  So, given that it has been checked    09:52:20

20  out in the last three years, at least three times,   09:52:25

21  do you know why it would be weeded?                  09:52:30

22      A.  I -- I don't.  I don't know.  It -- it could 09:52:32

23  have been damaged, when they brought it back.  I --  09:52:40

24  I don't remember that -- that one.                   09:52:46

25      Q.  Okay.  I just want to direct your attention  09:52:47

                                                        Page 32

| | | |
|---|---|---|
| 1 | to another book, highlighted here, They Called | 09:52:52 |
| 2 | Themselves the KKK, and then there's -- the rest of | 09:52:59 |
| 3 | title, it seems to be cut off.  But it's written by | 09:53:01 |
| 4 | Susan Campbell Bartoletti. | 09:53:05 |
| 5 | Do you see that entry? | 09:53:09 |
| 6 | A.   Yes. | 09:53:10 |
| 7 | Q.   It looks like this book was added to the | 09:53:11 |
| 8 | library May 17, 2011. | 09:53:16 |
| 9 | Do you see that? | 09:53:21 |
| 10 | A.   Yes. | 09:53:22 |
| 11 | Q.   Okay.  Do you know why this book was weeded? | 09:53:22 |
| 12 | A.   Yes, because it hadn't been checked out. | 09:53:24 |
| 13 | Q.   And when a book gets weeded, what does the | 09:53:26 |
| 14 | library do with that book? | 09:53:34 |
| 15 | A.   It goes in our Friends of the Library book | 09:53:35 |
| 16 | sale.  So it's a room in the library, and people | 09:53:39 |
| 17 | can come in and purchase the book for a donation, | 09:53:42 |
| 18 | to help support the library. | 09:53:45 |
| 19 | Q.   Okay.  I just want to direct your attention | 09:53:47 |
| 20 | to this very top title.  It looks like this | 09:54:00 |
| 21 | spreadsheet covers items that were deleted from | 09:54:05 |
| 22 | January 1st, 2021, through March 31st, 2022. | 09:54:10 |
| 23 | Have you, you know, tried to create a more | 09:54:17 |
| 24 | recent report of the -- the deleted books? | 09:54:24 |
| 25 | A.   No. | 09:54:28 |

Page 33

| | | |
|---|---|---|
| 1 | Q. Would you be able to do that? | 09:54:29 |
| 2 | A. Yes. I can run a report. | 09:54:32 |
| 3 | Q. Okay. And -- and that report would tell | 09:54:37 |
| 4 | you -- would it be able to tell you all the books | 09:54:43 |
| 5 | that have been deleted through the present? | 09:54:45 |
| 6 | A. Yes. | 09:54:47 |
| 7 | Q. Okay. To your knowledge, were any of the | 09:54:47 |
| 8 | books on this list deleted because they contained | 09:55:00 |
| 9 | inappropriate or offensive content? | 09:55:02 |
| 10 | A. No. | 09:55:04 |
| 11 | Q. Have you ever been asked to remove a book | 09:55:05 |
| 12 | from the library shelves because someone found a | 09:55:14 |
| 13 | title offensive, or inappropriate? | 09:55:20 |
| 14 | A. Yes, by patrons. | 09:55:22 |
| 15 | Q. How about by Mr. Ron Cunningham? | 09:55:31 |
| 16 | A. No. | 09:55:36 |
| 17 | Q. How about by Mr. Jerry Don Moss? | 09:55:36 |
| 18 | A. It was suggested to. | 09:55:41 |
| 19 | Q. And -- and which book did he suggest you | 09:55:54 |
| 20 | removing? | 09:56:00 |
| 21 | A. The butt books. | 09:56:00 |
| 22 | Q. Okay. In July 2021, you spoke to several | 09:56:06 |
| 23 | individuals regarding what -- I guess we'll both | 09:56:23 |
| 24 | call it the butt books. | 09:56:27 |
| 25 | Is -- is that right? | 09:56:28 |

Page 34

| | | |
|---|---|---|
| 1 | two -- within the last three years. | 11:15:53 |
| 2 | A.  Right. | 11:15:57 |
| 3 | Q.  But it was still weeded. | 11:15:57 |
| 4 | A.  And sometimes, we would -- we used to check | 11:15:59 |
| 5 | out new books, other books, to our display.  And | 11:16:01 |
| 6 | so, that would actually show a checkout.  But then | 11:16:04 |
| 7 | when you would go and look at the report, a person | 11:16:07 |
| 8 | might not have checked it out, you know, but it was | 11:16:09 |
| 9 | on display four times, or -- you -- you know. | 11:16:12 |
| 10 | It -- it could have been that as well.  I don't | 11:16:14 |
| 11 | recall. | 11:16:16 |
| 12 | Q.  Yeah.  And are you able to -- to pull a | 11:16:16 |
| 13 | report, in -- in your sort of ordinary course, of | 11:16:20 |
| 14 | books that haven't been checked out in the last | 11:16:26 |
| 15 | three years, but are still on the shelf? | 11:16:28 |
| 16 | A.  Yes.  I could probably do a report like | 11:16:30 |
| 17 | that. | 11:16:34 |
| 18 | MR. GHOSH:  Okay.  I -- I think | 11:16:42 |
| 19 | we're going to take a break in one second.  Dwain, | 11:16:43 |
| 20 | we -- we would like to request that -- that report. | 11:16:46 |
| 21 | I understand you may have | 11:16:50 |
| 22 | objections, and -- and, you should state them on | 11:16:51 |
| 23 | the record now.  But we would just like to make | 11:16:53 |
| 24 | that document request, if possible. | 11:16:55 |
| 25 | MR. ROGERS:  All right. | 11:17:01 |

Page 84

| | | |
|---|---|---|
| 1 | MR. GHOSH: And to be clear about | 11:17:02 |
| 2 | it, we're just asking for the spreadsheet of books | 11:17:03 |
| 3 | that have not been checked out in the past three | 11:17:07 |
| 4 | years, but are still available to be checked out | 11:17:09 |
| 5 | from the library system. | 11:17:11 |
| 6 | And if -- and sorry. Court | 11:17:14 |
| 7 | Reporter, if you could just wait for Mr. Rogers to | 11:17:16 |
| 8 | lodge any response or objection before going off | 11:17:19 |
| 9 | the record. I don't want to cut him off. | 11:17:22 |
| 10 | MR. ROGERS: Sure. And I guess -- I | 11:17:25 |
| 11 | guess the first thing I would object to is that it | 11:17:27 |
| 12 | sounds like that document doesn't exist. And I | 11:17:29 |
| 13 | don't think we have a -- an RFP on file that would | 11:17:32 |
| 14 | be -- that that would necessarily even be | 11:17:37 |
| 15 | responsive to. | 11:17:42 |
| 16 | But, I guess, if we can -- perhaps, | 11:17:50 |
| 17 | what we can do, Pratik, is talk offline and -- | 11:17:52 |
| 18 | MR. GHOSH: Yeah. That -- that's | 11:17:56 |
| 19 | totally fine. I just wanted to give you the | 11:17:57 |
| 20 | opportunity -- I made a request. I didn't want | 11:17:58 |
| 21 | to -- I didn't want to have the last request for no | 11:18:00 |
| 22 | reason -- | 11:18:02 |
| 23 | (Multiple voices.) | 11:18:03 |
| 24 | MR. ROGERS: Understood. | 11:18:03 |
| 25 | Understood. But I will lodge those objections at | 11:18:04 |

Page 85

1   COUNTY OF HARRIS

2   STATE OF TEXAS

3

4                     REPORTER'S CERTIFICATE

5

6         I, AMY PRIGMORE, Certified Shorthand

7   Reporter in and for the State of Texas, hereby

8   certify that this transcript is a true record of

9   the testimony given remotely by the witness named

10  herein, after said witness was duly sworn remotely

11  by me.

12        I further certify that the deposition

13  transcript was submitted on _____,

14  _____ to the witness or to the attorney for the

15  witness for examination, signature, and return to

16  me by _____, _____.

17        I further certify the amount of time used

18  by each party at the deposition is as follows:

19             Pratik Ghosh - (00h00m)

               Dwain K. Rogers - (00h00m)

20             Jonathan F. Mitchell - (00h00m)

               Landon A. Wade - (00h00m)

21

22        I further certify that I am neither

23  attorney nor counsel for, related to, nor employed

24  by any of the parties to the action in which this

25  testimony was taken.  Further, I am not a relative

                                    Page 157

1    or employee of any attorney of record in this

2    cause, nor do I have a financial interest in the

3    action.

4           SUBSCRIBED AND SWORN TO by the undersigned

5    on this the 5TH day of JULY, 2022.

6

7

8

9

10

11

12

13

14

      AMY PRIGMORE, Texas, CSR 3929

15      Expiration Date:  4/30/2023

16

17

18

19

20

21

22

23

24

25

                           Page 158

# EXHIBIT 2

| From: | Sarah Salomon |
|-------|---------------|
| To: | Matt Rienstra; Pratik Ghosh; Dwain K. Rogers; Jonathan Mitchell; landon.wade@oag.texas.gov |
| Cc: | Ellen Leonida; Matt Borden; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy |
| Subject: | RE: Little et al v. Llano County e |
| Date: | Friday, July 29, 2022 11:49:00 AM |

Counsel,

We have reviewed the documents you uploaded to Dropbox Thursday afternoon. Unfortunately, the format you have produced these documents in (as PDFs, with metadata stripped) has made it impossible for us to determine whether your production—sent less than two days prior to our PI Reply deadline—has fully remedied the issue. Furthermore, we have not received the report, which Ms. Milum stated in her deposition she could easily pull from the library's system, reflecting which books remain on shelves despite not having been checked out for the past three years. Nor have we ever received a full report of the books that were "weeded" from shelves after March 31, 2022—a piece of discovery that is essential given Defendants' explanation that all the book removals identified in Plaintiffs' Motion were the result of routine weeding.

We have sought to meet and confer extensively about these issues, to no avail. We will be moving to compel, and will also note in our papers that we have not been able to schedule a Rule 26(f) conference with Defendants.

Thanks,
Sarah

---

**From:** Matt Rienstra <matt.rienstra@co.llano.tx.us>
**Sent:** Wednesday, July 27, 2022 3:22 PM
**To:** Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Jonathan Mitchell <jonathan@mitchell.law>; landon.wade@oag.texas.gov
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Sarah Salomon <Salomon@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
**Subject:** RE: Little et al v. Llano County e

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel,

We will be uploading to Dropbox the emails with the attachments this afternoon. In regards to the 2 other documents you requested during depositions we have uploaded the two (2) customer request in response to Llano County RFP #6. In so far as the remaining document, we are attempting to locate that document, if it exists.

To my point about "harassment," we have produced enough information that clearly demonstrates that Bonnie Wallace, Gay Baskin, Rochelle Wells and Rhonda Schneider are not "officials" in any sense of the word. Requesting that Mrs. Wallace continue to assist your clients vain effort to find a cause of action is clearly harassment. I think it is about time for your clients to dismiss these four civilians from this case.

Truly,
Matthew L. Rienstra
1st Asst. County Attorney
Llano County Attorney' Office

**CONFIDENTIALITY NOTICE**: This is a legal communication and any files transmitted with it are confidential and intended only for the use of the individual or entity to whom they are addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this information, please notify the sender (only) immediately by email and delete the message. You are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited.

---

**From:** Pratik Ghosh <Ghosh@braunhagey.com>
**Sent:** Thursday, July 21, 2022 8:03 PM
**To:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Sarah Salomon <Salomon@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
**Subject:** RE: Little et al v. Llano County et al

**Caution:** This is an external email that includes a suspicious subject or content. Please use caution when clicking links or opening attachments. When in doubt, contact your IT Department.

Counsel:

From our review of Defendants' document production, below are the emails that were initially produced without the accompanying attachments, for each of these documents please identify the corresponding attachment by bates number:

- County 3 RFP - 00116 (1/26/22 Email from Amber Milum)
- County 3 RFP - 00168 (11/9/21 Email from Amber Milum)
- County 3 RFP - 00215 (12/27/21 Email from Amber Milum)
- County 3 RFP - 00225 (12/6/21 Email from Amber Milum)
- County 3 RFP - 00231 (11/15/21 Email from Amber Milum)
- County 3 RFP - 00232 (11/12/21 Email from Amber Milum)
- County 3 RFP - 00234 (11/9/21 Email from Amber Milum)
- Milum 2 RFP - 00091 (1/23/22 Email from Gay Baskin)
- Milum 2 RFP - 00144 (3/22/22 Email from Gay Baskin)
- Milum 2 RFP - 00184 (4/5/22 Email from Amber Milum)
- Milum 2 RFP - 00193 (2/7/22 Email from Amber Milum)
- Milum 2 RFP - 00197 (2/16/22 Email from Amber Milum)
- Milum 2 RFP - 00245 (1/26/22 Email from Amber Milum)
- Milum 2 RFP - 00246 (2/1/22 Email from Amber Milum)
- Milum 2 RFP - 00252 (2/7/22 Email from Amber Milum)
- Wallace 2 RFP - 00026 (1/17/22 Email from Gay Baskin)
- Wallace 5 RFP - 00118 (2/8/22 Email from Bonnie Wallace)
- Wallace 6 RFP - 00127 (1/16/22 Email from Bonnie Wallace)

We will once again note that Defendants are in the best position to know which emails were produced without an attachment.

We do not entirely understand the point you are attempting to make regarding Ms. Wallace being a "civilian"—she is a named defendant in this litigation and you are representing her. As a defendant, she has an obligation to fully respond to discovery requests—discovery that you agreed to respond to. As we have been requesting for more than two weeks now, please immediately (i) identify the corresponding attachments or (ii) produce all documents in native format as originally requested. Delaying until next Wednesday is unacceptable, as Plaintiffs' reply brief is due next Friday and we made this request two weeks ago. If you continue engage in discovery gamesmanship, we reserve the right to seek appropriate relief from the Court, including all costs and fees incurred as a result of your obstructionist conduct.

The requests made during Ms. Milum's deposition were for documents that are responsive to Plaintiffs' RFPs and should have already been produced. Namely, Plaintiffs' RFPs called for the production of "all other data complications from which information can be obtained" and RFP No. 6 specifically seeks such data compilations used "in determining which materials to restrict or remove from the Library System." No additional *duces tecum* request is required, and no authority exists for requiring such extraneous procedure in obtaining basic discovery. Please immediately produce (i) a report of books in the Llano County Library system that had not been checked out for more than

three years but were still available to be checked out and (ii) copies of the three reconsideration forms that Ms. Milum testified to receiving from library patrons.

Please immediately produce the discovery outlined in this email—discovery that we have been repeatedly requesting for over two weeks now.

Best,
Pratik

**Pratik K. Raj Ghosh**
**B R A U N H A G E Y   &   B O R D E N** LLP
Direct: (415) 715-4302

---

**From:** Matt Rienstra <matt.rienstra@co.llano.tx.us>
**Sent:** Thursday, July 21, 2022 3:37 PM
**To:** Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Sarah Salomon <Salomon@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
**Subject:** RE: Little et al v. Llano County et al

**\*\*\* EXTERNAL MESSAGE \*\*\***

Mr. Ghosh,

Ms. Milum will cross reference her emails that indicated attachments with the attachment that were subsequently produced to you; hopefully we can produce a list that will assist you by next Wednesday. I will wait until then to determine which of Ms. Milum's emails also correspond to Ms. Wallace's emails and attachments before I involve Ms. Wallace as she is a civilian, and not an "official" and has been harassed enough by this lawsuit.

In terms of the document requests made during the depositions, I am hesitant to produce as you all did not attach a duces tecum to your deposition notice. If you have caselaw to support this request please provide and I will review, discuss with co-counsel and respond.

Truly,
Matthew L. Rienstra
1st Asst. County Attorney
Llano County Attorney' Office

**CONFIDENTIALITY NOTICE:** This is a legal communication and any files transmitted with it are confidential and intended only for the use of the individual or entity to whom they are addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this information,

please notify the sender (only) immediately by email and delete the message.  You are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited.

**From:** Pratik Ghosh <Ghosh@braunhagey.com>
**Sent:** Wednesday, July 20, 2022 3:49 PM
**To:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Sarah Salomon <Salomon@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
**Subject:** RE: Little et al v. Llano County et al

**Caution:** This is an external email that includes a suspicious subject or content. Please use caution when clicking links or opening attachments. When in doubt, contact your IT Department.

Counsel:

It has been nearly two weeks without any response regarding the deficiency I raised in my July 7, 2022 email regarding Defendants failure to identify the corresponding parent emails for the attachments they produced.  Our document requests made clear that all documents were to be produced in their native formats, not as randomly collected, unsearchable PDFs as Defendants have opted for.  Had Defendants followed this instruction, we would not be faced with this issue now.  Please either (i) identify (by bates number) the corresponding parent email for each of the attachments produced in your July 6, 2022 supplemental production or (ii) produce all documents in their native formats as originally requested.

Additionally, please advise on the status of the two document requests that were made during the deposition of Amber Milum.  It has been nearly one month that you initially stated that you would consider producing these documents which were requested during Ms. Milum's deposition.  As a reminder, these requests were for (i) a report of books in the Llano County Library system that had not been checked out for more than three years but were still available to be checked out and (ii) copies of the three reconsideration forms that Ms. Milum testified to receiving from library patrons.

If we cannot resolve these issues by close of business tomorrow, we will seek relief from the Court.

Best,
Pratik

**Pratik K. Raj Ghosh**
**BRAUNHAGEY & BORDEN** LLP
Direct:  (415) 715-4302

**From:** Pratik Ghosh
**Sent:** Thursday, July 7, 2022 11:31 AM
**To:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>;
Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Sarah
Salomon <Salomon@braunhagey.com>; Amy Senia <Senia@braunhagey.com>;
ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy
<kayna@wittliffcutter.com>
**Subject:** RE: Little et al v. Llano County et al

Matt,

We are in receipt of your supplemental production, which consisted of two PDF documents (one of
which is 141 pages, and the other is 199 pages) seemingly containing attachments to the emails
Defendants previously produced.  We are not able to determine from this supplemental production
which of these attachments relates to which email that you have produced.  Please identify (by bates
number) the corresponding parent email for each of the attachments produced in your July 6, 2022
supplemental production.

Additionally, please advise on the status of the two document requests that were made during the
deposition of Amber Milum.  As a reminder, these requests were for (i) a report of books in the Llano
County Library system that had not been checked out for more than three years but were still
available to be checked out and (ii) copies of the three reconsideration forms that Ms. Milum
testified to receiving from library patrons.

Best,
Pratik


**Pratik K. Raj Ghosh**
**BRAUNHAGEY & BORDEN** LLP
Direct: (415) 715-4302

**From:** Matt Rienstra <matt.rienstra@co.llano.tx.us>
**Sent:** Friday, July 1, 2022 2:59 PM
**To:** Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Jonathan
Mitchell <jonathan@mitchell.law>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Sarah
Salomon <Salomon@braunhagey.com>; Amy Senia <Senia@braunhagey.com>;
ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy
<kayna@wittliffcutter.com>
**Subject:** RE: Little et al v. Llano County et al

**\*\*\* EXTERNAL MESSAGE \*\*\***

Pratik,

I am hoping to have the attachments to you on or before COB Wednesday the 6th. I may follow up with you on Tuesday to be sure about the attachments that you specifically requested during the depositions. I hope you have a Happy 4th of July.

Truly,
Matt
Matthew L. Rienstra
1st Asst. County Attorney
Llano County Attorney' Office

801 Ford St., Room 111
Llano, TX 78643
(325) 247-7733 ph
(325) 247-7737 fax



**CONFIDENTIALITY NOTICE**: This is a legal communication and any files transmitted with it are confidential and intended only for the use of the individual or entity to whom they are addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient of this information, please notify the sender (only) immediately by email and delete the message.  You are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited.

---

**From:** Pratik Ghosh <Ghosh@braunhagey.com>
**Sent:** Friday, July 1, 2022 12:37 PM
**To:** Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Sarah Salomon <Salomon@braunhagey.com>; Amy Senia <Senia@braunhagey.com>;

ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy
<kayna@wittliffcutter.com>
**Subject:** RE: Little et al v. Llano County et al

Matt and Dwain,

Following up regarding our request that Defendants produce all attachments to the emails
contained in their document production. As you have requested, we have identified exemplar
emails that were produced without their corresponding attachments. Please advise on when we can
expect Defendants to complete its document production by producing all attachments to the
produced emails.

Further, during the deposition of Amber Milum, I made two document requests that you stated that
you would consider. First, I requested a report of books in the Llano County Library system that had
not been checked out for more than three years but were still available to be checked out. Ms.
Milum testified that she would be able to obtain such a report from the library's database. Second, I
requested copies of the three reconsideration forms that Ms. Milum testified to receiving from
library patrons. Please advise on when we can expect to receive these documents.

Best,
Pratik

**Pratik K. Raj Ghosh**
**B R A U N** H A G E Y **& B O R D E N** LLP
Direct: (415) 715-4302

**From:** Sarah Salomon <Salomon@braunhagey.com>
**Sent:** Monday, June 27, 2022 6:28 PM
**To:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Pratik Ghosh <Ghosh@braunhagey.com>;
Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Amy
Senia <Senia@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com;
mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Matt Borden
<borden@braunhagey.com>
**Subject:** Re: Little et al v. Llano County et al

Counsel,

Given the expedited nature of proceedings, we cannot agree to move the depositions. We will
proceed with the depositions tomorrow and Wednesday, reserving all rights.

Thanks,
Sarah

**From:** Matt Rienstra <matt.rienstra@co.llano.tx.us>
**Sent:** Monday, June 27, 2022 3:21 PM
**To:** Sarah Salomon <Salomon@braunhagey.com>; Pratik Ghosh <Ghosh@braunhagey.com>;
Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Amy
Senia <Senia@braunhagey.com>; ryan@wittliffcutter.com <ryan@wittliffcutter.com>;
katherine@wittliffcutter.com <katherine@wittliffcutter.com>; mac@wittliffcutter.com
<mac@wittliffcutter.com>; Kayna Levy <kayna@wittliffcutter.com>; Matt Borden
<borden@braunhagey.com>
**Subject:** RE: Little et al v. Llano County et al


**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel,

Since we will be unable to get the attachments to you by your deadline of 5 p.m. today, can we
agree to reschedule the depositions?  Hopefully, we can research the responses and locate the
attachments that are referenced throughout and produce them shortly thereafter. Would you be
available to reschedule for July 7 & 8? We have blocked our calendars for those two days. Please
advise.

Truly,
Dwain K. Rogers
Llano County Attorney
Matthew L. Rienstra

1st Asst. County Attorney
Llano County Attorney' Office

801 Ford St., Room 111
Llano, TX 78643
(325) 247-7733 ph
(325) 247-7737 fax



**CONFIDENTIALITY NOTICE:** This is a legal communication and any files transmitted with
it are confidential and intended only for the use of the individual or entity to whom they are
addressed and may contain information that is privileged, confidential and exempt from
disclosure under applicable law.  If you are not the intended recipient of this information,

please notify the sender (only) immediately by email and delete the message.  You are
notified that any use, dissemination, distribution, or copying of the communication is strictly
prohibited.

**From:** Sarah Salomon <Salomon@braunhagey.com>
**Sent:** Monday, June 27, 2022 2:25 PM
**To:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Pratik Ghosh <Ghosh@braunhagey.com>;
Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Amy
Senia <Senia@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com;
mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Matt Borden
<borden@braunhagey.com>
**Subject:** RE: Little et al v. Llano County et al

Matt:

From what we can tell, Defendants have included very few, if any, of the
attachments to the emails they have produced as responsive to Plaintiffs'
requests.  County 116, 168, 215, 225, 231, 232, 243 and Milum 91, 197,
Wallace 26, and 127 are examples of this issue – the emails reference
attachments that are not within the production. These examples are far from
comprehensive, however. Of course, Defendants are best positioned to
ascertain what is missing from their production.

Please provide the missing documents by close of business today.

Thanks,
Sarah

**From:** Matt Rienstra <matt.rienstra@co.llano.tx.us>
**Sent:** Monday, June 27, 2022 10:00 AM
**To:** Pratik Ghosh <Ghosh@braunhagey.com>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Sarah
Salomon <Salomon@braunhagey.com>; Amy Senia <Senia@braunhagey.com>;
ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy
<kayna@wittliffcutter.com>; Matt Borden <borden@braunhagey.com>
**Subject:** RE: Little et al v. Llano County et al

**\*\*\* EXTERNAL MESSAGE \*\*\***

Pratik,

I am not sure which emails and attachments you are referencing. Please provide some more information.

Truly,
Matt
Matthew L. Rienstra

1st Asst. County Attorney
Llano County Attorney' Office

801 Ford St., Room 111
Llano, TX 78643
(325) 247-7733 ph
(325) 247-7737 fax



**CONFIDENTIALITY NOTICE:** This is a legal communication and any files transmitted with it are confidential and intended only for the use of the individual or entity to whom they are addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this information, please notify the sender (only) immediately by email and delete the message. You are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited.

**From:** Pratik Ghosh <Ghosh@braunhagey.com>
**Sent:** Sunday, June 26, 2022 10:13 PM
**To:** Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Sarah Salomon <Salomon@braunhagey.com>; Amy Senia <Senia@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Matt Borden <borden@braunhagey.com>
**Subject:** RE: Little et al v. Llano County et al

Counsel:

Please find Plaintiffs' Amended Objections and Responses to Defendants' First Set of Interrogatories (Verified).

Additionally, in reviewing Defendants document production, we have found that the majority of the emails Defendants have produced are missing their respective attachments.  Please produce the missing attachments by no later than 5PM CT tomorrow, June 27th and please provide confirmation as soon as possible that you are willing to do so.

Best,
Pratik

**Pratik K. Raj Ghosh**
**B R A U N H A G E Y  &  B O R D E N** LLP
Direct:  (415) 715-4302

---

**From:** Sarah Salomon <Salomon@braunhagey.com>
**Sent:** Friday, June 24, 2022 10:04 PM
**To:** Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Amy Senia <Senia@braunhagey.com>; Pratik Ghosh <Ghosh@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Matt Borden <borden@braunhagey.com>
**Subject:** RE: Little et al v. Llano County et al

Counsel:

Please find Plaintiffs' Responses to Defendants' First Set of Interrogatories attached. Verifications will follow on Monday.

Thanks,
Sarah

---

**From:** Sarah Salomon
**Sent:** Thursday, June 23, 2022 2:42 PM
**To:** Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Amy Senia <Senia@braunhagey.com>; Pratik Ghosh <Ghosh@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Matt Borden <borden@braunhagey.com>

**Subject:** RE: Little et al v. Llano County et al

Thanks Jonathan. Please find deposition notices attached.

Please also note that Plaintiffs will be serving their responses to Defendants' Interrogatories on June 24. Plaintiffs had offered to serve their responses on June 23 to accommodate a June 24 deadline for Defendants' opposition to the PI Motion. Since the Court has not ordered that opposition deadline, we will serve the responses on the date originally called for by Defendants' Interrogatories.

Best,
Sarah

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Wednesday, June 22, 2022 10:51 AM
**To:** Sarah Salomon <Salomon@braunhagey.com>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Amy Senia <Senia@braunhagey.com>; Pratik Ghosh <Ghosh@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Little et al v. Llano County et al

**\*\*\* EXTERNAL MESSAGE \*\*\***

The deposition dates that you propose will work.

On Jun 20, 2022, at 1:05 PM, Sarah Salomon <Salomon@braunhagey.com> wrote:

Jonathan,

I hope this finds you well. Please let us know your position on the below – we're happy to jump on a phone call and discuss if needed. Please also confirm that the deposition timing that we've proposed below works.

Best,
Sarah

**From:** Sarah Salomon
**Sent:** Friday, June 17, 2022 12:25 PM
**To:** Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra
<matt.rienstra@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Amy Senia
<Senia@braunhagey.com>; Pratik Ghosh <Ghosh@braunhagey.com>;
ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna
Levy <kayna@wittliffcutter.com>; Matt Borden <borden@braunhagey.com>
**Subject:** RE: Little et al v. Llano County et al

Jonathan,

Thanks for your prompt response. We agree that the Court will
appreciate the parties working together on a schedule that will allow
for efficient resolution of our respective motions. To that end,
Plaintiffs propose the below schedule:

Defendants' Opposition to PI: July 15
Plaintiffs' Opposition to MTD: July 15
Plaintiffs' Reply ISO of PI: July 29
Defendants' Reply ISO of MTD: July 29

The above schedule assumes that Plaintiffs will not amend their
Complaint, but will rather oppose the MTD filed by Defendants on
June 8. We agree that it makes sense to request that the Court
schedule a consolidated hearing on both the PI and the MTD to
follow the completion of briefing on both motions. If Defendants
agree to this schedule, we will revise the agreed motion and circulate
a proposed order reflecting our joint proposal.

Furthermore, given the deposition dates provided by Matt earlier this
week, we would like to schedule the depositions of Jerry Don Moss
and Amber Milum for June 28, and the deposition of Bonnie Wallace
for June 29. Please confirm those dates work, and we will send
notices.

Thanks,
Sarah

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Thursday, June 16, 2022 11:16 PM
**To:** Sarah Salomon <Salomon@braunhagey.com>
**Cc:** Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra
<matt.rienstra@co.llano.tx.us>; Ellen Leonida <Leonida@braunhagey.com>; Amy Senia
<Senia@braunhagey.com>; Pratik Ghosh <Ghosh@braunhagey.com>;
ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna
Levy <kayna@wittliffcutter.com>
**Subject:** Re: Little et al v. Llano County et al

**\*\*\* EXTERNAL MESSAGE \*\*\***

Sarah:

Thank you for drafting this. I think we should include a proposed order. If you have
drafted one, please circulate so we can review it before filing.

Also, I noticed in footnote 1 that you intend to file a first amended complaint, which
will moot our pending motion to dismiss. Should we consider a proposed briefing
schedule for our new MTD that will enable the MTD to be heard alongside the motion
for preliminary injunction? We don't need to resolve this now, but I think it would serve
judicial economy to have a joint hearing on both motions as there will be similar
arguments raised in both, and I think the judge would appreciate our working toward
that.


—Jonathan




On Jun 16, 2022, at 2:56 PM, Sarah Salomon
<Salomon@braunhagey.com> wrote:

Counsel,

Please use this version, which we've re-styled as an agreed motion. We've
also noted our intent, pursuant to Loc. R. CV-15, to respond to
Defendants' motion to dismiss with an amended Complaint.

Thanks,
Sarah

**From:** Sarah Salomon

**Sent:** Thursday, June 16, 2022 1:49 PM
**To:** Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra
<matt.rienstra@co.llano.tx.us>; jonathan@mitchell.law
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Amy Senia
<Senia@braunhagey.com>; Pratik Ghosh
<Ghosh@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffc
utter.com; mac@wittliffcutter.com; Kayna Levy
<kayna@wittliffcutter.com>
**Subject:** Little et al v. Llano County et al

Dwain/Jonathan,

I hope this finds you well. Please find attached a stipulation reflecting the
proposed briefing schedule we earlier discussed. Please let us know if you
have any edits. Once we have your approval, we can get this on file.


Thanks,
Sarah Salomon

**B R A U N H A G E Y & B O R D E N** LLP
Direct:  (415) 256-7729

**San Francisco (Main Office)**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel: (415) 599-0210


<2022-06-16 - Agreed Motion re Briefing Schedule.docx>


-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842


**CONFIDENTIALITY NOTICE:**
This e-mail and any attachments are confidential and legally privileged. This information is intended
only for the use of the individual or entity to whom it was sent as indicated above. If you are not the
intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents
of the information contained in this electronic mail message is strictly prohibited. If you have
received this message in error, please delete it immediately, and call (512) 686-3940 to let me

know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE:**
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

# EXHIBIT 3

1                IN THE UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
2                          AUSTIN DIVISION
3       LEILA GREEN LITTLE, et      )
        al.,                        )
4                                   )
               Plaintiffs,          )
5                                   ) CIVIL ACTION
        v.                          ) NO. 1:22-cv-00424-RP
6                                   )
        LLANO COUNTY, et al.,       )
7                                   )
               Defendants.          )
8
9
10           REMOTE ORAL AND VIDEOTAPED DEPOSITION OF
11                        BONNIE WALLACE
12                  Wednesday, June 29, 2022
13
14           REMOTE ORAL AND VIDEOTAPED DEPOSITION OF
15      BONNIE WALLACE, produced as a witness at the instance of
16      the Plaintiffs, Leila Green Little, et al., and duly
17      sworn, was taken in the above-styled and numbered cause
18      on the 29th of June, 2022, from 11:03 a.m. to 3:17 p.m.,
19      before Sharon Ross, Certified Shorthand Reporter in and
20      for the State of Texas, reported remotely by
21      computerized stenotype machine, pursuant to the Texas
22      Rules of Civil Procedure and/or any provisions stated on
23      the record or attached hereto.
        Reported by:
24      SHARON ROSS, Texas CSR #1961,
        Hawaii CSR #432, RMR, CRR, CRC
25      Realtime Systems Administrator

                                                    Page 1

```
 1                        APPEARANCES
 2
     For Plaintiffs Leila Green Little, et al.:
 3        Ms. Sarah Salomon (via webconference)
 4        Ms. Ellen V. Leonida (via webconference)
          Mr. Pratik Ghosh (via webconference, when noted)
 5        BRAUNHAGEY & BORDEN LLP
          351 California Street, 10th Floor
 6        San Francisco, California  94104
          415.599.0210
 7        Salomon@braunhagey.com
          Leonida@braunhagey.com
 8        Ghosh@braunhagey.com
 9
     For Defendants Llano County, et al.:
10        Mr. Dwain K. Rogers (via webconference)
11        Llano County Attorney
          Mr. Matthew Rienstra (via webconference)
12        First Assistant County Attorney
          Llano County Courthouse
13        801 Ford Street, Room 111
          Llano, Texas  78643
14        325.247.7733
          Drogers@co.llano.tx.us
15        Mrienstra@co.llano.tx.us
16             - and -
17        Mr. Jonathan Mitchell (via webconference)
          MITCHELL LAW PLLC
18        111 Congress Avenue, Suite 400
          Austin, Texas  78701
19        512.686.3940
          Jonathan@mitchell.law
20
21   Also Present:
22        Mr. Landon Wade
23        Ms. TaLeakca Yates
24
25
```

Page 2

| | | |
|---|---|---|
| 1 | PROCEEDINGS | 11:03 |
| 2 | THE VIDEOGRAPHER:  We are now on the record | 11:03 |
| 3 | for the video deposition of Bonnie Wallace. | 11:03 |
| 4 | The time is 11:03 a.m., June 29th, 2022, in | 11:03 |
| 5 | the matter of Leila Green Little, et al. versus Lane | 11:03 |
| 6 | County, et al., Civil Action No. 1:22-cv-00424 -- excuse | 11:03 |
| 7 | me; I said Lane County -- Llano County, et al., Civil | 11:03 |
| 8 | Action No. 1:22-cv-00424-RP, being held in the United | 11:03 |
| 9 | States District Court for the Western District of Texas, | 11:03 |
| 10 | Austin Division. | 11:03 |
| 11 | The court reporter is Sharon Ross.  The | 11:03 |
| 12 | videographer is Gus Phillips, and both are | 11:03 |
| 13 | representatives of Veritext Court Reporting. | 11:03 |
| 14 | Will counsel please state their appearances | 11:03 |
| 15 | for the record, beginning with the plaintiff? | 11:03 |
| 16 | MS. SALOMON:  Good morning, everyone.  This | 11:03 |
| 17 | is Sarah Salomon of BraunHagey & Borden on behalf of | 11:04 |
| 18 | plaintiffs. | 11:04 |
| 19 | MR. ROGERS:  Good morning.  Dwain Rogers, | 11:04 |
| 20 | Llano County Attorney, representing Defendant and | 11:04 |
| 21 | defending the deposition today. | 11:04 |
| 22 | MR. MITCHELL:  Jonathan Mitchell from | 11:04 |
| 23 | Mitchell Law PLLC representing the defendants. | 11:04 |
| 24 | THE VIDEOGRAPHER:  Will the court reporter | 11:04 |
| 25 | please administer the oath? | 11:04 |

Page 6

```
 1              THE REPORTER:  Okay.  Ms. Wallace, if you
 2    could raise your right hand, please, I will place you
 3    under oath.
 4                    BONNIE WALLACE,
 5    having been first duly sworn, testified as follows:
 6                    EXAMINATION
 7    BY MS. SALOMON:
 8        Q.  Good morning, Ms. Wallace.  How are you doing    11:04
 9    today?                                                   11:04
10        A.  I'm blessed.  How are you today, Sarah?          11:04
11        Q.  Doing well.  Could you please state your full    11:04
12    name for the record?                                     11:04
13        A.  Yes.  My name is Bonnie Wallace.                 11:04
14        Q.  And, Ms. Wallace, have you been deposed before?  11:04
15        A.  I have, but many years ago.                      11:04
16        Q.  Since it's been many years ago, I'm just going   11:05
17    to go over a couple of, you know, ground rules for       11:05
18    today's proceedings so that we're on the same page.      11:05
19    Does that sound good?                                    11:05
20        A.  Yes, ma'am.                                      11:05
21        Q.  So even though we're appearing virtually, per    11:05
22    the oath you swore, all the answers that you will -- you 11:05
23    give today have to be completely true and accurate just  11:05
24    as if you were testifying in court.                      11:05
25              Do you understand that?                        11:05
```

Page  7

1    same objections.  In addition, I would instruct the          11:08

2    witness not to answer any questions that would go into        11:08

3    the content of any meetings with attorneys.                   11:08

4         Q.  (BY MS. SALOMON)  And so that's a fair point,        11:09

5    Ms. Wallace.  I just want to clarify that I'm asking for      11:09

6    who you met with.  I'm not asking you to go into the          11:09

7    content of those conversations.                               11:09

8         A.  I met with Dwain Rogers and Matt Rienstra.           11:09

9         Q.  Did you meet with anyone else?                       11:09

10        A.  No.                                                   11:09

11             MR. ROGERS:  I would assert the same                11:09

12   objections.                                                   11:09

13        Q.  (BY MS. SALOMON)  Did you have -- outside of         11:09

14   Mr. Rogers and Mr. Rienstra -- I apologize if I'm             11:09

15   butchering that pronunciation -- did you speak with           11:09

16   anyone else about this deposition?                            11:09

17             MR. ROGERS:  Let me object to that with             11:09

18   respect to attorney work product, attorney/client, and       11:09

19   common interest privilege; and I'm going to instruct the     11:09

20   witness not to answer that one.                               11:09

21        Q.  (BY MS. SALOMON)  Ms. Wallace, to be clear, I'm      11:09

22   just asking about who you met with outside of                 11:09

23   Mr. Rienstra and Mr. Rogers.                                  11:09

24             Are you going -- are you going to follow            11:09

25   your counsel's instruction not to answer as to the names     11:09

                                                        Page 11

```
1              MR. ROGERS:   Same objection.              15:06

2        A.  No.                                          15:06

3        Q.  (BY MS. SALOMON)   What about a book that is  15:06

4   explaining, you know, the genius of Donald Trump?  If  15:07

5   that book was included on the library shelves, the     15:07

6   selection of that book, would you understand that to be 15:07

7   an endorsement of those views by Llano County?         15:07

8              MR. ROGERS:   Same objections.             15:07

9        A.  No.                                          15:07

10        Q.  (BY MS. SALOMON)   By the same token, if there 15:07

11   was a book talking about the genius of former President 15:07

12   Obama and that was selected for the shelves, would you  15:07

13   understand that to be an endorsement of that view by    15:07

14   Llano County?                                          15:07

15              MR. ROGERS:   Same objection.              15:07

16        A.  No.                                          15:07

17        Q.  (BY MS. SALOMON)   Ms. Wallace, you were present 15:07

18   earlier before we went on the record when Mr. Wade     15:07

19   indicated that he's not representing any party in this  15:07

20   suit; is that right?                                   15:07

21        A.  I was.                                       15:07

22        Q.  Have you had any conversations with Mr. Wade  15:07

23   related to this lawsuit?                               15:08

24        A.  Yes.                                         15:08

25        Q.  What was the content of those conversations?  15:08
```

Page 139

```
1                    REPORTER'S CERTIFICATION
2
3         I, SHARON ROSS, Certified Shorthand Reporter, do
     hereby certify:
4
          That on Wednesday, June 29, 2022, at 11:03 a.m.,
5    appeared before me BONNIE WALLACE, the witness whose
     deposition is contained herein; that prior to being
6    examined was by me duly sworn;
7         That the deposition was taken down by me in machine
     shorthand and was thereafter reduced to typewriting;
8    that the foregoing represents, to the best of my
     ability, a true and correct transcript of the
9    proceedings had in the foregoing matter.
10        That a request for an opportunity to review and
     make changes to this transcript:
11
                   Was made by the deponent or a party (and/or
12                 their attorney) prior to the completion of
                   the deposition.
13        X        Was not made by the deponent or a party
                   (and/or their attorney) prior to the
14                 completion of the deposition.
                   Was waived.
15
16        I further certify that I am not an attorney for any
     of the parties hereto, nor in any way concerned with the
17   cause.
18        Dated July 5, 2022.
19
20
21
22
       _____
23       SHARON ROSS, HI CSR NO. 432,
24       TX CSR NO. 1961, CRR, RMR, CRC
25       Realtime Systems Administrator
```

Page 144

# EXHIBIT 4

| From: | Jonathan Mitchell |
|---|---|
| To: | Sarah Salomon |
| Cc: | Ellen Leonida; Matt Rienstra; Pratik Ghosh; Dwain K. Rogers; Landon Wade; rvan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy |
| Subject: | Re: Little et al v. Llano County et al |
| Date: | Wednesday, July 27, 2022 6:16:14 PM |

**\*\*\* EXTERNAL MESSAGE \*\*\***

I am defending a deposition at 3:00 p.m. eastern time tomorrow (noon pacific). Any time before that should work.

How about 1 p.m. eastern (10 a.m. pacific)?

> On Jul 27, 2022, at 6:09 PM, Sarah Salomon <Salomon@braunhagey.com> wrote:
>
> Jonathan,
>
> We are all tied up the rest of this afternoon. We can talk tomorrow between 10-noon. Let us know what works.
>
> Sarah
>
> **From:** Jonathan Mitchell <jonathan@mitchell.law>
> **Sent:** Wednesday, July 27, 2022 2:23 PM
> **To:** Sarah Salomon <Salomon@braunhagey.com>
> **Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Landon Wade <Landon.Wade@oag.texas.gov>; rvan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
> **Subject:** Re: Little et al v. Llano County et al
>
> **\*\*\* EXTERNAL MESSAGE \*\*\***
>
> Could one of you please call me to discuss? I'm at (512) 686-3940.

On Jul 27, 2022, at 5:02 PM, Sarah Salomon <Salomon@braunhagey.com> wrote:

Jonathan,

As you are doubtless aware, both Rule 26 and the local rules require the parties to conduct a Rule 26(f) conference prior to submitting a scheduling order. *See* Fed. R. Civ. P. 26(f)(2) ("[T]he parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due."); L.R. 16(c) ("Not later than 60 days after any appearance of any defendant, the parties shall submit a proposed scheduling order to the court in the form described in subdivision (a). The parties first shall confer as required by Rule 26(f)."). We attempted to do so, but received no response from Defendants. There is no exception to Rule 26(f)'s requirements based on a pending motion to dismiss.

Plaintiffs are available to confer tomorrow at 1 pm PT/3 pm CT, and will send an invite. Please let us know if there's a time that works better.

Thanks,
Sarah

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Tuesday, July 26, 2022 6:13 PM
**To:** Sarah Salomon <Salomon@braunhagey.com>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Landon Wade <Landon.Wade@oag.texas.gov>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
**Subject:** Re: Little et al v. Llano County et al

**\*\*\* EXTERNAL MESSAGE \*\*\***

Sarah:

I apologize for our delayed response on this.

In our view it is premature to hold a Rule 26(f) conference when there is a pending motion to dismiss. The entire point of a motion to dismiss is to

allow defendants to seek and obtain dismissal before discovery begins, and allow defendants to avoid the burdens of discovery when the plaintiff has failed to state a claim. I have never heard of a Rule 26(f) conference being held while a motion to dismiss is pending.

Is there a deadline in one of the court-approved scheduling orders that requires us to hold our Rule 26(f) conference soon? I did not see anything that would make it necessary for us to schedule our Rule 26(f) conference, but perhaps I missed something.

—Jonathan

> On Jul 26, 2022, at 7:01 PM, Sarah Salomon <Salomon@braunhagey.com> wrote:
>
> Counsel,
>
> We have asked to schedule a Rule 26(f) conference several times now with no response. "The attorneys of record and all unrepresented parties that have appeared in the case are **jointly responsible** for arranging the conference." Fed. R. Civ. P. 26(f)(2). There are now no less than nine lawyers listed on your briefs. Surely at least one could give us the courtesy of a response.
>
> If we don't hear back tomorrow about your availability for a conference, we will raise the issue with the Court.
>
> Thanks,
> Sarah
>
> **From:** Ellen Leonida <Leonida@braunhagey.com>
> **Sent:** Wednesday, July 20, 2022 10:31 AM
> **To:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Jonathan Mitchell <jonathan@mitchell.law>

**Cc:** Sarah Salomon <<u>Salomon@braunhagey.com</u>>; <u>ryan@wittliffcutter.com</u>; <u>katherine@wittliffcutter.com</u>; <u>mac@wittliffcutter.com</u>; Kayna Levy <<u>kayna@wittliffcutter.com</u>>
**Subject:** RE: Little et al v. Llano County et al

Counsel,

Following up on the below email, please let us know your availability for a Rule 26(f) conference.

Best,
Ellen Leonida
**B R A U N**HAGEY **& B O R D E N** LLP
Direct: (415) 684-7285

**From:** Ellen Leonida
**Sent:** Wednesday, July 13, 2022 3:18 PM
**To:** Matt Rienstra <<u>matt.rienstra@co.llano.tx.us</u>>; Pratik Ghosh <<u>Ghosh@braunhagey.com</u>>; Dwain K. Rogers <<u>drogers@co.llano.tx.us</u>>; Jonathan Mitchell <<u>jonathan@mitchell.law</u>>
**Cc:** Sarah Salomon <<u>Salomon@braunhagey.com</u>>; <u>ryan@wittliffcutter.com</u>; <u>katherine@wittliffcutter.com</u>; <u>mac@wittliffcutter.com</u>; Kayna Levy <<u>kayna@wittliffcutter.com</u>>
**Subject:** Little et al v. Llano County et al

Counsel,

Are you available for a Rule 26(f) conference tomorrow or Friday?

Best,
Ellen Leonida
**B R A U N**HAGEY **& B O R D E N** LLP
Direct: (415) 684-7285

**San Francisco (Main Office)**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
118 W 22nd Street, 12th Floor
New York, NY 10011

Tel. & Fax: (646) 829-9403

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

----------------------------

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE:**
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION /
ATTORNEY WORK PRODUCT**

----------------------------

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE:**
This e-mail and any attachments are confidential and legally privileged. This information is intended

only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE:**
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**