# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Plaintiffs' Position:** Plaintiffs have alleged two causes of action under 42 U.S.C. § 1983, a violation of their First Amendment rights and a violation of their Fourteenth Amendment rights. The elements of a 42 U.S.C. § 1983 violation are: (1) a violation of rights secured by the Constitution or laws of the United States (2) that was committed by a person acting under color of state law.

For the First Amendment claim, if Plaintiffs establish that Defendants have engaged in viewpoint discrimination, that is *per se* unconstitutional. First Amendment claims not involving viewpoint discrimination are analyzed in three steps: (1) The Court must determine that the speech at issue is protected by the First Amendment; (2) The Court must then identify the nature of the forum, because the forum analysis dictates the level of scrutiny given to the state actor's conduct; (3) the Court must assess whether the state actor's justifications for restricting speech in the relevant forum survive the requisite degree of scrutiny. For the Fourteenth Amendment claim, Plaintiffs must establish: (1) They have been deprived of a protected property or liberty

interest by a state actor; (2) The state actor's conduct did not comport with the requirements of due process.

**Defendants' Position:** The defendants agree that the plaintiffs are alleging two causes of action under 42 U.S.C. § 1983. Their first cause of action alleges violations of the plaintiffs' rights under the First Amendment, as incorporated and made applicable to the states through the Supreme Court's interpretations of the Fourteenth Amendment. The second cause of action alleges violations of the plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment. The elements of a 42 U.S.C. § 1983 violation are: (1) a violation of rights secured by the Constitution or laws of the United States that belong to the plaintiff personally; (2) that was committed by a person acting under color of any statute, ordinance, regulation, custom, or usage of any state.

The defendants dispute the plaintiffs' assertion that public libraries violate the incorporated First Amendment whenever they engage in viewpoint discrimination. In the defendants' view, a public library has "broad discretion" in deciding what material to provide to its patrons, and its decisions are subject to rational-basis review. *See United States v. American Library Ass'n Inc.*, 539 U.S. 194, 204 (2003) (plurality opinion of Rehnquist, C.J.) ("[P]ublic libraries must have broad discretion to decide what material to provide to their patrons."); *Chiras v. Miller*, 432 F.3d 606, 614 (5th Cir. 2005) (" 'Public library staffs necessarily consider content in making collection decisions and enjoy broad discretion in making them.' " (citation and internal quotation marks omitted)).

**2.      Are there any outstanding jurisdictional issues?**

Defendants have raised standing and mootness in their pending motion to dismiss, which are jurisdictional. Other than the issues raised by Defendants' motion to dismiss, there are no

outstanding jurisdictional issues.

**3.      Are there any unserved parties?**

All parties have been served.

**4.      Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties are not prepared to enter into any stipulations at this time. However, the

parties agree to meet and confer regarding any fact stipulations that can be reached prior to the

preliminary-injunction hearing.

**5.      Are there any legal issues in this case that can be narrowed by agreement or by motion?**

There are two motions currently pending which may narrow the legal issues in this case:

a motion for preliminary injunction and a motion to dismiss the complaint.

**6.      Are there any issues about preservation of discoverable information?**

Plaintiffs have been issued preservation holds and have also served Defendants with a

preservation-hold letter.

**7.      Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically stored information be produced and will production include metadata?**

The parties will work together to craft an ESI protocol applicable to this case.

**8.      What are the subjects on which discovery may be needed?**

Plaintiffs anticipate needing discovery on the following subjects:

- The books Defendants have removed from the Llano County Library System based on viewpoint or content;

- The Library Board's control over book selection, book removal, budget, finances, publicity and other aspects of decision-making for the Library System;

- The Commissioner's Court's involvement in book removals in the Library System;

- The relationship between the Commissioner's Court and the Library Board it formed to control decision-making for the Library System;

- Defendants' implementation of any new criteria for the selection and removal of books;

- The weeding processes employed in the Llano County System;

- Retaliation against Plaintiffs or other patrons and personnel who oppose Defendants' censorship activities.

**9.    Have initial disclosures been made?**

Initial disclosures were made on August 22, 2022.

**10.    What, if any, discovery has been completed? What discovery remains to be done and when should it be completed?**

Plaintiffs have conducted expedited discovery in support of their motion for preliminary injunction. The court has ordered the parties to complete discovery by March 31, 2023. Aside from the expedited discovery that has already been conducted, the parties see no basis for conducting discovery in phases or agreeing to limit discovery at this stage.

**11.    What, if any, discovery disputes exist?**

Plaintiffs have filed two motions to compel related to the expedited discovery they sought in connection with the preliminary-injunction motion. Both were resolved with Defendants agreeing to produce the requested discovery in full. No discovery disputes currently exist.

**12.    Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties agree to file a proposed order pursuant to Federal Rule of Evidence 502.

**13.    Have the parties discussed early mediation?**

The Court has ordered Plaintiffs to submit a written settlement offer by September 22, 2022, and order Defendants to respond to that offer by September 29, 2022. The parties must also provide a report on alternative dispute resolution in compliance with Rule CV-88 by September 23, 2022. After written settlement offers are exchanged, the parties will discuss whether to participate in early mediation.

**14.    Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

At present, neither party anticipates seeking information that is confidential. Should that change, the parties agree to meet and confer regarding a proposed confidentiality and protective order for entry by the Court. There are no outstanding discovery items at this stage. The parties have confirmed their readiness for the preliminary injunction hearing to be set, and have a case-management conference on August 30, 2022.

Dated: August 23, 2022

By: */s/ Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax: 415-599-0210
leonida@braunhagey.com

*Attorney for Plaintiffs*

By: */s/ Jonathan Mitchell*
Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Attorney for Defendants*