# EXHIBIT 3

| | |
|---|---|
| **From:** | Matt Rienstra <matt.rienstra@co.llano.tx.us> |
| **Sent:** | Wednesday, September 28, 2022 2:56 PM |
| **To:** | Sarah Salomon; Jonathan Mitchell |
| **Cc:** | Ellen Leonida; Dwain K. Rogers; Matt Borden; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy; Max Bernstein |
| **Subject:** | RE: stipulation for PI hearing in Little |
| **Attachments:** | ESI Stipulation(1817123.1)llano.edits.docx |

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel,

Please see attached ESI Stipulation with our edits.

Truly,
Matthew L. Rienstra
1st Asst. County Attorney
Llano County Attorney' Office

**CONFIDENTIALITY NOTICE**: This is a legal communication and any files transmitted with it are confidential and intended only for the use of the individual or entity to whom they are addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient of this information, please notify the sender (only) immediately by email and delete the message.  You are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited.

**From:** Matt Rienstra
**Sent:** Tuesday, September 27, 2022 2:06 PM
**To:** Sarah Salomon <Salomon@braunhagey.com>; Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Borden <borden@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Max Bernstein <bernstein@braunhagey.com>
**Subject:** RE: stipulation for PI hearing in Little

Counsel,

I am meeting with our IT guy tomorrow to be sure as to what Llano County is capable of in regards to the ESI proposal. We will send our edits once we know our system's limitations.

Truly,
Matthew L. Rienstra
1st Asst. County Attorney
Llano County Attorney' Office

**CONFIDENTIALITY NOTICE**: This is a legal communication and any files transmitted with it are confidential and intended only for the use of the individual or entity to whom they are addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the

intended recipient of this information, please notify the sender (only) immediately by email and delete the message.  You are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited.

---

**From:** Sarah Salomon <Salomon@braunhagey.com>
**Sent:** Monday, September 26, 2022 11:23 AM
**To:** Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Borden <borden@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Max Bernstein <bernstein@braunhagey.com>
**Subject:** RE: stipulation for PI hearing in Little

Counsel,

It has been nearly three weeks since we sent you the ESI proposal. Please provide your edits no later than 9/28.

Sarah

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Monday, September 19, 2022 5:40 PM
**To:** Sarah Salomon <Salomon@braunhagey.com>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Borden <borden@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Max Bernstein <bernstein@braunhagey.com>
**Subject:** Re: stipulation for PI hearing in Little

**\*\*\* EXTERNAL MESSAGE \*\*\***

Sorry about this. I am fine with it but Dwain or Matt please weigh in if you have any proposed edits.

> On Sep 19, 2022, at 5:39 PM, Sarah Salomon <Salomon@braunhagey.com> wrote:
>
> Counsel,
>
> Please give us the courtesy of providing a response. We represented to the Court in our joint Rule 26(f) report (Dkt. 67) that we would work together to draft an ESI protocol. We provided a draft on September 7, and you responded that you would promptly respond with edits. It's been almost two weeks, and we've heard nothing.
>
> We would like to avoid the difficulties and deficiencies that characterized your initial production (missing attachments, no metadata, and inability to match parent emails to their attachments) in subsequent productions. Please provide your edits by Wednesday so we can get this on file.
>
> Thanks,

2

Sarah

**From:** Sarah Salomon
**Sent:** Wednesday, September 14, 2022 11:54 AM
**To:** Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Borden <borden@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
**Subject:** RE: stipulation for PI hearing in Little

Counsel,

Checking in on this – could you please send your proposed revisions by the end of the week, so we can get on file?

Thanks,
Sarah

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Wednesday, September 7, 2022 8:19 PM
**To:** Sarah Salomon <Salomon@braunhagey.com>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Borden <borden@braunhagey.com>;ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
**Subject:** Re: stipulation for PI hearing in Little

**\*\*\* EXTERNAL MESSAGE \*\*\***

Thank you Sarah. We will review this and get back to you quickly.

> On Sep 7, 2022, at 7:27 PM, Sarah Salomon <Salomon@braunhagey.com> wrote:
>
> Jonathan,
>
> I hope this finds you well. As promised, please see attached a draft ESI stipulation that will govern production of documents in this case. Please let us know if you have edits, and we can get on file.
>
> We are working on the fact stipulations and will provide a draft of that as well.
>
> Best,
> Sarah
>
> **From:** Ellen Leonida <Leonida@braunhagey.com>
> **Sent:** Tuesday, August 30, 2022 2:31 PM

**To:** Jonathan Mitchell <jonathan@mitchell.law>; Sarah Salomon <Salomon@braunhagey.com>
**Cc:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Borden <borden@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
**Subject:** RE: stipulation for PI hearing in Little

We'll put something together.

Ellen Leonida
**BRAUNHAGEY & BORDEN** LLP
Direct: (415) 684-7285

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Tuesday, August 30, 2022 1:28 PM
**To:** Sarah Salomon <Salomon@braunhagey.com>
**Cc:** Ellen Leonida <Leonida@braunhagey.com>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Pratik Ghosh <Ghosh@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Borden <borden@braunhagey.com>; ryan@wittliffcutter.com; katherine@wittliffcutter.com; mac@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>
**Subject:** stipulation for PI hearing in Little

*** EXTERNAL MESSAGE ***

Counsel:

Would you like to draft the stipulation? I think it would make more sense for the plaintiffs to write the first draft, but if you'd prefer that we do it let us know.

—Jonathan


----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842


**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

<ESI Stipulation(1817123.1).docx>

----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § § | |
| Defendants. | § § § | |

**STIPULATED ORDER REGARDING DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster ("Plaintiffs") and Defendants Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin ("Defendants") (each, a "Party" and, collectively, the "Parties"), have stipulated and agreed to the following terms with respect to the production of electronically stored information ("ESI") in this action (the "Action") as set forth herein (the "ESI Stipulation") involving ESI produced after the conclusion of the October 28-31, 2022 Temporary Injunction Hearing:

**GENERAL PROVISIONS**

The Parties have agreed on this ESI Stipulation to facilitate the collection, processing, production and exchange of documents and information in the Action by the Parties in the form of ESI. The Parties expressly recognize and agree that this ESI Stipulation is solely limited to

this action and shall not govern any other future litigation between the Parties whether arising in this Court or any other court, mediation, or arbitration forum.

1. To the extent reasonably possible, the production of documents after the October 28-31, 2022 Temporary Injunction hearing shall be conducted to maximize efficient and quick access to documents and minimize related discovery costs. The terms of this Stipulation should be construed to ensure the prompt, efficient, and cost-effective exchange of information consistent with the Federal Rules of Civil Procedure, the Local Rules, and any orders by the Court.

## DEFINITIONS

2. As used herein, the term "ESI" includes, but is not limited to, e-mails and attachments, voice mail, instant messaging and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, phone text messages, Internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices and network access information and backup materials, Native Files and the corresponding Metadata which is ordinarily maintained. As the term is used herein, ESI is not to be deemed "inaccessible" based solely on its source or type of storage media. Inaccessibility is based on the burden and expense of recovering and producing the ESI and the relative need for the data. However, the Parties shall not be required to preserve or search for information in data sources that are not reasonably accessible, including, but not limited to, back-up tapes, disaster recovery systems, offline archives, and data sources that are not used for normal business operations and/or require unreasonable expense or burden to search and produce. The Parties shall make a reasonable inquiry to ascertain whether they possess or control

discoverable information in the form of telephone call logs, voice-mails, instant messages, and mobile phone text and picture messages. To the extent a Party reasonably believes discoverable information exists in telephone call logs, voice-mails, instant messages, and mobile phone text and picture messages, the Party shall preserve the discoverable information. However, a Party has no duty to preserve telephone call logs, voice-mails, instant messages, and mobile phone text and picture messages if, after reasonable inquiry, the Party believes that no discoverable information exists on such telephone call logs, voice-mails, instant messages, and mobile phone text and picture messages.

3. As used herein, the term "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, sent, received or otherwise manipulated by a user of such system. Metadata is a subset of ESI.

4. As used herein, the term "Native File(s)" means ESI in the electronic format of the application in which such ESI was created, viewed, and/or modified. Native Files are a subset of ESI.

5. As used herein, the term "Load File" means a file that relates to a set of scanned or electronic images or electronically processed files that indicate where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A Load File may also contain data relevant to the individual documents, such as Metadata, coded data, text, and the like. Load Files must be obtained and provided in prearranged formats to ensure transfer of accurate and usable production images and data.

6. As used herein, the term "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard litigation support software. The most common forms of Static Images used in litigation are ESI provided in either Tagged Image File Format (TIFF, or .TIF files) or Portable Document Format (PDF).

7. As used herein the term "OCR text" means text that is generated by converting Static Images into searchable text format.

8. As used herein, the term "Producing Party" shall mean any Party to this action or any third-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this action.

9. The term "Receiving Party" shall mean any Party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material from a Producing Party during this action.

10. As used herein, the term "Discovery Material" shall mean any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process.

## FORM OF PRODUCTION

11. ESI shall be produced in the form specified herein. No Producing Party may reformat, scrub, or alter the ESI to intentionally downgrade the usability of the data.

12. With the exception of the documents identified in Paragraph 16, the Parties shall produce all ESI in single-page TIFFs, in black and white, with Load Files for all documents. At the conclusion of discovery, a party may make a reasonable demand for production of any TIFFs in color that it intends to use as an exhibit in trial and which will be provided by the other party

absent a showing of good cause. The Parties stipulate that either version of such TIFF (i.e., the black and white version or the color version) that is otherwise admissible may be entered as an exhibit by the Court.

13. The Parties shall produce Metadata Load Files for each ESI document which include the following fields:

| Field Order | Field Name | Description | Example |
|---|---|---|---|
| 1 | BEGDOC | The beginning bates number of this document | ABC00000001 |
| 2 | ENDDOC | The last bates number of this document | ABC00000010 |
| 4 | BEGATTACH | The beginning bates number of the document family | ABC00000001 |
| 5 | ENDATTACH | The last bates number of the entire document family | ABC00000027 |
| 6 | CUSTODIAN | Custodian to whom the data is associated | John Doe |
| 8 | RECORDTYPE | Type of electronic record: | Email, Attachments, eDoc |
| 9 | FROM | Author of the email message | Mary.Smith@hotmail.com |
| 10 | TO | Main recipient(s) of the email message, by email address. | JohnDoe@gmail.com |
| 11 | CC | Recipient(s) of "Carbon Copies" of the email message. | Michael123@yahoo.com |
| 12 | BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. | helpdesk@omnivere.com |
| 13 | SUBJECT | Subject of the email message. | Fw: Urgent |
| 14 | DATESENT | Date when the email was sent. The date is formatted in US format: mm/dd/yyyy | 02/24/2007 |
| 15 | TIMESENT | Time when the email was sent. The time is formatted in US format: hh:mm:ss | 11:20:30 |
| 16 | FILEEXT | File extension of native file. | .msg, .pst, .xls |
| 17 | AUTHOR | Author field from metadata of a native file. | Msmith |
| 18 | DATECREATED | Date when the file was created. The date is formatted in US format: mm/dd/yyyy | 02/24/2007 |
| 22 | CONFIDENTIALITY | Confidentiality designation | Confidential; Confidential – Counsel Only |
| 25 | FILESIZE | Size of native file, in bytes | 2546683 |
| 26 | PAGECOUNT | Number of pages | 3 |
| 29 | FILENAME | Original filename of native file. Contains subject of e-mail message for e-mail records. | Real estate holdings.xlsx |
| 33 | MD5HASH | Unique identifier, similar to a fingerprint, extracted from all files. | D564668821C34200FF3E32C9BFDCCC80 |
| 35 | TEXTPATH | Path to the extracted text for the document, for mapping | Text\EFXAA00000001.txt |

14. This ESI Stipulation does not create any obligation to create or manually code fields that are not automatically generated by the processing of the ESI, or that do no exist as part

5

of the original metadata of the document; provided, however, that the producing party must populate the (1) BegBates, (2) EndBates, (3) BegAttach, and (4) EndAttach. These fields should be populated for all produced ESI, as well as paper Documents converted to electronic form subsequent to the Court's entry of this ESI Stipulation and Order, regardless of whether the fields can be populated pursuant to an automated process.

15. The Parties shall provide extracted text for all files that originated in electronic form. When no extracted text is available for a file that originated in electronic format, OCR text shall be provided unless the production of OCR text for such document is not technologically feasible. Extracted or OCR text shall be provided with one text file per document. OCR text shall be provided for all documents that originated in hard copy, i.e., hard copy that was scanned for purposes of the production.

16. The Parties shall provide Native Files for PPT, XLS, CSV, Audio, Video, all Image files, and non-standard format documents. For any document produced as a Native File, the Parties shall also produce a TIFF placeholder with a sequential Bates number that corresponds with the Native File.

17. ESI productions shall be de-NISTed using the industry standard list of such files maintained in the National Software Reference Library by the National Institute of Standards & Technology. The parties recognize that to reduce the document review population, additional file types will need to be excluded. This includes certain types of files that are attached to emails usually containing information that is not material to an action, a.k.a. "junk files." The Parties agree that neither Party is required to produce files with a .vcf extension or any files that are less than 50 kb in size with the following file extensions: .jpeg; .gif; .png; .jpg; and .bmp. Such excluded files shall not include files relevant to the issues in this litigation. For sake of clarity,

the purpose of this paragraph is to eliminate the need to produce corporate logo image files that frequently appear at the base of corporate emails. If, after receiving a production, a Receiving Party can show a legitimate need for information contained in the file extensions identified in this paragraph, it may request that certain files associated with particular Bates numbers be produced. A party may not alter, modify or withhold the text of any responsive document (e.g., an email) on the basis that an attachment to that document is properly excludable pursuant to the above. At the conclusion of discovery, a party may demand production of a full copy of any document with its associated image file (e.g., corporate logo) with or without any showing of good cause. The Parties stipulate that either version of such e-mail, or other document, that is otherwise admissible may be entered as an exhibit by the Court.

18. If a party excludes from review a standard, readable, and reviewable file type not specified in Paragraph 20, that party must disclose such an exclusion to the other parties. Any party to whom such disclosure is made will have seven (7) business days to object. Any objection not made within this period will be waived. If objections are made, the relevant parties will meet and confer to resolve them.

19. Parent-child relationships (the association between an attachment and its parent document) that have been maintained in the ordinary course of business must be preserved. The Producing Party will make reasonable efforts to produce responsive families together unless one or more members of the family are privileged or implicate the privacy or confidentiality rights of third parties, and in that case, the family will be Bates numbered and the items removed will be logged on the Privilege Log. If the Producing Party wishes to remove non-responsive documents from the families, it must meet and confer with the Receiving Party regarding that issue and if the Parties cannot reach agreement, they shall submit their dispute to the Court for resolution.

20. If a document is redacted, the Producing Party shall produce OCR text of the un-redacted portions of the document. No text from the redacted portion of the document will appear in the text file. Failure to withhold OCR text from a redacted portion of a document by a Producing Party shall not be deemed a waiver of any privilege associated with that document.

21. Documents redacted for privilege shall indicate what pages or portions of pages have been redacted.

22. All documents must be endorsed with sequential Bates numbers on the lower right-hand corner of all images. Each document should be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length of eight numeric digits (including 0-padding) across the entire production; (3) contain only alphanumeric characters, no special characters or embedded spaces; and (4) be sequential within a given document.

23. The Parties will make reasonable efforts to de-duplicate ESI documents globally prior to production. The Parties may discuss further whether additional methods of de-duplication across various sets of documents will reduce both Parties' burden to review and produce data.

## PRIVILEGE LOG

24. For any document withheld in its entirety based on privilege, the Producing Party will produce a Privilege Log in spreadsheet format, except that the Parties have no obligation to log documents or information generated after the date of the commencement of this lawsuit.

25. For each entry in the Privilege Log, the Producing Party will provide the Author and Recipients, Date Sent, Summary of the content of the document, and the basis for asserting Privilege as well as any information required by the Court.

## MANNER OF PRODUCTION

26. The Parties agree to produce data in accordance with Federal Rule of Civil Procedure 34(b)(2)(E)(i) and the case law interpreting the Parties' responsibilities under that section.

27. The Parties may produce ESI via FTP transmission, or via other media as otherwise agreed, and shall identify the Bates range contained in the respective production. The Parties agree to exchange contact information for where data should be sent and to advise when data is uploaded for transmission or otherwise sent to a Party.

28. The producing party will identify the Bates number range of each production in a cover letter or production log accompanying the production. If a producing party skips a Bates number or set of Bates numbers in a production, the producing party will identify and note the gap in the cover letter or production log accompanying the production.

29. The Parties agree to promptly alert each other concerning any technical problems associated with complying with this ESI Stipulation. To the extent compliance with this ESI Stipulation imposes an undue burden with respect to any protocol, source, or search term, the Parties shall promptly confer in an effort to resolve the issue. If the Parties are unable to resolve the issue by mutual agreement after such conference, the Party seeking relief may move the Court for relief for good cause shown.

30. When a Party propounds discovery requests pursuant to Federal Rule of Civil Procedure 34, the parties agree to phase production of ESI.

## NO INADVERTENT WAIVER

31. Nothing herein shall be interpreted or deemed to waive any privilege recognized by law, including attorney-client privilege, the attorney work-product doctrine, and/or any other

privilege that may be applicable, or shall be construed to imply that any documents produced under the terms of this ESI Stipulation are properly discoverable, relevant, or admissible in this Action or in any other litigation, mediation, or arbitration. Additionally, nothing in this ESI Stipulation shall be deemed to waive or limit either Party's right to object to the production of certain ESI, pursuant to Federal Rule of Civil Procedure 26(b)(2)(B) on the ground that the sources are not reasonably accessible because of undue burden or cost, or are not proportional to the needs of the case, or are being withheld as documents subject to the attorney-client privilege or attorney work-product doctrine. Where manual searching and reviewing of ESI for responsiveness and privilege may be unduly burdensome or costly to a Party, or not proportional to the needs of the case, the Parties may discuss use of a search term protocol or proposed searching methodologies to aid in or make more efficient the ESI collection, review, and production process. Neither party is obligated to use a proposed search term protocol or proposed searching methodologies, and if the Parties agree to a proposed search term protocol or proposed searching methodologies, the Producing Party does not waive any objections to production pursuant to Federal Rule of Civil Procedure 26, including, but not limited to, objections relating to burden or proportionality.

32. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of documents that a Producing Party believes in good faith are subject to a claim of attorney-client privilege or work-product immunity is not a waiver in the action or in any federal or state proceeding. Unless previously waived, the inadvertent disclosure of any privileged information shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence. If a Receiving Party finds information that the Producing Party produces or provides discovery that is subject to a claim of attorney-client privilege or work-product immunity, the

Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all excerpts thereof within three (3) business days of finding the information. If the Producing Party becomes aware that it may have provided information subject to the attorney-client privilege, it may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party or destroyed. Upon receiving written notice, the Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all copies or excerpts thereof within three (3) business days of receiving such written notice, provided that, if the attorney-client privileged or work product immunity is contested, a copy may be maintained by the Receiving Party and provided to the Court for an in camera review for determination whether the designation is proper. The Receiving Party will not review the contested discovery until the Court renders its ruling, and will return or destroy the contested discovery if the Court rules that it is protected by either the attorney-client privilege or work product doctrine.

33. This ESI Stipulation may be changed by order of the Court or further signed written agreement of the Parties, and is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional procedures or protections for any particular ESI materials or information.

IT IS SO STIPULATED through Counsel of Record.

Dated: December 7, 2022                     Respectfully submitted,

By: /s/ *DRAFT*                             By: */s/DRAFT*
Ellen V. Leonida (CA Bar No. 184194)        Jonathan F. Mitchell
Matthew Borden (CA Bar No. 214323)          Texas Bar No. 24075463
J. Noah Hagey (CA Bar No. 262331)           Mitchell Law PLLC
Sarah Salomon (CA Bar No. 308770)           111 Congress Avenue, Suite 400
Pratik Ghosh (NY Bar No. 5754940)           Austin, Texas 78701

Max Bernstein (NY Bar No. 5609037)  
**BraunHagey & Borden LLP**  
351 California Street, 10th Floor  
San Francisco, CA 94104  
Tel & Fax:  415-599-0210  
leonida@braunhagey.com  
borden@braunhagey.com  
hagey@braunhagey.com  
salomon@braunhagey.com  
ghosh@braunhagey.com  
bernstein@braunhagey.com  

(512) 686-3940 (phone)  
(512) 686-3941 (fax)  
jonathan@mitchell.law  

*Attorney for Defendants*

Ryan A. Botkin (TX Bar No. 00793366)  
Katherine P. Chiarello (TX Bar No. 24006994)  
María Amelia Calaf (TX Bar No. 24081915)  
Kayna Stavast Levy (TX Bar No. 24079388)  
**Wittliff | Cutter PLLC**  
1209 Nueces Street  
Austin, Texas 78701  
Tel: 512-960-4730  
Fax: 512-960-4869  
ryan@wittliffcutter.com  
katherine@wittliffcutter.com  
mac@wittliffcutter.com  
kayna@wittliffcutter.com  

*Attorneys for Plaintiffs*