# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO
## DEFENDANT AMBER MILUM, SET TWO

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Amber Milum

**SET NUMBER**:          Two (2)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Amber Milum, or anyone representing the interests of Amber Milum, becomes aware of any additional information, documents, or things sought by these requests between the time Amber Milum responds and trial.

1

## DEFINITIONS

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Amber Milum" refer, collectively and individually, to Amber Milum and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.     The term "COUNTY" refers to the County of Llano, Texas.

10.    The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.    The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.    The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.    The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.    The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.    The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.    "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

3

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## INSTRUCTIONS

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers,

directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

       a.      State the date on which the DOCUMENT was created;

       b.      State the title of the DOCUMENT;

       c.      Briefly describe the nature and contents of the DOCUMENT;

       d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

       e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

       f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.     If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

      a.    A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

      b.    The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

      c.    All PERSONS who have knowledge of the loss, destruction, or disposal.

      d.    If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.     Produce DOCUMENTS in their native format where applicable.

9.     If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS between YOU and LIBRARY STAFF.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS between YOU and other COMISSIONERS regarding the library.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 11:**

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the County's 2022-2023 fiscal year budget, including communications related to the decrease in the LIBRARY SYSTEM'S budget.

**REQUEST FOR PRODUCTION NO. 13:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 14:**

ALL COMPLAINTS related to DEFENDANTS' censorship of any content within the LIBRARY SYSTEM.

**REQUEST FOR PRODUCTION NO. 15:**

ALL COMMUNICATIONS RELATED TO OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

**REQUEST FOR PRODUCTION NO. 16:**

ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the anonymous "donor" of books referenced in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books requested via INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via IN-HOUSE CHECK-OUT from 2017 to present.

**REQUEST FOR PRODUCTION NO. 21:**

ALL minutes from LIBRARY ADVISORY BOARD meetings.

**REQUEST FOR PRODUCTION NO. 22:**

ALL library-related communications sent from library staff Yahoo accounts.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

                                             /s/ *Ellen V. Leonida*
                                             Ellen V. Leonida (CA Bar No. 184194)
                                             Matthew Borden (CA Bar No. 214323)
                                             J. Noah Hagey (CA Bar No. 262331)
                                             Sarah Salomon (CA Bar No. 308770)
                                             Pratik Ghosh (NY Bar No. 5754940)
                                             Max Bernstein (NY Bar No. 5609037)
                                             **BraunHagey & Borden LLP**
                                             351 California Street, 10th Floor
                                             San Francisco, CA 94104

Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § | |
| Defendants. | § § § | |

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO**
**DEFENDANT BONNIE WALLACE, SET TWO**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Bonnie Wallace

**SET NUMBER**:       Two (2)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Bonnie Wallace, or anyone representing the interests of Bonnie Wallace, becomes aware of any additional information, documents, or things sought by these requests between the time Bonnie Wallace responds and trial.

## DEFINITIONS

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Bonnie Wallace" refer, collectively and individually, to Bonnie Wallace and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## INSTRUCTIONS

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.     Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.     If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.     For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

     a.     State the date on which the DOCUMENT was created;

     b.     State the title of the DOCUMENT;

     c.     Briefly describe the nature and contents of the DOCUMENT;

     d.     IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

     e.     IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

     f.     IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.     If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.     Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.     If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

     a.     A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

    DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

  b.  The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

  c.  All PERSONS who have knowledge of the loss, destruction, or disposal.

  d.  If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

 8.  Produce DOCUMENTS in their native format where applicable.

 9.  If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

<b><u>REQUESTS FOR PRODUCTION</u></b>

**<u>REQUEST FOR PRODUCTION NO. 7:</u>**

  ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

  ALL DOCUMENTS and COMMUNICATIONS regarding the LIBRARY SYSTEM's budget.

**<u>REQUEST FOR PRODUCTION NO. 9:</u>**

  ALL COMMUNICATIONS regarding OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

**<u>REQUEST FOR PRODUCTION NO. 10:</u>**

  ALL COMMUNICATIONS regarding BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 11:**

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 12:**

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 13:**

ALL COMMUNICATIONS RELATED TO the 2022-2023 fiscal year budget, including

communications related to the decrease in the LIBRARY SYSTEM's budget.

**REQUEST FOR PRODUCTION NO. 14:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of

the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 15:**

ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of

the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and

the Llano County Library System Foundation.

**REQUEST FOR PRODUCTION NO. 16:**

ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans

RELATED TO banning or censoring books.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

                                             */s/ Ellen V. Leonida*
                                             Ellen V. Leonida (CA Bar No. 184194)
                                             Matthew Borden (CA Bar No. 214323)
                                             J. Noah Hagey (CA Bar No. 262331)
                                             Sarah Salomon (CA Bar No. 308770)
                                             Pratik Ghosh (NY Bar No. 5754940)
                                             Max Bernstein (NY Bar No. 5609037)
                                             **BraunHagey & Borden LLP**
                                             351 California Street, 10th Floor
                                             San Francisco, CA 94104

Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO**
**<u>DEFENDANT GAY BASKIN, SET ONE</u>**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:    Defendant Gay Baskin

**SET NUMBER**:              One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Gay Baskin, or anyone representing the interests of Gay Baskin, becomes aware of any additional information, documents, or things sought by these requests between the time Gay Baskin responds and trial.

## **DEFINITIONS**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green
Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane
Moster.

2.      The terms "YOU," "YOUR," and "Gay Baskin" refer, collectively and
individually, to Gay Baskin and her officers, directors, principals, partners, employees, agents,
representatives, consultants, attorneys, and any other persons acting under her control or on her
behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO
COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke,
Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their
officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,
and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-
cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to,
DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider,
DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle
Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their
officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,
and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the
Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and
individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any
employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.      The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.      The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.      The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.      The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.      The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.      The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.      "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## INSTRUCTIONS

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

      a.      State the date on which the DOCUMENT was created;

      b.      State the title of the DOCUMENT;

      c.      Briefly describe the nature and contents of the DOCUMENT;

      d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

      e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

      f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

      a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

b.    The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

c.    All PERSONS who have knowledge of the loss, destruction, or disposal.

d.    If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.    Produce DOCUMENTS in their native format where applicable.

9.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

### REQUEST FOR PRODUCTION NO. 2:

ALL DOCUMENTS and COMMUNICATIONS regarding the LIBRARY SYSTEM's budget.

### REQUEST FOR PRODUCTION NO. 3:

ALL COMMUNICATIONS regarding OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

### REQUEST FOR PRODUCTION NO. 4:

ALL COMMUNICATIONS regarding BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 5:**

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 6:**

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS RELATED TO the 2022-2023 fiscal year budget, including

communications related to the decrease in the LIBRARY SYSTEM's budget.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of

the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of

the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and

the Llano County Library System Foundation.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans

RELATED TO banning or censoring books.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104

Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO**
**<u>DEFENDANT JERRY DON MOSS, SET TWO</u>**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Jerry Don Moss

**SET NUMBER**:       Two (2)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, fwithin thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Jerry Don Moss, or anyone representing the interests of Jerry Don Moss, becomes aware of any additional information, documents, or things sought by these requests between the time Jerry Don Moss responds and trial.

## **DEFINITIONS**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Jerry Don Moss" refer, collectively and individually, to Jerry Don Moss and his officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under his control or on his behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## INSTRUCTIONS

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

        c.      Briefly describe the nature and contents of the DOCUMENT;

        d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

        a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

    b.    The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

    c.    All PERSONS who have knowledge of the loss, destruction, or disposal.

    d.    If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.    Produce DOCUMENTS in their native format where applicable.

9.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 7:

ALL COMMUNICATIONS between YOU and LIBRARY STAFF.

### REQUEST FOR PRODUCTION NO. 8:

ALL COMMUNICATIONS between YOU and other COMISSIONERS regarding the library.

### REQUEST FOR PRODUCTION NO. 9:

ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

### REQUEST FOR PRODUCTION NO. 10:

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

### REQUEST FOR PRODUCTION NO. 11:

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the County's 2022-2023 fiscal year budget, including communications related to the decrease in the LIBRARY SYSTEM'S budget.

**REQUEST FOR PRODUCTION NO. 13:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 14:**

ALL COMPLAINTS related to DEFENDANTS' censorship of any content within the LIBRARY SYSTEM.

**REQUEST FOR PRODUCTION NO. 15:**

ALL COMMUNICATIONS RELATED TO OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

**REQUEST FOR PRODUCTION NO. 16:**

ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the anonymous "donor" of books referenced in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books requested via INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via

INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via IN-

HOUSE CHECK-OUT from 2017 to present.

**REQUEST FOR PRODUCTION NO. 21:**

ALL minutes from LIBRARY ADVISORY BOARD meetings.

**REQUEST FOR PRODUCTION NO. 22:**

ALL library-related communications sent from library staff Yahoo accounts.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street

Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO**
**DEFENDANT LINDA RASCHKE, SET ONE**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Linda Raschke

**SET NUMBER**:        One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Linda Raschke, or anyone representing the interests of Linda Raschke, becomes aware of any additional information, documents, or things sought by these requests between the time Linda Raschke responds and trial.

1

## **DEFINITIONS**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Linda Raschke**"** refer, collectively and individually, to Linda Raschke and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.      The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.      The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.      The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.      The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.      The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.      The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.      "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

**INSTRUCTIONS**

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

5

2.    Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.    If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.    For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

      a.    State the date on which the DOCUMENT was created;

      b.    State the title of the DOCUMENT;

      c.    Briefly describe the nature and contents of the DOCUMENT;

      d.    IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

      e.    IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

      f.    IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.    If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.    Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.    If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

      a.    A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

    b.    The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

    c.    All PERSONS who have knowledge of the loss, destruction, or disposal.

    d.    If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.    Produce DOCUMENTS in their native format where applicable.

9.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL COMMUNICATIONS between YOU and LIBRARY STAFF.

### REQUEST FOR PRODUCTION NO. 2:

ALL COMMUNICATIONS between YOU and other COMISSIONERS regarding the library.

### REQUEST FOR PRODUCTION NO. 3:

ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

### REQUEST FOR PRODUCTION NO. 4:

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

### REQUEST FOR PRODUCTION NO. 5:

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the County's 2022-2023 fiscal year budget, including communications related to the decrease in the LIBRARY SYSTEM'S budget.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMPLAINTS related to DEFENDANTS' censorship of any content within the LIBRARY SYSTEM.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS RELATED TO OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the anonymous "donor" of books referenced in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books requested via INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via

INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via IN-

HOUSE CHECK-OUT from 2017 to present.

**REQUEST FOR PRODUCTION NO. 15:**

ALL minutes from LIBRARY ADVISORY BOARD meetings.

**REQUEST FOR PRODUCTION NO. 16:**

ALL library-related communications sent from library staff Yahoo accounts.

Dated: September 14, 2022                BRAUNHAGEY & BORDEN LLP

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street

Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO
## DEFENDANT LLANO COUNTY, SET TWO

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Llano County

**SET NUMBER**:         Two (2)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Llano County, or anyone representing the interests of Llano County, becomes aware of any additional information, documents, or things sought by these requests between the time Llano County responds and trial.

## DEFINITIONS

1.       The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.       The terms "YOU," "YOUR," and "Llano County" refer, collectively and individually, to Llano County and its officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under its control or on its behalf.

3.       The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.       The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.       The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.       The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.       The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

4

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## **INSTRUCTIONS**

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

    a.      State the date on which the DOCUMENT was created;

    b.      State the title of the DOCUMENT;

    c.      Briefly describe the nature and contents of the DOCUMENT;

    d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

    e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

    f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

    a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

                DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

      b.     The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

      c.     All PERSONS who have knowledge of the loss, destruction, or disposal.

      d.     If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.     Produce DOCUMENTS in their native format where applicable.

9.     If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 7:

     ALL COMMUNICATIONS between or among LIBRARY STAFF.

### REQUEST FOR PRODUCTION NO. 8:

     ALL COMMUNICATIONS between or among the COMISSIONERS regarding the LIBRARY SYSTEM.

### REQUEST FOR PRODUCTION NO. 9:

     ALL DOCUMENTS and COMMUNICATIONS regarding alterations or changes to LIBRARY SYSTEM POLICIES, including but not limited to the revised POLICIES themselves.

### REQUEST FOR PRODUCTION NO. 10:

     ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

### REQUEST FOR PRODUCTION NO. 11:

DOCUMENTS SUFFICIENT TO identify all books "weeded" from 2017 to present, as that term is used in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS SUFFICIENT TO identify all books that were not "weeded" from 2017 to present, but met the LIBRARY SYSTEM's "established criteria for 'weeding,'" as that phrase is used in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS SUFFICIENT TO identify all books purchased and the date on which they were purchased.

**REQUEST FOR PRODUCTION NO. 14:**

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the County's 2022-2023 fiscal year budget, including communications related to the decrease in the LIBRARY SYSTEM'S budget.

**REQUEST FOR PRODUCTION NO. 16:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of the LIBRARY SYSTEM from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 17:**

ALL COMPLAINTS related to DEFENDANTS' censorship of any content within the LIBRARY SYSTEM.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the anonymous "donor" of books referenced in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books requested via INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via IN-HOUSE CHECK-OUT from 2017 to present.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS reflecting LIBRARY ADVISORY BOARD minutes.

**REQUEST FOR PRODUCTION NO. 25:**

ALL COMMUNICATIONS sent by LIBRARY STAFF from their Yahoo email accounts, or any other non-COUNTY accounts, related to the LIBRARY SYSTEM.

9

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO COMPLAINTS

regarding Amber Milum by LIBRARY STAFF or patrons.


Dated: September 14, 2022                     BRAUNHAGEY & BORDEN LLP

                                             /s/ *Ellen V. Leonida*
                                             Ellen V. Leonida (CA Bar No. 184194)
                                             Matthew Borden (CA Bar No. 214323)
                                             J. Noah Hagey (CA Bar No. 262331)
                                             Sarah Salomon (CA Bar No. 308770)
                                             Pratik Ghosh (NY Bar No. 5754940)
                                             Max Bernstein (NY Bar No. 5609037)
                                             **BraunHagey & Borden LLP**
                                             351 California Street, 10th Floor
                                             San Francisco, CA 94104
                                             Tel & Fax:  415-599-0210
                                             leonida@braunhagey.com
                                             borden@braunhagey.com
                                             hagey@braunhagey.com
                                             salomon@braunhagey.com
                                             ghosh@braunhagey.com
                                             bernstein@braunhagey.com

                                             Ryan A. Botkin (TX Bar No. 00793366)
                                             Katherine P. Chiarello (TX Bar No. 24006994)
                                             María Amelia Calaf (TX Bar No. 24081915)
                                             Kayna Stavast Levy (TX Bar No. 24079388)
                                             **Wittliff | Cutter PLLC**
                                             1209 Nueces Street
                                             Austin, Texas 78701
                                             Tel: 512-960-4730
                                             Fax: 512-960-4869
                                             ryan@wittliffcutter.com
                                             katherine@wittliffcutter.com
                                             mac@wittliffcutter.com
                                             kayna@wittliffcutter.com

                                             *Attorneys for Plaintiffs*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| Leila Green Little, *et al.*, | § |
| | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Civil Action No. 1:22-cv-00424-RP |
| | § |
| Llano County, *et al.*, | § |
| | § |
| Defendants. | § |
| | § |

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO**
**DEFENDANT MIKE SANDOVAL, SET ONE**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Mike Sandoval

**SET NUMBER**:       One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Mike Sandoval, or anyone representing the interests of Mike Sandoval, becomes aware of any additional information, documents, or things sought by these requests between the time Mike Sandoval responds and trial.

1

**DEFINITIONS**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Mike Sandoval" refer, collectively and individually, to Mike Sandoval and his officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under his control or on his behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## **INSTRUCTIONS**

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

        c.      Briefly describe the nature and contents of the DOCUMENT;

        d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

        a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

                DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

    b.      The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

    c.      All PERSONS who have knowledge of the loss, destruction, or disposal.

    d.      If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.      Produce DOCUMENTS in their native format where applicable.

9.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL COMMUNICATIONS between YOU and LIBRARY STAFF.

### REQUEST FOR PRODUCTION NO. 2:

ALL COMMUNICATIONS between YOU and other COMISSIONERS regarding the library.

### REQUEST FOR PRODUCTION NO. 3:

ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

### REQUEST FOR PRODUCTION NO. 4:

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

### REQUEST FOR PRODUCTION NO. 5:

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the County's 2022-2023 fiscal year budget, including communications related to the decrease in the LIBRARY SYSTEM'S budget.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMPLAINTS related to DEFENDANTS' censorship of any content within the LIBRARY SYSTEM.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS RELATED TO OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the anonymous "donor" of books referenced in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books requested via INTER LIBRARY loans placed from 2017 to present.

8

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via

INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via IN-

HOUSE CHECK-OUT from 2017 to present.

**REQUEST FOR PRODUCTION NO. 15:**

ALL minutes from LIBRARY ADVISORY BOARD meetings.

**REQUEST FOR PRODUCTION NO. 16:**

ALL library-related communications sent from library staff Yahoo accounts.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street

Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO
## <u>DEFENDANT PETER JONES, SET ONE</u>

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Peter Jones

**SET NUMBER**:          One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Peter Jones, or anyone representing the interests of Peter Jones, becomes aware of any additional information, documents, or things sought by these requests between the time Peter Jones responds and trial.

1

## **DEFINITIONS**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Peter Jones**"** refer, collectively and individually, to Peter Jones and his officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under his control or on his behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.      The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.      The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.      The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.      The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.      The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.      The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.      "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.    The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.    The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.    The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.    The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

### INSTRUCTIONS

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

      a.      State the date on which the DOCUMENT was created;

      b.      State the title of the DOCUMENT;

      c.      Briefly describe the nature and contents of the DOCUMENT;

      d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

      e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

      f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

      a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

     b.    The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

     c.    All PERSONS who have knowledge of the loss, destruction, or disposal.

     d.    If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.    Produce DOCUMENTS in their native format where applicable.

9.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL COMMUNICATIONS between YOU and LIBRARY STAFF.

### REQUEST FOR PRODUCTION NO. 2:

ALL COMMUNICATIONS between YOU and other COMISSIONERS regarding the library.

### REQUEST FOR PRODUCTION NO. 3:

ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

### REQUEST FOR PRODUCTION NO. 4:

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

### REQUEST FOR PRODUCTION NO. 5:

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the County's 2022-2023 fiscal year budget, including communications related to the decrease in the LIBRARY SYSTEM'S budget.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMPLAINTS related to DEFENDANTS' censorship of any content within the LIBRARY SYSTEM.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS RELATED TO OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the anonymous "donor" of books referenced in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books requested via INTER LIBRARY loans placed from 2017 to present.

8

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via

INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via IN-

HOUSE CHECK-OUT from 2017 to present.

**REQUEST FOR PRODUCTION NO. 15:**

ALL minutes from LIBRARY ADVISORY BOARD meetings.

**REQUEST FOR PRODUCTION NO. 16:**

ALL library-related communications sent from library staff Yahoo accounts.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

                                             /s/ *Ellen V. Leonida*
                                             Ellen V. Leonida (CA Bar No. 184194)
                                             Matthew Borden (CA Bar No. 214323)
                                             J. Noah Hagey (CA Bar No. 262331)
                                             Sarah Salomon (CA Bar No. 308770)
                                             Pratik Ghosh (NY Bar No. 5754940)
                                             Max Bernstein (NY Bar No. 5609037)
                                             **BraunHagey & Borden LLP**
                                             351 California Street, 10th Floor
                                             San Francisco, CA 94104
                                             Tel & Fax:  415-599-0210
                                             leonida@braunhagey.com
                                             borden@braunhagey.com
                                             hagey@braunhagey.com
                                             salomon@braunhagey.com
                                             ghosh@braunhagey.com
                                             bernstein@braunhagey.com

                                             Ryan A. Botkin (TX Bar No. 00793366)
                                             Katherine P. Chiarello (TX Bar No. 24006994)
                                             María Amelia Calaf (TX Bar No. 24081915)
                                             Kayna Stavast Levy (TX Bar No. 24079388)
                                             **Wittliff | Cutter PLLC**
                                             1209 Nueces Street

Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO**
**<u>DEFENDANT RHONDA SCHNEIDER, SET ONE</u>**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Rhonda Schneider

**SET NUMBER**:       One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Rhonda Schneider, or anyone representing the interests of Rhonda Schneider, becomes aware of any additional information, documents, or things sought by these requests between the time Rhonda Schneider responds and trial.

## DEFINITIONS

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green
Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane
Moster.

2.      The terms "YOU," "YOUR," and "Rhonda Schneider" refer, collectively and
individually, to Rhonda Schneider and her officers, directors, principals, partners, employees,
agents, representatives, consultants, attorneys, and any other persons acting under her control or
on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO
COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke,
Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their
officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,
and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-
cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to,
DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider,
DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle
Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their
officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,
and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the
Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and
individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any
employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.    The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.    The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.    The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.    The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## INSTRUCTIONS

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

a.      State the date on which the DOCUMENT was created;

b.      State the title of the DOCUMENT;

c.      Briefly describe the nature and contents of the DOCUMENT;

d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

    b.    The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

    c.    All PERSONS who have knowledge of the loss, destruction, or disposal.

    d.    If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.    Produce DOCUMENTS in their native format where applicable.

9.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

### REQUEST FOR PRODUCTION NO. 2:

ALL DOCUMENTS and COMMUNICATIONS regarding the LIBRARY SYSTEM's budget.

### REQUEST FOR PRODUCTION NO. 3:

ALL COMMUNICATIONS regarding OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

### REQUEST FOR PRODUCTION NO. 4:

ALL COMMUNICATIONS regarding BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 5:**

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 6:**

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS RELATED TO the 2022-2023 fiscal year budget, including communications related to the decrease in the LIBRARY SYSTEM's budget.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO banning or censoring books.

Dated: September 14, 2022

BRAUNHAGEY & BORDEN LLP

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104

8

Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO
## <u>DEFENDANT ROCHELLE WELLS, SET ONE</u>

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:  Defendant Rochelle Wells

**SET NUMBER**:    One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Rochelle Wells, or anyone representing the interests of Rochelle Wells, becomes aware of any additional information, documents, or things sought by these requests between the time Rochelle Wells responds and trial.

1

## DEFINITIONS

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Rochelle Wells" refer, collectively and individually, to Rochelle Wells and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## **INSTRUCTIONS**

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

  a. State the date on which the DOCUMENT was created;

  b. State the title of the DOCUMENT;

  c. Briefly describe the nature and contents of the DOCUMENT;

  d. IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

  e. IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

  f. IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

  a. A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

    b.    The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

    c.    All PERSONS who have knowledge of the loss, destruction, or disposal.

    d.    If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.    Produce DOCUMENTS in their native format where applicable.

9.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

### REQUEST FOR PRODUCTION NO. 2:

ALL DOCUMENTS and COMMUNICATIONS regarding the LIBRARY SYSTEM's budget.

### REQUEST FOR PRODUCTION NO. 3:

ALL COMMUNICATIONS regarding OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

### REQUEST FOR PRODUCTION NO. 4:

ALL COMMUNICATIONS regarding BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 5:**

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 6:**

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS RELATED TO the 2022-2023 fiscal year budget, including

communications related to the decrease in the LIBRARY SYSTEM's budget.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of

the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of

the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and

the Llano County Library System Foundation.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans

RELATED TO banning or censoring books.

Dated: September 14, 2022                  BRAUNHAGEY & BORDEN LLP

                                           /s/ *Ellen V. Leonida*
                                           Ellen V. Leonida (CA Bar No. 184194)
                                           Matthew Borden (CA Bar No. 214323)
                                           J. Noah Hagey (CA Bar No. 262331)
                                           Sarah Salomon (CA Bar No. 308770)
                                           Pratik Ghosh (NY Bar No. 5754940)
                                           Max Bernstein (NY Bar No. 5609037)
                                           **BraunHagey & Borden LLP**
                                           351 California Street, 10th Floor
                                           San Francisco, CA 94104

Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### PLAINTIFFS' REQUESTS FOR PRODUCTION TO
### DEFENDANT RON CUNNINGHAM, SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Ron Cunningham

**SET NUMBER**:       One (1)

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby demand production for inspection, photographing, and copying of the documents and tangible things described in the categories below at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Requests.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Ron Cunningham, or anyone representing the interests of Ron Cunningham, becomes aware of any additional information, documents, or things sought by these requests between the time Ron Cunningham responds and trial.

1

## **DEFINITIONS**

1.       The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.       The terms "YOU," "YOUR," and "Ron Cunningham" refer, collectively and individually, to Ron Cunningham and his officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under his control or on his behalf.

3.       The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.       The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.       The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.       The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.       The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

3

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

4

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

25.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## INSTRUCTIONS

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of your officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

        c.      Briefly describe the nature and contents of the DOCUMENT;

        d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

        a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a

DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

    b.    The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

    c.    All PERSONS who have knowledge of the loss, destruction, or disposal.

    d.    If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.    Produce DOCUMENTS in their native format where applicable.

9.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

ALL COMMUNICATIONS between YOU and LIBRARY STAFF.

### REQUEST FOR PRODUCTION NO. 2:

ALL COMMUNICATIONS between YOU and other COMISSIONERS regarding the library.

### REQUEST FOR PRODUCTION NO. 3:

ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

### REQUEST FOR PRODUCTION NO. 4:

ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

### REQUEST FOR PRODUCTION NO. 5:

ALL COMMUNICATIONS RELATED TO THIS LAWSUIT.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the County's 2022-2023 fiscal year budget, including communications related to the decrease in the LIBRARY SYSTEM'S budget.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS RELATED TO the proposed transfer of the Llano branch of the library from the COUNTY to the CITY.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMPLAINTS related to DEFENDANTS' censorship of any content within the LIBRARY SYSTEM.

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS RELATED TO OVERDRIVE, including, but not limited to, the decision to terminate access to OVERDRIVE.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the anonymous "donor" of books referenced in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books requested via INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via

INTER LIBRARY loans placed from 2017 to present.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS SUFFICIENT TO REFLECT the number of books checked out via IN-

HOUSE CHECK-OUT from 2017 to present.

**REQUEST FOR PRODUCTION NO. 15:**

ALL minutes from LIBRARY ADVISORY BOARD meetings.

**REQUEST FOR PRODUCTION NO. 16:**

ALL library-related communications sent from library staff Yahoo accounts.


Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street

Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos