# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

<u>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT BONNIE WALLACE, SET**</u>

<u>**TWO**</u>

      **PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

      **RESPONDING PARTY**:   Defendant Bonnie Wallace

      **SET NUMBER**:          Two (2)

      Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request that Defendant Bonnie Wallace ("Defendant" or "Bonnie Wallace") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

      These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Bonnie Wallace, or anyone representing the interests of Bonnie Wallace, becomes aware of any additional information, documents, or things sought by these requests between the time Bonnie Wallace responds and trial.

## **DEFINITIONS**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Bonnie Wallace" refer, collectively and individually, to Bonnie Wallace and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.     The term "COUNTY" refers to the County of Llano, Texas.

10.    The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.    The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.    The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.    The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.    The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.    The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.    "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.    The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.    The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.    The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.    The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## **INSTRUCTIONS**

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.      If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      Your answers to these interrogatories must be verified, dated, and signed.

## **INTERROGATORIES**

### **INTERROGATORY NO. 2**

IDENTIFY all persons involved in the effort to determine which books on the KRAUSE LIST were in the LIBRARY SYSTEM.

### **INTERROGATORY NO. 3**

IDENTIFY the bases for removal of PLAINTIFFS Jeanne Puryear and Rebecca Jones from the Friends of the Llano Library Board.

### **INTERROGATORY NO. 4**

IDENTIFY each book on the KRAUSE LIST that you contend contains INAPPROPRIATE CONTENT and state your basis for so doing.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com

salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT GAY BASKIN, SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Gay Baskin

**SET NUMBER**:        One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request that Defendant Gay Baskin ("Defendant" or "Gay Baskin") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Gay Baskin, or anyone representing the interests of Gay Baskin, becomes aware of any additional information, documents, or things sought by these requests between the time Gay Baskin responds and trial.

1

## DEFINITIONS

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Gay Baskin" refer, collectively and individually, to Gay Baskin and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.     The term "COUNTY" refers to the County of Llano, Texas.

10.    The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.    The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.    The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.    The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.    The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.    The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.    "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## **INSTRUCTIONS**

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.      If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      Your answers to these interrogatories must be verified, dated, and signed.

## INTERROGATORIES

### INTERROGATORY NO. 1

IDENTIFY all persons involved in the effort to determine which books on the KRAUSE LIST were in the LIBRARY SYSTEM.

### INTERROGATORY NO. 2

IDENTIFY the bases for removal of PLAINTIFFS Jeanne Puryear and Rebecca Jones from the Friends of the Llano Library Board.

### INTERROGATORY NO. 3

IDENTIFY each book on the KRAUSE LIST that you contend contains INAPPROPRIATE CONTENT and state your basis for so doing.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

                                             /s/ *Ellen V. Leonida*
                                             Ellen V. Leonida (CA Bar No. 184194)
                                             Matthew Borden (CA Bar No. 214323)
                                             J. Noah Hagey (CA Bar No. 262331)
                                             Sarah Salomon (CA Bar No. 308770)
                                             Pratik Ghosh (NY Bar No. 5754940)
                                             Max Bernstein (NY Bar No. 5609037)
                                             **BraunHagey & Borden LLP**
                                             351 California Street, 10th Floor
                                             San Francisco, CA 94104
                                             Tel & Fax:  415-599-0210
                                             leonida@braunhagey.com
                                             borden@braunhagey.com
                                             hagey@braunhagey.com

salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| Leila Green Little, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Civil Action No. 1:22-cv-00424-RP |
| | § |
| Llano County, *et al.*, | § |
| | § |
| Defendants. | § |
| | § |

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT JERRY DON MOSS, SET TWO**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Jerry Don Moss

**SET NUMBER**:        Two (2)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request that Defendant Jerry Don Moss

("Defendant" or "Jerry Don Moss") answer the following interrogatories and that said answers

be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street,

10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street,

Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

These Requests are continuing in nature and require supplemental responses as provided

by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Jerry Don Moss, or

anyone representing the interests of Jerry Don Moss, becomes aware of any additional

information, documents, or things sought by these requests between the time Jerry Don Moss

responds and trial.

**<u>DEFINITIONS</u>**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green

Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane

Moster.

2.      The terms "YOU," "YOUR," and "Jerry Don Moss" refer, collectively and

individually, to Jerry Don Moss and its officers, directors, principals, partners, employees,

agents, representatives, consultants, attorneys, and any other persons acting under its control or

on its behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO

COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke,

Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their

officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,

and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-

cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to,

DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider,

DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle

Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their

officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,

and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the

Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and

individual collections of physical, audio, and electronic books and materials.

7.     The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.     The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## INSTRUCTIONS

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.      If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      Your answers to these interrogatories must be verified, dated, and signed.

## **INTERROGATORIES**

## **INTERROGATORY NO. 2**

State whether you agree or disagree with the removal of each book identified in Plaintiffs' Motion for a Preliminary Injunction from the LIBRARY SYSTEM, and state all bases why.

## **INTERROGATORY NO. 3**

IDENTIFY each book on the KRAUSE LIST that you contend contains INAPPROPRIATE CONTENT and state your basis for so doing.

Dated: September 14, 2022              Respectfully submitted,

                                       /s/ *Ellen V. Leonida*
                                       Ellen V. Leonida (CA Bar No. 184194)
                                       Matthew Borden (CA Bar No. 214323)
                                       J. Noah Hagey (CA Bar No. 262331)
                                       Sarah Salomon (CA Bar No. 308770)
                                       Pratik Ghosh (NY Bar No. 5754940)
                                       Max Bernstein (NY Bar No. 5609037)
                                       **BraunHagey & Borden LLP**
                                       351 California Street, 10th Floor
                                       San Francisco, CA 94104
                                       Tel & Fax:  415-599-0210
                                       leonida@braunhagey.com
                                       borden@braunhagey.com
                                       hagey@braunhagey.com
                                       salomon@braunhagey.com
                                       ghosh@braunhagey.com
                                       bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case.

Omar Rivera Barrientos

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT LINDA RASCHKE, SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:    Defendant Linda Raschke

**SET NUMBER**:          One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request that Defendant Linda Raschke ("Defendant" or "Linda Raschke") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Linda Raschke, or anyone representing the interests of Linda Raschke, becomes aware of any additional information, documents, or things sought by these requests between the time Linda Raschke responds and trial.

1

## **DEFINITIONS**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Linda Raschke" refer, collectively and individually, to Linda Raschke and its officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under its control or on its behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7. The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8. The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9. The term "COUNTY" refers to the County of Llano, Texas.

10. The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11. The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12. The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13. The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14. The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15. The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16. "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

**INSTRUCTIONS**

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

5

3.      If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      Your answers to these interrogatories must be verified, dated, and signed.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**

State whether you agree or disagree with the removal of each book identified in Plaintiffs' Motion for a Preliminary Injunction from the LIBRARY SYSTEM, and state all bases why.

### **INTERROGATORY NO. 2**

IDENTIFY each book on the KRAUSE LIST that you contend contains INAPPROPRIATE CONTENT and state your basis for so doing.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

                                             /s/ *Ellen V. Leonida*
                                             Ellen V. Leonida (CA Bar No. 184194)
                                             Matthew Borden (CA Bar No. 214323)
                                             J. Noah Hagey (CA Bar No. 262331)
                                             Sarah Salomon (CA Bar No. 308770)
                                             Pratik Ghosh (NY Bar No. 5754940)
                                             Max Bernstein (NY Bar No. 5609037)
                                             **BraunHagey & Borden LLP**
                                             351 California Street, 10th Floor
                                             San Francisco, CA 94104
                                             Tel & Fax:  415-599-0210
                                             leonida@braunhagey.com
                                             borden@braunhagey.com
                                             hagey@braunhagey.com
                                             salomon@braunhagey.com
                                             ghosh@braunhagey.com
                                             bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case.

Omar Rivera Barrientos

8

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT LLANO COUNTY, SET TWO**

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:    Defendant Llano County

**SET NUMBER**:          Two (2)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request that Defendant Llano County ("Defendant" or "Llano County") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Llano County, or anyone representing the interests of Llano County, becomes aware of any additional information, documents, or things sought by these requests between the time Llano County responds and trial.

1

## **DEFINITIONS**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green

Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane

Moster.

2.      The terms "YOU," "YOUR," and "LLANO COUNTY" refer, collectively and

individually, to Llano County and its officers, directors, principals, partners, employees, agents,

representatives, consultants, attorneys, and any other persons acting under its control or on its

behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO

COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke,

Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their

officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,

and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-

cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to,

DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider,

DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle

Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their

officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,

and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the

Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and

individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any

employees, volunteers, independent contractors, or other individuals working within the

LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.    The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.    The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.    The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.    The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

4

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## **INSTRUCTIONS**

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.      If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      Your answers to these interrogatories must be verified, dated, and signed.

## INTERROGATORIES

### INTERROGATORY NO. 2

State all bases for decreasing the LIBRARY SYSTEM's budget.

### INTERROGATORY NO. 3

State all bases for decreasing LIBRARY SYSTEM SERVICES and LIBRARY STAFF.

### INTERROGATORY NO. 4

State all bases for considering the proposed transfer of the Llano branch of the LIBRARY SYSTEM from the COUNTY to the CITY.

### INTERROGATORY NO. 5

IDENTIFY all books that have been moved from the children's section to the adult section.

### INTERROGATORY NO. 6

IDENTIFY all books that have been labeled due to content.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

                                             By: /s/ *Ellen V. Leonida*
                                             Ellen V. Leonida (CA Bar No. 184194)
                                             Matthew Borden (CA Bar No. 214323
                                             J. Noah Hagey (CA Bar No. 262331)
                                             Sarah Salomon (CA Bar No. 308770)
                                             Pratik Ghosh (NY Bar No. 5754940)
                                             Max Bernstein (NY Bar No. 5609037)
                                             **BraunHagey & Borden LLP**

351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case.

Omar Rivera Barrientos

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT MIKE SANDOVAL, SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:  Defendant Mike Sandoval

**SET NUMBER**:  One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby requests that Defendant Mike Sandoval ("Defendant" or "Mike Sandoval") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

These requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Mike Sandoval, or anyone representing the interests of Mike Sandoval, becomes aware of any additional information, documents, or things sought by these requests between the time Mike Sandoval responds and trial.

## **DEFINITIONS**

1.    The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.    The terms "YOU," "YOUR," and "Mike Sandoval" refer, collectively and individually, to Mike Sandoval and its officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under its control or on its behalf.

3.    The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.    The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.    The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.    The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.     The term "COUNTY" refers to the County of Llano, Texas.

10.    The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.    The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.    The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.    The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.    The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.    The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.    "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## **INSTRUCTIONS**

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.      If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      Your answers to these interrogatories must be verified, dated, and signed.

## INTERROGATORIES

## INTERROGATORY NO. 1

State whether you agree or disagree with the removal of each book identified in Plaintiffs' Motion for a Preliminary Injunction from the LIBRARY SYSTEM, and state all bases why.

## INTERROGATORY NO. 2

IDENTIFY each book on the KRAUSE LIST that you contend contains INAPPROPRIATE CONTENT and state your basis for so doing.

Dated: September 14, 2022            BRAUNHAGEY & BORDEN LLP

                                     /s/ *Ellen V. Leonida*
                                     Ellen V. Leonida (CA Bar No. 184194)
                                     Matthew Borden (CA Bar No. 214323)
                                     J. Noah Hagey (CA Bar No. 262331)
                                     Sarah Salomon (CA Bar No. 308770)
                                     Pratik Ghosh (NY Bar No. 5754940)
                                     Max Bernstein (NY Bar No. 5609037)
                                     **BraunHagey & Borden LLP**
                                     351 California Street, 10th Floor
                                     San Francisco, CA 94104
                                     Tel & Fax:  415-599-0210
                                     leonida@braunhagey.com
                                     borden@braunhagey.com
                                     hagey@braunhagey.com
                                     salomon@braunhagey.com
                                     ghosh@braunhagey.com
                                     bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case.

Omar Rivera Barrientos

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT PETER JONES, SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Peter Jones

**SET NUMBER**:          One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request that Defendant Peter Jones ("Defendant" or "Peter Jones") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Peter Jones, or anyone representing the interests of Peter Jones, becomes aware of any additional information, documents, or things sought by these requests between the time Peter Jones responds and trial.

1

## DEFINITIONS

1.     The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.     The terms "YOU," "YOUR," and "Peter Jones" refer, collectively and individually, to Peter Jones and its officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under its control or on its behalf.

3.     The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.     The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.     The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.     The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.      The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.      The term "COUNTY" refers to the County of Llano, Texas.

10.     The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.     The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.     "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

3

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

**<u>INSTRUCTIONS</u>**

1.      Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.      If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.    If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.    Your answers to these interrogatories must be verified, dated, and signed.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1**

State whether you agree or disagree with the removal of each book identified in Plaintiffs' Motion for a Preliminary Injunction from the LIBRARY SYSTEM, and state all bases why.

## **INTERROGATORY NO. 2**

IDENTIFY each book on the KRAUSE LIST that you contend contains INAPPROPRIATE CONTENT and state your basis for so doing.

Dated: September 14, 2022          BRAUNHAGEY & BORDEN LLP

                                  /s/ *Ellen V. Leonida*
                                  Ellen V. Leonida (CA Bar No. 184194)
                                  Matthew Borden (CA Bar No. 214323)
                                  J. Noah Hagey (CA Bar No. 262331)
                                  Sarah Salomon (CA Bar No. 308770)
                                  Pratik Ghosh (NY Bar No. 5754940)
                                  Max Bernstein (NY Bar No. 5609037)
                                  **BraunHagey & Borden LLP**
                                  351 California Street, 10th Floor
                                  San Francisco, CA 94104
                                  Tel & Fax:  415-599-0210
                                  leonida@braunhagey.com
                                  borden@braunhagey.com
                                  hagey@braunhagey.com
                                  salomon@braunhagey.com
                                  ghosh@braunhagey.com
                                  bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT RHONDA SCHNEIDER,**

**SET ONE**

      **PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

      **RESPONDING PARTY**:  Defendant Rhonda Schneider

      **SET NUMBER**:  One (1)

      Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request that Defendant Rhonda Schneider ("Defendant" or "Rhonda Schneider") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

      These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Rhonda Schneider, or anyone representing the interests of Rhonda Schneider, becomes aware of any additional information, documents, or things sought by these requests between the time Rhonda Schneider responds and trial.

## <u>DEFINITIONS</u>

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "Rhonda Schneider" refer, collectively and individually, to Rhonda Schneider and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.     The term "COUNTY" refers to the County of Llano, Texas.

10.    The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.    The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.    The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.    The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.    The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.    The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.    "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

4

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## **INSTRUCTIONS**

1.      Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.      If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.      If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      Your answers to these interrogatories must be verified, dated, and signed.

## INTERROGATORIES

## INTERROGATORY NO. 1

IDENTIFY all persons involved in the effort to determine which books on the KRAUSE LIST were in the LIBRARY SYSTEM.

## INTERROGATORY NO. 2

IDENTIFY the bases for removal of PLAINTIFFS Jeanne Puryear and Rebecca Day from the Friends of the Llano Library Board.

## INTERROGATORY NO. 3

IDENTIFY each book on the KRAUSE LIST that you contend contains INAPPROPRIATE CONTENT and state your basis for so doing.


Dated: September 14, 2022             BRAUNHAGEY & BORDEN LLP

                                     /s/ *Ellen V. Leonida*
                                     Ellen V. Leonida (CA Bar No. 184194)
                                     Matthew Borden (CA Bar No. 214323)
                                     J. Noah Hagey (CA Bar No. 262331)
                                     Sarah Salomon (CA Bar No. 308770)
                                     Pratik Ghosh (NY Bar No. 5754940)
                                     Max Bernstein (NY Bar No. 5609037)
                                     **BraunHagey & Borden LLP**
                                     351 California Street, 10th Floor
                                     San Francisco, CA 94104
                                     Tel & Fax:  415-599-0210
                                     leonida@braunhagey.com
                                     borden@braunhagey.com
                                     hagey@braunhagey.com

6

salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT ROCHELLE WELLS,

## SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Rochelle Wells

**SET NUMBER**:        One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request that Defendant Rochelle Wells ("Defendant" or "Rochelle Wells") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Rochelle Wells, or anyone representing the interests of Rochelle Wells, becomes aware of any additional information, documents, or things sought by these requests between the time Rochelle Wells responds and trial.

1

## **DEFINITIONS**

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green
Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane
Moster.

2.      The terms "YOU," "YOUR," and "Rochelle Wells" refer, collectively and
individually, to Rochelle Wells and her officers, directors, principals, partners, employees,
agents, representatives, consultants, attorneys, and any other persons acting under her control or
on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO
COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke,
Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their
officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,
and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-
cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to,
DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider,
DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle
Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their
officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,
and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the
Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and
individual collections of physical, audio, and electronic books and materials.

7.    The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.    The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.    The term "COUNTY" refers to the County of Llano, Texas.

10.    The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.    The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.    The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.    The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.    The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.    The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.    "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

## **INSTRUCTIONS**

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.      If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      Your answers to these interrogatories must be verified, dated, and signed.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1**

IDENTIFY all persons involved in the effort to determine which books on the KRAUSE LIST were in the LIBRARY SYSTEM.

## **INTERROGATORY NO. 2**

IDENTIFY the bases for removal of PLAINTIFFS Jeanne Puryear and Rebecca Jones from the Friends of the Llano Library Board.

## **INTERROGATORY NO. 3**

IDENTIFY each book on the KRAUSE LIST that you contend contains INAPPROPRIATE CONTENT and state your basis for so doing.

Dated: September 14, 2022                    BRAUNHAGEY & BORDEN LLP

                                             /s/ *Ellen V. Leonida*
                                             Ellen V. Leonida (CA Bar No. 184194)
                                             Matthew Borden (CA Bar No. 214323)
                                             J. Noah Hagey (CA Bar No. 262331)
                                             Sarah Salomon (CA Bar No. 308770)
                                             Pratik Ghosh (NY Bar No. 5754940)
                                             Max Bernstein (NY Bar No. 5609037)
                                             **BraunHagey & Borden LLP**
                                             351 California Street, 10th Floor
                                             San Francisco, CA 94104
                                             Tel & Fax:  415-599-0210
                                             leonida@braunhagey.com
                                             borden@braunhagey.com
                                             hagey@braunhagey.com

salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Omar Rivera Barrientos

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § | |
| Defendants. | § § § | |

## PLAINTIFFS' INTERROGATORIES TODEFENDANT
## RON CUNNINGHAM, SET ONE

**PROPOUNDING PARTY**:  Plaintiffs Leila Green Little et al.

**RESPONDING PARTY**:   Defendant Ron Cunningham

**SET NUMBER**:       One (1)

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request that Defendant Ron Cunningham ("Defendant" or "Ron Cunningham") answer the following interrogatories and that said answers be served on Plaintiffs at the law offices of BraunHagey & Borden LLP, 351 California Street, 10th Floor, San Francisco, California 94104 or Wittliff Cutter PLLC, 1209 Nueces Street, Austin, Texas 78701, within thirty (30) days of service of these Interrogatories.

These Requests are continuing in nature and require supplemental responses as provided by Rule 26 of the Federal Rules of Civil Procedure, in the event counsel for Ron Cunningham, or anyone representing the interests of Ron Cunningham, becomes aware of any additional information, documents, or things sought by these requests between the time Ron Cunningham responds and trial.

1

## DEFINITIONS

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green
Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane
Moster.

2.      The terms "YOU," "YOUR," and "Ron Cunningham" refer, collectively and
individually, to Ron Cunningham and its officers, directors, principals, partners, employees,
agents, representatives, consultants, attorneys, and any other persons acting under its control or
on its behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to LLANO
COUNTY, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke,
Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their
officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,
and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al v. Llano County et al*, Case No. 1:22-
cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to,
DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider,
DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle
Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their
officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys,
and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the
Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and
individual collections of physical, audio, and electronic books and materials.

7.     The term "LIBRARY STAFF" refers, collectively and individually, to any employees, volunteers, independent contractors, or other individuals working within the LIBRARY SYSTEM from January 2021 to present, including individuals who no longer work within the LIBRARY SYSTEM.

8.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

9.     The term "COUNTY" refers to the County of Llano, Texas.

10.    The term "CITY" refers to the City of Llano, located in the County of Llano, Texas.

11.    The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

12.    The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

13.    The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

14.    The term "INTER LIBRARY LOAN" refers to the process by which LIBRARY SYSTEM patrons can request books from other libraries, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

15.    The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

16.    "SEXUAL CONTENT" refers to any material that refers to, reflects, or depicts sexual activity in any fashion.

17.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

18.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of critical race theory (or "CRT"), gender identity, sex, nudity, sexuality, teen pregnancy, violence, or LGBTQ issues.

19.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

20.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

21.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

22.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

23.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

24.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

**INSTRUCTIONS**

1.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3.      If you cannot answer the following interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      Your answers to these interrogatories must be verified, dated, and signed.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**

State whether you agree or disagree with the removal of each book identified in Plaintiffs' Motion for a Preliminary Injunction from the LIBRARY SYSTEM, and state all bases why.

### **INTERROGATORY NO. 2**

IDENTIFY each book on the KRAUSE LIST that you contend contains INAPPROPRIATE CONTENT and state your basis for so doing.

Dated: September 14, 2022

BRAUNHAGEY & BORDEN LLP

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case.

Omar Rivera Barrientos