# EXHIBIT 10

| | |
|---|---|
| **From:** | Dwain K. Rogers |
| **To:** | Max Bernstein; Jonathan Mitchell |
| **Cc:** | Matt Rienstra; Maria Calaf; katherine@wittliffcutter.com; Kayna Levy; Ellen Leonida; Shannon Morrissey; Ryan Botkin |
| **Subject:** | RE: Little, et al. v. Llano County, et al, 1:22-cv-00424-RP |
| **Date:** | Tuesday, December 13, 2022 5:00:16 PM |
| **Attachments:** | image001.jpg |

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel,

Please see responses to the questions in red below.

Instead of trying to correct their discovery misconduct, Defendants are continuing to string us along as they have since the start of this case. Unless we receive an answer to each of the questions raised in my November 15 email (and reproduced below again) by 10 a.m. tomorrow morning, we will have no choice but to seek relief from the Court. I hope that will not be necessary.

1. The Texas Association of Counties intends to do a complete collection of Defendants' county-issued email accounts.

   This has been accomplished.  The raw files contain all emails for the county-issued emails for the affected date range, and they are quite voluminous to download.  So far, downloading just the Judge's emails has taken at least 18 hours.  However, we are continuing to download the .pst files from TAC.

2. Defendants' counsel will review and produce all non-privileged documents within the County email servers responsive to Plaintiffs' RFPs.
    a. The production will comply with the parties agreed-to ESI protocol.
    b. Please provide a date certain by which the production of documents from the County email accounts will begin and when it will be complete.

   We will be able to provide the files in accordance with the ESI protocol.  It is difficult to give a date certain for production as the .pst files must be downloaded and then reviewed to remove non-responsive and/or privileged documents.

3. The County's internal IT department has collected communications from the Yahoo email accounts of all librarians.
    a. If not all accounts have been collected, please identify which have and which have not.

   We have collected or are currently collecting Yahoo email account .pst files from the Llano Library Yahoo accounts listed below:

   1) llano.circ@yahoo.com, 2) Kingsland.library@yahoo.com, 3) ill.klib@yahoo.com, and 4) Lib.llanocirc@yahoo.com.  These accounts were used by library staff primarily for front desk assistance (usually when a patron wanted to print out a document they were instructed to email it to the circ desk email).  The ill.klib@yahoo.com account was used for interlibrary

<span style="color:red">loans. One concern related to these emails is that they are certain to contain personally identifiable information (PII) related to library patrons. While the vast majority of these emails will not be responsive, if there are any responsive emails we will need to agree to a protective order or similar restrictions on the use of any such PII as we will not be able to redact the PII and still produce the emails in a native format under ESI protocol.</span>

<span style="color:red">In addition, prior to the migration to Llano County issued email accounts, each library employee was given their own yahoo account by a prior supervisor who is no longer with the County. After creation of these yahoo accounts, they were controlled by the individual employees and Llano County did not retain the passwords for these accounts once that employee has separated from service, particularly after the date of the migration as use of the yahoo accounts was supposed to cease at that time. However, any such employee Yahoo emails still in the County's custody and control will be produced to the extent there are responsive emails.</span>

4. Defendants' counsel will produce all non-privileged documents within the County's Yahoo email servers responsive to Plaintiffs' RFPs.
    a. The production will comply with the parties agreed-to ESI protocol.
    b. Please complete this production by December 5, 2022.

    <span style="color:red">Please see response to 3 above.</span>
5. Please provide to us a list of search terms to be provided to the Library Board Defendants (Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin) and Commissioner Jerry Don Moss to be used to search for and collect responsive communications (Commissioner Moss is included in this point because you represented that he uses his personal Hotmail account for County business as opposed to his County-issued email address).
    *Following receipt of the search terms, Plaintiffs will propose edits if needed.*
    <span style="color:red">After making inquiry with the Library Advisory Board defendants, Defendants Wells, Schneider and Baskin performed manual searches of each and every email in their account looking for responsive emails. In addition to the email by email manual search, Defendant Baskin ran searches for any emails to or from Amber Milum, Bonnie Wallace and Rochelle Wells to ensure capture of any relevant communication. Defendant Wallace searched her email account for the following search terms: Llano County Library Advisory Board, LCLAB, Finance Committee, Bylaws Committee, Collection Committee, and Policy Committee.</span>
6. The Library Board Defendants and Commissioner Moss will run the agreed-to search terms across all of their email accounts, text messages, social media posts, and other messaging services.
    a. Once the searches are run, all responsive documents will be loaded into a Dropbox or similar application so that Defendants' counsel can produce those documents in native format.
7. After the Library Board Defendants and Commissioner Moss provide responsive documents, they will identify all of their email addresses and phone numbers and certify that (i) they have no additional email addresses or phone numbers, (ii) ran the agreed-to search terms across

2

each email address and phone number, and (iii) produced all responsive documents to their counsel.

8. Defendants Cunningham, Jones, Sandoval, Raschke, and Milum will run the agreed-to search terms across their non-County-issued email accounts (or certify that no such accounts exist) and text messages, social media posts, and other messaging services, and produce all responsive documents to their counsel via Dropbox or similar application so that Defendants' counsel can produce those documents in native format.

    **This response is applicable to items 6, 7 and 8.**  Defendants will run the search terms across all their emails, texts and social media accounts and we will produce results in native format in DropBox.  However we do not believe certification by individual defendants is necessary or appropriate

9. Defendants will not object to Plaintiffs supplementing the record with any discovery you produce.
    We do not object to use of any produced discovery.


**Dwain Rogers**
Llano County Attorney
801 Ford St., Room 111
Llano, TX 78643
drogers@co.llano.tx.us
(325) 247-7733 ph
(325) 247-7737 fax



**From:** Max Bernstein <bernstein@braunhagey.com>
**Sent:** Monday, December 12, 2022 6:21 PM
**To:** Jonathan Mitchell <jonathan@mitchell.law>
**Cc:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>; Maria Calaf <mac@wittliffcutter.com>; katherine@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Ellen Leonida <Leonida@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Ryan Botkin <ryan@wittliffcutter.com>
**Subject:** RE: Little, et al. v. Llano County, et al, 1:22-cv-00424-RP

Jonathan,

Thank you for the email.  Unfortunately, it does not respond to any of the nine issues raised in our November 15 email, in which we set forth a number of questions related to Defendants' failure to search for and produce documents that they said they had provided more than five months ago.

3

Those questions are all designed to ensure that Defendants actually comply with their discovery obligations this time. It is now a month later, and we still have no idea what documents Defendants have collected, where they have looked, what they plan to do to comply with their discovery obligations, and how they intend to ameliorate the significant harm caused by withholding key evidence until after Defendants were deposed and after Judge Pitman heard Plaintiffs' motion for a preliminary injunction.

From your email below, we now understand that Defendants have collected *some* emails, but your email does not provide basic information we have requested, such as which accounts these emails were collected from, what dates are they from, and what search terms Defendants plan to use to search them. We are also disturbed to learn that Defendants are just collecting this information now, when they have been aware of their failure to produce for at least 5 weeks. As you know, it only takes a couple hours, at most, to gather up .pst files.

Aside from the fact that Defendants have now collected some unspecified materials of an unknown quantity, Defendants have not answered any other of our questions. For example, we still do not know which emails they and/or the TAC have collected or reviewed, we don't know what documents they will produce or when they will produce them, and we don't know if their pending production will comply with our ESI protocol. Further, from your email, it appears that Defendants have still not collected or reviewed the Yahoo! Emails (which are not stored as .pst files) that we believe may be some of the most important evidence in this case, and have not collected or reviewed any texts or other non-email messages. We also don't know whether Defendants will object to our use of subsequently produced documents in connection with the pending PI.

Instead of trying to correct their discovery misconduct, Defendants are continuing to string us along as they have since the start of this case. Unless we receive an answer to each of the questions raised in my November 15 email (and reproduced below again) by 10 a.m. tomorrow morning, we will have no choice but to seek relief from the Court. I hope that will not be necessary.

1. The Texas Association of Counties intends to do a complete collection of Defendants' county-issued email accounts.
2. Defendants' counsel will review and produce all non-privileged documents within the County email servers responsive to Plaintiffs' RFPs.
    a. The production will comply with the parties agreed-to ESI protocol.
    b. Please provide a date certain by which the production of documents from the County email accounts will begin and when it will be complete.
3. The County's internal IT department has collected communications from the Yahoo email accounts of all librarians.
    a. If not all accounts have been collected, please identify which have and which have not.
4. Defendants' counsel will produce all non-privileged documents within the County's Yahoo email servers responsive to Plaintiffs' RFPs.
    a. The production will comply with the parties agreed-to ESI protocol.
    b. Please complete this production by December 5, 2022.
5. Please provide to us a list of search terms to be provided to the Library Board Defendants (Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin) and Commissioner Jerry

4

Don Moss to be used to search for and collect responsive communications (Commissioner Moss is included in this point because you represented that he uses his personal Hotmail account for County business as opposed to his County-issued email address).

*Following receipt of the search terms, Plaintiffs will propose edits if needed.*

6. The Library Board Defendants and Commissioner Moss will run the agreed-to search terms across all of their email accounts, text messages, social media posts, and other messaging services.
    a. Once the searches are run, all responsive documents will be loaded into a Dropbox or similar application so that Defendants' counsel can produce those documents in native format.
7. After the Library Board Defendants and Commissioner Moss provide responsive documents, they will identify all of their email addresses and phone numbers and certify that (i) they have no additional email addresses or phone numbers, (ii) ran the agreed-to search terms across each email address and phone number, and (iii) produced all responsive documents to their counsel.
8. Defendants Cunningham, Jones, Sandoval, Raschke, and Milum will run the agreed-to search terms across their non-County-issued email accounts (or certify that no such accounts exist) and text messages, social media posts, and other messaging services, and produce all responsive documents to their counsel via Dropbox or similar application so that Defendants' counsel can produce those documents in native format.
9. Defendants will not object to Plaintiffs supplementing the record with any discovery you produce.

Max Bernstein

**BRAUNHAGEY & BORDEN** LLP

Direct: (917) 583-8764

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Monday, December 12, 2022 4:40 PM
**To:** Max Bernstein <bernstein@braunhagey.com>
**Cc:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>; Maria Calaf <mac@wittliffcutter.com>; katherine@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Ellen Leonida <Leonida@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Ryan Botkin <ryan@wittliffcutter.com>
**Subject:** Re: Little, et al. v. Llano County, et al, 1:22-cv-00424-RP

**\*\*\* EXTERNAL MESSAGE \*\*\***

Max:

Llano County's IT manager just received the files (Outlook PST form). He is downloading them into a

searchable form due to the fact that the data production is for ALL emails sent to and from the judge, the commissioners and the library director.

As of 20 minutes ago, IT is still downloading the judge's emails. We still need to run a search of the emails to strip out the "library" related emails. We will produce them in an electronic form so that plaintiffs' counsel can see the meta data.

—Jonathan

> On Dec 9, 2022, at 1:05 PM, Max Bernstein <bernstein@braunhagey.com> wrote:
>
> Counsel,
>
> We have been trying to obtain Defendants' compliance with our expedited discovery requests for months. To put it mildly, we were surprised to learn that Defendants had withheld some of the most critical information relating to Plaintiffs' pending motion for a preliminary injunction after representing that they had produced such evidence months ago. Plaintiffs were entitled to use that evidence to formulate their theories and take Defendants' depositions, and Judge Pitman is entitled to consider that information in making his ruling on the pending preliminary injunction motion. When we learned about this issue on November 10, we promptly raised it to you. It is now one month later, and we have yet to receive a single document.
>
> Instead of trying to remedy their inaccurate certifications and incomplete responses, Defendants have dragged their feet. On November 15, we explained that we would be forced to file a motion with the Court if Defendants did not timely comply with their discovery obligations. Instead of immediately producing the evidence that they are withholding, Defendants strung us along for weeks. On a November 28 call, we agreed that Plaintiffs would set forth a list of steps Defendants needed to take to comply with their discovery obligations, and then Defendants would respond within two days. We sent that list on November 28. It's now been nearly two weeks, and we have not received any response.
>
> Today, our post-hearing brief is due. Had Defendants promptly tried to fix their discovery violations, we could have reopened depositions and used the materials that Defendants have improperly withheld in our briefing. Instead, we were left without critical evidence—including emails from County librarians—thus prejudicing our ability to present our best case to the Court.
>
> At this point, we will need to take immediate action if Defendants' delays continue. If we do not receive a full written response to our last email by Monday December 12, at

5PM CT, we will seek expedited relief from the Court.

Max Bernstein

**BRAUNHAGEY & BORDEN LLP**
Direct: (917) 583-8764

---

**From:** Max Bernstein
**Sent:** Monday, November 28, 2022 10:55 PM
**To:** Matt Rienstra <matt.rienstra@co.llano.tx.us>; Jonathan Mitchell <jonathan@mitchell.law>; Dwain K. Rogers <drogers@co.llano.tx.us>
**Cc:** Maria Calaf <mac@wittliffcutter.com>; katherine@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Ellen Leonida <Leonida@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Ryan Botkin <ryan@wittliffcutter.com>
**Subject:** RE: Little, et al. v. Llano County, et al, 1:22-cv-00424-RP

Counsel,

This email serves to memorialize our meet and confer from earlier today.  Pursuant to our discussions, we understand that the only means by which you have thus far collected documents from Defendants is by asking Defendants to search their email accounts and provide documents that are responsive to Plaintiffs' RFPs.  But you did not provide Defendants with a list of search terms to be used in connection with this collection.  You also did not take any affirmative steps to ensure that individual Defendants engaged in a complete collection or production.  Lastly, you did not ensure that the produced documents complied with the parties' agreed-to ESI protocol.  That is, of course, troubling to Plaintiffs.  Accordingly, we now ask that you confirm/provide answers to each of the following.

1. The Texas Association of Counties intends to do a complete collection of Defendants' county-issued email accounts.
2. Defendants' counsel will review and produce all non-privileged documents within the County email servers responsive to Plaintiffs' RFPs.
    a. The production will comply with the parties agreed-to ESI protocol.
    b. Please provide a date certain by which the production of documents from the County email accounts will begin and when it will be complete.
3. The County's internal IT department has collected communications from the Yahoo email accounts of all librarians.
    a. If not all accounts have been collected, please identify which have and which have not.
4. Defendants' counsel will produce all non-privileged documents within the County's Yahoo email servers responsive to Plaintiffs' RFPs.
    a. The production will comply with the parties agreed-to ESI protocol.
    b. Please complete this production by December 5, 2022.
5. Please provide to us a list of search terms to be provided to the Library Board

Defendants (Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin) and Commissioner Jerry Don Moss to be used to search for and collect responsive communications (Commissioner Moss is included in this point because you represented that he uses his personal Hotmail account for County business as opposed to his County-issued email address).

*Following receipt of the search terms, Plaintiffs will propose edits if needed.*

6. The Library Board Defendants and Commissioner Moss will run the agreed-to search terms across all of their email accounts, text messages, social media posts, and other messaging services.
   a. Once the searches are run, all responsive documents will be loaded into a Dropbox or similar application so that Defendants' counsel can produce those documents in native format.
7. After the Library Board Defendants and Commissioner Moss provide responsive documents, they will identify all of their email addresses and phone numbers and certify that (i) they have no additional email addresses or phone numbers, (ii) ran the agreed-to search terms across each email address and phone number, and (iii) produced all responsive documents to their counsel.
8. Defendants Cunningham, Jones, Sandoval, Raschke, and Milum will run the agreed-to search terms across their non-County-issued email accounts (or certify that no such accounts exist) and text messages, social media posts, and other messaging services, and produce all responsive documents to their counsel via Dropbox or similar application so that Defendants' counsel can produce those documents in native format.
9. Defendants will not object to Plaintiffs supplementing the record with any discovery you produce.

Max Bernstein

**BRAUNHAGEY & BORDEN** LLP

Direct: (917) 583-8764

---

**From:** Matt Rienstra <matt.rienstra@co.llano.tx.us>
**Sent:** Tuesday, November 22, 2022 6:02 PM
**To:** Max Bernstein <bernstein@braunhagey.com>; Jonathan Mitchell <jonathan@mitchell.law>; Dwain K. Rogers <drogers@co.llano.tx.us>
**Cc:** Maria Calaf <mac@wittliffcutter.com>; katherine@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Ellen Leonida <Leonida@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Ryan Botkin <ryan@wittliffcutter.com>
**Subject:** RE: Little, et al. v. Llano County, et al, 1:22-cv-00424-RP

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counselor,

8

Dwain or I can be available for a phone conference on November 28 after 11:30 a.m. Thank you for setting up the phone conference.

Truly,
Matthew L. Rienstra
1st Asst. County Attorney
Llano County Attorney' Office
(512) 809-1777 (cell)

**CONFIDENTIALITY NOTICE**: This is a legal communication and any files transmitted with it are confidential and intended only for the use of the individual or entity to whom they are addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient of this information, please notify the sender (only) immediately by email and delete the message.  You are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited.

---

**From:** Max Bernstein <bernstein@braunhagey.com>
**Sent:** Tuesday, November 22, 2022 9:31 AM
**To:** Jonathan Mitchell <jonathan@mitchell.law>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>
**Cc:** Maria Calaf <mac@wittliffcutter.com>; katherine@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Ellen Leonida <Leonida@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Ryan Botkin <ryan@wittliffcutter.com>
**Subject:** RE: Little, et al. v. Llano County, et al, 1:22-cv-00424-RP

Counsel,

I received your voicemail from last night in which you explained that the Texas Association of Counties will be able to collect emails from County email addresses, but not from individual defendants who do not have County email addresses.  I would appreciate if we could schedule a time to get on the phone and discuss your voicemail as well as the outstanding issues raised in my emails below.  We are available today until 11:30am CT, and then 3pm CT and later.  We are also generally free Monday 11/28.  Please let me know a time that works for you, and I will circulate a dial in.

Max Bernstein
BRAUNHAGEY & BORDEN LLP
Direct: (917) 583-8764

---

**From:** Max Bernstein
**Sent:** Thursday, November 17, 2022 4:58 PM

**To:** Jonathan Mitchell <jonathan@mitchell.law>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>
**Cc:** Maria Calaf <mac@wittliffcutter.com>; katherine@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Ellen Leonida <Leonida@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Ryan Botkin <ryan@wittliffcutter.com>
**Subject:** RE: Little, et al. v. Llano County, et al, 1:22-cv-00424-RP

Counsel,

I received your voicemail, and I just tried to return the call but could not get through to you.  Please give me a call back at 9175838764.  And if you cannot reach me, please leave me your direct line so that I can call you back.

Max Bernstein

BRAUN**HAGEY** & BORDEN LLP

Direct:  (917) 583-8764

**From:** Max Bernstein
**Sent:** Tuesday, November 15, 2022 5:31 PM
**To:** 'Jonathan Mitchell' <jonathan@mitchell.law>; 'Matt Rienstra' <matt.rienstra@co.llano.tx.us>; 'Dwain K. Rogers' <drogers@co.llano.tx.us>
**Cc:** 'Maria Calaf' <mac@wittliffcutter.com>; 'katherine@wittliffcutter.com' <katherine@wittliffcutter.com>; 'Kayna Levy' <kayna@wittliffcutter.com>; Ellen Leonida <Leonida@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; 'Ryan Botkin' <ryan@wittliffcutter.com>
**Subject:** RE: Little, et al. v. Llano County, et al, 1:22-cv-00424-RP

Counsel,

I write to follow-up on our phone conversation from last week and my email below.  When we spoke on the phone on November 10, you informed me that Defendants are not currently capable of producing documents in accordance with the ESI protocol that you stipulated to and filed with the Court last month.  This is despite the fact that you took more than a month to review the ESI Stipulation, apparently reviewed it with your IT personnel to determine whether you could comply with its provisions, sent back an edited version to us, and then agreed to sign and file the protocol.  You informed me last week that you would be reaching out to the Texas Association of Counties to determine whether they could assist you with a proper production and that you would follow up with me yesterday.  You never followed up, despite my email below asking you for times to connect.

You also told me on our call on November 10 that you have not performed any targeted search for documents or communications in response to Plaintiffs' discovery requests.  You represented that you produced only the documents that you had

already produced in response to Plaintiffs' pre-suit FOIA request and that you asked individual Defendants to search their email accounts for "library-related" communications and then produced those results. This is inadequate. You and your clients have an obligation to review Plaintiffs' discovery demands and produce documents responsive to those requests. Your failure to do so is inconsistent with the Federal Rules of Civil Procedure.

What makes your revelation that you have not searched for responsive documents all the more troubling is that you have repeatedly represented to us that you have needed time to search for, collect, and produce documents. It is for that reason that we withdrew our previously filed motion for expedited discovery. But it now appears that your representations were untrue, as you merely flipped to us documents that you had already produced to our clients, and then engaged in a half-hearted attempt to collect other communications. This perhaps explains why your production has been deficient, including why you have yet to produce any communications from non-Defendant County employees, including emails from the County's librarians.

Yesterday was also the due date for your responses and objections to Plaintiffs' RFPs propounded on September 14, 2022. You failed to provide any response, thereby waiving any objections.

We ask (again) that you provide your availability for a meet and confer. Please let us know some windows of time tomorrow or Thursday that work for you. If we do not hear from you by Thursday, we will have no choice but to file a motion to compel to secure your compliance with your discovery obligations.

Max Bernstein

BRAUNHAGEY & BORDEN LLP
Direct: (917) 583-8764

---

**From:** Max Bernstein
**Sent:** Monday, November 14, 2022 11:26 AM
**To:** Jonathan Mitchell <jonathan@mitchell.law>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>
**Cc:** Maria Calaf <mac@wittliffcutter.com>; katherine@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Ellen Leonida <Leonida@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Ryan Botkin <ryan@wittliffcutter.com>
**Subject:** RE: Little, et al. v. Llano County, et al, 1:22-cv-00424-RP

Counsel,

I am following up on the call that we had last Thursday regarding the deficiencies in your document production to date. We agreed to connect again today, so please let me know some times this afternoon that work for you, and I can circulate a dial-in.

Max Bernstein

**BRAUNHAGEY & BORDEN** LLP

Direct: (917) 583-8764

---

**From:** Max Bernstein
**Sent:** Monday, November 7, 2022 5:34 PM
**To:** Jonathan Mitchell <jonathan@mitchell.law>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Dwain K. Rogers <drogers@co.llano.tx.us>
**Cc:** Maria Calaf <mac@wittliffcutter.com>; katherine@wittliffcutter.com; Kayna Levy <kayna@wittliffcutter.com>; Ellen Leonida <Leonida@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Ryan Botkin <ryan@wittliffcutter.com>
**Subject:** Little, et al. v. Llano County, et al, 1:22-cv-00424-RP

Counsel,

The Court Reporter has informed us that we should expect the hearing transcript around November 18. Accordingly, we suggest the following post-hearing briefing schedule:

December 2, 2022 – Plaintiffs' PI Brief
December 16, 2022 – Defendants' PI Opposition
December 23, 2022 – Plaintiffs' PI Reply

Because the evidence adduced at the hearing has no bearing on Defendants' motion to dismiss, we see no basis to further brief that motion.

We also write again regarding the deficiencies in your October 14, 2022 production of documents and discovery responses. You told us at the hearing last week that your IT professional is new, but that is not an excuse for your failure to comply with the ESI protocol to which you stipulated. In fact, you made us wait a month to file the protocol because you were determining "what Llano County is capable of in regards to the ESI proposal" and determining your "system's limitations" based on conversations with your IT professional. After "meeting with [y]our IT guy," you sent us a revised protocol, in which you represented that you would produce documents with load files, in native format, and OCR'ed or including extracted text. You also agreed to not reformat, scrub, or alter documents in a manner that downgraded their usability. Despite agreeing to the aforementioned, your production did not come anywhere close to complying with the protocol to which you agreed and permitted us to file with the Court on your behalf. Accordingly, Plaintiffs again demand that you reproduce these documents in accordance with the parties' ESI stipulation and you do so by November 18.

Max Bernstein

**BRAUNHAGEY & BORDEN** LLP

Direct:  (917) 583-8764

**New York**

118 W 22nd Street, 12th Floor
New York, NY 10011
Tel: (646) 829-9403

**San Francisco**

351 California Street, 10th Floor
San Francisco, CA 94104
Tel: (415) 599-0210

----------------------------

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
//papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**