IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Leila Green Little, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § Civil Action No. 1:22-cv-00424-RP |
| | § |
| Llano County, *et al.*, | § |
| | § |
| Defendants. | § |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
SECOND MOTION FOR EXTENSION OF TIME (ECF NO. 97)**

The Court should deny Defendants' motion for a further extension of time to file a response to Plaintiffs' Motion to Compel Discovery Responses. (ECF No. 97.) Defendants' motion provides no basis as to why they could not respond to Plaintiffs' motion last week, despite already receiving a two-week extension.

"Federal Rule of Civil Procedure 6(b) permits a district court to extend the various timelines set forth in the Federal Rules of Civil Procedure." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing Fed. R. Civ. P. 6(b)). "[O]nce a time limit has run, it may be extended only upon a party's motion and only if the court finds that 'the party failed to act because of excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. 6(b)(1)(B)). Defendants have not acted with excusable neglect and their motion should be denied.

First, Defendants have not provided a sufficient basis for needing an extension to respond to a straightforward discovery motion that has been pending since December 16. ECF No. 92. Pursuant to the Local Rules, Defendants response was initially due on December 23, Local Rule CV-7 ("A response to a discovery or case management motion shall be filed not later than 7 days

1

after the filing of the motion."), but the parties agreed to a two-week extension to accommodate Defendants' counsel's schedules and the holiday season, making the new deadline January 6. Defendants now assert that on January 6, the date that their opposition was due (after receiving a two-week extension), they first "became aware of the need for additional time." ECF No. 97-1 ¶ 4. They needed this time, they say, because Mr. Mitchell had two other briefs due that same day and Mr. Rienstra and Mr. Rogers "ha[d] been in court [that] week." ECF No. 97-1 ¶¶ 4, 6(b). It is unlikely that Defendants first became aware of these conflicts—that is, two other briefs and court appearances earlier in the week—on January 6. Defendants' representation that they first learned of the need for an extension on the date that the brief was due should be rejected.

Defendants next argue that Plaintiffs will not be prejudiced if the Court grants the extension because Plaintiffs already have evidence "necessary for their closing argument brief" and all "Plaintiffs seek is the metadata for emails already produced." ECF No. 97-1 ¶ 6(a). This is not true. Plaintiffs are not merely seeking metadata for emails already produced; rather, Plaintiffs are seeking additional, critical documents, including "(1) emails from the County's Yahoo! accounts, which all individual librarians used to communicate with each other during the relevant period; (2) email attachments for hundreds of emails; and (3) text, social media, and messaging application messages." ECF No. 92 at 1. This contemporaneous evidence is highly salient of Defendants' intent and is central to Plaintiffs' Motion. Further, and perhaps most critically, Defendants conflate their obligation to produce responsive evidence with their obligation to respond to Plaintiffs' motion. *When* Defendants ultimately produce these documents has no bearing on their ability to respond to Plaintiffs' motion.

Finally, Defendants argue that they have acted in good faith and that they "have been working diligently to produce discovery notwithstanding defendants['] limited resources." ECF

2

No. 97-1 ¶ 6(e). This argument is unavailing. Defendants' conduct in discovery in this case has been anything but diligent. Indeed, Defendants admit that they did not even begin searching for responsive documents until December 10, 2022, ECF No. 97-1 ¶ 6(a), which not only calls into question their representations that they searched for and produced responsive documents between June and October 2022, ECF Nos. 92-3, 92-8, 92-9; but also underscores Defendants' failure to comply with their discovery obligations. *See* ECF No. 92 at 2-4. Defendants' repeated failures and delay tactics should not be rewarded. Indeed, Defendants have now ensured that both of Plaintiffs' post-hearing briefs were submitted without the benefit of critical discovery to which Plaintiffs are entitled and without Defendants' response to Plaintiffs' motion to compel.

In sum, Defendants have offered no reasonable justification for their failure to timely respond to Plaintiffs' motion to compel, and their request for an additional two weeks must be rejected.

Dated: January 10, 2023                           Respectfully submitted,

                                                  /s/ *Ellen Leonida*
                                                  Ellen V. Leonida (CA Bar No. 184194)
                                                  Matthew Borden (CA Bar No. 214323)
                                                  J. Noah Hagey (CA Bar No. 262331)
                                                  Max Bernstein (NY Bar No. 5609037)
                                                  **BraunHagey & Borden LLP**
                                                  351 California Street, 10th Floor
                                                  San Francisco, CA 94104
                                                  Tel:  415-599-0210
                                                  Fax: 415-276-1808
                                                  leonida@braunhagey.com
                                                  borden@braunhagey.com
                                                  hagey@braunhagey.com
                                                  bernstein@braunhagey.com

                                                  Ryan A. Botkin (TX Bar No. 00793366)
                                                  Katherine P. Chiarello (TX Bar No. 24006994)
                                                  María Amelia Calaf (TX Bar No. 24081915)
                                                  Kayna Stavast Levy (TX Bar No. 24079388)

**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 10, 2023, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

                                          */s/ Ellen Leonida*
                                          Ellen V. Leonida