IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § § | |
| Defendants. | § § § | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' THIRD MOTION FOR EXTENSION OF TIME (ECF NO. 105)

The Court should deny Defendants' motion for a further extension of time to file a response to Plaintiffs' Motion to Compel Discovery Responses and for Sanctions. (ECF No. 105.) Defendants' motion misrepresents the state of discovery production, falsely asserts that there is no disagreement between the parties, and does not even attempt to explain why Defendants are requesting nearly two months to respond to a straightforward motion for discovery.

"Federal Rule of Civil Procedure 6(b) permits a district court to extend the various timelines set forth in the Federal Rules of Civil Procedure." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing Fed. R. Civ. P. 6(b)). "[O]nce a time limit has run, it may be extended only upon a party's motion and only if the court finds that 'the party failed to act because of excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. 6(b)(1)(B)). Defendants have not acted with excusable neglect and their motion should be denied.

First, Defendants have not provided *any* basis for needing an extension to respond to Plaintiffs' Motion for Discovery and Sanctions, which has been pending since December 16.

(ECF No. 92.) Pursuant to the Local Rules, Defendants' response was initially due on December 23, Local Rule CV-7 ("A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion."), but Plaintiffs agreed to a two-week extension to accommodate Defendants' counsel's schedules and the holiday season, making the new deadline January 6. Defendants then obtained another two-week extension, to January 20, on the grounds that their attorneys were otherwise occupied and did not have time to respond to Plaintiffs' motion. (ECF No. 97-1 ¶¶ 4, 6(b).) In their latest request for an extension, Defendants do not assert *any* grounds for requiring more time to respond to Plaintiffs' motion. Rather, Defendants continue to conflate their obligation to produce responsive evidence with their obligation to respond to Plaintiffs' motion. *When* Defendants ultimately produce these documents, however, has no bearing on their ability to respond to Plaintiffs' motion.

      Defendants also claim that they should be excused from responding to Plaintiffs' motion because Defendants agree that Plaintiffs are entitled to "these native-format electronic documents" and that producing those documents "should obviate the discovery dispute." (ECF No. 105 at 1.) But Plaintiffs' motion is not based simply on a disagreement over access to ESI or native documents: Defendants seek specific documents (including the Yahoo! emails exchanged between librarians) which have yet to be produced and are not addressed anywhere in the repeated requests for additional time. Nor do Defendants' pleadings acknowledge that the motion asks them to address their misrepresentations—to Plaintiffs and to the Court—that they already had searched for and produced the discovery at issue. (ECF No. 92 at 8 ("Defendants' history of noncompliance and misrepresentation demonstrates that they will not search for and produce documents responsive to Plaintiffs' RFPs absent a court order.").)

Moreover, Plaintiffs motion also seeks sanctions for Defendants' violations of Rule 26(g)(3). (*Id.* at 10.) Defendants' claim that they are now, finally, in the process of producing the discovery they said they had produced months ago, does not "obviate" Plaintiffs' motion for sanctions.

In sum, Defendants have offered no reasonable justification for their failure to timely respond to Plaintiffs' motion to compel, and their request for an additional two weeks must be rejected.

Dated: January 24, 2023       Respectfully submitted,

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323
J. Noah Hagey (CA Bar No. 262331)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel:  415-599-0210
Fax: 415-276-1808
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 24, 2023, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

                */s/ Ellen Leonida*
                Ellen V. Leonida