UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Leila Green Little**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**Llano County**, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00424-RP |

### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

On December 16, 2022, the plaintiffs filed a motion to compel and motion for sanctions that repeatedly accused the individual defendants of failing to respond to interrogatories that the plaintiffs had served on September 14, 2022.[1] That accusation was untrue, as each of the individual defendants had served their interrogatory responses on the agreed-upon deadline of November 14, 2022. *See* Exhibits 3–4. The plaintiffs also failed to confer with us about these supposedly missing interrogatory responses before asking the Court to impose discovery sanctions, in violation of the local rules. *See* Local Rule 7(g).

We confronted plaintiffs' counsel about these falsehoods on January 31, 2023, and they have since moved to file a corrected brief. *See* ECF No. 112. Unfortunately,

---

1. *See* Mot. to Compel, ECF No. 92, at 2 ("Llano County's response to Plaintiffs' Second Set of RFPs was woefully deficient, and none of the other Defendants have responded to Plaintiffs' second set of discovery requests at all."); *id.* at 6 ("The individual Defendants fail to respond to the Second RFPs and Interrogatories on the agreed extended deadline."); *id.* at 9 ("Plaintiffs served their Second Set of Discovery Requests—including RFPs and Interrogatories on each Defendant—on September 14, 2022. To date, the individual Defendants have not responded or objected to those requests, nor have they produced any responsive documents."); *id.* at 10 ("[I]ndividual Defendants failed to respond to Plaintiffs' Second Set of Discovery Requests").

the plaintiffs' claim that we never answered their interrogatories is only the first of the falsehoods and misrepresentations that appear in their motion and supporting declaration.

Let us begin with the plaintiffs' claim that we "admitted" that we "did not search for any documents responsive to Plaintiffs' First Set of RFPs" and that we "only reproduced documents they had gathered in response to pre-litigation public records requests." *See* Mot. to Compel, ECF No. 92, at 1.[2] That is an outright falsehood and fabrication. Defendants' counsel have never made any such admission, either in writing or on the phone. *See* Rienstra Decl. ¶ 15 (attached as Exhibit 1); Mitchell Decl. ¶¶ 7–8 (attached as Exhibit 2); The following passage in paragraph 15 of Mr. Bernstein's declaration is also false:

> [O]n the November 10, 2022 call, Defendants' counsel admitted that Defendants did not search for any documents in response to Plaintiffs' First Set of Discovery Requests, served on May 11, 2022. Rather, Defendants just turned over what they had already collected and provided to certain Plaintiffs pursuant to pre-litigation Texas Public Information Act requests.

Bernstein Decl., ECF No. 92-1, at ¶ 15. What we "admitted" was that we did not search for specified terms that the plaintiffs thought we should search for when reviewing our clients' e-mails. *See* Mitchell Decl. ¶ 8. That is a far cry from an admission that we did not conduct any "search" at all in response to the plaintiffs' first set of discovery requests. The defendants *did* search for documents in response to the first request for RFPs, and they did so independently of their response to the previous open-records request.

---

2. *See also* Mot. to Compel, ECF No. 92, at 3 ("Defendant[s] subsequently admitted, however, that they had not made any effort to search for documents or communications in response to Plaintiffs' First Set of RFPs."); *id*. at 6 ("Defendants . . . admit that [they] had not searched for any documents or communications in response to Plaintiffs' First Set of RFPs. Instead, they produced only documents they had already gathered in response to prior TPIA requests.").

The defendants' claim that the "PDF versions of emails" that we produced were "stripped of all attachments" is also false. *See* Mot. to Compel, ECF No. 92, at 3. Many of the e-mail PDFs that the defendants produced included PDFs of the attachments, although some attachments were omitted, and we have attached those e-mail PDFs as an exhibit to this brief. *See* Mitchell Decl. ¶ 10; Exhibits 5–6. For example, the Court will see that the e-mails of Bonnie Wallace include PDFs of the attachments on bates-stamped pages 3, 12–14, 18, 105–106, 109, 112–113, 115, 121–122, and 125. *See* Exhibit 5. And the e-mails of Jerry Don Moss include PDFs of attachments on bates-stamped pages 3–4, 8–9, 12, 48–55, 60–67, and 72. *See* Exhibit 6.

Finally, the plaintiffs' claims that we are "intentionally withholding" documents are false. The defendants have made clear throughout this discovery dispute that they agree that the plaintiffs are entitled to the documents that they are requesting. The delay in producing the requested documents is the result of resource constraints in Llano County and in its county attorney's office, not because the defendants have the documents ready but are refusing to turn them over. *See* Rienstra Decl. ¶ 8. Accusing a litigant of "intentionally withholding" documents in this situation is false and defamatory.

## I.   THE MOTION TO COMPEL SHOULD BE DENIED AS MOOT

The motion to compel should be denied as moot because the defendants have agreed to provide all of the requested e-mails in their native format consistent with the plaintiffs' requests. They have already produced many of these e-mails to the plaintiffs' satisfaction and will soon provide the remainder of these native-format e-mails. To date, the defendants have produced and sent to plaintiffs' counsel through Dropbox the following electronically stored information (ESI):

    a.  Judge Ron Cunningham's official Llano County emails;

    b.  Commissioner Peter Jones's official Llano County emails;

      c.  Commissioner Linda Raschke's official Llano County emails;

      d.  Commissioner Mike Sandoval's official Llano County emails;

      e.  Commissioner Jerry Don Moss's official Llano County emails; and

      f.  Llano Library Director Amber Milum's official Llano County emails, including the emails from her prior library email address at Yahoo.

*See* Rienstra Decl. ¶¶ 4–6. Plaintiffs' counsel has informed us that they have successfully accessed this ESI that we have produced. *See* Mitchell Decl. ¶ 12.

    The remaining requested e-mails are from Commissioner Moss's hotmail account and the e-mails of Bonnie Wallace, Ronda Schneider, Rochelle Wells, and Gay Baskin, each of which the defendants expect to produce by the end of next week. *See id.* at ¶¶ 5–6. The defendants had hoped to produce some or all of these before the filing of this brief, but the Llano County offices are currently closed due to a weather event affecting the entire Texas Hill Country. *See id.* at ¶ 7. Regardless, these native-format e-mails will soon be in the hands of plaintiffs' counsel, which will moot the motion to compel.

    There is no dispute between the parties that the plaintiffs are entitled to these documents—and there has never been any such dispute. The delay in production is attributable to the limited resources of Llano County and its county attorney's office. *See id.* at 8. Counsel for the plaintiffs have overwhelmed a small county and its employees by demanding these all of these e-mails in their native format, which is (understandably) taking time for the county to produce, especially when the plaintiffs are demanding e-mails from private accounts that are not provided or controlled by the county. It is a misuse of a motion to compel for the plaintiffs to demand judicial intervention when the defendants agree on the plaintiffs' entitlement to the documents and have begun producing them, but are struggling to produce those documents given the size of the discovery demand and the limited resources at their disposal.

## II. The Court Should Deny The Plaintiffs' Request For Sanctions

The accusations in the plaintiffs' request for sanctions are false. The defendants have fully responded to the plaintiffs' interrogatories, and they are producing and will soon finish producing the requested e-mails in their native format. *See* Mitchell Decl. ¶¶ 3–6; Rienstra Decl. ¶¶ 3–7. The defendants also conducted a search for documents in response to the first and second sets of RFPs. *See* Mitchell Decl. ¶¶ 7–8. Attorneys are not required to instruct their clients to conduct specific-word searches when asking them to produce e-mails, and the plaintiffs have no evidence that the failure to conduct specific-word searches led to the inadvertent withholding of any responsive document. Nor do they cite any authority that supports imposing sanctions for not conducting specific-word searches in response to a discovery request.

The plaintiffs' remaining complaints about the defendants' behavior in discovery are disingenuous. When the parties agreed to expedited discovery, the plaintiffs did not ask for ESI or demand that e-mails be produced in their native format. *See* Rienstra Decl. at ¶ 10. Nor did plaintiffs' counsel complain before the depositions that they wanted attachments for each of the contemporaneous emails. *See id.* So the plaintiffs have no basis for complaining about the defendants' initial production of documents, and the defendants have not done anything that remotely warrants sanctions.

## CONCLUSION

The plaintiffs' motion to compel and motion for sanctions should be denied.

Respectfully submitted.

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)

Dwain K. Rogers
Texas Bar No. 00788311
County Attorney

Matthew L. Rienstra
Texas Bar No. 16908020
First Assistant County Attorney

<div style="display: flex; justify-content: space-between;">

Llano County Attorney's Office  
Llano County Courthouse  
801 Ford Street  
Llano, Texas 78643  
(325) 247-7733  
dwain.rogers@co.llano.tx.us  
matt.rienstra@co.llano.tx.us  

jonathan@mitchell.law

</div>

Dated: February 3, 2023                                         *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on February 3, 2023, I served this document through CM/ECF upon:

Ellen V. Leonida
Matthew Borden
J. Noah Hagey
Sarah Salomon
Pratik Ghosh
Amy Senia
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, California 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
senia@braunhagey.com

Ryan A. Botkin
Katherine P. Chiarello
María Amelia Calaf
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com

*Counsel for Plaintiffs*

                                                  /s/ Jonathan F. Mitchell
                                                 Jonathan F. Mitchell
                                                 *Counsel for Defendants*