**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| Leila Green Little, *et al.*, | § |
| Plaintiffs, | § |
| v. | § Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § |
| Defendants. | § |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR SANCTIONS**

Plaintiffs move to compel Defendants to produce documents that they have been withholding in violation of their discovery obligations—contrary to their representations to the Court—and ask the Court to issue sanctions. Defendants appear to have intentionally withheld critical documents that should have been presented to the Court at the evidentiary hearing on Plaintiffs' Motion for a Preliminary Injunction (the "PI Hearing" and "PI Motion," respectively).

*First*, Defendants recently admitted—after their witnesses were deposed and after the PI Hearing—that they did not search for *any* documents responsive to Plaintiffs' First Set of RFPs. Rather, they only re-produced documents they had gathered in response to pre-litigation public records requests. *Second*, Llano County's response to Plaintiffs' Second Set of RFPs was woefully deficient, and none of the other Defendants have responded to Plaintiffs' second set of RFPs *at all*. Defendants initially refused to respond to inquiries about what documents they were collecting to remedy their discovery violations, and when they finally did so, it became apparent that they are still withholding responsive documents.

The evidence Defendants are withholding is critical and should have been used in depositions and presented to the Court at the PI Hearing. They still have not produced: (1) emails from the County's Yahoo! accounts, which all individual librarians used to communicate with each other during the relevant period; (2) email attachments for hundreds of emails; and (3) text, social media, and messaging application messages. These missing communications go to the core issue in Plaintiffs' PI Motion: Defendants' intent when removing books from the Library. Accordingly, Plaintiffs move to compel Defendants' full responses to all of Plaintiffs' RFPs and for monetary sanctions as provided under Rules 26(g)(3) and 37.

**BACKGROUND**

I.   **OUTSTANDING DISCOVERY**

Defendants have failed to respond to the following discovery requests consistent with the requirements of Rule 26 and the parties' agreed ESI protocol ("ESI protocol").[1]

A.   **Defendants' First Production Is Deficient**

On May 11, 2022, Plaintiffs filed a Motion for Expedited Discovery in support of their PI Motion, (ECF No. 23), and served their first discovery demands on Defendants Llano County, Moss, Milum, and Wallace. (ECF No. 23-1; ECF No. 23-2; ECF No. 23-3.) On June 22, 2022, all four Defendants provided written responses, certified by their counsel, agreeing to provide all existing, responsive, non-privileged documents to the following RFPs [2]:

> 1.   All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.
>
> 2.   All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.
>
> 3.   All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital eBook and audiobook platforms or collections.
>
> 4.   All DOCUMENTS SUFFICIENT to identify and COMMUNICATIONS RELATED TO all MATERIALS that have been RESTRICTED or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

---

[1] On October 7, 2022, the parties filed an agreed-upon protocol governing the production of ESI. (ECF No. 74.) Defendants took over a month to review the protocol and meet with their "IT guy" before agreeing to its terms. (Ex. A ("Bernstein Decl.") Ex. 6 at 1.) Pursuant to the ESI protocol, the parties agreed to produce ESI in native form, with metadata, load files, and searchable text, and all emails with their attachments as maintained in the ordinary course of business; and not "reformat, scrub, or alter the ESI to intentionally downgrade the usability of the data." (ECF No. 74 ¶¶ 12-20.)

[2] Defendants initially opposed Plaintiffs' motion (ECF No. 33), but subsequently withdrew their opposition and agreed to produce documents by June 21, 2022. (ECF No. 39 ¶ 2.) Relying on Defendants' representations, Plaintiffs agreed to vacate the hearing on their motion. (*Id.* at 2.)

      5.      All COMMUNICATIONS identifying and DOCUMENTS SUFFICIENT to identify all MATERIALS that the LIBRARY BOARD intends or plans to RESTRICT or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

      6.      All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the COLLECTION REVIEW COMMITTEE in determining which MATERIALS to RESTRICT or remove from the LIBRARY SYSTEM.

(Bernstein Decl. Ex. 2.) That same day, Defendants produced (purportedly) responsive documents. (ECF No. 57-1 ("Salomon Decl.") ¶ 3.)

Defendant subsequently admitted, however, that they had not made any effort to search for documents or communications in response to Plaintiffs' First Set of RFPs. (Bernstein Decl. ¶ 15.) Instead, they produced only documents they had already gathered in response to previous Texas Public Information Act ("TPIA") requests made by an individual Plaintiff before this litigation started. (*Id.*) But those TPIA requests were only directed at Llano County, not Defendants Milum, Wallace, or Moss, (Bernstein Decl. Ex. 1), and the TPIA requests did not seek any information responsive to RFPs Two, Three, Four, or Six. (*See* ECF No. 23-3 at 6-7; Bernstein Decl. Ex. 1.)

Moreover, communications Defendants produced were PDF versions of emails, stripped of all attachments and metadata. (Salomon Decl. ¶ 5.) Plaintiffs spent a month asking for the email attachments, to no avail. (*Id.* ¶ 6.) When Defendants finally produced some attachments—after the depositions of Defendants Moss, Milum, and Wallace were over—they were all in PDF form (without metadata), so Plaintiffs were unable to confirm whether Defendants had produced all attachments or which attachments corresponded to which emails. (*Id.*)

    B.    **Defendants' Second Production Is Deficient**

On September 14, 2022, Plaintiffs served on Defendants their second set of discovery requests, including a set of RFPs and interrogatories on each Defendant. (Bernstein Decl. Exs. 4-

3

5.) Defendants represented that they could not respond to all the requests by the October 14, 2022 deadline, so, in order to have at least partial discovery prior to the PI hearing, Plaintiffs agreed that if Llano County responded to the discovery requests by October 14, the other Defendants could have until November 14 to respond. (*Id.* Ex. 6 at 1, 4.)

On October 14, 2022, Llano County provided written responses, certified by their counsel, agreeing to provide all responsive, non-privileged documents to Plaintiffs' Second Set of RFPs. (*Id.* ¶ 11.) The RFPs at issue in this motion include:

- All communications between library staff (RFP 7), including "ALL COMMUNICATIONS sent by LIBRARY STAFF from their Yahoo email accounts, or any other non-COUNTY accounts, related to the LIBRARY SYSTEM" (RFP 25); and all communications between commissioners regarding the library system (RFP 8);

- All communications regarding: library policies (RFP 9); Plaintiffs (RFP 10); this lawsuit (RFP 14); OverDrive (RFP 18); Bibliotheca (RFP 19); and the donor of banned books to the library (RFP 20); and

- All complaints related to Defendants' censorship (RFP 17) or Amber Milum (RFP 26).

(*Id.* Ex. 4 at 60-63.) That same day, Llano County produced documents purportedly responsive to Plaintiffs' Second Set of RFPs. (Bernstein Decl. ¶ 11.)

Defendants subsequently admitted, however, that they had not conducted a comprehensive search of Llano County's ESI for the requested discovery. Rather, they asked individual Defendants to search their email accounts for "library-related" communications, which the individual Defendants printed and gave to counsel. (*Id.* ¶¶ 15, 17.) Defendants did nothing to ensure that the individual Defendants completed a thorough search, such as providing a list of search terms. (*Id.* ¶ 17.) Defendants also completely failed to search County emails for communications—the subject of RFPs 7 and 25. This meant that librarians' Yahoo! email accounts—which all librarians had been told to use for all Library business during the relevant time period, (ECF No. 59-8 ¶ 26)—were not searched at all. Defendants also did not search their

4

phones, social media, or any other repository beyond their primary or work email addresses, despite Plaintiffs' demands seeking all relevant communications. (ECF No. 23-3 at 4-5, 13, 20-21, 29.)

Moreover, the documents Defendants did produce did not comply with the ESI protocol. Among other things, they were missing metadata and load files, were not produced in native format, and were not text searchable. (Bernstein Decl. ¶ 11.) And Defendants had again converted emails to PDFs prior to producing them, thereby reformatting, scrubbing, and altering the ESI in a way that downgraded the usability of the data, squarely in violation of the ESI protocol. (*Id.*)

To date, the individual Defendants have not provided responses or objections to Plaintiffs' second set of RFPs, nor have they produced any documents. (*Id.* ¶ 24.)

## II.    PLAINTIFFS' ATTEMPTS TO MEET AND CONFER

This unnecessary discovery dispute is now effectively six months old. A brief summary of the Plaintiffs' efforts to resolve this dispute follows:

**June 22, 2022** – Defendants claim to provide responsive discovery, but it is grossly incomplete and missing email attachments. (Salomon Decl. ¶ 5.)

**June 26 – July 27, 2022** – Plaintiffs repeatedly ask Defendants for the email attachments missing from Defendants' first production. When Defendants finally produce the purported attachments, they are in a form that makes it impossible to confirm whether Defendants had produced all attachments or to determine which attachments corresponded to which emails. (*Id.* ¶ 6.)

**October 14, 2022** – With only two weeks left before the PI Hearing, Llano County produces purportedly responsive documents to Plaintiffs' Second Set of RFPs, but the production

fails to comply with the ESI protocol. Plaintiffs subsequently push Defendants to provide a compliant production. Defendants ignore this request. (*See* Bernstein Decl. ¶ 12; Ex. 9.)

**November 10, 2022** – Defendants finally respond to Plaintiffs' efforts to resolve their ongoing discovery dispute and admit that Defendants *had not searched for any documents or communications in response to Plaintiffs' First Set of RFPs*. Instead, they produced only documents they had already gathered in response to prior TPIA requests. (*Id.* ¶ 15.) Defendants also claim that they are not capable of complying with the ESI protocol they agreed to. (*Id.* ¶ 15; Exs. 3, 6.) Defendants further admit that they failed to search County emails for communications in response to Plaintiffs' Second Set of RFPs, relying instead on the individual defendants to do so, and took no steps to oversee that search. (*Id.* ¶ 17.) At the end of the November 10 meet and confer, Defendants agree to provide an update on their compliance efforts on November 14. (Bernstein Decl. ¶ 15.)

**November 14, 2022** – The individual Defendants fail to respond to the Second RFPs on the agreed extended deadline. (*See id.*, ¶¶ 9, 22-23.) Defendants also fail to reply to Plaintiffs' November 14 or November 15 emails requesting a time to speak and laying out Plaintiffs' position regarding Defendants' discovery deficiencies and requesting to meet and confer. (*Id.* ¶ 16.)

**November 28, 2022** – Defendants again admit their failures to date but state that they are beginning to do a proper collection and are in the process of collecting individual librarians' emails. (Bernstein Decl. ¶ 17.) Shortly thereafter, Plaintiffs email Defendants, asking to confirm the steps they are taking to comply with their discovery obligations and for a date certain by which they intended to produce the newly collected documents. (Bernstein Decl. Ex. 10 at 7-8.) Defendants do not respond, despite having agreed to do so within two days.

**December 9, 2022** – Plaintiffs again email Defendants, requesting a response by December 12, 2022 at 5:00 p.m. (*Id.* at 6-7.) An hour before that deadline, Defendants send an email stating that the "County's IT manager just received the files (Outlook PST form)," that Defendants "still need to run a search to strip out the 'library' related emails," and that they would produce the emails "in an electronic form." (*Id.* at 5-6.) Plaintiffs respond later that day, explaining that Defendants' opaque response fails to answer basic questions that Plaintiffs had been asking for over a month, such as whose documents had been collected, what search terms Defendants had employed, and when the documents would be produced. (*Id.* at 3-5.) Plaintiffs add that, "we will have no choice but to seek relief from the Court" if Defendants do not respond by 10:00 a.m. on December 13. (*Id.* at 4.)

**December 13**, **2022** – At approximately 4:00 p.m., Defendants write that they have begun to gather and review some documents, which they previously represented they had done back in June. (*Id.* at 1-3.) Defendants admit that they have still not collected any of the librarians' Yahoo! accounts. (*Id.* at 1-2.) Defendants Wells, Schneider, Baskin, and Moss also admit that they did not run any search terms over their emails prior to producing documents, and still refuse to do so.[3] (*Id.* at 2.) Defendants do not produce any additional documents; nor do they explain what documents they collected, when that collection was done, or when they intend to produce.

## ARGUMENT

A party who is served with RFPs and interrogatories pursuant to Rules 33 and 34 has a "duty to respond to or answer [each] discovery request to the extent that it is not objectionable."

---

[3] Defendant Wallace previously ran search terms across her email account, but those terms were not designed to find evidence related to the issues in this case. (*Id.*) For example, Defendants' terms do not include the key terms in this dispute, including "books," "library," "CRT," or "LGTBQ."

7

*Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). "When a request for production or an interrogatory is not answered, the party seeking discovery may move for an order compelling production against the nonresponding party under Federal Rule of Civil Procedure 37(a)(3)." *A.M. Castle & Co. v. Byrne*, 123 F. Supp. 3d 895, 899 (S.D. Tex. 2015).

I.     **DEFENDANTS MUST PROPERLY RESPOND TO PLAINTIFFS' FIRST SET OF RFPS**

For the first few months of this case, Defendants represented to Plaintiffs that they were searching for, collecting, and producing documents responsive to Plaintiffs' First Set of RFPs. (*See* ECF No. 39.) Defendants told the Court that they would provide responsive documents, (ECF No. 39 ¶ 2), and they later certified that they had provided responsive documents. (Bernstein Decl. Ex. 2); Fed. R. Civ. P. 26(g). They subsequently admitted that they had not done that. Rather, Defendants collected and produced only those documents they had previously gathered in response to TPIA requests made before this litigation was initiated. (Bernstein Decl. ¶ 15.) This is a gross abdication of Defendants' obligation to engage in good-faith discovery. *See Heller*, 303 F.R.D. at 485 (responding party must make a reasonable inquiry and exercise due diligence in doing so to determine the proper response and/or objections).

Defendants' failure to perform any inquiry, let alone exercise due diligence in undertaking that inquiry, is a violation of the Federal Rules. Fed. R. Civ. P. 26(g), 34(b)(2). Defendants have persistently refused to comply with their discovery obligations, to engage with Plaintiffs' counsel, and to produce relevant documents—and they have misrepresented their collection and production efforts for months. Defendants' history of noncompliance and misrepresentation demonstrates that they will not search for and produce documents responsive to Plaintiffs' RFPs absent a court order.

## II. DEFENDANTS MUST PROPERLY RESPOND TO PLAINTIFFS' SECOND SET OF DISCOVERY REQUESTS

Plaintiffs served their Second Set of RFPs on each Defendant on September 14, 2022. To date, the individual Defendants have not responded or objected to those requests, nor have they produced any responsive documents. Because the individual Defendants have not asserted any objections, they cannot "escape the production requirement." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding "in order to escape the production requirement," defendant "must have a valid objection to each [RFP or interrogatory]"). And by failing to timely object to Plaintiffs' RFPs, individual Defendants have waived any objections. *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Individual Defendants must therefore respond in full.

For its part, Llano County responded incompletely to Plaintiffs' Second Set of Discovery Requests. The County has not conducted a proper search or collection of relevant documents nor has it produced any documents from the librarians' Yahoo! accounts. The emails the County did produce were in an unusable format that violated the ESI protocol to which the Defendants agreed. The law is clear that simply producing a jumbled mess of documents that are responsive to Plaintiffs' document requests does not satisfy Rule 34. *Program Mgmt. Int'l v. Tetra Tech EC, Inc.*, No. 5:09-cv-877-OLG, 2010 WL 11601879, at *3 (W.D. Tex. Sept. 3, 2010). This Court should thus compel the County to respond fully to Plaintiffs' RFPs, and do so in compliance with the ESI protocol.[4]

---

[4] If Defendants maintain that they cannot comply with the ESI protocol—despite taking more than a month to review it and discuss it with their IT personnel—Plaintiffs should be permitted to find a neutral third-party vendor to conduct the collection and production, at Defendants' cost.

9

### III. THE COURT SHOULD ORDER DEFENDANTS TO PAY PLAINTIFFS COSTS AND FEES AND SHOULD PERMIT PLAINTIFFS TO SUPPLEMENT THE RECORD AT DEFENDANTS' COST

Because individual Defendants failed to respond to Plaintiffs' Second Set of RFPs, the Court should order Defendants to pay the reasonable expenses, including attorneys' fees, caused by that failure. Fed. R. Civ. P. 37(d)(3). The Court should also sanction Defendants for their failure to conduct a reasonable inquiry into Plaintiffs' First Set of RFPs and Second Set of RFPs to Llano County, and thus their failure to provide adequate responses. In responding to discovery requests, parties and their counsel are required to conduct a "reasonable inquiry" to ensure their responses are accurate and complete. Fed. R. Civ. P. 26(g); *see Heller*, 303 F.R.D. at 485. "In the era of e-discovery, attorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search." *De Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, 2013 WL 4511925, at *2 (N.D. Cal. 2013) (citation omitted). A party's failure to conduct this baseline inquiry prior to responding to discovery requests is grounds for sanctions. *See, e.g.*, *Metro. Opera Ass'n, Inc. v. Local 100*, 212 F.R.D. 178, 221-22 (S.D.N.Y. 2003) (imposing sanctions on counsel for failure to inquire into the adequacy of their client's search for relevant documents).

Under Rule 26(g)(3) a party making improper certifications may be required "to pay the reasonable expenses, including attorney's fees, caused by the violation." Defendants' conduct lacks substantial justification. Accordingly, Rule 26(g) sanctions "must be imposed." *Metro. Opera Ass'n*, 212 F.R.D. at 221. Additionally, Plaintiffs should be permitted to supplement the record on their PI Motion and to re-depose Defendants, if needed, at Defendants' expense.

### CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and enter the accompanying [Proposed] Order.

Dated: December 16, 2022　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *Ellen Leonida*
　　　　　　　　　　　　　　　　　　　　Ellen V. Leonida (CA Bar No. 184194)
　　　　　　　　　　　　　　　　　　　　Matthew Borden (CA Bar No. 214323)
　　　　　　　　　　　　　　　　　　　　J. Noah Hagey (CA Bar No. 262331)
　　　　　　　　　　　　　　　　　　　　Max Bernstein (NY Bar No. 5609037)
　　　　　　　　　　　　　　　　　　　　**BraunHagey & Borden LLP**
　　　　　　　　　　　　　　　　　　　　351 California Street, 10th Floor
　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94104
　　　　　　　　　　　　　　　　　　　　Tel & Fax: 415-599-0210
　　　　　　　　　　　　　　　　　　　　leonida@braunhagey.com
　　　　　　　　　　　　　　　　　　　　borden@braunhagey.com
　　　　　　　　　　　　　　　　　　　　hagey@braunhagey.com
　　　　　　　　　　　　　　　　　　　　bernstein@braunhagey.com

　　　　　　　　　　　　　　　　　　　　Ryan A. Botkin (TX Bar No. 00793366)
　　　　　　　　　　　　　　　　　　　　Katherine P. Chiarello (TX Bar No. 24006994)
　　　　　　　　　　　　　　　　　　　　María Amelia Calaf (TX Bar No. 24081915)
　　　　　　　　　　　　　　　　　　　　Kayna Stavast Levy (TX Bar No. 24079388)
　　　　　　　　　　　　　　　　　　　　**Wittliff | Cutter PLLC**
　　　　　　　　　　　　　　　　　　　　1209 Nueces Street
　　　　　　　　　　　　　　　　　　　　Austin, Texas 78701
　　　　　　　　　　　　　　　　　　　　Tel: 512-960-4730
　　　　　　　　　　　　　　　　　　　　Fax: 512-960-4869
　　　　　　　　　　　　　　　　　　　　ryan@wittliffcutter.com
　　　　　　　　　　　　　　　　　　　　katherine@wittliffcutter.com
　　　　　　　　　　　　　　　　　　　　mac@wittliffcutter.com
　　　　　　　　　　　　　　　　　　　　kayna@wittliffcutter.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 16, 2022 a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

*/s/ Ellen Leonida*
Ellen V. Leonida