# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DECLARATION OF MAX BERNSTEIN
IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

I, Max Bernstein, declare:

1.     I am an attorney at BraunHagey & Borden LLP and counsel of record for

Plaintiffs in the above-captioned matter. I make this declaration based on personal knowledge

and if called upon to testify, I could and would testify competently to the facts stated herein.

2.     In or around February through April of 2022, Plaintiff Kathy Kennedy submitted

to Llano County requests under the Texas Public Information Act ("TPIA"), Chapter 552, Texas

Government Code, for documents related to the Llano County Library System. Attached hereto

as **Exhibit 1** are true and correct copies of the letters received by Ms. Kennedy from County

Attorney Matthew Rienstra in response to seven of those requests.

3.     On May 11, 2022, Plaintiffs served on Defendants Amber Milum, Bonnie

Wallace, Jerry Don Moss, and Llano County their first set of Requests for Production ("RFPs"),

Interrogatories, and Requests for Admission. (ECF No 23-1; ECF No. 23-2; ECF No. 23-3.)

4.     On June 22, 2022, Defendants Amber Milum, Bonnie Wallace, Jerry Don Moss,

and Llano County provided responses and objections to Plaintiffs' First Set of RFPs, and

attached hereto as **Exhibit 2** are true and correct copies of Defendants' responses and objections to Plaintiffs' First Set of RFPs.

5.      On September 7, 2022, Plaintiffs sent to Defendants a proposed protocol governing the production of electronically stored information (the "ESI protocol"). Following numerous follow-up emails, Defendants' counsel emailed back stating, "I am meeting with our IT guy tomorrow to be sure as to what Llano County is capable of in regards to the ESI proposal. We will send our edits once we know our system's limitations." The next day, Defendants' counsel sent back an edited version of the ESI protocol, with only one edit, proposing that the protocol not go into effect until after the hearing concluded on October 31, 2022. Attached hereto as **Exhibit 3** is a true and correct copy of that email chain from September 7 to 28, 2022, and Defendants' edited version of the ESI protocol.

6.      On September 14, 2022, Plaintiffs served RFPs and interrogatories on each Defendant.

7.      Attached hereto as **Exhibit 4** are true and correct copies of the RFPs served on Defendants Amber Milum, Bonnie Wallace, Gay Baskin, Jerry Don Moss, Linda Raschke, Llano County, Mike Sandoval, Peter Jones, Rhonda Schneider, Rochelle Wells, and Ron Cunningham on September 14, 2022.

8.      Attached hereto as **Exhibit 5** are true and correct copies of the interrogatories served on Defendants Bonnie Wallace, Gay Baskin, Jerry Don Moss, Linda Raschke, Llano County, Mike Sandoval, Peter Jones, Rhonda Schneider, Rochelle Wells, and Ron Cunningham on September 14, 2022.

9.      On September 28, 2022, Defendants emailed Plaintiffs, stating that they could not respond to Plaintiffs' discovery requests by October 14, and thus they requested an extension. On

October 4, 2022, the parties met and conferred regarding, among other things, the negotiation of an extension. The parties agreed that Llano County would respond to the Plaintiffs' discovery requests by October 14, and the remaining Defendants would respond no later than November 14. Plaintiffs sent Defendants an email on October 5, 2022, memorializing that agreement. The following day, Defendants agreed to Plaintiffs' ESI protocol as originally written. Attached hereto as **Exhibit 6** is a true and correct copy of the parties' email exchange, including all of the emails referenced in this paragraph.

10.     On October 14, 2022, Llano County provided responses and objections to Plaintiffs' Second Set of RFPs and interrogatories, and attached hereto as **Exhibits 7** and **8** are true and correct copies of Llano County's responses and objections.

11.     Also on October 14, Llano County made a production of documents. The production did not comply with the parties agreed-to ESI protocol. The documents were, among other things, not produced in their native format, did not contain metadata or load files, were not text searchable, and many emails did not include attachments.

12.     On October 19, 2022, Plaintiffs wrote to Defendants regarding the deficiencies in their production, and attached hereto as **Exhibit 9** is a true and correct copy of that email.

13.     Between November 7 and December 13, 2022, Plaintiffs and Defendants sent each other additional emails regarding Defendants' discovery deficiencies. Attached hereto as **Exhibit 10** is a true and correct copy of that entire email chain, the contents of which are described in greater detail below.

14.     On November 7, 2022, Plaintiffs wrote to Defendants regarding the deficiencies in their production. (Exhibit 10 at 12-13.)

15.     On November 10, 2022, Defendants' counsel called Plaintiffs' counsel without advance notice. On the call, Defendants' counsel claimed for the first time that Defendants are not capable of complying with the ESI protocol that they agreed to, despite the fact that they took nearly a month to review Plaintiffs' proposed ESI protocol, consulted with their IT personnel regarding the protocol, made edits to it, and then agreed on its substance. Also on the November 10, 2022 call, Defendants' counsel admitted that Defendants did not search for any documents in response to Plaintiffs' First Set of Discovery Requests, served on May 11, 2022. Rather, Defendants just turned over what they had already collected and provided to certain Plaintiffs pursuant to pre-litigation Texas Public Information Act requests. Further, Defendants' counsel stated that Defendants searched for documents responsive to Plaintiffs' September 14 discovery requests, but the search was done by merely asking individual Defendants to search their email accounts for "library-related" communications and then produced those results. Defendants' counsel stated that it could seek help from the Texas Association of Counties ("TAC") to do the collection of the relevant documents. The parties agreed to reconvene on November 14, 2022 so that Defendants could update Plaintiffs on the status of their efforts to comply with their discovery obligations, including whether the TAC could assist.

16.     On November 14, 2022, Plaintiffs' counsel sent Defendants' counsel an email asking for a time to connect, and the following day, Plaintiffs' counsel sent another email to Defendants' counsel trying to schedule a meet and confer. (Exhibit 10 at 10-12.)

17.     On November 28, 2022, the parties again met and conferred. On that call, Defendants' lawyers admitted that the only means by which they had thus far collected documents from Defendants was by asking Defendants to search their email accounts and print out any email that appeared responsive to Plaintiffs' RFPs. But Defendants' counsel did not

provide Defendants with a list of search terms to be used in connection with their searches, nor did Defendants or their counsel take any affirmative steps to ensure that each Defendant engaged in a comprehensive search, collection, or production. Defendants' counsel also admitted that it did not ensure that the produced documents complied with the parties' agreed-to ESI protocol. Defendants' noted that the TAC would be able to assist in the collection and production, and that the County had already collected emails from the Yahoo! accounts of the Library staff. The parties then agreed that Plaintiffs would send an email setting forth the steps they believed Defendants needed to take to comply with their discovery obligations, to which Defendants would respond within two days.

18.     Later on November 28, 2022, Plaintiffs sent an email memorializing the earlier meet and confer and setting forth a list of nine action items for Defendants to do to ensure that they complied with their discovery obligations, including requests that Defendants confirm that the TAC was assisting with a document collection and that the County had collected and planned to produce emails from the Yahoo! accounts. (Exhibit 10 at 7-8.)

19.     On December 9, 2022, Plaintiffs emailed Defendants yet again stating that they would need to take immediate action if Defendants' delays continued. Plaintiffs requested a response by December 12, 2022, at 5:00 p.m. Central Time, otherwise they would have no choice but to seek expedited relief from the Court. (Exhibit 10 at 6-7.)

20.     On December 12, less than two hours before the 5:00 p.m. deadline, Defendants responded stating, "Llano County's IT manager just received the files (Outlook PST form). He is downloading them into a searchable form due to the fact that the data production is for ALL emails sent to and from the judge, the commissioners and the library director. As of 20 minutes ago, IT is still downloading the judge's emails. We still need to run a search of the emails to strip

out the 'library' related emails. We will produce them in an electronic form so that plaintiffs' counsel can see the meta data." (Exhibit 10 at 5-6.)

21.     The aforementioned email did not respond to any of the nine questions raised in Plaintiffs' November 28 email. Accordingly, Plaintiffs responded, demanding that Defendants provide an actual response by the following morning at 10:00 a.m., or else they would have no choice but to seek relief from the Court. (Exhibit 10 at 3-5.)

22.     Nearly two hours after 10:00 a.m. the next morning, Defendants responded, "Just wanted to advise everyone on the thread that we are currently working on a response. It may not be completed and sent by 10am PST, but will be sent as soon as we complete it." Attached hereto as **Exhibit 11** is a true and correct copy of that email.

23.     At 4:00 p.m. on December 13, Defendants emailed Plaintiffs again, this time stating that they had begun to collect some documents in response to Plaintiffs' discovery demands. (Ex. 10 at 1-3.) But Defendants did not explain what documents they have collected, when that collection was done, and when Defendants intend to produce documents. Defendants also admitted that they are just now trying to collect individual librarians' Yahoo! email accounts, but have been unable to do so to date. (*Id.* at 1-2.) Further, Defendants Wells, Schneider, Baskin, and Moss also admitted that they did not run any search terms over their emails prior to producing documents, and still refuse to do so. (*Id.* at 2.) Defendant Wallace previously ran search terms across her email account, but those terms were not designed to find evidence related to the issues in this case. (*Id.*)

24.     Defendants still have not supplemented their RFP responses or produced any documents.

25.     I certify that I have met and conferred with Defendants multiple times and sent email correspondence in a good-faith effort to resolve this dispute without Court intervention. Despite these efforts going on for nearly two months, Defendants have refused to produce any additional documents or provide any additional responses to Plaintiffs' RFPs, and thus the parties could not reach an agreement regarding the issues raised herein.

## A.     BraunHagey and Borden LLP's ("BHB") Qualifications and Rates

18.     BHB is a 45-attorney boutique law firm with offices in San Francisco and New York. We routinely handle high profile, complex litigation involving antitrust, unfair competition, and other commercial matters. We appear before state and federal courts throughout the country to prosecute and defend claims involving a variety of business issues. Our clients run from Fortune 500 Companies to small businesses and encompass many different types of industries. We have successfully litigated and arbitrated disputes worth many billions of dollars.

19.     In addition to complex commercial litigation, we also handle significant pro bono and impact litigation assignments, such as litigation to protect the rights of the media to cover Black Lives Matter protests, litigation to protect the poorest and neediest nursing home residents from being dumped into the streets, litigation to facilitate the shutdown of coal power plants, litigation to contest the government's "watchlist," which is based on race, ethnicity and religion, and litigation to challenge the ongoing dictatorship in Cambodia, to name a few.

20.     Our firm's rates have been approved many times, including by the Ninth Circuit in *Walker v. B&G Foods, Inc., et al.*, Case No. 16-15349 (9th Cir., Jul. 20, 2017). *See also Optronic Technologies, Inc., v. Ningbo Sunny Electronic Co., Ltd., et al.*, Case No. 5:16-cv-06370 (N.D. Cal.), ECF No. 657; *Hill v. Robert's Am. Gourmet Food, Inc.*, Case No. C 13-80166 EDL (N.D. Cal.), *Hunt v. Sunny Delight Beverages Co.*, Case No. 18-cv-00557-JLS-DFM (C.D.

7

Cal.), *Davis v. AG Seal Beach, LLC, et al.*, Case No. BC468346 (Los Angeles Super. Ct.); *State of California ex rel. Todd Dominguez v. En Pointe Techs. Inc., et al.*, Case No. 37-2011-00100936-CU-BTL (San Diego Super. Ct.).

21.     Our attorneys received their law degrees from the most prestigious law schools in the country, served clerkships with leading federal judges, and previously worked for leading international law firms, including Morrison & Foerster LLP, Quinn Emanuel Urquhart & Sullivan LLP, Latham & Watkins LLP, Keker, Van Nest & Peters LLP, and Munger, Tolles & Olson, LLP to name a few. Our base pay for associates exceeds the "Cravath Scale" (*i.e.*, the standard lockstep salaries paid by the top AmLaw 100 firms).

22.     I am an attorney at BHB. I graduated magna cum laude from Fordham University School of Law in 2017, where I was the Editor-in-Chief of the Fordham Law Review and elected to the Order of the Coif. Prior to joining BHB, I served as a law clerk for Judge Denny Chin of the United States Court of Appeals for the Second Circuit and for Judge Cathy Seibel of the United States District Court for the Southern District of New York, and I was a litigator at Quinn Emanuel Urquhart & Sullivan LLP, in New York. My standard hourly billing rate is $520. That is the rate that clients currently pay for my services.

23.     I spent 6 efficient billable hours conducting legal research, and drafting, analyzing, and revising this Motion, totaling $3,120 in fees.

24.      Ellen Leonida is a partner at BHB. She graduated from the University of California, Berkeley, School of Law and was a federal and state public defender in the Northern District of California and Contra Costa County for over 20 years prior to joining BHB. She is the chair of BHB's Impact Practice Group and manages all of the firm's pro bono and impact litigation. She has tried over eighty cases in state and federal courts and has successfully argued

an appeal before the Ninth Circuit. Her standard hourly billing rate is $765. That is the rate that clients currently pay for her services.

25.     Ms. Leonida spent at least 3 billable hours in preparing, drafting, and revising this Motion, totaling $2,295 in fees.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


Dated: December 16, 2022                    By: _____

                                                  Max Bernstein


9

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| v. | § | **[PROPOSED] ORDER GRANTING** |
| | § | **PLAINTIFFS' MOTION TO COMPEL** |
| Llano County, *et al.*, | § | **DISCOVERY RESPONSES** |
| | § | |
| Defendants. | § | |
| | § | |

The Court, having reviewed all materials submitted in support of Plaintiffs' Motion to Compel Discovery Responses, and all other pleadings and arguments by counsel properly before the Court, and after careful consideration, hereby **GRANTS** Plaintiffs' Motion, and **ORDERS**:

1. Defendants to respond fully to Plaintiffs' May 11 RFPs within two weeks of this Order;

2. Defendants to respond fully to Plaintiffs' September 14 RFPs within two weeks of this Order;

3. Defendants to comply with the parties' agreed-to ESI protocol when producing documents, and if Defendants are unable to do so, the parties will choose a neutral, third-party vendor for collection and production, at Defendants' cost;

4. After responding to Plaintiffs' discovery requests, each Individual Defendant must certify that (i) he or she searched every one of his or her email addresses, telephones, social media applications, and messaging applications for relevant communications, (ii) no additional

1

accounts exist, and (iii) he or she produced every responsive document to counsel via Dropbox or similar application so that Defendants' counsel can produce those documents in native format.

5.      Plaintiffs are permitted to submit subsequently produced documents to the Court for review in connection with Plaintiffs' Motion for a Preliminary Injunction, and Defendants may not rebut or attempt to rebut the submission of such evidence;

6.      Plaintiffs may re-depose Defendants based on information gleaned from subsequently produced documents, at Defendant's' costs; and

7.      Defendants to pay $5,415 in reasonable costs and fees in connection with the instant motion, as set forth in the accompanying Declaration of Max Bernstein.

**IT IS SO ORDERED**.

Dated: _____          _____
                                    Hon. Robert Pitman
                                    United States District Judge