# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| Leila Green Little, *et al.*, <br><br>       Plaintiffs, <br><br>              v. <br><br> Llano County, *et al.*, <br><br>       Defendants. | § § § § § § § § § § § § § Civil Action No. 1:22-cv-00424-RP |

**PLAINTIFFS' FED. R. CIV. P. 30(a)(2)(A)(i)
OPPOSED MOTION FOR LEAVE TO EXCEED TEN DEPOSITION LIMIT**

Plaintiffs Leila Green Little, Jeanne Puryear, Diane Moster, Rebecca Jones, Richard Day, Cynthia Waring, and Kathy Kennedy (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move this Court for an order pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i) granting leave to take the depositions of nine additional witnesses (the "Motion") that are necessary for Plaintiffs to prepare their case.

This is a complex case with seven Plaintiffs, eleven Defendants, and numerous third-party witnesses, each with personal knowledge of Defendants' willful violations of Plaintiffs' First and Fourteenth Amendment rights by removing books from the Llano County Library System that Defendants disagreed with on viewpoint- or content-based grounds (the "Banned Books"). Because of the number of Defendants and non-party members of the Llano County Library Advisory Board, all of whom were involved in these Constitutional violations, Plaintiffs need the opportunity to depose more than ten witnesses to obtain evidence of these decisionmakers' intent and actions surrounding the removal of the Banned Books. This need is particularly critical where, as here, Plaintiffs can only obtain information regarding unrecorded conversations and exchanges among Defendants and their allies concerning the motive and intent for removing the Banned Books through deposition testimony. Because the proposed witnesses may each have unique perspectives and knowledge regarding these exchanges depositions will not be unreasonably cumulative, duplicative, or burdensome, which strongly supports granting this Motion.

Plaintiffs sought Defendants' stipulation to taking additional depositions prior to filing this Motion, but Defendants refused to so stipulate. (Declaration of Ellen Leonida, Ex. 1.)

**ARGUMENT**

I.    **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 30(a)(2)(A)(i), "[a] party must obtain leave of court, and *the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)*: (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31" (emphasis added). Rule 26(b)(1) sets out the broad scope of discovery available to parties litigating in federal court, permitting:

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Consistent with Rule 26's broad scope of discovery, Rule 26(b)(2)(A) vests courts with the ability to permit more than ten depositions when the "additional depositions are necessary." *Mullenix v. Univ. of Texas at Austin*, No. 1:19-CV-1203-LY-SH, 2021 WL 3474008, at *1 (W.D. Tex. Aug. 6, 2021). When the moving party can justify the necessity of the additional depositions under Rules 26(b)(1) and (2), the motion for leave to take those additional depositions should be granted. *Zenith Ins. Co. v. Texas Inst. for Surgery, L.L.P.*, No. 3:18-CV-182-D, 2018 WL 5084913, at *5 (N.D. Tex. Oct. 18, 2018) (granting leave to take 19 out of 22 proposed additional depositions, after plaintiff had already taken two depositions). When evaluating a request to exceed Rule 30's presumptive ten deposition limit, courts routinely consider the complexity of a case and the number of parties involved. *E.g.*, *United States v. RES Holdings*, No. 2:11-cv-00739-EEF-ALC, 2012 WL 4369658, at *2 ("The Court further holds that the complex facts involved in this case warrant an extension of the typical ten-deposition limit. As the Fifth Circuit noted in *McWhirter* and on many occasions since, district courts are to

2

construe the discovery rules liberally so as to effectuate their purpose of enabling parties to obtain pertinent information."); *Couch v. Wan*, No. 1:08-CV-01621-LJO-SAB, 2011 WL 4499976, at *2 (E.D. Cal. Sept. 27, 2011) ("Here, the complexity of this case justifies exceeding the presumptive deposition limit.").

**II.   PLAINTIFFS' REQUESTED DEPOSITIONS ARE NECESSARY AND COMPORT WITH THE SCOPE OF DISCOVERY ESTABLISHED BY RULE 26**

The Court should grant Plaintiffs leave to take the additional depositions requested here. In total, including the four earlier depositions taken by Plaintiffs in connection with Plaintiffs' motion for a preliminary injunction,[1] these depositions would bring Plaintiffs to a total of 19 depositions in this case. Plaintiffs specifically seek to depose the following individuals, nine of which would be above the ten-deposition limit:[2]

- Ron Cunningham, Defendant, deposition noticed for March 20, 2023;
- Linda Raschke, Defendant, deposition noticed for March 21, 2023;
- Bonnie Wallace, Defendant, deposition noticed for March 22, 2023;
- Gay Baskin, Defendant, deposition noticed for March 23, 2023;
- Rhonda Schneider, Defendant, deposition noticed for March 24, 2023;
- Jerry Don Moss, Defendant, deposition noticed for March 27, 2023;
- Mike Sandoval, Defendant, deposition noticed for March 28, 2023;
- Amber Milum, Defendant, deposition noticed for March 30, 2023;
- Peter Jones, Defendant, deposition noticed for March 31, 2023;
- Jonathan Mitchell, attorney for Defendants and "anonymous donor" of Banned Books to Llano County Library System, deposition noticed for March 31, 2023;
- Cindy Travers, non-Defendant member of the Library Advisory Board, deposition noticed for March 22, 2023;
- Nancy Miller, non-Defendant member of the Library Advisory Board, deposition noticed for March 24, 2023;

---

[1] Pursuant to the Joint Notice Regarding Plaintiffs' Motion for Expedited Discovery, the parties stipulated that these prior depositions of Defendants Amber Milum, Jerry Don Moss, and Bonnie Wallace would "not prejudice Plaintiffs from later . . . deposing witnesses during the formal discovery phase of this litigation." (ECF No. 39, ¶ 4.) Plaintiffs also deposed Rochelle Wells.
[2] The deposition notices and subpoenas served on these witnesses are attached as Exhibits 2-16 to the Declaration of Ellen Leonida.

- Sharon Maki, non-Defendant member of the Library Advisory Board, deposition noticed for March 27, 2023;
- Louann Raley, non-Defendant member of the Library Advisory Board, deposition noticed for March 28, 2023; and
- Anita Hilton, non-Defendant member of the Library Advisory Board, deposition noticed for March 29, 2023.

All of these depositions are necessary in this case, because each person Plaintiffs seek to depose is either a named Defendant or a percipient witness of the acts alleged in Plaintiffs' Complaint.

### A. Depositions of Each Proposed Deponent Are Necessary

Depositions of each named Defendant are necessary at this stage of the litigation. Plaintiffs allege that each Defendant personally participated in the wrongful conduct described in Plaintiffs' Complaint. Defendants each played different roles and bore different responsibilities in removing the Banned Books from the Llano County Library System's shelves. For example, Defendants Wells, Schneider, Baskin, and Wallace, along with other members of a community group to which they belonged, began the campaign to remove books (with whose content and viewpoints they do not agree) prior to their appointment to the Library Advisory Board by lobbying Defendants Milum, Moss, and Cunningham to remove certain children's books they subjectively deemed inappropriate. (*See, e.g.*, Hr'g Tr. Vol. 1 at 24:20-22, 64:1-2, 67:1-3, 127:24-128:5, 172:7-11, 177:9-178:14; Ex. 2A; Ex. 52) Defendant Wallace then sent a copy of a list created by Texas State Representative Matt Krause to Defendant Cunningham, demanding they be removed from the Llano County Library System; Cunningham acceded to that demand, instructing Defendant Milum to remove books that were on the Krause List or otherwise might be offensive to Wallace and her group. (Exs. 5-7; Hr'g Tr. Vol. 1 at 29:21-30:20, 72:13-21, 78:2-21, 81:6-9, 82:8-9, 84:2-7, 89:15-25, 90:1-9, 96:21-97:6, 109:8-14.)

To consolidate their power, the Commissioner's Court (which included Defendants Cunningham, Moss, Jones, Sandoval, and Raschke) voted to dissolve the existing library board

and create the Library Advisory Board in its current form, packing it with their preferred appointees—the witnesses Plaintiffs seek to depose. (Hr'g Tr. Vol. 1 at 48:20-49:5, 156:22-157:9, 158:8-18.) To keep their viewpoint discrimination secret, the new Library Advisory Board unilaterally decided to ban both staff librarians and members of the public from attending meetings (which had for decades prior been open to all).[3] (Hr'g Tr. Vol. 1 at 50:13-20, 106:18-107:3, 153:16-22, 163:18-20, 195:17-196:3.) Plaintiffs' claims seek to establish each individual Defendant's liability for their participation in that wrongful course of conduct. Probing their personal knowledge and recollection through deposition testimony is critical to Plaintiffs' ability to do so.

Depositions of the non-Defendant individuals are also necessary because they were present for (and likely participated in) many of the actions leading up to the decisions made by Defendants to remove the Banned Books from the Llano County Library System's shelves. They will also be able to testify more generally to the dynamics among Library Advisory Board members, conduct at the meetings, the Board's decision to close meetings to the public, and other matters within their personal knowledge regarding the actions and motivations of challenged actions of the Board and Defendants.

Jonathan Mitchell, who represents Defendants in this case, is uniquely positioned to testify to his own intent when he "anonymously" donated copies of nine of the Banned Books to the Llano County Library System—*after this litigation began*—to create a secret repository of the Banned Books known as the "in-house checkout system." (ECF No. 91 at 12-13.)

---

[3] This is a mere sampling of Defendants' wrongful conduct, in violation of Plaintiffs' Constitutional rights. Defendants' document productions remain incomplete, and numerous witnesses subpoenaed under Rule 45 have yet to produce any materials at all; Plaintiffs anticipate these documents will reveal further information about Defendants' actions and involvement in their viewpoint-discriminatory campaign.

Plaintiffs have not been able to otherwise obtain this information from these witnesses, meaning that the proposed depositions will elicit this key testimony and are necessary to building Plaintiffs' case. *See Allen-Pieroni v. Sw. Corr., LLC*, No. 3:13-CV-4089-M, 2016 WL 4439997, at *7 (N.D. Tex. Aug. 23, 2016) (six additional depositions were warranted, in part because they were "critical to Plaintiffs' preparation for trial in light of their lack of access to relevant information from these deponents without this testimony").

### B. No Rule 26(b)(2)(C) Considerations Support Denying Plaintiffs Leave to Exceed the Ten Deposition Limit

None of the three limitations set forth in Rule 26(b)(2)(C) warrants denying Plaintiffs' Motion under the present circumstances in this case.[4] In the absence of any of the Rule 26 limitations, "the court must grant leave" to take the additional depositions. *See* Fed. R. Civ. P. 30(a)(2); *Morgan v. Rohr, Inc.*, No. 3:20-cv-00574-GPC-AHG, 2022 WL 17345496, at *2 (S.D. Cal. Nov. 29, 2022).

#### 1. The Depositions Sought by Plaintiffs Are Not Unreasonably Cumulative or Duplicative

Neither the proposed depositions of Defendants nor those of the non-party Library Advisory Board members will be unreasonably cumulative or duplicative in nature. With respect to Defendants' depositions, Plaintiffs are entitled to depose them to ascertain the extent to which each named Defendant was individually responsible for and personally involved in the wrongful actions alleged in the Complaint. With respect to the non-Defendant members of the Library Advisory Board, each has unique knowledge of, and individual perspective on and input into, the

---

[4] Rule 26 permits the court to limit discovery if it determines "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

decisions that resulted in Defendants' Constitutional violations. For example, there likely were differing views among the Library Advisory Board about whether such viewpoint- and contest-based censorship was appropriate. Non-party Mitchell's deposition is surely not cumulative or duplicative, as he is the only one who can testify to his intent in donating Banned Books to the "in-house checkout system."

Because the depositions will elicit information about the unique knowledge and perspectives each deponent has of the events that are the subject of Plaintiffs' Complaint, they will not be unreasonably cumulative or duplicative of one another. *See, e.g.*, *Kiewit Offshore Servs., Ltd. v. Dresser-Rand Global Servs., Inc.*, No. 4:15-cv-01299, 2016 WL 6905874, at *2 (S.D. Tex. Apr. 1, 2016) (finding that "additional depositions are not unreasonably cumulative or duplicative and the information cannot be obtained from another source in an equivalent manner" when one proposed group of deponents "may have additional information that cannot be provided by [other deponents], and . . . will likely be a superior source of testimony regarding the" issues in the case); *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Company*, No. 17-cv-00308-WHO, 2020 WL 7042860, at *3 (N.D. Cal. Dec. 1, 2020) (finding proposed depositions would not be cumulative when proposed deponents "who will likely have a different perspective on . . . and different personal knowledge regarding" the facts of the litigation). Courts have found that "some overlap" between proposed depositions in excess of the ten-deposition limit is not sufficient to find that the proposed depositions will collectively be "unreasonably cumulative or duplicative." *Couch*, 2011 WL 4499976, at *2. Similarly, when the moving party argued that "the additional depositions may help clarify some of the existing testimony," the court found they would not be cumulative or duplicative. *Owens v. Pilgrim's Pride Corp.*, No. 3:06-cv-00826-RGJ-KLH, 2008 WL 11423890, at *2 (W.D. La. July 22, 2008).

### 2.  Plaintiffs Have Not Had a Sufficient Opportunity to Obtain the Information by Discovery in the Action

The information Plaintiffs seek to elicit from the Defendants and third-party witnesses during the proposed depositions is information Plaintiffs have not had opportunities to otherwise obtain in this case. Specifically, Plaintiffs are likely to obtain important information from the depositions that cannot be gleaned from documents alone, such as testimony regarding unrecorded conversations and exchanges among Defendants and their allies regarding their decision to and motivations for removing the Banned Books. Plaintiffs have no other means to develop this key evidence aside from the proposed depositions, and as a result denying leave to take the proposed depositions would prejudice Plaintiffs significantly.

Plaintiffs' inability to otherwise develop this information has been compounded by Defendants' discovery misconduct. Plaintiffs served requests for production in May and September 2022, yet Defendants refused to produce responsive documents for months (ECF No. 106 at 1-2; No. 114 at 7) and have only recently begun to make the majority of their production. Worse yet, Defendants have still not made a complete production in response to Plaintiffs' discovery demands, as they have not produced all librarians' emails from the County's Yahoo! accounts, which individual librarians used to communicate with each other during the relevant period, and which is the subject of Plaintiffs' February 6 Corrected Motion to Compel (the "Motion to Compel," ECF No. 114.)

Over the last four weeks, Defendants finally began to provide Plaintiffs with some of the documents Plaintiffs requested months ago. Defendants' delay in producing these documents has made it nearly impossible for Plaintiffs to review all the documents prior to the deposition cut off and close of fact discovery—nor should Plaintiffs be prejudiced by Defendants' delay given that the discovery has been outstanding for months.

### 3.     The Proposed Depositions Are Well Within Rule 26(b)(1)'s Scope

As noted above, Rule 26(b)(1) provides for a generally broad scope of discovery in litigation. "Rule 26(b) is liberally interpreted to permit a wide range of discovery[.]" *Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 3:07-CV-01988 DMS (NLS), 2009 WL 10672436, at *4 (S.D. Cal. July 17, 2009) (citation omitted). Courts consider both relevance and proportionality in evaluating whether discovery fits within Rule 26(b)(1)'s boundaries. *TIGI Linea Corp. v. Professional Prods. Grp., LLC*, No. 4:19-cv-00840-RWS-KPJ, 2021 WL 2662236, at *3-4 (E.D. Tex. June 29, 2021). "Relevance encompasses any matter 'that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case.'" *Id.* at *3 (quoting *Cunningham v. Concentrix Solutions Corp.*, No. 4:20-cv-00661-ALM, 2021 WL 2258747, at *1 (E.D. Tex. June 3, 2021)). Proportionality is assessed based on the specific considerations enumerated in Rule 26(b)(1). *Id.* at *4.

Each of the depositions Plaintiffs propose to take fits squarely within the boundaries of Rule 26(b)(1). *See supra*, Sections II.A. & B. Their testimony is plainly "relevant to any party's claim or defense" under Rule 26(b)(1).

The proposed depositions are also "proportional to the needs of the case." The First Amendment and Fourteenth Amendment issues in this case are of the highest importance in this nation's constitutional law; "freedom of thought and speech 'is the matrix, the indispensable condition, of nearly every other form of freedom.'" *Fed. Election Comm'n v. Mass. Citizens for Life, Inc.*, 479 U.S. 238, 264 (1986) (citation omitted). While the monetary amount in controversy may be negligible, the vindication of these foundational rights could not be more significant.

Plaintiffs also have unequal and lesser access to relevant information than do Defendants. This, too, militates in favor of granting leave to take the additional depositions. This factor is

particularly heavily weighted in Plaintiffs' favor given Defendants' discovery misconduct, as discussed *supra*, Section II.C.2., and at length in Plaintiffs' Motion to Compel (ECF No. 114).

Finally, the proposed additional depositions will reveal key percipient witness testimony regarding the wrongful conduct alleged in Plaintiffs' Complaint. Plaintiffs and the Court will benefit from the information that the proposed depositions will elicit. Those benefits outweigh any potential burdens to Defendants and the subpoenaed non-parties. Indeed, Plaintiffs and their counsel have undertaken to reduce those potential burdens to the greatest extent possible by noticing the depositions within a limited duration of time prior to the close of discovery and providing space for the depositions to occur locally, in Austin, TX, among other things. *E.g.*, *Owens*, 2008 WL 11423890, at *2 (burden on defendant "ameliorated by plaintiff's offer to hold the depositions at defendant's Farmerville facility"); *Laryngeal Mask Co.*, 2009 WL 10672436, at *4 (ordering depositions be held where witnesses were located, "to avoid undue burden" to defendant). In sum, the total number and duration of depositions is not unreasonably burdensome, and any burden is outweighed by the benefit the proposed depositions will confer. *See, e.g.*, *Hoffman v. BLR Group of America, Inc.*, No. 3:08-cv-00005-JPG-CJP, 2009 WL 1768799, at *1 (S.D. Ill. June 23, 2009) (granting leave for defendants to take twenty-six total depositions over the objections of plaintiff and the United States Government, because "the Court is unable to agree that the proposed depositions are overly burdensome or abusive").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to exceed the ten deposition limit, and depose the witnesses identified on pages 3-4 above and in the enclosed [Proposed] Order prior to the close of discovery.

Dated: March 20, 2023                              Respectfully submitted,

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Max Bernstein (NY Bar No. 5609037)
Ellis E. Herington (CA Bar No. 343085)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel:  415-599-0210
Fax: 415-276-1808
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2023, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

*/s/ Ellen Leonida*
Ellen V. Leonida