IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Leila Green Little, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § Civil Action No. 1:22-cv-00424-RP |
| | § |
| Llano County, *et al.*, | § |
| | § |
| Defendants. | § |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL AND FOR SANCTIONS**

Plaintiffs Leila Green Little, Jeanne Puryear, Diane Moster, Rebecca Jones, Richard Day, Cynthia Waring, and Kathy Kennedy (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move to compel Defendants to produce Defendant Bonnie Wallace for her deposition after she failed to object to her notice of deposition and then failed to appear at the noticed time and place. Plaintiffs also move for sanctions against Defendants for failing to produce Defendant Wallace, including the reasonable fees incurred in preparing for and appearing at the time and place noticed for Defendant Wallace's deposition.

**FACTUAL BACKGROUND**

On March 1, 2023, Plaintiffs noticed Defendant Wallace's deposition for March 22, 2023, to commence at 10:00 a.m., at the offices of Wittliff Cutter, PLLC, 1209 Nueces St., Austin, TX 78701. That Notice and proof of its service is attached as Exhibit 1 to the Declaration of Ellis Herington, filed contemporaneously with this Motion (the "Herington Decl.").[1] Defendant Wallace did not serve any response or objection to the Notice.

---

[1] This was the second deposition Plaintiffs have noticed for Defendant Wallace. Notably, Defendant Wallace's previous deposition was taken during expedited discovery in connection with Plaintiffs' Motion for Preliminary Injunction. Plaintiffs and Defendants entered a Joint Notice Regarding Plaintiffs' Motion for Expedited Discovery (the "Joint Notice," ECF No. 39.) In the Joint Notice, the parties agreed that "[o]btaining this discovery [including Defendant

1

Plaintiffs' counsel appeared at the time and place stated in Defendant Wallace's deposition notice, prepared to go forward with Defendant Wallace's deposition. Also in attendance were the court reporter and videographer retained by Plaintiffs to record Defendant Wallace's deposition.

Without any prior attempt by counsel for Defendants to meet and confer on the propriety or scheduling of this deposition, much less a written response or objection to the Notice, neither Defendant Wallace nor any attorney representing her appeared for her deposition on March 22, 2023. Nearly an hour after the time designated in the deposition notice directed to Defendant Wallace for her deposition, Defendants' counsel sent a seemingly unrelated email concerning the remaining depositions noticed by Plaintiffs, claiming that "witnesses that you have already deposed (such as Bonnie Wallace) . . . are under no obligation to appear." (Herington Decl., Ex. 2.)

Plaintiffs' counsel obtained a Certificate of Non-Appearance from the court reporter to memorialize Defendant Wallace's failure to attend her deposition as noticed, which will be filed with the Court promptly upon receipt. Plaintiffs' counsel entered her appearance, described the circumstances of Defendant Wallace's failure to appear, and stated on the record that Defendant Wallace's deposition would be suspended, subject to reopening at a later date.

Prior to filing this Motion, Plaintiffs' counsel emailed Defendants' counsel on March 22, 2023 at 3:32 p.m., requesting that Mr. Mitchell advise if Defendant Wallace's deposition would be rescheduled or if Defendants would oppose this motion. A response was requested by 5:00 p.m. on March 22, 2023. Defendants' counsel indicated that this motion would be opposed. (Herington Decl., Ex. 3.)

---

Wallace's first deposition] *does not prejudice Plaintiffs from later seeking additional discovery or deposing witnesses during the formal discovery phase of this litigation.* By entering into this stipulation, *the parties do not waive, and expressly reserve, the right to take all discovery to which they are entitled under the Federal Rules of Civil Procedure.*" (*Id.* (emphasis added).)

2

## ARGUMENT

The Court should enter an order compelling Defendant Wallace to appear for her deposition, pursuant to Federal Rule of Civil Procedure 37(a)(1). Plaintiffs are entitled to take Defendant Wallace's deposition under the broad scope of discovery established by Federal Rule of Civil Procedure 26. Further, the parties previously agreed that Defendant Wallace's prior deposition, in the expedited discovery phase of this proceeding, would not prejudice Plaintiffs' ability to take her deposition for a second time during the formal discovery phase. (ECF No. 39.)

Defendant Wallace's failure to appear was procedurally improper for a host of reasons. Defendants never served any objections to her deposition notice, and never sought to meet and confer regarding the scheduling or propriety of her deposition. Defendants' counsel's belated claim—without any supporting basis and made after the deposition was scheduled to begin—that Defendant Wallace was "under no obligation to appear" (*see* Herington Decl., Ex. 2) does not suffice to meet Defendants' or their counsel's obligations under the Federal Rules. Defendant Wallace and her counsel's unilateral decision to refuse to appear for her deposition—without providing any advance notice at all to Plaintiffs or their counsel—is wholly outside both the scope of proper discovery conduct under the Federal Rules of Civil Procedure and the bounds of appropriate, ethical attorney conduct. *See* Local Rule AT-7 (adopting "the standards of professional conduct set out in the Texas Disciplinary Rules of Professional Conduct, Texas Government Code, Title 2, Subtitle G, App. A, art. X, sec. 9 (Vernon) . . . as the standards of professional conduct of this court"); *see also* Local Rules, Appendix M (adopting the Texas Lawyer's Creed, by which Texas lawyers agree that they "will be courteous, civil, and prompt in oral and written communications," "will notify opposing counsel . . . when hearings, depositions, meetings, conferences or closing are cancelled," "will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility," and "will not engage in any conduct which offends the dignity and decorum of proceedings").

The Court should also enter an order granting Plaintiffs sanctions against both Defendant Wallace and her counsel. Federal Rule of Civil Procedure 37(a)(5) requires a court to award

sanctions after granting a motion to compel discovery against the party whose conduct necessitated the motion. Specifically, the Rule states, "the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Defendant Wallace's conduct is exactly the type of conduct Rule 37 was intended to address. Defendant Wallace has evaded the deposition notice properly served on her by failing to appear at the time and place noticed for her deposition.

Federal Rule of Civil Procedure 37(d) also authorizes the Court to grant sanctions "if: . . . a party . . . fails, after being served with proper notice, to appear for [their] deposition." The Rule further provides,

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, *the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(d)(3) (emphasis added). No justification exists for Defendant Wallace's failure to appear at the time and place noticed for her deposition after failing to object to the Notice. Further, no justification exists for Defendants' counsel's stated position that Defendant Wallace was "under no obligation to appear." (Herington Decl., Ex. 2.) Accordingly, sanctions should issue against both Defendant Wallace and her counsel.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court enter an order:

A. Finding that Defendant Wallace failed to appear at the time and place properly noticed for her deposition;

B. Finding that Defendant Wallace had no justification for her failure to appear at the time and place properly noticed for her deposition;

      C.      Compelling Defendant Wallace to appear for her deposition on or before March 29, 2023, subject to Defendant Wallace's availability; and

      D.      Requiring that Defendant Wallace and her counsel pay the reasonable expenses, including attorney's fees, caused by Defendant Wallace's failure to attend her deposition.

Dated: March 22, 2023

Respectfully submitted,

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323
J. Noah Hagey (CA Bar No. 262331)
Max Bernstein (NY Bar No. 5609037)
Ellis E. Herington (CA Bar No. 343085)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel:  415-599-0210
Fax: 415-276-1808
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

     I hereby certify that on March 22, 2023, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

                                        */s/ Ellen V. Leonida*
                                        Ellen V. Leonida