UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**Leila Green Little**, et al.,

        Plaintiffs,

v.

**Llano County**, et al.,

        Defendants.

Case No. 1:22-cv-00424-RP

### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF BONNIE WALLACE AND MOTION FOR SANCTIONS

The plaintiffs already deposed Bonnie Wallace on June 29, 2022. They cannot depose her a second time without first obtaining leave of court or a stipulation of the parties. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). The plaintiffs have not even sought, let alone obtained, the required leave or stipulation. Yet they went ahead and noticed Ms. Wallace for a second deposition in disregard of Rule 30(a)(2). Ms. Wallace had no obligation to appear for this unauthorized deposition.

The plaintiffs claim that the parties' agreement of June 7, 2022, allows them to depose Ms. Wallace a second time without obtaining the leave of court or stipulation required by Rule 30(a)(2). *See* Mot. to Compel, ECF No. 123, at 3. That is a lie and a misrepresentation of the parties' agreement. Paragraph 4 of the joint agreement says:

> Obtaining this discovery does not prejudice Plaintiffs from later seeking additional discovery or deposing witnesses during the formal discovery phase of this litigation. By entering into this stipulation, the parties do not waive, and expressly reserve, the right to take all discovery to which they are entitled under the Federal Rules of Civil Procedure.

Joint Notice, ECF No. 39, at ¶ 4. There is nothing in this agreement that even remotely implies that the plaintiffs can take repeat depositions of witnesses without a

stipulation or leave of court, or that they can flout the requirements of Rule 30 when scheduling future depositions. On the contrary, the agreement allows discovery only to which the plaintiffs are "entitled under the Federal Rules of Civil Procedure." The Federal Rules of Civil Procedure do not allow second depositions of witnesses absent a stipulation of the parties or leave of court.

For the plaintiffs to be seeking sanctions against the defendants for their own disregard of the rules is beyond the pale. The Court should deny out of hand the motion to compel and motion for sanctions.

|  | Respectfully submitted. |
|---|---|
|  | /s/ Jonathan F. Mitchell |
| DWAIN K. ROGERS | JONATHAN F. MITCHELL |
| Texas Bar No. 00788311 | Texas Bar No. 24075463 |
| County Attorney | Mitchell Law PLLC |
|  | 111 Congress Avenue, Suite 400 |
| MATTHEW L. RIENSTRA | Austin, Texas 78701 |
| Texas Bar No. 16908020 | (512) 686-3940 (phone) |
| First Assistant County Attorney | (512) 686-3941 (fax) |
|  | jonathan@mitchell.law |
| Llano County Attorney's Office |  |
| Llano County Courthouse |  |
| 801 Ford Street |  |
| Llano, Texas 78643 |  |
| (325) 247-7733 |  |
| dwain.rogers@co.llano.tx.us |  |
| matt.rienstra@co.llano.tx.us |  |
|  |  |
| Dated: March 29, 2023 | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I certify that on March 29, 2023, I served this document through CM/ECF upon:

Ellen V. Leonida
Matthew Borden
J. Noah Hagey
Max Bernstein
Ellis E. Herington
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin
Katherine P. Chiarello
María Amelia Calaf
Kayna Stavast Levy
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Counsel for Plaintiffs*

       /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants*