UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Leila Green Little**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **Llano County**, et al., <br><br> Defendants. | Case No. 1:22-cv-00424-RP |

### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Mr. Mitchell's communications and conversations with his client are protected by the attorney–client privilege. The Court made clear at the preliminary-injunction hearing that those communications and conversations remain privileged despite its willingness to allow the plaintiffs to ask questions about who proposed donating copies of the disputed books to the in-house checkout system:

> THE COURT: I don't mind you asking questions about whose decision it was or — **I don't want you recounting extended conversations she had.**
>
> MS. LEONIDA: Okay.
>
> THE COURT: You can do targeted questions to get at that because that actually helps the case but I don't know about — **I don't want testimony about conversations.**

Hr'g Tr. Vol. 2 143:8–14 (emphasis added). For the plaintiffs to claim that the Court "overruled"[1] our privilege objections with respect to the actual communications and conversations that took place between Mr. Mitchell and Ms. Milum is a misrepresentation of the Court's ruling. The Court allowed the plaintiffs to ask questions about

---

1. See Mot. to Compel, ECF No. 124, at 3.

the identity of the donor and the identity of the person who proposed the idea of donating the disputed books to the library—not to rifle through every attorney-client communication related to the in-house checkout system.

The plaintiffs' claim that we have "waived" attorney-client privilege over these communications is equally off-base. Neither Ms. Milum nor Mr. Mitchell has ever revealed the content of their attorney-client communications. The declaration that Ms. Milum submitted disclosed only the *fact* that an anonymous donor intended to donate copies of the 17 disputed books to the in-house checkout system—and that each of those books would soon be available for the plaintiffs to check out and read at Llano Library. And the defendants are not relying on any communications between Mr. Mitchell and Ms. Milum, but on the *fact* that each of the disputed books is now available for the plaintiffs to check out, which defeats any possible claim that the defendants are violating their First Amendment "right to receive information."

Finally, the plaintiffs have not shown any need for the communications between Mr. Mitchell and Ms. Milum. The plaintiffs claim that they want to discover the identity of the person who proposed the idea of donating the disputed books, but they do not explain how that is conceivably relevant to any claim or defense in this case. Whether Ms. Milum or Mr. Mitchell proposed the idea does not in any way affect the continuing vitality of the plaintiffs' First Amendment claim or any "mootness" or "voluntary cessation" argument that they might try to make. More importantly, the plaintiffs' discovery demands extend far beyond the identity of the person who proposed the donation. They served a blunderbuss request demanding: "All COMMUNICATIONS between DEFENDANTS and any third party concerning the donation of books for the IN-HOUSE CHECKOUT SYSTEM," as well as "All COMMUNICATIONS between DEFENDANTS and the DONOR concerning the IN-HOUSE CHECKOUT SYSTEM." None of the communications that the defendants are withholding disclose or reveal anything about who came up with the donation

idea, and Mr. Mitchell remains unable to recall whether he or his clients initiated the proposal. *See* Mitchell Decl., ECF No. 131.[2]

## CONCLUSION

The motion to compel should be denied.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| Dwain K. Rogers<br>Texas Bar No. 00788311<br>County Attorney<br><br>Matthew L. Rienstra<br>Texas Bar No. 16908020<br>First Assistant County Attorney<br><br>Llano County Attorney's Office<br>Llano County Courthouse<br>801 Ford Street<br>Llano, Texas 78643<br>(325) 247-7733<br>dwain.rogers@co.llano.tx.us<br>matt.rienstra@co.llano.tx.us<br><br>Dated: March 29, 2023 | Jonathan F. Mitchell<br>Texas Bar No. 24075463<br>Mitchell Law PLLC<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701<br>(512) 686-3940 (phone)<br>(512) 686-3941 (fax)<br>jonathan@mitchell.law<br><br><br><br><br><br><br><br><br>*Counsel for Defendants* |

---

2. The plaintiffs' claim that we "failed to provide any basis for the claimed privilege" is absurd. See Mot. to Compel, ECF No. 124, at 5; *id.* at 9 n.1. Our privilege log specifically and repeatedly asserts "attorney-client communications" as the basis for invoking privilege with respect to every withheld document. *See id.*

## CERTIFICATE OF SERVICE

I certify that on March 29, 2023, I served this document through CM/ECF upon:

Ellen V. Leonida
Matthew Borden
J. Noah Hagey
Max Bernstein
Ellis E. Herington
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin
Katherine P. Chiarello
María Amelia Calaf
Kayna Stavast Levy
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Counsel for Plaintiffs*

                                                    /s/ Jonathan F. Mitchell
                                                  Jonathan F. Mitchell
                                                  *Counsel for Defendants*