IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § § | |
| Defendants. | § § § | |

## **OPPOSED MOTION TO COMPEL AND FOR SANCTIONS**

Plaintiffs Leila Green Little, Jeanne Puryear, Diane Moster, Rebecca Jones, Richard Day, Cynthia Waring, and Kathy Kennedy (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move to compel Defendants to produce Defendant Amber Milum for her deposition after she failed to object to her notice of deposition and then unilaterally refused to appear at the noticed time and place despite a Court order granting Plaintiffs leave to take her deposition as noticed. Plaintiffs also move for sanctions against Defendants and their counsel for failing to produce Defendant Milum, including the reasonable fees incurred in preparing for Defendant Milum's deposition. Defendant Milum's refusal to appear is merely the latest example of Defendants' continued obstruction of the discovery process in this litigation, and an order compelling her deposition and issuing sanctions is warranted by Defendants' pattern of discovery misconduct.

## **FACTUAL BACKGROUND**

On March 1, 2023, Plaintiffs noticed Defendant Milum's deposition for March 30, 2023, to commence at 10:00 a.m., at the offices of Wittliff Cutter, PLLC, 1209 Nueces St., Austin, TX 78701. That Notice and proof of its service is attached as Exhibit 1 to the Declaration of Ellis

1

Herington, filed contemporaneously with this Motion (the "Herington Decl.").[1] Defendant Milum did not serve any response or objection to the Notice. Plaintiffs' counsel was prepared to go forward with Defendant Milum's deposition at the time and place stated in the Notice.

On March 28, 2023, counsel for Defendants, Jonathan Mitchell, stated in an email to Plaintiffs' counsel that Defendants would not produce Defendant Milum for her deposition.[2] (Herington Decl. Ex. 2 at 5.) Defendants' counsel's purported reasons for withholding Defendant Milum's deposition testimony were that (1) "[Plaintiffs] cannot take any more depositions without leave of court or our stipulation. See FRCP 30(a)(2)(A)(i)[,]" and (2) Defendant Milum's "deposition is doubly barred, not only by Rule 30(a)(2)(A)(i) but also by Rule 30(a)(2)(A)(ii)." (*Id.*)

Had it been taken, Plaintiffs' deposition of Defendant Milum would in fact have been the eighth deposition Plaintiffs took during the formal discovery phase of this litigation. Nonetheless, as Plaintiffs had previously noticed more than ten depositions to occur during the formal discovery phase of this litigation, Plaintiffs moved the Court for leave to exceed the presumptive ten-deposition limit established by Federal Rule of Civil Procedure 30(a)(2)(A)(i) (the "Motion for Leave," ECF No. 122). The Court granted Plaintiffs' Motion for Leave on

---

[1] This was the second deposition Plaintiffs noticed for Defendant Milum. Notably, Defendant Milum's previous deposition was taken during expedited discovery in connection with Plaintiffs' Motion for Preliminary Injunction. Plaintiffs and Defendants entered a Joint Notice Regarding Plaintiffs' Motion for Expedited Discovery (the "Joint Notice," ECF No. 39.) In the Joint Notice, the parties agreed that "[o]btaining this discovery [including Defendant Milum's first deposition] *does not prejudice Plaintiffs from later seeking additional discovery or deposing witnesses during the formal discovery phase of this litigation*. By entering into this stipulation, *the parties do not waive, and expressly reserve, the right to take all discovery to which they are entitled under the Federal Rules of Civil Procedure*." (*Id.* (emphasis added).)
[2] Defendants' counsel also stated that they would not "produce either of the witnesses that [Plaintiffs] have noticed for depositions on Friday" March 31, 2023, which included Defendant Peter Jones and Mr. Mitchell himself. (Herington Decl. Ex. 2.)

March 29, 2023. (ECF No. 128.) The Court expressly granted Plaintiffs' request to take the following proposed depositions, including the proposed deposition of Defendant Amber Milum on March 30, 2023:

- Ron Cunningham, Defendant;
- Linda Raschke, Defendant;
- Bonnie Wallace, Defendant;
- Gay Baskin, Defendant;
- Rhonda Schneider, Defendant;
- Jerry Don Moss, Defendant;
- Mike Sandoval, Defendant;
- Amber Milum, Defendant;
- Peter Jones, Defendant;
- Jonathan Mitchell, attorney for Defendants and "anonymous donor" of Banned Books to Llano County Library System;
- Cindy Travers, non-Defendant member of the Library Advisory Board;
- Nancy Miller, non-Defendant member of the Library Advisory Board;
- Sharon Maki, non-Defendant member of the Library Advisory Board;
- Louann Raley, non-Defendant member of the Library Advisory Board;
- Anita Hilton, non-Defendant member of the Library Advisory Board.

(*Id.*)

Upon entry of the Court's order granting Plaintiffs' Motion for Leave, Plaintiffs' counsel responded to Mr. Mitchell's email seeking confirmation that Defendants would produce Defendant Milum for her deposition, consistent with the Court's order. (Herington Decl. Ex. 2 at 4.) Defendants refused to do so, claiming that despite the Court's express grant of leave to take Defendant Milum's deposition as noticed, Plaintiffs needed to "obtain leave of court or [Defendants'] stipulation under Rule 30(a)(2)(A)(ii) that allows her to be deposed a second time." (*Id*. at 1.)

This was not the first time Defendants failed to produce a witness for a scheduled deposition without filing any objection to the witness's deposition notice. Defendants previously failed to produce Defendant Bonnie Wallace for her noticed deposition on March 22, 2023, and failed to produce Defendant Jerry Don Moss for his noticed deposition on March 27, 2023.

3

Plaintiffs moved to compel the production of both Defendants Wallace and Moss for their depositions, and sought sanctions against Defendants and their counsel for those Defendants' failure to appear. (ECF Nos. 123, 127.) On March 22, 2023, after Defendant Wallace's deposition was scheduled to start, Defendants' counsel sent a seemingly unrelated email concerning the remaining depositions noticed by Plaintiffs, claiming that "witnesses that you have already deposed . . . are under no obligation to appear." (Herington Decl. Ex. 3.) When Plaintiffs' counsel contacted Defendants' counsel to meet and confer with respect to Defendant Wallace's failure to appear for her deposition, Defendants' counsel reiterated the claim that Defendants who had been deposed in connection with Plaintiffs' expedited discovery were not obligated to appear. (*Id*. Ex. 4 at 1.) Defendants' counsel did not specifically refer to Defendant Milum in either of these communications.

Prior to filing this Motion, Plaintiffs' counsel emailed Defendants' counsel on March 30, 2023 at 3:22 p.m., requesting that Mr. Mitchell advise if Defendant Milum's deposition would be rescheduled or if Defendants would oppose this motion. A response was requested by 6:00 p.m. on March 30, 2023. Defendants' counsel indicated that this motion would be opposed. (*Id*. Ex. 2 at 1.)

## **ARGUMENT**

The Court should enter an order compelling Defendant Milum to appear for her deposition, pursuant to Federal Rule of Civil Procedure 37(a)(1). Plaintiffs are entitled to take Defendant Milum's deposition under the broad scope of discovery established by Federal Rule of Civil Procedure 26. Further, the parties previously agreed that Defendant Milum's prior deposition, in the expedited discovery phase of this proceeding, would not prejudice Plaintiffs' ability to take her deposition for a second time during the formal discovery phase. (ECF No. 39.)

4

Defendant Milum's failure to appear was procedurally improper for a host of reasons. Defendants never served any objections to her deposition notice, and never sought to meet and confer regarding the scheduling or propriety of her deposition. Defendants' counsel's belated claims—without any supporting basis—that Defendant Milum was "under no obligation to appear" (*see* Herington Decl. Ex. 3) or that Plaintiffs had to separately "obtain leave of court or [Defendants'] stipulation under Rule 30(a)(2)(A)(ii) that allows her to be deposed a second time" (*id.* Ex. 2 at 1) do not suffice to meet Defendants' or their counsel's obligations under the Federal Rules. Defendant Milum and her counsel's unilateral decision to refuse to appear for her deposition—despite never objecting to the Notice or meeting and conferring regarding scheduling—is wholly outside both the scope of proper discovery conduct under the Federal Rules of Civil Procedure and the bounds of appropriate, ethical attorney conduct. See Local Rule AT-7 (adopting "the standards of professional conduct set out in the Texas Disciplinary Rules of Professional Conduct, Texas Government Code, Title 2, Subtitle G, App. A, art. X, sec. 9 (Vernon) . . . as the standards of professional conduct of this court"); see also Local Rules, Appendix M (adopting the Texas Lawyer's Creed, by which Texas lawyers agree that they "will be courteous, civil, and prompt in oral and written communications," "will notify opposing counsel . . . when hearings, depositions, meetings, conferences or closings are cancelled," "will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility," and "will not engage in any conduct which offends the dignity and decorum of proceedings").

      Defendants' failure to produce Defendant Milum is particularly egregious considering that the Court expressly granted Plaintiffs leave to take her proposed deposition. (ECF No. 128.) Plaintiffs noted in their Motion for Leave that Defendant Milum had previously been deposed

during the expedited discovery phase of this litigation, in connection with Plaintiffs' Motion for Preliminary Injunction. (ECF No. 122 at 3 & n.1.) The repeat nature of Defendant Milum's deposition (as well as Defendants Wallace and Moss's depositions) was apparent to and fairly before the Court on Plaintiffs' Motion for Leave. Plaintiffs have already obtained the Court's leave to depose Defendant Milum "as previously noticed"—they need not seek leave a second time under an alternative prong of Rule 30(a)(2) to take a deposition that has already been expressly granted by the Court's order. Defendants' arguments to the contrary are unsupported by law and would serve only to impose unnecessary costs and inefficiencies on the parties and this Court.

The Court should enter an order granting Plaintiffs sanctions against both Defendant Milum and her counsel. Federal Rule of Civil Procedure 37(a)(5) requires a court to award sanctions after granting a motion to compel discovery against the party whose conduct necessitated the motion. Specifically, the Rule states, "the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Defendant Milum's conduct is exactly the type of conduct Rule 37 was intended to address. Defendant Milum has evaded the deposition notice properly served on her by failing to appear at the time and place noticed for her deposition.

Federal Rule of Civil Procedure 37(d) also authorizes the Court to grant sanctions "if: . . . a party . . . fails, after being served with proper notice, to appear for [their] deposition[.]" The Rule further provides,

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, *the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(d)(3) (emphasis added). No justification exists for Defendant Milum's failure to appear at the time and place noticed for her deposition after failing to object to the Notice. Further, no justification exists for Defendants' counsel's stated position that Defendant Milum was "under no obligation to appear" (Herington Decl. Ex. 3) or that Plaintiffs needed to separately "obtain leave of court or [Defendants'] stipulation under Rule 30(a)(2)(A)(ii) that allows her to be deposed a second time" (*id.* Ex. 2 at 1).

Finally, Rule 37(b) authorizes the Court to impose sanctions for failure to comply with a Court order. Under Rule 37(b)(1), a party may obtain sanctions for a deponent's failure to obey a Court order requiring "a deponent to be sworn or to answer a question," and such "failure may be treated as contempt of court." Rule 37(b)(2)(A) provides for a host of possible sanctions "if a party . . . fails to obey an order to provide or permit discovery"; such possible sanctions run the gamut from issue and evidentiary sanctions, to contempt of court, to terminating sanctions. Finally, Rule 37(b)(2)(C) *requires* the Court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust," "[i]nstead of or in addition to the orders" available under Rule 37(b)(2)(A). As discussed above, there is no excuse or justification for Defendant Milum and her counsel's unilateral refusal to produce her for her noticed deposition in violation of the Court's express order granting Plaintiffs' Motion for Leave. Accordingly, sanctions should issue against both Defendant Milum and her counsel.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request that the Court enter an order:

    A.    Finding that Defendant Milum failed to appear at the time and place properly noticed for her deposition;

    B.    Finding that Defendant Milum had no justification for her failure to appear at the time and place properly noticed for her deposition;

C. Compelling Defendant Milum to appear for her deposition within ten days of entering an order granting this Motion, subject to Defendant Milum's availability; and

D. Requiring that Defendant Milum and her counsel pay the reasonable expenses, including attorney's fees, caused by Defendant Milum's failure to attend her deposition.

Dated: March 31, 2023

Respectfully submitted,

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323
J. Noah Hagey (CA Bar No. 262331)
Max Bernstein (NY Bar No. 5609037)
Ellis E. Herington (CA Bar No. 343085)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel: 415-599-0210
Fax: 415-276-1808
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

*/s/ Ellen Leonida*
Ellen V. Leonida