IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Leila Green Little, *et al.*, | § |
| Plaintiffs, | § |
| v. | § Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § |
| Defendants. | § |

**OPPOSED MOTION TO EXTEND DISCOVERY AND
MODIFY THE AGREED SCHEDULING ORDER**

Plaintiffs Leila Green Little, Jeanne Puryear, Diane Moster, Rebecca Jones, Richard Day, Cynthia Waring, and Kathy Kennedy (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move this Court for an order pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas to extend all discovery deadlines for this litigation to May 19, 2023 and to modify the Agreed Scheduling Order (ECF No. 56) accordingly. Fact discovery is currently set to close March 31, 2023. This Motion is opposed.

## INTRODUCTION

Since May 2022, Plaintiffs have diligently sought discovery from Defendants and third parties with personal knowledge of Defendants' decision to remove books from the Llano County Library System to, as the Court recently ruled, "prevent access to viewpoints and content to which they objected" in violation of Plaintiffs' First and Fourteenth Amendment rights. (Order re Mot. Prelim. Inj., ECF No. 133 at 15.) Defendants know that discovery of their written and oral communications will further prove their Constitutional violations. To thwart the truth-finding process, they have consistently delayed, refused, and obstructed disclosure—withholding responsive documents for months, failing to respond to discovery requests, asserting baseless privilege claims, instructing witnesses not to answer at depositions, and unilaterally refusing to appear for timely noticed depositions.

To police Defendants' misconduct, Plaintiffs diligently met and conferred with Defendants, and when that failed, timely filed five motions to compel, four of which are now pending before Magistrate Judge Mark Lane. On March 29, 2023, the Court granted Plaintiffs leave to take nine additional depositions. (ECF No. 128.) Plaintiffs were unable to complete fact discovery and depositions by the current March 31 deadline because of Defendants' misconduct.

1

This is an important case. It strikes at the heart of citizens' Free Speech Rights and the continuing vitality of our public libraries as places of discovery and wonder. The information Defendants have withheld, including contemporaneous communications among Defendants and their allies regarding the decision to remove books from the library, goes to the key inquiry in book removal cases, "whether the government's 'substantial motivation' was to deny library users access to ideas with which [the government] disagreed." (ECF No. 133 at 14 (citation omitted).) Defendants' misconduct has delayed disclosure of this information. Good cause exists to briefly extend the discovery deadline from March 31, 2023 to May 19, 2023, to permit the Court to rule on the pending discovery motions and provide Plaintiffs with sufficient time to obtain the discovery to which they are entitled to prepare this case for trial in October 2023. Defendants, whose own conduct has caused the delay, will suffer no prejudice as the requested extension will not disturb the trial date or any other deadlines. Accordingly, the Court should extend the discovery deadline to May 19, 2023, so that this important matter may be tried on a full factual record.

## CERTIFICATE OF CONFERENCE

Counsel for the parties have conferred and engaged in a good faith attempt to resolve this matter by agreement. Those efforts have been unsuccessful, thus necessitating this Motion. Plaintiffs' position is that the fact discovery deadline in the Agreed Scheduling Order should be extended from March 31, 2023 to May 19, 2023 to allow the parties time to produce all responsive documents and complete depositions. All other deadlines in the Agreed Scheduling Order would remain the same. By email from Defendants' counsel on March 16, 2023, Defendants refused to agree to any extension of discovery deadlines in this case. (Herington Decl. Ex. 1.)

**BACKGROUND**

A.   **The Agreed Scheduling Order**

On August 2, 2022, the Court entered the Agreed Scheduling Order, which set March 31, 2023 as the deadline to conclude fact discovery, but expressly permitted the parties to "request that this Court extend" that deadline. (ECF No. 56 ¶¶ 6, 13.)

B.   **Plaintiffs Diligently Seek Document Discovery; Defendants Withhold Responsive Documents; Plaintiffs' Timely Motions to Compel Are Pending**

Plaintiffs have diligently pursued discovery in this case, but have been thwarted by Defendants' delay tactics, which have made this Motion necessary.

**Plaintiffs' First and Second Sets of Discovery Requests**. On May 11, 2022, Plaintiffs served Requests for Admission (Set One), Requests for Production of Documents (Set One) and Interrogatories (Set One) on Defendants Llano County, Amber Milum, Bonnie Wallace, and Jerry Don Moss. (ECF Nos. 23-1, 23-2, 23-3.) Defendants served responses and objections on June 22, 2022. (ECF No. 114-1, Ex. 2.) That same day, Defendants purportedly produced documents in their possession responsive to RFPs Set One. However, Defendants subsequently admitted that they had not made any effort to search for documents or communications in response to RFPs Set One. Instead, what they produced were documents previously gathered before this litigation started. And the few documents that Defendants did produce did not include email attachments or metadata, despite their agreement to produce both. (*Id.* ¶¶ 5, 9, 11, 15, 17.)

On September 14, 2022, Plaintiffs served the following discovery requests:

- RFAs (Set Two) to Defendant Llano County;
- RFPs (Set Two) to Defendants Llano County, Milum, Wallace, and Moss;
- Interrogatories (Set Two) to Defendants Llano County, Wallace, and Moss;
- RFPs (Set One) to Defendants Baskin, Raschke, Sandoval, Jones, Schneider, Wells, and Cunningham;
- Interrogatories (Set One) to Defendants Baskin, Raschke, Sandoval, Jones, Schneider, Wells, and Cunningham.

3

(*Id.* ¶ 6.) Defendants Milum, Wallace, Moss, Baskin, Raschke, Sandoval, Jones, Schneider, Wells, and Cunningham never served (and still have not served) responses and objections to these RFPs. (*Id.* ¶ 24.) Defendant Llano County served responses and objections to these requests on October 14, 2022. As with its responses to the first set of discovery served May 2022, Defendant Llano County claimed to produce all responsive documents in its possession, but later admitted that it had not conducted a comprehensive search of Llano County's ESI for the requested discovery and had instead obtained only piecemeal document collections from certain individuals and ESI sources. (*Id.* ¶¶ 15, 17, 20, 23.) Defendants also admitted that they entirely failed to search Llano County's email system for responsive communications. (*Id.* ¶¶ 11, 15, 17.) What Defendants did produce remained deficient under the parties' ESI-related agreement. (*Id.* ¶¶ 11, 17.)

**Plaintiffs' First Motion to Compel**. On February 6, 2023, after meet and confer efforts failed, Plaintiffs filed a Motion to Compel relating to Defendants' deficient document production (the "First Motion to Compel," ECF No. 92 (corrected version at ECF No. 114)). These Motions were referred to Magistrate Judge Lane on March 29, 2023 and remain pending.

**Plaintiffs' Omnibus Document Requests**. On January 20, 2023, Plaintiffs served their Omnibus Requests for Production of Documents on all Defendants regarding the Llano County Library System's so-called "in-house checkout system," which contains books donated by Defendants' counsel Jonathan Mitchell. Defendants served responses and objections on February 20, 2023, in which they asserted privilege over a number of responsive documents and refused to produce them.

**Plaintiffs' Second Motion to Compel**. On March 22, 2023, Plaintiffs filed a Motion to Compel production of these documents (the "Second Motion to Compel," ECF No. 124). This Motion was referred to Magistrate Judge Lane on March 29, 2023 and remains pending.

**Plaintiffs' Additional Discovery Requests**. On March 1, 2023, Plaintiffs served the following discovery requests:

- Fourth Set of Requests for Production of Documents (directed to Defendants Llano County and Milum);
- Second Set of Interrogatories (directed to Defendant Milum);
- Third Set of Interrogatories (directed to Defendant Llano County).

As of this filing, Defendant Amber Milum served responses to Plaintiffs' Second Set of Interrogatories and Defendant Llano County served responses to Plaintiffs' Third Set of Interrogatories. Otherwise, Defendants have yet to serve responses or produce responsive documents to these requests.

On March 7, 2023, Plaintiffs served their First Set of Requests for Inspection of Tangible Things on Defendant Llano County. Defendant Llano County has yet to serve responses or produce the requested tangible things for Plaintiffs' inspection.

### C. Plaintiffs Timely Noticed Depositions, Which Defendants Failed to Object to and Refused to Attend

On March 1, 2023, Plaintiffs served deposition notices on the following Defendants:

- Ron Cunningham, deposition noticed for March 20, 2023;
- Linda Raschke, deposition noticed for March 21, 2023;
- Bonnie Wallace, deposition noticed for March 22, 2023;
- Gay Baskin, deposition noticed for March 23, 2023;
- Rhonda Schneider, deposition noticed for March 24, 2023;
- Jerry Don Moss, deposition noticed for March 27, 2023;
- Mike Sandoval, deposition noticed for March 28, 2023;
- Amber Milum, deposition noticed for March 30, 2023;
- Peter Jones, deposition noticed for March 31, 2023.

Plaintiffs took the depositions as noticed of Defendants Cunningham, Raschke, Baskin, Schneider, Sandoval, and Jones. Without serving any response or objections to the deposition notices, Defendants unilaterally refused to produce Defendants Wallace, Moss, and Milum. Plaintiffs moved to compel these depositions, and moved for sanctions for Defendants' refusal to produce these witnesses. (ECF Nos. 123, 127, 135.) These Motions[1] were referred to Magistrate Judge Lane on March 29, 2023 and remain pending.

### D. Outstanding Third-Party Discovery to Witnesses Under Defendants' Control

Plaintiffs also timely served third-party subpoenas under Rule 45 on the following individuals, seeking deposition testimony from all recipients, and production of documents by all recipients except Jonathan Mitchell:

- Jonathan Mitchell, attorney for Defendants and "anonymous donor" of Banned Books to Llano County Library System, deposition noticed for March 31, 2023;
- Cindy Travers, non-Defendant member of the Library Advisory Board, deposition noticed for March 22, 2023;
- Nancy Miller, non-Defendant member of the Library Advisory Board, deposition noticed for March 24, 2023;
- Sharon Maki, non-Defendant member of the Library Advisory Board, deposition noticed for March 27, 2023;
- Louann Raley, non-Defendant member of the Library Advisory Board, deposition noticed for March 28, 2023;
- Anita Hilton, non-Defendant member of the Library Advisory Board, deposition noticed for March 29, 2023.

Plaintiffs took the depositions of Mitchell and Travers. Travers, Maki, Raley, and Hilton produced responsive documents; Miller did not do so. Plaintiffs temporarily suspended the depositions of the remaining witnesses for their failure to produce responsive documents. As to the remaining witnesses, Plaintiffs moved for leave to exceed the ten-deposition limit set forth under Federal Rule of Civil Procedure 30(a)(2)(A)(i) (the "Motion for Leave," ECF No. 122)).

---

[1] With the exception of Plaintiffs' Motion to Compel Defendant Milum's deposition, which was filed on March 31, 2023 and has not yet been referred to Magistrate Judge Lane.

### E. The Court Grants Plaintiffs Leave to Take Additional Depositions and Refers the Pending Motions to Compel to Magistrate Judge Lane

On March 29, 2023, two days before the current discovery deadline, the Court granted Plaintiffs Motion for Leave, expressly granting Plaintiffs permission to take the depositions of all proposed deponents identified in the Motion for Leave. (ECF No. 128.) That same day, the Court referred four of Plaintiffs' discovery motions to Magistrate Judge Mark Lane: the First Motion to Compel, the Second Motion to Compel, and the motions to compel the deposition testimony of Defendants Wallace and Moss. (Mar. 29, 2023 Dkt. Entry (referring ECF Nos. 92, 114, 123, 124, and 127 to Magistrate Judge Lane for resolution).)

### ARGUMENT

**I.  LEGAL STANDARD**

A scheduling order may be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard focuses on the diligence of the party seeking to modify the scheduling order. *Howard v. Lowe's Home Centers, LLC*, No. 1:16-CV-1279-RP, 2017 WL 10729621, at *1 (W.D. Tex. Oct. 19, 2017) (granting Defendant's motion to modify the scheduling order). In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the party's explanation; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice." *Howard*, 2017 WL 10729621, at *1 (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)). "No single factor is dispositive, nor must all the factors be present." *Vazquez v. State Farm Lloyds*, No. EP-17-CV-00330-DCG, 2019 WL 2564573, at *2 (W.D. Tex. Mar. 13, 2019) (quoting *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010)). These factors favor an extension here.

## II.     PLAINTIFFS HAVE DILIGENTLY PURSUED DISCOVERY IN THIS CASE

As described above, Plaintiffs have acted diligently to obtain discovery from Defendants and third parties in this litigation. Plaintiffs have propounded thirteen sets of written discovery requests, all with response deadlines prior to the close of fact discovery on March 31. Upon receiving insufficient responses and objections to those requests from Defendants, Plaintiffs promptly sought to meet and confer with Defendants regarding the same. When meet and confer efforts failed to resolve the outstanding issues, Plaintiffs diligently sought relief from the Court by filing motions to compel. (ECF Nos. 92, 114, 124.) These motions remain pending, and were recently referred to Magistrate Judge Lane for resolution. Plaintiffs have been nothing but diligent in seeking written discovery and document production from Defendants, and have been stymied by Defendants' repeated misconduct. *See infra*, Section III.

Plaintiffs also timely noticed—and were prepared to take—every relevant deposition prior to the close of fact discovery on March 31. While Plaintiffs completed a number of those depositions, others were thwarted by Defendants' (and third parties under Defendants' control—many of whom were represented by Defendants' counsel) refusal to produce documents or to appear for deposition. Given the number of parties (eleven Defendants) and third-party witnesses, Plaintiffs requested that Defendants stipulate that the parties may take more than ten depositions. When Defendants refused, Plaintiffs moved for leave and the Court recently granted that Motion, which would have enabled Plaintiffs to complete all nineteen proposed depositions prior to the fact discovery deadline. (ECF No. 128.) Had Defendants not improperly withheld certain witnesses' deposition testimony, Plaintiffs would have completed these depositions timely. Thus, Plaintiffs' inability to complete discovery within the deadline set by the Agreed Scheduling Order is not due to any lack of diligence by Plaintiffs. *See infra*, Section III.

8

### III. EXTENDING THE DISCOVERY DEADLINE IS NECESSARY DUE TO DEFENDANTS' DISCOVERY MISCONDUCT

As a result of Defendants' discovery misconduct, Plaintiffs have been forced to file five separate discovery motions; four have already been referred to Magistrate Judge Lane for adjudication. At minimum, the discovery deadline should be extended to permit the Court to rule on those motions and provide sufficient time for Defendants to produce additional materials and Plaintiffs time to review those materials and complete the depositions that the Court has already ordered are permitted, and, if necessary, reopen depositions for which Plaintiffs did not have key documents. *Amin-Akbari v. City of Austin, Tex.*, No. A–13–CV–472–DAE, 2014 WL 4657491, at \*5 (W.D. Tex. Sept. 16, 2014) (granting motion to extend discovery deadline "to the extent necessitated by" court's order granting motions to compel document production and deposition).

As set forth in the Status Update and Request for Status Conference filed herewith, Defendants (i) delayed producing crucial discovery for months, in some instances producing text messages of deponents during the deponent's testimony, (ii) failed to respond to numerous discovery requests at all, (iii) continue to withhold categories of ESI and documents (*e.g.*, the Yahoo! email accounts used by Llano County librarians) and (iv) unilaterally refused to produce witnesses for deposition after failing to object to their deposition notices. Courts have found that similar delays in document production warranted extending the discovery deadline. *E.g.*, *La Union Del Pueblo Entero v. Abbott*, No. SA-21-CV-00844-XR, 2022 WL 17574079, at \*4 (W.D. Tex. Dec. 9, 2022) ("[T]he Defendant Intervenors' months-long delay in document production . . . constitute[s] good cause to extend the deadline for primary discovery by and upon the Defendant Intervenors, which will not prejudice any party, nor delay the proceedings.").

The Court has already ruled that Plaintiffs are entitled to take additional depositions. There is good cause to extend the discovery deadline to allow the Court to rule on the pending

motions to compel so that Plaintiffs have the written discovery and the time they need to efficiently complete those depositions and to prepare this case for trial.

### IV.     DEFENDANTS WILL NOT BE PREJUDICED BY THE PROPOSED EXTENSION

Plaintiffs' requested brief extension of the discovery deadline will not prejudice Defendants. Plaintiffs do not seek to extend any of the other deadlines in the Scheduling Order and there is ample time in the schedule to accommodate a brief extension without moving the October 16, 2023 trial date. *E.g.*, *Gray-Standberry v. Ashley Distrib. Servs., Ltd.*, No. 6:20-CV-00638-ADA-JCM, 2021 WL 2792984, at *3 (W.D. Tex. Mar. 3, 2021) (granting motion to extend expert discovery deadline by 60 days where extension would not impact trial date).

Moreover, as noted above, this Court has already referred certain pending discovery motions filed by Plaintiffs to Magistrate Judge Lane and granted Plaintiffs leave to take additional depositions. "When the parties will already be engaging in significant post-deadline discovery, it is difficult to say that any great prejudice would take place" by granting a limited extension of the discovery deadline. *Nat'l Western Life Ins. Co. v. Western Nat'l Life Ins. Co.*, No. A–09–CA–711 LY, 2010 WL 4809102, at *2 (W.D. Tex. Nov. 17, 2010) (extending discovery deadline by approximately one month).[2]

### CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' request to extend the fact discovery deadline to May 19, 2023 and modify the Agreed Scheduling Order accordingly.

---

[2] A brief extension would also permit Defendants the opportunity to pursue their own discovery requests, which the parties have not yet conferred on. *E.g.*, *One Wellington Pl. of Beaumont Owners Ass'n, Inc. v. Acceptance Indem. Ins. Co.*, No. 1:19-CV-00317, 2020 WL 13538626, at *3 (E.D. Tex. Aug. 11, 2020) ("Nevertheless, the Plaintiff will not be prejudiced by continuing the trial setting, discovery deadline, and dispositive motions deadline. Both parties can benefit from additional discovery[.]").

Dated: March 31, 2023                    Respectfully submitted,

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Max Bernstein (NY Bar No. 5609037)
Ellis E. Herington (CA Bar No. 343085)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel:  415-599-0210
Fax: 415-276-1808
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023 a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

>                                        */s/ Ellen Leonida*
>                                        Ellen V. Leonida