IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Leila Green Little, *et al.*, | § <br> § <br> § |
| Plaintiffs, | § <br> § |
| v. | §    Civil Action No. 1:22-cv-00424-RP <br> § |
| Llano County, *et al.*, | § <br> § |
| Defendants. | § <br> § <br> § |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL AND FOR SANCTIONS**

Plaintiffs respectfully submit this Reply in further support of their Motion to Compel and for Sanctions concerning Defendant Bonnie Wallace's failure to appear for her deposition as noticed (the "Motion," ECF No. 123), and in response to Defendants' Response thereto (the "Opposition," ECF No. 129).

**ARGUMENT**

Defendants' position that Defendant Wallace "had no obligation to appear"[1] for her deposition, noticed for March 22, 2023, is plainly incorrect in light of the parties' prior agreement as memorialized in their Joint Notice Regarding Plaintiffs' Motion for Expedited Discovery (the "Joint Notice," ECF No. 39). In the Joint Notice, the parties expressly agreed that discovery exchanged during the expedited discovery phase of this litigation would "not prejudice

---

[1] Defendants' use of this phrase mirrors their claim in an email sent on March 22, 2023, after Defendant Wallace's deposition was scheduled to start. (Ex. 2 to Decl. of Ellis Herington in Supp. of Mot., ECF No. 123-3.) Whether or not Defendants' believed certain witnesses were "under no obligation to appear" (*id.*), they were not excused from serving objections to those witnesses' deposition notices, moving to quash their depositions, moving for protective orders, or otherwise following a valid procedural path to obtain relief from the deposition notice. Simply failing to appear is not proper, and the Court should not condone it here.

1

Plaintiffs from later seeking additional discovery or deposing witnesses during the formal discovery phase of this litigation." (*Id.* at 2.) The parties also specifically preserved "the right to take all discovery to which they are entitled under the Federal Rules of Civil Procedure." (*Id.*) There is no question that Plaintiffs would, in the normal course, be entitled to depose a named defendant during the formal discovery phase of litigation; the right to take such a deposition is precisely what was preserved in the Joint Notice, with any prior depositions "not prejudic[ing]" this later discovery. (*Id.*) Defendants' newly adopted interpretation of this provision is merely the latest example of their pattern of bad faith litigation tactics and discovery misconduct. It is also unpersuasive and illogical considering the purpose and nature of expedited discovery in cases like this one. The depositions taken during the expedited discovery phase of this litigation, including Defendant Wallace's first deposition, were limited in time and were taken after Defendants produced what they characterized as "'limited' discovery for use by Plaintiffs[] in their Application for Preliminary Injunction," (ECF No. 113-1 ¶ 9), and before they made their substantial productions in this case.

Moreover, the Court specifically granted leave to take Defendant Wallace's deposition "as previously noticed" in its Order (ECF No. 128, at 1) granting Plaintiffs' Motion for Leave to Exceed Ten-Deposition Limit (the "Motion for Leave," ECF No. 122). Any suggestion Defendants may make that Plaintiffs were obligated to separately seek leave to take Defendant Wallace's deposition under Federal Rule of Civil Procedure 30(a)(2)(A)(ii), when *leave had already been granted* to take her deposition specifically, is absurd and would serve only to impose unnecessary costs and inefficiencies on the parties and this Court. The repeat nature of Defendant Wallace's deposition was described in Plaintiffs' Motion for Leave and thus apparent to and fairly before the Court. (Mot. for Leave at 3 & n.1.) Plaintiffs have already obtained leave

to take Defendant Wallace's deposition for a second time, and need not now separately seek leave to take it under an alternative prong of Rule 30(a)(2).

## CONCLUSION

For the foregoing reasons and those discussed in Plaintiffs' Motion, Plaintiffs respectfully request that the Court (1) grant the Motion, (2) order Defendants to produce Defendant Wallace for her deposition within ten days of the date of the order granting the Motion, and (3) order Defendant Wallace and her counsel to pay the reasonable expenses, including attorney's fees, caused by Defendant Wallace's failure to attend her deposition.

Dated: April 5, 2023

Respectfully submitted,

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323
J. Noah Hagey (CA Bar No. 262331)
Max Bernstein (NY Bar No. 5609037)
Ellis E. Herington (CA Bar No. 343085)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel:  415-599-0210
Fax: 415-276-1808
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com

katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 5, 2023, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

                                                              */s/ Ellen Leonida*
                                                              Ellen V. Leonida