UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**Leila Green Little**, et al.,

> Plaintiffs,

v.

**Llano County**, et al.,

> Defendants.

Case No. 1:22-cv-00424-RP

### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF AMBER MILUM AND MOTION FOR SANCTIONS

This is the third time the plaintiffs have moved to compel a deposition that is unequivocally barred by Rule 30(a)(2)(A)(ii). The plaintiffs previously deposed Amber Milum on June 28, 2022, and they cannot take a second deposition without leave of court or stipulation of the parties:

> *A party must obtain leave of court*, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> (A) if the parties have not stipulated to the deposition and:
>
> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants; [or]
>
> (ii) *the deponent has already been deposed in the case*;

Fed. R. Civ. P. 30(a)(2)(A)(ii) (emphasis added). The plaintiffs, however, never bothered to request or obtain leave of court under Rule 30(a)(2)(A)(ii)—even after we informed the plaintiffs on March 22, 2023, that they needed to obtain leave of court under Rule 30(a)(2)(A)(ii) before they could take second depositions of Bonnie Wallace, Jerry Don Moss, and Amber Milum. *See* E-mail from Jonathan F. Mitchell to Ellen Leonida, March 22, 2023 (attached as Exhibit 1) ("[W]itnesses that you have

already deposed (such as Bonnie Wallace) . . . are under no obligation to appear."); E-mail from Jonathan F. Mitchell to Ellis Herington, March 22, 2023 (attached as Exhibit 2) ("Read FRCP 30(a)(2)(A)(ii)."). The rules of civil procedure forbid them to take this deposition.

The plaintiffs claim that the parties' agreement of June 7, 2022, allowed them to depose Ms. Milum a second time without obtaining the leave of court or stipulation required by Rule 30(a)(2). *See* Mot. to Compel, ECF No. 135, at 4. That is a lie and a misrepresentation of the parties' agreement. Paragraph 4 of the joint agreement says:

> Obtaining this discovery does not prejudice Plaintiffs from later seeking additional discovery or deposing witnesses during the formal discovery phase of this litigation. By entering into this stipulation, the parties do not waive, and expressly reserve, the right to take all discovery to which they are entitled under the Federal Rules of Civil Procedure.

Joint Notice, ECF No. 39, at ¶ 4. There is nothing in this agreement that even remotely implies that the plaintiffs can take repeat depositions of witnesses without a stipulation or leave of court, or that they can flout the requirements of Rule 30 when scheduling future depositions. On the contrary, the agreement allows discovery only to which the plaintiffs are "entitled under the Federal Rules of Civil Procedure." The Federal Rules of Civil Procedure do not allow second depositions of witnesses absent a stipulation of the parties or leave of court.

And the first sentence of this stipulated paragraph says only that the parties' expedited-discovery agreement "does not prejudice Plaintiffs from later seeking additional discovery or deposing witnesses during the formal discovery phase of this litigation." Joint Notice, ECF No. 39, at ¶ 4. This does not give the plaintiffs special dispensations from the Federal Rules of Civil Procedure when seeking that "additional discovery" or "deposing witnesses." The stipulation means only that that the expedited discovery to which the parties had agreed would not serve as the *exclusive* discovery in the litigation. It does not say that the parties would pretend as though the

depositions that took place during the expedited-discovery window never happened, or that they would not count toward the 10-deposition limit or the prohibition on second depositions without leave of court.

The plaintiffs' only other argument is that the district court's order of March 29, 2023, provided them with leave of court to take a second deposition of Ms. Milum. *See* Mot. to Compel, ECF No. 135, at 5–6. It did nothing of the sort. The plaintiffs asked the district court *only* for leave to exceed the 10-deposition limit of Rule 30(a)(2)(A)(i); they never asked for leave under Rule 30(a)(2)(A)(ii) to take second depositions of Bonnie Wallace, Jerry Don Moss, or Amber Milum. *See* Pls.' Fed. R. Civ. P. 30(a)(2)(A)(i) Motion, ECF No. 122 (attached as Exhibit 3). The motion that plaintiffs filed is entitled "Plaintiffs' Fed. R. Civ. P. 30(a)(2)(A)(i) Opposed Motion For Leave To Exceed Ten Deposition Limit." *Id*. The body of the motion never even mentions Rule 30(a)(2)(A)(ii), let alone requests leave of court under that provision. And a footnote in the motion appears to say that the plaintiffs do not need leave of court under Rule 30(a)(2)(A)(ii) on account of paragraph 4 of the parties' expedited-discovery agreement:

> Pursuant to the Joint Notice Regarding Plaintiffs' Motion for Expedited Discovery, the parties stipulated that these prior depositions of Defendants Amber Milum, Jerry Don Moss, and Bonnie Wallace would "not prejudice Plaintiffs from later . . . deposing witnesses during the formal discovery phase of this litigation." (ECF No. 39, ¶ 4.)

*See* Pls.' Fed. R. Civ. P. 30(a)(2)(A)(i) Motion, ECF No. 122, at 3 n.1.

When the Court granted the plaintiffs' motion on March 29, 2023, it granted the plaintiffs leave *only* to exceed the 10-deposition limit under Rule 30(a)(2)(A)(i). *See* Order, ECF No. 128, at 1 (attached as Exhibit 4) ("Plaintiffs shall be permitted to exceed the presumptive ten-deposition limit under Federal Rule of Civil Procedure 30(a)(2)(A)(i)."). The order says nothing whatsoever about Rule 30(a)(2)(A)(ii) or the propriety of second depositions. The plaintiffs think that they can take a second

deposition of Ms. Milum because the Court's order says that the plaintiffs "may take depositions of the following individuals, as previously noticed: . . . Amber Milum, Defendant." *See* Order, ECF No. 128, at 1. But the plaintiffs have already deposed Amber Milum, so they still need an obtain an order under Rule 30(a)(2)(A)(ii) authorizing a second deposition, in addition to the order that allows them to exceed the 10-deposition limit in Rule 30(a)(2)(A)(i).

Finally, the plaintiffs seem to think that we had some duty to inform them of Rule 30(a)(2)(A)(ii)'s requirements when they served their notices of deposition on March 1, 2023. *See* Mot. to Compel, ECF No. 135, at 5 (complaining that "Defendants never served any objections to her deposition notice, and never sought to meet and confer regarding the scheduling or propriety of her deposition."); *id.* (claiming that the defendants' failure to object or confer is "wholly outside both the scope of proper discovery conduct under the Federal Rules of Civil Procedure and the bounds of appropriate, ethical attorney conduct."). That is absurd. When the plaintiffs served the notices of deposition on March 1, 2023, we had every reason to expect that their attorneys knew the rules of civil procedure and would seek leave of court under both Rule 30(a)(2)(A)(i) and Rule 30(a)(2)(A)(ii) well in advance of the scheduled deposition dates. We also had no way of knowing that plaintiffs would never bother seeking the leave of court required by Rule 30(a)(2)(A)(ii)—even after we informed them on March 22, 2023, that we would not produce Ms. Wallace, Mr. Moss, or Ms. Milum for second depositions until they obtained leave of court under Rule 30(a)(2)(A)(ii). In all events, we are not required to coach opposing counsel on the practice of law. It was the responsibility of plaintiffs' counsel know Rule 30(a)(2)(A)(ii) and obtain the required leave of court before the depositions. They cannot excuse their dereliction or blame opposing counsel for their oversight.

## CONCLUSION

The plaintiffs' motion to compel the deposition of Amber Milum should be denied. The plaintiffs' motion for sanctions should be denied.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

DWAIN K. ROGERS
Texas Bar No. 00788311
County Attorney

MATTHEW L. RIENSTRA
Texas Bar No. 16908020
First Assistant County Attorney

Llano County Attorney's Office
Llano County Courthouse
801 Ford Street
Llano, Texas 78643
(325) 247-7733
dwain.rogers@co.llano.tx.us
matt.rienstra@co.llano.tx.us

Dated: April 7, 2023

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 7, 2023, I served this document through CM/ECF upon:

Ellen V. Leonida
Matthew Borden
J. Noah Hagey
Max Bernstein
Ellis E. Herington
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin
Katherine P. Chiarello
María Amelia Calaf
Kayna Stavast Levy
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Counsel for Plaintiffs*

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants*