

| | |
|---:|:---|
| **From:** | **Jonathan Mitchell**  jonathan@mitchell.law |
| **Subject:** | motion to compel |
| **Date:** | February 2, 2023 at 9:27 PM |
| **To:** | Ellen Leonida  Leonida@braunhagey.com |
| **Cc:** | Max Bernstein  bernstein@braunhagey.com, Matt Rienstra  matt.rienstra@co.llano.tx.us, Dwain K. Rogers  drogers@co.llano.tx.us, Maria Calaf  mac@wittliffcutter.com, katherine@wittliffcutter.com, Kayna Levy  kayna@wittliffcutter.com, Shannon Morrissey  Morrissey@braunhagey.com, Ryan Botkin  ryan@wittliffcutter.com |

Counsel:

Thank you taking time to confer earlier today.

As I mentioned on the phone, there are additional falsehoods and misrepresentations in your motion to compel and motion for sanctions, which will describe in detail below.

We continue to believe that it would be in everyone's best interest if we stipulate to extend the deadline for our response to your motion to compel (which is currently due tomorrow).

An extension will: (1) Give us time to finish producing the requested documents in native format; (2) Obviate the need for us to bring the additional falsehoods and misrepresentations in your motion to compel to the Court's attention; (3) Spare you the need to file yet another corrected brief and supporting declaration; (4) Spare the Court the need to adjudicate the veracity of your accusations in the motion to compel; and (5) Spare the Court the need to resolve the discovery disputes, as we are on the cusp of providing all of the requested data in its native format consistent with the agreed ESI protocol.

As for the additional problems in your motion to compel:

(1) Your claim on page 1 that we "admitted" that we "did not search for any documents responsive to Plaintiffs' First Set of RFPs" and that we "only re-produced documents they had gathered in response to pre-litigation public records requests" is false. We never made any such admission, either in writing or on the phone. Your accusation that we never conducted a "search" in response to your first set of RFPs is equally false.

The following passage in paragraph 15 of Mr. Bernstein's declaration is also false:

"[O]n the November 10, 2022 call, Defendants' counsel admitted that Defendants did not search for any documents in response to Plaintiffs' First Set of Discovery Requests, served on May 11, 2022. Rather, Defendants just turned over what they had already collected and provided to certain Plaintiffs pursuant to pre-litigation Texas Public Information Act requests."

What we "admitted" was that **we did not search for specified terms that you thought we should search for** when reviewing our clients' e-mails. That is a far cry from an admission that we did not conduct any "search" for documents, which is what you are falsely accusing us of. We **did** search for documents in response to your first request for RFPs, and we did so independently of the response to the previous open-records request.

For Mr. Bernstein to claim in a sworn declaration that we admitted on the phone that we never conducted any search at all in response to your first request for production of documents is a flat-out lie. There is nothing we said on the phone call of November 10, 2022, that could reasonably be construed as an admission that we never conducted a search or that we did nothing more than turn over documents that had previously been produced in response to an open-records request, and no lawyer with a modicum of competence could interpret our statements that way.

If we file a response tomorrow, we will submit sworn declarations stating that Mr. Bernstein is misrepresenting what we said on the phone call, and we will explain in detail how we did "search" for documents and how we went beyond the documents produced in response to the earlier Texas Public Information Act request.

(2) Your claim on page 3 that the "PDF versions of emails" that we produced we "stripped of **all** attachments" is false. Many of those e-mail PDFs included PDFs of the attachments, although we acknowledge that not all of them did. Sarah Salomon's declaration (ECF No. 57-1) which you cite to support this claim, never says that all of the attachments were missing from that production of documents.

(3) Your repeated claims that we are "intentionally withholding" documents are false. We have made clear throughout this discovery dispute that we agree that you are entitled to the documents that you are requesting. The failure to produce the requested documents in the result of resource constraints in Llano County and in its county attorney's office, not because we have the documents ready but are refusing to turn them over. Accusing a litigant of "intentionally withholding" documents in this situation is false and defamatory.

I am continuing to review with Dwain and Matt whether there are other false statements and accusations in your motion to compel, and we may uncover more before we file our response tomorrow.

I recommend that we agree to an additional one-week or two-week extension rather than having us respond to the motion to compel tomorrow. Any response that we file tomorrow will be accompanied by evidence proving that Mr. Bernstein's accusations are false. We have also made substantial progress toward producing the e-mails in their native format, and we expect to have that completed by next week. We are on the verge of resolving this without the Court's involvement, and we are all in agreement that you are entitled to the documents that you are requesting. I think the Court will appreciate our making an effort to resolve this matter among ourselves, especially when there is no disagreement between us over your entitlement to the relevant documents.

especially when there is no disagreement between us over your entitlement to the relevant documents.

Thanks for considering this.


—Jonathan



----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**