# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| Leila Green Little, *et al.*, | § |
| Plaintiffs, | § |
| v. | § Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § |
| Defendants. | § |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR**
**MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS**

In most discovery disputes, the Court is asked to determine which categories of documents the non-moving party must produce. This motion is unusual, however, because here Defendants admit they must produce the requested documents and have been claiming for months that they are on the cusp of producing them. But they have yet to do so. (*See* Resp. to Pls.' Mot. to Compel ("Resp.") at 3-4, ECF No. 113.) Rather than address this failure, Defendants' Response, as well as their multiple requests for extensions of time, focus singularly on Plaintiffs' request for ESI (Defs.' Mem. in Supp. Mot. to Extend Time at 3, ECF No. 97-1; Decl. of Dwain K. Rogers at 2, ECF No. 97-2; Mot. for Extension Time, ECF No. 105) and largely ignore the substance of Plaintiffs' motion: that Defendants have, to date, failed to collect and produce all responsive documents (with or without ESI).

This dispute requires the Court's intervention for three reasons. *First*, Defendants' representation that some documents will be produced imminently is belied by their failure to produce the documents after months of promising to do so. *Second*, Defendants' representation that they have already produced complete documents for certain Defendants is demonstrably false. *Finally*, Defendants limit their discussion to responsive emails/ESI, while failing to address their obligation to collect and produce all responsive emails as well as text, social media, and messaging application messages. Accordingly, Plaintiffs seek an order from this Court compelling Defendants to produce all responsive documents by a date certain.

## ARGUMENT

**I. PLAINTIFFS' MOTION IS NOT MOOT BECAUSE DEFENDANTS STILL HAVE NOT PRODUCED DOCUMENTS THEY ADMIT THEY MUST PRODUCE**

Defendants' assertion that they have mooted Plaintiffs' motion by agreeing "to provide all of the requested emails in their native format consistent with the plaintiffs' requests" is incorrect. (Resp. at 3.) Despite Defendants' admission that, "there has never been any . . .

1

dispute" that "the plaintiffs are entitled to" the documents they seek through this Motion, *id.* at 4, Defendants persist in failing to produce critical documents. And Defendants' claim that they have produced *all* responsive documents in certain categories is simply wrong.

In June 2022, for example, Defendants certified that they had provided all discovery responsive to Plaintiffs' First Set of RFPs. (Bernstein Decl. Ex. 2, ECF No. 92-3.) Since then, Defendants have repeatedly insinuated to the Court that their production of Defendant Amber Milum's emails, "including the emails from her prior library email address at Yahoo," is complete. (*See, e.g.*, First Am. Notice of Defs.' ESI Production, ECF No. 104 (stating Defendants had produced "emails containing metadata" for "Amber Milum" as of January 17, 2023); Resp. at 3-4; Rienstra Decl. ¶¶ 4-6, ECF No. 113-1.) Yet Defendants have failed to produce salient communications involving Defendant Milum that go to a core issue in this litigation: Defendants' intent when removing books from the Llano County library.

In one particularly public example, *The New York Times Magazine* published an article containing an email from Defendant Milum that Defendants still have not produced in discovery. (Leonida Decl. Ex. A.) In that email, Defendant Milum wrote to her then-employee, Suzette Baker, "With everything going on with the people being angry at almost everything the libraries are doing. We all need to watch what we say." (*Id.* at 2.) Ms. Baker was subsequently fired from the Llano County Library System for refusing to participate in censorship. (*Id.* at 7.) Defendants still have not produced this email, in any format—despite the fact that this glaring omission was brought to counsel's attention in a recent meet and confer.

Another example of Defendants misrepresenting their compliance with discovery obligations is their certification, on June 22, 2022, that they had produced all documents

responsive to Plaintiffs' First Set of RFPs, Request for Production No. 6, to Defendant Wallace, which requested:

> All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the COLLECTION REVIEW COMMITTEE in determining which MATERIALS to RESTRICT or remove from the LIBRARY SYSTEM.

(Bernstein Decl. Ex. 2 at 5.) Defendants claimed that the Bates range "Wallace 6 RFP 00123-00138" contained all responsive records. (*Id.*; Leonida Decl. Ex. D.) But that production did not contain an April 14, 2022 email from Defendant Wallace directing the library's new e-book provider to remove certain books and replace them with other books. (Leonida Decl. Exs. B, D.) Defendants still have not produced this email, with or without ESI. There can be no dispute that Defendants' discovery efforts fall short and that Defendants must be required to complete their production of both ESI and responsive documents by a date certain.

## II.   SANCTIONS ARE WARRANTED

Sanctions are warranted when a party fails to conduct a reasonable inquiry for documents responsive to a discovery request. *See De Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, No. 3:11-cv-04001-RS, 2013 WL 4511925, at *2 (N.D. Cal. 2013) (citation omitted) ("In the era of e-discovery, attorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search."); *Metro. Opera Ass'n, Inc. v. Local 100*, 212 F.R.D. 178, 221-22 (S.D.N.Y. 2003) (imposing sanctions on counsel for failure to inquire into the adequacy of their client's search for relevant documents). In this case, sanctions are warranted because, on November 10, 2022, Defendants admitted that they had not searched for documents responsive to Plaintiffs' First Set of RFPs. (Bernstein Decl. ¶ 15.) Defendants post-hoc attempt to walk back this admission is not credible. (Resp. at 2.)

After Defendants admitted that they had not searched for responsive documents, Plaintiffs sent an email confirming that admission in great detail:

> *You also told me on our call on November 10 that you have not performed any targeted search for documents or communications in response to Plaintiffs' discovery requests.* You represented that you produced only the documents that you had already produced in response to Plaintiffs' pre-suit FOIA request and that you asked individual Defendants to search their email accounts for "library-related" communications and then produced those results. This is inadequate. You and your clients have an obligation to review Plaintiffs' discovery demands and produce documents responsive to those requests. Your failure to do so is inconsistent with the Federal Rules of Civil Procedure.
>
> What makes your revelation that you have not searched for responsive documents all the more troubling is that you have repeatedly represented to us that you have needed time to search for, collect, and produce documents. It is for that reason that we withdrew our previously filed motion for expedited discovery. But it now appears that your representations were untrue, as you merely flipped to us documents that you had already produced to our clients, and then engaged in a half-hearted attempt to collect other communications. This perhaps explains why your production has been deficient, including why you have yet to produce any communications from non-Defendant County employees, including emails from the County's librarians.

(Leonida Decl. Ex. C at 7-8 (emphasis added).) Defendants did not correct or object to this characterization of their discussion with Mr. Bernstein. In fact, Defendants sent five subsequent emails on the same thread; at no time did Defendants assert that the admission summarized in Mr. Bernstein's email was misunderstood or mischaracterized. (Leonida Decl. Ex. C.) The Court should credit this contemporaneous summary of the conversation over defense counsel's post-hoc claims to the contrary.[1]

Sanctions are also warranted in light of Defendants' continuing efforts to obstruct discovery. First, Defendants keep promising documents and not delivering them, which has required Plaintiffs to incur substantial fees to secure documents Defendants do not dispute

---

[1] Contrary to the statement in his declaration, Mr. Mitchell has no personal knowledge about the November 10, 2022 meet and confer. He is conflating the November 28, 2022 meet and confer (which he attended) with the November 10, 2022 meet and confer (which he did not).

Plaintiffs are entitled to receive. Second, Defendants have failed to comply with basic discovery obligations. For instance, Defendants agreed to an ESI protocol and then completely failed to follow it and produce the requested metadata.[2] Likewise, Defendants failed to ensure all attachments to emails were produced and now seek to justify this failure by arguing that they somehow were not aware Plaintiffs wanted to receive all attachments to emails (*see* Resp. at 5). The Court should find that Defendants failure to search for responsive documents in a timely manner, produce documents pursuant to the agreed-upon ESI protocol and turn over all responsive documents in a timely manner warrants the imposition of sanctions.

## CONCLUSION

Defendants' focus on ESI and false allegations regarding the content of past meet and confers are designed to distract from the core issue in this motion. This dispute is not about a small county's limited resources but about defendants who have repeatedly misrepresented their document collection efforts and intentionally failed to produce documents that reveal their true motivations. Defendants' assurances that they intend to comply with their discovery obligations are inconsistent with their past and present misrepresentations and should not be credited. If Plaintiffs are going to obtain the documents that all parties agree must be produced in a timely fashion, Plaintiffs respectfully require the Court's assistance.

Dated: February 10, 2023          Respectfully submitted,

/s/ *Ellen V. Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323
J. Noah Hagey (CA Bar No. 262331)

---

[2] Mr. Reinstra goes to great lengths to describe statements he claims to have made when the parties discussed the ESI protocol. However, he did not dispute any of Mr. Bernstein's characterizations of those conversations at the time they occurred. (Leonida Decl. Ex. C.) His recent fabrications should be disregarded.

        Max Bernstein (NY Bar No. 5609037)
        **BraunHagey & Borden LLP**
        351 California Street, 10th Floor
        San Francisco, CA 94104
        Tel: 415-599-0210
        Fax: 415-276-1808
        leonida@braunhagey.com
        borden@braunhagey.com
        hagey@braunhagey.com
        bernstein@braunhagey.com

        Ryan A. Botkin (TX Bar No. 00793366)
        Katherine P. Chiarello (TX Bar No. 24006994)
        María Amelia Calaf (TX Bar No. 24081915)
        Kayna Stavast Levy (TX Bar No. 24079388)
        **Wittliff | Cutter PLLC**
        1209 Nueces Street
        Austin, Texas 78701
        Tel: 512-960-4730
        Fax: 512-960-4869
        ryan@wittliffcutter.com
        katherine@wittliffcutter.com
        mac@wittliffcutter.com
        kayna@wittliffcutter.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 10, 2023, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

                                                      */s/ Ellen V. Leonida*
                                                      Ellen V. Leonida