UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| **Leila Green Little**, et al., <br><br>                 Plaintiffs, <br><br> v. <br><br> **Llano County**, et al., <br><br>                 Defendants. | Case No. 1:22-cv-00424-RP |

### DEFENDANTS' OPPOSED MOTION TO COMPEL RETURN OF PRIVILEGED COMMUNICATIONS

When responding to the plaintiffs' demands for defendant Bonnie Wallace's e-mails, counsel for the defendants inadvertently produced a privileged and confidential e-mail exchange among attorney Jonathan F. Mitchell and two of Mr. Mitchell's clients, Bonnie Wallace and Gay Patek. The inadvertent disclosure occurred because Mr. Mitchell's co-counsel, who reviewed Ms. Wallace's e-mails before producing them to opposing counsel, did not realize that Mr. Mitchell had an attorney–client relationship with Ms. Patek. *See* Rogers Decl. ¶¶ 5–7 (attached as Exhibit 3). Counsel for the plaintiffs used these privileged communications as an exhibit when they deposed Mr. Mitchell on March 31, 2023, and they attempted to question Mr. Mitchell about the e-mail exchange. *See* Mitchell Dep. 90:2–93:20, ECF No. 151-2. Mr. Mitchell responded that his communications with Ms. Wallace and Ms. Patek were privileged and refused to answer questions about the exhibit. *See id*.

On April 2, 2023, we e-mailed counsel for the plaintiffs to inform them that these privileged e-mails were disclosed inadvertently during discovery. *See* E-mail from Jonathan F. Mitchell of April 2, 2023 (attached as Exhibit 1). We also asked opposing counsel to return those privileged documents to us and destroy all copies, whether

paper or electronic, as required by paragraph 33 of our ESI agreement and Rule 26(b)(5)(B). *See id.*; Stipulated Order Regarding Discovery of Electronically Stored Information, ECF No. 74, at ¶ 33. On April 4, 2023, counsel for the plaintiffs responded by e-mail and contested our claim of privilege. *See* E-mail from Ellen Leonida of April 4, 2023 (attached as Exhibit 2). Despite our assertion of privilege, counsel for the plaintiffs included these e-mails in unredacted form as exhibits to their motion to compel a second deposition of Mr. Mitchell, which they filed on April 14, 2023 — 12 days after we had e-mailed them to assert privilege over the communications involving Mr. Mitchell and Ms. Patek. The defendants therefore respectfully ask the Court to order counsel for the plaintiffs to return these privileged documents that were inadvertently disclosed and destroy all copies in their possession, and to instruct the clerk's office to seal docket entry 151-2. We also ask the Court to *immediately* order the clerk to seal docket entry 151-2 while it considers this motion, and to instruct the plaintiffs to comply with paragraph 33 of the parties' ESI agreement and Rule 26(b)(5)(B) until this privilege dispute is resolved.

I. THE E-MAIL EXCHANGE AMONG MR. MITCHELL, MS. WALLACE, AND MS. PATEK IS PRIVILEGED

The disputed documents consist of an e-mail that Gay Patek sent to Jonathan F. Mitchell on July 25, 2023, as well as Mr. Mitchell's response to that e-mail. Bonnie Wallace was cc'd on each of the e-mails.[1] Ms. Patek's e-mail to Mr. Mitchell was sent for the purpose of obtaining legal advice, assistance, and services that Ms. Patek and Ms. Wallace could use, and it is therefore protected by the attorney–client privilege. *See* Patek Decl. ¶ 4 (attached as Exhibit 4) ("I e-mailed attorney Jonathan F. Mitchell

---

1. The e-mails are marked as Exhibits 102 and 103 in docket entry 151-2. We are also willing to produce the e-mails for in camera inspection. We respectfully ask the Court to immediately order the clerk to seal docket-entry 151-2 while it considers this motion.

on July 25, 2022, to seek his advice, assistance, and services. I did so on the recommendation of my friend Bonnie Wallace, who has also been receiving advice, assistance, and services from Mr. Mitchell."); *id*. at ¶ 5 ("The e-mail that I sent to Mr. Mitchell was confidential. I cc'd Ms. Wallace on the e-mail because she and I are seeking and receiving the same advice, assistance, and services from Mr. Mitchell."); *see also* Wallace Decl. ¶ 4 (attached as Exhibit 5) ("Gay Patek and I have been working together on efforts to improve the content of our local libraries and remove materials in those libraries that are harmful to children."); *id*. at ¶ 6 ("Ms. Patek cc'd me on the e-mail because she and I are seeking and receiving the same advice, assistance, and services from Mr. Mitchell."); Mitchell Decl. ¶ 4 ("On July 25, 2022, Gay Patek e-mailed me to seek my legal advice, assistance, and services. Ms. Patek cc'd Ms. Wallace on the e-mail because each of them is seeking and receiving the same advice, assistance, and services from me."); *id*. at ¶ 7 ("I have provided confidential advice, assistance, and services to both Ms. Patek and Ms. Wallace in response to Ms. Patek's e-mail of July 25, 2022. They are my clients and I am their attorney.").

The attorney–client privilege attached at the moment Ms. Patek e-mailed Mr. Mitchell to seek his advice, assistance, and services. *See Doe 1 v. Baylor University*, 320 F.R.D. 430, 435 (W.D. Tex. 2017) ("[T]he attorney-client privilege extends to all situations in which counsel is sought on a legal matter"); *Perkins v. Gregg County*, 891 F. Supp. 361, 363 (E.D. Tex. 1995) ("The attorney-client privilege relates to communications made to a member of the bar or subordinate, in confidence, for the purpose of securing legal advice, assistance, or representation." (citing *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975)); *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978) ("[T]he purpose of the attorney-client privilege is to promote the unrestrained communication and contact between an attorney and client *in all matters in which the attorney's professional advice or services are sought*, without fear that these

confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceeding." (emphasis added)); *Maryland American General Insurance Co. v. Blackmon*, 639 S.W.2d 455, 458 (Tex. 1982) (similar). It does not matter whether Ms. Patek and Mr. Mitchell had a signed agreement at that time. *See Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995) ("The attorney-client relationship can be formed by explicit agreement of the parties or may arise by implication from the parties' actions."); *Brown v. Slenker*, 220 F.3d 411, 422 n.11 (5th Cir. 2000) ("An attorney-client relationship is formed when the advice and assistance of an attorney is sought and received."); *In re Moore,* 449 Mass. 1009, 866 N.E.2d 897, 900 n.3 (Mass. 2007) ("[L]ack of a writing does not preclude a finding that an attorney-client relationship was formed"). Ms. Patek sought legal advice, assistance, and services from Mr. Mitchell, and her e-mail to Mr. Mitchell and Mr. Mitchell's response to her e-mail are privileged attorney–client communications.

## II. The Plaintiffs Are Obligated To Return And Destroy Their Copies Of The Privileged Communications

Paragraph 33 of the parties' ESI agreement obligates plaintiffs' counsel to return and destroy their copies of these privileged communications:

> If the Producing Party becomes aware that it may have provided information subject to the attorney-client privilege, it may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party or destroyed. Upon receiving written notice, the Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all copies or excerpts thereof within three (3) business days of receiving such written notice, provided that, if the attorney-client privileged or work product immunity is contested, a copy may be maintained by the Receiving Party and provided to the Court for an in camera review for determination whether the designation is proper. The Receiving Party will not review the contested discovery until the Court renders its ruling, and will return or destroy the contested discovery if the Court rules that it is protected by either the attorney-client privilege or work product doctrine.

Stipulated Order Regarding Discovery of Electronically Stored Information, ECF No. 74, at ¶ 33. Rule 26(b)(5)(B) imposes a similar requirement:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B). The Court should order the plaintiffs to return or destroy all copies of these privileged communications, whether electronic or on paper, and it should seal docket entry 151-2, which includes unredacted copies of the e-mails. *See* Proposed Order #1 (attached as Exhibit 7).

### III. THE PLAINTIFFS VIOLATED RULE 26(b)(5)(B) AND PARAGRAPH 33 OF THE ESI AGREEMENT BY INCLUDING UNREDACTED COPIES OF THE PRIVILEGED COMMUNICATIONS AS EXHIBITS IN THEIR MOTION TO COMPEL BEFORE THIS COURT RESOLVED THE PRIVILEGE DISPUTE

After we had asserted privilege over these communications in our e-mail of April 2, 2023, the plaintiffs were not permitted to use these e-mails or attach them to court filings until the privilege dispute had been resolved. *See* Fed. R. Civ. P. 26(b)(5)(B) ("After being notified [of a claim of privilege], a party . . . must not use or disclose the information until the claim is resolved"); Stipulated Order Regarding Discovery of Electronically Stored Information, ECF No. 74, at ¶ 33 ("The Receiving Party will not review the contested discovery until the Court renders its ruling" on the privilege dispute). Yet the plaintiffs attached unredacted copies of these e-mails to their motion to compel a second deposition of Mr. Mitchell, which was filed 12 days after we had asserted attorney–client privilege over those communications. The plaintiffs violated

Rule 26(b)(5)(b) and paragraph 33 of the ESI agreement by including these e-mails as exhibits to a court filing after we had informed them that we were asserting privilege, regardless of whether this Court ultimately agrees with our claim of privilege. The Court should *immediately* order the clerk to seal docket entry 151-2 while it considers this motion, and it should leave docket entry 151-2 sealed until the privilege dispute is finally resolved. It should also immediately order the plaintiffs to comply with paragraph 33 of the parties' ESI agreement and Rule 26(b)(5)(B) and cease using or disclosing these allegedly privileged communications until the courts resolve the privilege dispute. *See* Proposed Order #2 (attached as Exhibit 8).

## CONCLUSION

The Court should order the plaintiffs to return or destroy all copies of Mr. Mitchell's communications with Ms. Patek, whether electronic or on paper, and it should immediately instruct the clerk to seal docket entry 151-2 until this privilege dispute is resolved. The Court should also immediately order the plaintiffs to comply with paragraph 33 of the parties' ESI agreement and Rule 26(b)(5)(B).

|  | Respectfully submitted. |
|---|---|
| Dwain K. Rogers<br>Texas Bar No. 00788311<br>County Attorney<br><br>Matthew L. Rienstra<br>Texas Bar No. 16908020<br>First Assistant County Attorney<br><br>Llano County Attorney's Office<br>Llano County Courthouse<br>801 Ford Street<br>Llano, Texas 78643<br>(325) 247-7733<br>dwain.rogers@co.llano.tx.us<br>matt.rienstra@co.llano.tx.us | /s/ Jonathan F. Mitchell<br>Jonathan F. Mitchell<br>Texas Bar No. 24075463<br>Mitchell Law PLLC<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701<br>(512) 686-3940 (phone)<br>(512) 686-3941 (fax)<br>jonathan@mitchell.law |
| Dated: May 8, 2023 | *Counsel for Defendants* |

## CERTIFICATE OF CONFERENCE

    I certify that I e-mailed Ellen Leonida, counsel for the plaintiffs, and she informed me that the plaintiffs oppose this motion.

 /s/ Jonathan F. Mitchell  
Jonathan F. Mitchell  
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 8, 2023, I served this document through CM/ECF upon:

Ellen V. Leonida
Matthew Borden
J. Noah Hagey
Max Bernstein
Ellis E. Herington
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin
Katherine P. Chiarello
María Amelia Calaf
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com

*Counsel for Plaintiffs*

                                              /s/ Jonathan F. Mitchell
                                              Jonathan F. Mitchell
                                              *Counsel for Defendants*