UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**Leila Green Little**, et al.,

        Plaintiffs,

v.

**Llano County**, et al.,

        Defendants.

Case No. 1:22-cv-00424-RP

### DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY AND FURTHER PROCEEDINGS IN THIS COURT

On Friday, May 5, 2023, the U.S. Court of Appeals for the Fifth Circuit granted our motion to expedite the appeal from this Court's preliminary injunction and ordered that the appeal be expedited "to the next available oral argument calendar." Exhibit 1. The defendants respectfully ask this Court to stay discovery and further proceedings in this Court until the Fifth Circuit rules on the pending appeal.

The plaintiffs have insisted throughout this litigation that the First Amendment prohibits public librarians from engaging in "content discrimination" or "viewpoint discrimination" when weeding books, or (at the very least) that "strict scrutiny" should apply to every content- or viewpoint-based weeding decision. This Court agreed with the plaintiffs' stance in its order granting the preliminary injunction. *See* Order, ECF No. 133, at 17 ("[T]he First Amendment prohibits the removal of books from libraries based on either viewpoint or content discrimination."). The defendants vigorously dispute this and are asking the Fifth Circuit to hold that the First Amendment allows public librarians to consider the content and viewpoint of books when making weeding decisions. *See, e.g.*, *Chiras v. Miller*, 432 F.3d 606, 614 (5th Cir.

2005) ("'Public library staffs necessarily consider content in making collection decisions and enjoy broad discretion in making them.'" (quoting *United States v. American Library Ass'n Inc.*, 539 U.S. 194, 205 (2003) (plurality opinion of Rehnquist, C.J.))). The defendants are also asking the Fifth Circuit to rule that the defendants cannot violate the plaintiffs' First Amendment right to access and receive information when each of the 17 disputed books remains available for the plaintiffs to check out at Llano Library through the in-house checkout system.

It will serve judicial economy and conserve the parties' resources if this Court postpones discovery, including expert discovery and *Daubert* motions, until the Fifth Circuit rules on these pending issues. The parties have already spent hundreds of hours in discovery as the plaintiffs attempt to divine Amber Milum's subjective motivations for weeding the 17 disputed books, and the plaintiffs have offered not one but *two* expert witnesses who accuse Milum of bad faith and unprofessionalism in her weeding decisions. But these factual disputes could be rendered moot by the pending Fifth Circuit decision—and regardless of how the Fifth Circuit rules it would be better to conduct discovery with knowledge of the Fifth Circuit's ruling rather than awaiting its decision after the close of discovery. The Fifth Circuit's ruling on the First Amendment issues will be highly relevant to how the parties conduct their expert depositions and argue their *Daubert* motions. And it would be wasteful to have the parties barrel ahead with expert discovery when the Fifth Circuit could pull the rug from under the experts' analysis at any moment between now and the scheduled trial date of October 16, 2023.

For the same reasons, the Court should postpone summary-judgment briefing and trial until after the Fifth Circuit rules on the law. The Fifth Circuit has expedited the appeal "to the next available oral argument calendar," which means that its ruling is almost certain to drop before this Court enters final judgment. Yet a ruling from the Fifth Circuit that disagrees with this Court's analysis will upend any summary-

judgment briefing or trial proceedings premised on the views expressed in this Court's preliminary-injunction order of March 30, 2023. The sounder approach is to wait for the Fifth Circuit's ruling and allow the parties to litigate summary-judgment issues with knowledge of the Fifth Circuit's views, and for trial to be conducted after the Fifth Circuit has weighed in on the disputed First Amendment issues.

The Court should stay discovery for an additional reason: The parties will be writing their appellate briefs and preparing for oral argument on a highly expedited schedule, and will need to devote their attention to those appellate-court tasks during the months of May and June. Proceeding on the current schedule with expert depositions, *Daubert* motions, summary-judgment briefing, and trial preparation will distract counsel from the appeal and hinder their ability to present the Fifth Circuit with a clear, vigorous, and adversarial presentation of the facts and law. At the same time, the pending expedited appeal and its tight briefing deadlines will make it difficult for counsel to devote careful attention to their continued discovery obligations and filings in this Court as the appeal quickly unfolds. That is especially true on the defendants' side, where Mr. Mitchell, who works as a solo practitioner, is handling all brief-writing and oral-argument responsibilities in the Fifth Circuit as well as motions practice and expert discovery in the district court.

Finally, the plaintiffs will not be prejudiced by a stay of discovery and further proceedings in this Court because they have obtained a preliminary injunction that restores the 17 disputed books to the library shelves and catalogs, and the Fifth Circuit has left that preliminary injunction in place while the defendants pursue their expedited appeal. *See* Exhibit 1 ("IT IS FURTHER ORDERED that Appellants' Opposed Motion to stay the preliminary injunction pending appeal is CARRIED WITH THE CASE."). The preliminary injunction eliminates any possibility that the plaintiffs might suffer a violation of their constitutional rights or other forms of irreparable

harm during the appeal, and our requested stay of proceedings will not disturb the preliminary injunction in any way.

The only conceivable "harm" that the plaintiffs might encounter from a stay of proceedings is that it will hinder their ability run up the defendants' costs of defending this lawsuit, as well as attempts to moot the defendants' expedited appeal by fast-tracking the district-court proceedings to final judgment. Neither of these considerations should receive solicitude from this Court. The Fifth Circuit has clearly indicated its desire to rule quickly on the defendants' appeal by expediting it "to the next available oral argument calendar," and a district court should not try to undercut the efforts of a superior court (and waste the resources invested in an appeal) by racing the Fifth Circuit to the finish line. Nor should a district court seek to accommodate litigation tactics that serve no apparent purpose other than to impose avoidable costs on an adversary.

## CONCLUSION

The motion to stay discovery and further proceedings in this Court should be granted. The Court should stay discovery and further proceedings in this Court until the Fifth Circuit rules on the pending appeal from the preliminary-injunction order.

Respectfully submitted.

| | |
|---|---|
| Dwain K. Rogers<br>Texas Bar No. 00788311<br>County Attorney<br><br>Matthew L. Rienstra<br>Texas Bar No. 16908020<br>First Assistant County Attorney<br><br>Llano County Attorney's Office<br>Llano County Courthouse<br>801 Ford Street<br>Llano, Texas 78643<br>(325) 247-7733 | /s/ Jonathan F. Mitchell<br>Jonathan F. Mitchell<br>Texas Bar No. 24075463<br>Mitchell Law PLLC<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701<br>(512) 686-3940 (phone)<br>(512) 686-3941 (fax)<br>jonathan@mitchell.law |

dwain.rogers@co.llano.tx.us
matt.rienstra@co.llano.tx.us

Dated: May 8, 2023                                          *Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

 I certify that I e-mailed Ellen Leonida, counsel for the plaintiffs, and she informed me that the plaintiffs oppose this motion.

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 8, 2023, I served this document through CM/ECF upon:

Ellen V. Leonida
Matthew Borden
J. Noah Hagey
Max Bernstein
Ellis E. Herington
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin
Katherine P. Chiarello
María Amelia Calaf
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com

*Counsel for Plaintiffs*

                                         /s/ Jonathan F. Mitchell
                                        Jonathan F. Mitchell
                                        *Counsel for Defendants*