UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| Leila Green Little, *et al.*.<br>　　　　　Plaintiffs<br><br>v.<br><br>Llano County, *et al.*<br>　　　　　Defendants | §<br>§<br>§　Civil Action No.: 1:22-CV-00424-RP<br>§<br>§<br>§ |

## PLAINTIFFS' UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster (collectively, "Plaintiffs") bring this motion to voluntarily dismiss Count Two of their Complaint for violation of their Fourteenth Amendment due process rights (42 U.S.C § 1983) (the "Motion") as follows.

### I.　　INTRODUCTION

On April 25, 2022, Plaintiffs filed a Complaint alleging two counts: Count 1 for violation of their First Amendment rights (42 U.S.C § 1983) based on view point discrimination; and Count 2 for violation of their Fourteenth Amendment due process rights (42 U.S.C § 1983). Following this Court's March 30, 2023, issuance of an order denying in part Defendants' motion to dismiss Plaintiffs free speech claims, and a preliminary injunction requiring reshelving of books removed from the Llano County library shelves (Dkt. 133), Defendants appealed to the Fifth Circuit. The Fifth Circuit affirmed the district court's ruling. *See Little v. Llano Cty.*, 103 F.4th 1140 (5th Cir. 2024). Defendants thereafter sought *en banc* rehearing, which the Fifth Circuit granted. *See Little v. Llano Cty.*, 106 F.4th 426 (5th Cir. 2024).

In its May 23, 2025, *en banc* opinion, the Fifth Circuit reversed the preliminary

injunction, dismissed Plaintiffs' First Amendment free speech claims, and remanded Plaintiff's remaining due process claims back to the district court for proceedings consistent with its opinion. On September 9, 2025, Plaintiffs filed a Petition of Writ of Certiorari to the Supreme Court of the United States. On December 8, 2025, the Supreme Court denied Plaintiff's Petition. Because Plaintiffs' Fourteenth Amendment due process claims are based on Plaintiffs' First Amendment claims, Plaintiffs now seek voluntary dismissal of their due process claims without prejudice pursuant to Rule 41(a)(2). Defendants do not oppose this motion.

## II.     ARGUMENT

Pursuant to Fed. R. Civ. P. Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Such dismissals are "without prejudice" unless the Court orders otherwise. *Id.* "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging*, Inc., 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.3d 172, 174 (5th Cir. 1990)). District courts have broad discretion to grant Rule 41(a)(2) motions and should do so "absent some evidence of abuse by the movant" or, if granting the motion may cause legal prejudice, to "craft conditions that will cure the prejudice." *Elbaor*, 279 F.3d at 317-18; *see also In re FEMA Trailer Formaldahyde Products Liability Litigation*, 628 F.3d 157, 163 (5th Cir. 2010).

Defendants will not suffer plain legal prejudice as a result of the dismissal that Plaintiffs seek by this motion. "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." *Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (unpublished). There is no

such conceivable prejudice here. Indeed, following the rulings of the Fifth Circuit and Supreme Court, resolution of Count Two by the dismissal sought by this Motion will resolve the action. *See e.g., Manshack*, 915 F.2d at 174 (affirming district court's approval of voluntary dismissal on the day before trial, but suggesting that voluntary dismissal after an adverse trial court ruling could "[i]n some circumstances . . . inflict 'legal prejudice'"). Here, plaintiffs seek not to avoid an adverse ruling but to resolve this matter following the *en banc* ruling in the Fifth Circuit. See Robles, 77 F. App'x at 276 (5th Cir. 2003) ("Costs associated with a second trial, however, do not qualify as plain legal prejudice.").

As a result of the foregoing, Plaintiffs' Motion for voluntary dismissal without prejudice of their due process claims under Count Two is consistent with the requirements of Rule 42(a)(1) and would not cause Defendants to suffer legal prejudice. Therefore, the motion should be granted.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted, and the Court should dismiss Count Two of the Complaint, Plaintiffs' Fourteenth Amendment due process claims, without prejudice.

DATED: January 20, 2026

        SIDEMAN & BANCROFT LLP

        */s/ Ellen V. Leonida*
        Ellen V. Leonida (*pro hac vice*)
        **Sideman & Bancroft LLP**
        One Embarcadero Center, Twenty-Second Floor
        San Francisco, California 94111-3711
        Telephone:  (415) 392-1960
        Fax:  (415) 392-0827
        eleonida@sideman.com

        Katherine P. Chiarello (TX Bar No. 24006994)
        Ryan A. Botkin (TX Bar No. 00793366)
        Maria A. Calaf (TX Bar No. 24081915)
        Kayna S. Levy (TX Bar No. 24079388)
        **Botkin Chiarello Calaf PLLC**
        1209 Nueces Street
        Austin, Texas 78701
        Telephone:  (512) 615-2341
        Fax:  (737) 289-4695
        katherine@bccaustin.com
        ryan@bccaustin.com
        mac@bccaustin.com
        kayna@bccaustin.com

        Matthew Borden (*pro hac vice*)
        Marissa Benavides (*pro hac vice*)
        **BraunHagey & Borden LLP**
        747 Front Street, 4th Floor
        San Francisco, CA 94111
        Telephone:  (415) 599-0210
        Fax:  (415) 276-1808
        borden@braunhagey.com
        benavides@braunhagey.com

        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Ellen V. Leonida, hereby certify that on January 20, 2026, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

*/s/ Ellen V. Leonida*
Ellen V. Leonida
Attorneys for Plaintiffs