UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| **Leila Green Little**, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>**Llano County**, et al.,<br><br>              Defendants. | Case No. 1:22-cv-00424-RP |

### Defendants' Opposed Motion To Dismiss The Claims Against The Library-Board Defendants Under Rule 12(b)(1)

The plaintiffs' claims against defendants Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, who were sued in their official capacities as members of the Llano County Library Advisory Board, have become moot. The terms to which the library-board defendants were appointed have expired, and Llano County has told the courts that it will not be appointing anyone to replace them while this litigation remains pending. The claims against defendants Wallace, Wells, Schneider, and Baskin are therefore moot, and the Fifth Circuit so held in its en banc opinion of May 23, 2025. *See Little v. Llano County*, 138 F.4th 834, 866 n.60 (5th Cir. 2025).

The defendants respectfully ask the Court to dismiss the claims against defendants Wallace, Wells, Schneider, and Baskin under Rule 12(b)(1) for lack of subject-matter jurisdiction, rather than entering judgment in their favor. It would be improper to enter judgment for or against the library-board defendants when the federal judiciary no longer has subject-matter jurisdiction to entertain the claims brought against those litigants. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")

(*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)); *Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir. 2015) (Easterbrook, J.) ("[A] district court cannot enter judgment in a moot case. All it can do is dismiss for lack of a case or controversy."); *Himmelreich v. Federal Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014) ("Put bluntly, in the absence of jurisdiction, the court lacks the power to enter judgment."); 10A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 3713 (3d ed. 1998) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action.").

It would also be improper to dismiss the claims brought against the library-board defendants "with prejudice," as jurisdictional dismissals must always be without prejudice. *See Spivey v. Chitimacha Tribe of Louisiana*, 79 F.4th 444, 449 (5th Cir. 2023) ("[T]he jurisdiction-less court . . . cannot issue with-prejudice dismissals"); *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("[A] jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction."); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (Easterbrook, J.) ("A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render. 'No jurisdiction' and 'with prejudice' are mutually exclusive." (citation omitted)); 9 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2369 (4th ed.) ("Indeed, the Eighth Circuit properly has held that a district court generally is barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent. This is because dismissal for lack of jurisdiction, as is true of various other threshold matters, is not an adjudication of a claim's merits and thus dismissing with prejudice would be premature.").

The claims brought against defendants Wallace, Wells, Schneider, and Baskin should therefore be dismissed on jurisdictional grounds under Rule 12(b)(1) before a final judgment is entered. A proposed order is attached.

Respectfully submitted.

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: January 21, 2026                    *Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Katherine Chiarello, counsel for the plaintiffs, and she informed me that her clients are opposed to this motion.

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 21, 2026, I served this document through CM/ECF upon:

ELLEN V. LEONIDA
Sideman & Bancroft LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111-3711
(415) 392-1960 (phone)
(415) 392-0827 (fax)
eleonida@sideman.com

MATTHEW BORDEN
J. NOAH HAGEY
MARISSA BENAVIDES
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
borden@braunhagey.com
hagey@braunhagey.com
benavides@braunhagey.com

RYAN A. BOTKIN
KATHERINE P. CHIARELLO
MARÍA AMELIA CALAF
KAYNA STAVAST LEVY
Botkin Chiarello Calaf
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
katherine@bccaustin.com
ryan@bccaustin.com
mac@bccaustin.com
kayna@bccaustin.com

*Counsel for Plaintiffs*

                                    /s/ Jonathan F. Mitchell
                                    JONATHAN F. MITCHELL
                                    *Counsel for Defendants*