**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OPPOSED MOTION TO DISMISS
THE CLAIMS AGAINST THE LIBRARY-BOARD DEFENDANTS
UNDER RULE 12(B)(1)**

Given the Fifth Circuit's rendering of judgment on May 23, 2025 against Plaintiffs'

Count One and Plaintiffs' Unopposed Motion to Dismiss Count 2 (filed January 20, 2026),

Defendants' request that the Court expend additional judicial resources in considering its

opposed Motion to Dismiss under Rule 12(b)(1) is unnecessary and inappropriate. Plaintiffs

request that the Court summarily deny it for the following reasons.

**First**, on January 20, 2026, Plaintiffs brought a motion to voluntarily dismiss Count Two

of their Complaint under Fed. R. Civ. P. 41(a)(2).  Counsel for Defendants indicated that

Defendants did not oppose this relief and no opposition has been filed (a timely opposition

would have been due yesterday, February 3, 2026).  If the Court considers the motions in the

order in which they were filed, then its grant of Plaintiffs' unopposed motion to dismiss Count

Two renders Defendants' motion moot as there will be no claims pending against Defendants

Wallace, Wells, Schneider, or Baskin that could be dismissed.

**Second**, Defendants proffer no applicable legal authority or evidence to support their

argument that the claims against the members of the Llano County Library Advisory Board are

moot under these circumstances. None of the cases cited even touch on the substantive argument Defendants make here—whether claims against an official in their official capacity are moot when their term expires and the entity fails to replace them while the litigation remains pending. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (court lacked jurisdiction because "the complaint fails the third test of standing, redressability"); *Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir. 2015) (plaintiff's claim not moot despite expiration of offer of judgment that would satisfy plaintiff's entire demand); *Himmelreich v. Federal Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014) (holding FTCA's judgment bar did not apply to a federal prisoner's claims that had been (erroneously) dismissed for lack of subject matter jurisdiction under the FTCA's discretionary-function exception).

Even if Defendants' argument were legally correct (it is not), Defendants fail to offer the necessary evidence that would support the relief they seek. Defendants state "[t]he terms to which the library board defendants were appointed have expired, and Llano County has told the courts that it will not be appointing anyone to replace them while this litigation remains pending." Motion at 1. But Defendants offer no evidence in support of those statements and it is well-established that the argument of counsel is not evidence. *See, e.g.*, *Darden v. Wainwright*, 477 U.S. 168, 182 (1986) (prosecutor's argument to jury did not deprive petitioner of a fair trial, in part, because "[t]he trial court instructed the jurors several times that their decision was to be made on the basis of the evidence alone, and that the arguments of counsel were not evidence.").

**Finally**, Defendants' contention that the Fifth Circuit "held in its en banc opinion of May 23, 2025" that "[t]he claims against defendants Wallace, Wells, Schneider, and Baskin are . . . moot" is demonstrably inaccurate. Motion at 1 (citing *Litte v. Llano County*, 138 F.4th 834, 866 n.60 (5th Cir. 2025)). The Fifth Circuit did not hold that the <u>claims</u> against Wallace, Wells,

Schneider, and Baskin are moot; instead it merely granted Defendants' motion to dismiss their
<u>appeal</u> as moot.

---

[60] Defendants' pending motion to dismiss the appeal as moot with respect to former library advisory board members Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin is GRANTED. Defendants' pending motion to correct the case caption is DENIED AS UNNECESSARY.

55

For these reasons, Plaintiffs request that the Court deny Defendants' Opposed Motion To
Dismiss the Claims Against the Library-Board Defendants Under Rule 12(b)(1).

Dated: February 4, 2026                    Respectfully submitted,

                                           <u>SIDEMAN & BANCROFT LLP</u>

                                           Ellen V. Leonida (*pro hac vice*)
                                           **Sideman & Bancroft LLP**
                                           One Embarcadero Center, Twenty-Second Floor
                                           San Francisco, California 94111-3711
                                           Telephone: (415) 392-1960
                                           Fax: (415) 392-0827
                                           eleonida@sideman.com

                                           Katherine P. Chiarello (TX Bar No. 24006994)
                                           Ryan A. Botkin (TX Bar No. 00793366)
                                           Maria A. Calaf (TX Bar No. 24081915)
                                           Kayna S. Levy (TX Bar No. 24079388)
                                           **Botkin Chiarello Calaf PLLC**
                                           1209 Nueces Street
                                           Austin, Texas 78701
                                           Telephone: (512) 615-2341
                                           Fax: (737) 289-4695

katherine@bccaustin.com
ryan@bccaustin.com
mac@bccaustin.com
kayna@bccaustin.com
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 4, 2026, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Ellen V. Leonida