IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEILA GREEN LITTLE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:22-CV-424-RP |
| | § | |
| LLANO COUNTY., et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court are the judgment and mandate of the Fifth Circuit rendering judgment dismissing Plaintiffs' First Amendment free speech claims, (Dkt. 180), Plaintiffs' unopposed motion to dismiss their Fourteenth Amendment claims without prejudice, (Dkt. 192), Gay Baskin, Rhoda Schneider, Bonnie Wallace, Rochelle Wells's (together, the "Library Board Defendants") motion to dismiss for lack of jurisdiction as to them, (Dkt. 193), a motion for entry of judgment by the remaining defendants,[1] (Dkt. 194), and responses and replies to Defendants' motions, (Dkts. 196, 197, 199, 200).

The Court first considers the Library Board Defendants' motion to dismiss for lack of jurisdiction as to them based on mootness, (Dkt. 193). The Library Board Defendants argue that Plaintiffs' claims against them are moot because they were sued in their official capacities, their terms have expired, and the board seats have remained empty since their departure. (*Id.* at 1). As to

---

[1] Llano County; Ron Cunningham, in his official capacity as Llano County Judge; Jerry Don Moss, in his official capacity as Llano County Commissioner; Peter Jones, in his official capacity as Llano County Commissioner; Brent Richards, in his official capacity as Llano County Commissioner (automatically substituted for his predecessor Mike Sandoval per Federal Rule of Civil Procedure 25(d)); Linda Raschke, in her official capacity as Llano County Commissioner; and Amber Milum, in her official capacity as Llano County Library System Director.

the question of mootness, the role of this Court on remand is to identify and apply the directives of the Fifth Circuit. Here, in its conclusion, the Fifth Circuit "RENDER[ED] judgment dismissing plaintiffs' Free Speech claims," but also directed in a footnote that "Defendants' pending motion to dismiss the appeal as moot with respect to former library advisory board members Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin is GRANTED." (Dkt. 180-1, at 55 and 55 n.60). Plaintiffs suggest that the language "pending motion to dismiss the appeal as moot" means that "the Fifth Circuit did not hold that the <u>claims</u> against Wallace, Wells, 3 Schneider, and Baskin are moot." (Resp., Dkt. 196, at 2–3 (emphasis in original)). However, the Library Board Defendants' motion to dismiss that was before the Fifth Circuit was a motion to dismiss Plaintiffs' claims against those Defendants, supporting the conclusion that the Fifth Circuit dismissed the claims against the Library Board Defendants based on mootness—and did not dismiss their appeal on some other basis. *See* Motion to Dismiss, *Little v. Llano County*, No. 23-50224 (5th Cir. Jan 7, 2025) (No. 320-1). The Fifth Circuit also removed the Library Board Defendants from the case caption for the appeal. Docket Entry, *Little v. Llano County* (5th Cir. May 23, 2025) (No. 338). Reasoning from these indications, the Court concludes that the Fifth Circuit dismissed Plaintiffs' claims against the Library Board Defendants as moot and the Library Board Defendants no longer have claims against them in this case.

Second, the Court reviews Plaintiffs' unopposed motion to dismiss their Fourteenth Amendment claims without prejudice, (Dkt. 192), as to the remaining Defendants. Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath*

*Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Here, Plaintiffs' motion to dismiss their Fourteenth Amendment claims was filed as unopposed, and Defendants did not timely file any objections. The Court will grant the motion to dismiss as unopposed. In accordance with the Fifth Circuit's opinion and judgment, (Dkt. 180), the Court will not enter judgment as to the Library Board Defendants.

**IT IS ORDERED** that the Library Board Defendants' motion to dismiss for lack of jurisdiction, (Dkt. 193), is **MOOT**. **IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion to Dismiss Without Prejudice, (Dkt. 192), is **GRANTED** as to the Defendants remaining in this case. Plaintiffs' Count Two Fourteenth Amendment claims are **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion for Entry of Judgment, (Dkt. 194), is **GRANTED** inasmuch as the Court will enter final judgment, consistent with this opinion, by separate order.

**SIGNED** on March 18, 2026.

 

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3