UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Leila Green Little**, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>**Llano County**, et al.,<br><br>          Defendants. | Case No. 1:22-cv-00424-RP |

## DEFENDANTS' APPLICATION FOR REASONABLE ATTORNEYS' FEES UNDER 42 U.S.C. § 1988(b)

42 U.S.C. § 1988(b) allows "the prevailing party" to recover "a reasonable attorney's fee as part of the costs" in any action brought to enforce 42 U.S.C. § 1983. The text of the statute draws no distinction between prevailing plaintiffs and prevailing defendants; it establishes a loser-pays regime rather than an asymmetric pro-plaintiff fee-shifting rule. But in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court disregarded the statutory language and held that prevailing defendants may recover fees under 42 U.S.C. § 1988(b) only when the plaintiff's action was "frivolous, unreasonable, or without foundation," while allowing prevailing plaintiffs in those cases to recover attorneys' fees as a matter of course. *See id*. at 418.

*Christiansburg Garment* precludes this Court from awarding the defendants attorneys' fees as part of the costs, even though the defendants indisputably qualify as "prevailing parties" within the meaning of 42 U.S.C. § 1988(b). But the defendants believe that *Christiansburg Garment* is wrongly decided and should be overruled. And they are filing this application for reasonable attorneys' fees to preserve that contention for appeal and an eventual certiorari petition to the Supreme Court. In the meantime, this Court is duty-bound to follow *Christiansburg Garment* and should deny

the defendants' application for fees. *See Hutto v. Davis*, 454 U.S. 370, 374–75 (1982) (per curiam) ("[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.").

## ARGUMENT

### I.   TIME SPENT

Attorney Jonathan F. Mitchell performed the vast majority of the legal work in this case, and he expended a total of 871.0 hours from June 15, 2022, through March 20, 2026. *See* Mitchell Decl. ¶ 5 (attached as Exhibit 1); Mitchell Timesheets (attached as Exhibit 2). Mr. Mitchell drafted and submitted nearly every brief and court filing in the trial and appellate courts, handled all of the courtroom appearances, and conducted nearly all of the legal research. The 871.0 hours logged by Mr. Mitchell through March 30, 2026, does not include work that falls under the category of "fees for fees," *i.e.*, time spent preparing the application for attorney fees. Mr. Mitchell has submitted billing sheets showing the time spent working on this case. *See* Exhibit 2.

The 871.0 hours that Mr. Mitchell spent on this matter were reasonably expended. This litigation lasted for nearly four years, and it went all the way to en banc proceedings in the U.S. Court of Appeals for the Fifth Circuit. Mr. Mitchell did all of the written work and oral advocacy in these multiple rounds of appellate proceedings. He also briefed and litigated the discovery disputes that arose. Yet despite this nearly four-year legal saga in which in which he handled almost all of the legal work, Mr. Mitchell recorded only 871.0 hours from June 15, 2022, through March 20, 2026. Mr. Mitchell's timesheets specify every block of time and list every task that he performed during the relevant time segment. *See* Exhibit 2. 871.0 hours is an extraordinarily low number of attorney time considering that this litigation included extensive discovery, a two-day hearing with witness testimony on the motion for preliminary injunction, full briefing and oral argument before a three-judge panel of the Fifth

Circuit, and full briefing and oral argument before the en banc Fifth Circuit. The expended hours are low because most of the legal work was performed by a single attorney, which significantly reduced in the inefficiencies and redundancies that arise when multiple lawyers work on a single case.

## II.    HOURLY RATES

An attorney seeking fees must request an hourly rate consistent with the "prevailing market rate" — the rate charged by "lawyers of reasonably comparable skill, experience and reputation" who practice in the community where the Court is located. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("[T]he relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." (citation and internal quotation marks omitted)).

To establish a prevailing market rate, an applicant may submit a declaration from an attorney who practices in the relevant community. *See Tollett*, 285 F.3d at 368 ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."). We have attached to this application a declaration from John C. Sullivan, who practices law in the Dallas–Fort Worth metroplex and formerly practiced in Austin, and who attests that the requested hourly rates are reasonable and consistent with the Austin legal market. *See* Sullivan Decl. (attached as Exhibit 4). Mr. Sullivan agreed to provide this declaration without compensation, so he has no financial stake in this matter or in the ultimate amount of fees that are recovered. *See id*. at ¶ 6.

### A.    Jonathan F. Mitchell

Mr. Mitchell is Principal at Mitchell Law PLLC. He graduated from the University of Chicago Law School in 2001 with high honors, where he was an articles editor of The University of Chicago Law Review and a member of Order of the Coif. After

graduating from law school, Mr. Mitchell clerked for Judge J. Michael Luttig of the U.S. Court of Appeals for the Fourth Circuit and for Justice Antonin Scalia of the Supreme Court of the United States.

He then served as an Attorney-Adviser in the Office of Legal Counsel of the U.S. Department of Justice from 2003 through 2005. After leaving the Department of Justice, Mr. Mitchell was a visiting assistant professor at the University of Chicago Law School from 2006 through 2008, and an assistant professor of law at George Mason University from 2008 through 2010.

In 2010, Mr. Mitchell was appointed Solicitor General of Texas, a position he held until January 2015. After leaving the Texas Solicitor General's office, Mr. Mitchell served as the Searle Visiting Professor of Law at the University of Texas School of Law before joining the Hoover Institution as a Visiting Fellow from 2015 to 2016. Mr. Mitchell also served as a Visiting Professor of Law at Stanford Law School before opening his own law firm in 2018.

Mr. Mitchell has published numerous works of legal scholarship in top-10 law journals, including *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933 (2018), *Textualism and the Fourteenth Amendment*, 69 Stan. L. Rev. 1237 (2017), and *Stare Decisis and Constitutional Text*, 110 Mich. L. Rev. 1 (2011). He has written articles on textualism, national-security law, criminal law and procedure, judicial review and judicial federalism, and the legality of stare decisis in constitutional adjudication. Mr. Mitchell's résumé, which lists all of his scholarly publications, is attached as Exhibit 3, and his academic writing is available on his SSRN page.[1]

Mr. Mitchell has argued eight times before the Supreme Court of the United States, most recently in *Kennedy v. Braidwood Management, Inc.*, 606 U.S. 748 (2025), *Garland v. Cargill*, 602 U.S. 406 (2024), and *Trump v. Anderson*, 601 U.S.

---

1.  *See* https://papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

100 (2024). *See* Mitchell Résumé (attached as Exhibit 3). He has argued more than 30 cases in the federal courts of appeals. *See id.* He has also argued before Supreme Court of Texas and in numerous trial courts. Mr. Mitchell has authored the principal merits brief in 11 U.S. Supreme Court cases, and has written and submitted more than 30 amicus curiae U.S. briefs in the Supreme Court. *See id.*

A lawyer of Mr. Mitchell's skill, experience, and reputation would command an hourly rate of more than $2,000.00 in the Austin market. The most appropriate point of comparison to Mr. Mitchell is Allyson Ho,[2] who (like Mr. Mitchell) is a former Supreme Court clerk with 25 years of experience and has argued multiple cases before the Supreme Court.[3] Ms. Ho graduated from the University of Chicago Law School in 2000 (Mr. Mitchell graduated from Chicago in 2001), and both graduated with high honors and served on the Law Review. Each of them clerked at the Supreme Court during OT 2002 (Ms. Ho for Justice O'Connor,[4] and Mr. Mitchell for Justice Scalia[5]), and each of them has similar experience as appellate advocates. Ms. Ho is a partner in Gibson Dunn's Dallas office, and her hourly rate in 2024 was $1,750.00.[6] Yet Mr. Mitchell is proposing a lodestar rate of $1,500.00, which is below Ms. Ho's 2024 hourly rate, and well below the rate that a lawyer of Mr. Mitchell's skill, experience, and reputation would command in the Austin legal market. *See* Sullivan Decl.

---

2.  *See* https://www.gibsondunn.com/lawyer/ho-allyson-n (last visited on March 31, 2026).
3.  *See* Robert T. Garnett, *Texas hires well-connected private lawyers, may stiffen defense in foster-care lawsuit*, Dallas Morning News (May 11, 2023) (attached as Exhibit 7) ("Allyson Ho argued multiple cases at the U.S. Supreme Court").
4.  *See* https://bit.ly/3tatOBA (last visited on March 31, 2026).
5.  *See* https://bit.ly/3tc2Oli (last visited on March 31, 2026).
6.  *See* Mitchell Decl. ¶ 6 (attached as Exhibit 1) ("I have personal knowledge that Allyson Ho, a partner at Gibson Dunn's Dallas office, was billing her time at an hourly rate of $1,750.00 over two years ago.").

¶ 8 (attached as Exhibit 5) ("A lawyer of Mr. Mitchell's skill, experience, and reputation would easily command a rate of $2,000 to 2,500/hour (or more) in private practice in the Austin legal market.").

### B.    *Johnson* Factors

We have considered the 12 *Johnson* factors, *see Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), but do not believe that any of them warrants an upward or downward departure. The only relevant *Johnson* factor, in our view, is the ninth factor—"the experience, reputation, and ability of the attorneys"—but this factor is already accounted for in computing the lodestar and should not be double-counted. *See Jason D.W. ex rel. Douglas W. v. Houston Independent School District*, 158 F.3d 205, 209 (5th Cir. 1998). We also are not seeking any fee enhancements.

## III.    THE OVERALL AMOUNT REQUESTED

If the Supreme Court of the United States were to overrule *Christiansburg Garment*, the defendants would respectfully request recover fees as follows:

| Attorney | Hourly Rate | Hours | Total Fees | Expenses |
|---|---|---|---|---|
| Mitchell | $1,500.00 | 871.0 | $1,306,500.00 | $0.00 |

Because the Supreme Court has not overruled *Christiansburg Garment*, the Court should deny this request and allow the defendants to seek the overruling of *Christiansburg Garment* on appeal.

## CONCLUSION

The defendants' application for attorneys' fees should be denied.

Respectfully submitted.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)

(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: March 31, 2026                    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 31, 2026, I served this document through CM/ECF upon:

ELLEN V. LEONIDA
Sideman & Bancroft LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111-3711
(415) 392-1960 (phone)
(415) 392-0827 (fax)
eleonida@sideman.com

MATTHEW BORDEN
J. NOAH HAGEY
MARISSA BENAVIDES
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
borden@braunhagey.com
hagey@braunhagey.com
benavides@braunhagey.com

RYAN A. BOTKIN
KATHERINE P. CHIARELLO
MARÍA AMELIA CALAF
KAYNA STAVAST LEVY
Botkin Chiarello Calaf
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
katherine@bccaustin.com
ryan@bccaustin.com
mac@bccaustin.com
kayna@bccaustin.com

*Counsel for Plaintiffs*

   /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs*