**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| Leila Green Little, *et al..* | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Action No.: 1:22-CV-00424-RP |
| | § | |
| Llano County, *et al.* | § | |
| Defendants | | |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES**

Plaintiffs Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster (collectively, "Plaintiffs") submit this response in opposition to Defendants' Application for "Reasonable" Attorneys' Fees Under 42 U.S.C. § 1988(b) (the "Application," ECF No. 205). Defendants acknowledge that binding Supreme Court precedent forecloses their request for fees under 42 U.S.C. § 1988, yet they make no effort to argue that Plaintiffs' claims were frivolous, unreasonable, or without foundation, as required under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Instead, Defendants state only that they "believe that *Christiansburg Garment* is wrongly decided and should be overruled" and that they seek fees solely to preserve that issue for appeal. Dkt. 205 at 1. Because Defendants identify no valid basis for fee recovery under existing law—and articulate no good-faith basis for overturning nearly fifty years of settled precedent—their Application should be denied. Plaintiffs additionally reserve all objections to the reasonableness, necessity, and recoverability of the extraordinary fees Defendants seek.

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR ATTORNEYS'**                    Page | 1
**FEES**

## ARGUMENT

### I.    Defendants Are Not Entitled to Attorneys' Fees

Under 42 U.S.C. § 1988, prevailing defendants in civil rights litigation are not entitled to attorneys' fees unless they can establish that that the plaintiff's action was frivolous, unreasonable, or without foundation. *Christiansburg Garment* 434 U.S. at 421; *see also Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (holding that *Christiansburg Garment* applies to prevailing defendants in civil rights actions under 42 U.S.C. § 1983.); *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981) (Acknowledging that "the *Christiansburg* standard also governs fee awards to prevailing defendants under 42 U.S.C. § 1988.") "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Id.*

Defendants do not even attempt to make the showing required under *Christiansburg Garment*. They do not argue that Plaintiffs' claims were frivolous, unreasonable, or without foundation. Rather, they simply state that they disagree with the holding of *Christiansburg Garment* and are filing their application to "preserve that contention for appeal and an eventual certiorari petition to the Supreme Court." Dkt. 205 at 1. Because Defendants concede that their request is contrary to controlling law, the Application must be denied.

Defendants offer no justification for their fee application beyond their "belie[f] that *Christiansburg Garment* is wrongly decided and should be overruled." Dkt. 205 at 1. Defendants do not attempt to support that position with any analysis grounded in public policy, legislative history, or existing precedent, nor do they articulate any developed argument for modifying or reversing controlling law. Having chosen not to advance such arguments in their Application, Defendants are foreclosed from attempting to raise them later in a reply brief or on appeal. *See Allen v. Hays*, 65 F.4th 736, 746 (5th Cir. 2023) ("[A]n argument cannot be raised

for the first time in a reply brief, so it is waived.") *Am. Precision Ammunition, L.L.C. v. City of Min. Wells*, 90 F.4th 820, 827 (5th Cir. 2024) (citing *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 503 (5th Cir. 2012)) ("Arguments not raised in district court will not be considered absent extraordinary circumstances."). Moreover, Rule 11 requires that legal contentions be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11. Here, Defendants offer no articulated basis—much less a nonfrivolous one—for overturning nearly fifty years of Supreme Court precedent governing fee awards in civil rights cases.

## II.     Plaintiffs Reserve the Right to Challenge the Amount of Fees

Although Defendants are not entitled to fees as a matter of law, Plaintiffs additionally reserve all objections to the amount and reasonableness of the fees sought. Defendants seek more than $1.3 million in attorneys' fees based on a proffered expert opinion that raises substantial factual and methodological questions, including: (1) whether Defendants' Dallas-based expert is qualified to opine on reasonable attorney rates in Austin; (2) whether the materials relied upon by the expert support his conclusions; (3) whether trial counsel, a sole practitioner specializing in appellate work, would warrant an hourly rate of $1,500 per hour to conduct an evidentiary hearing in District Court; and (4) whether the tasks counsel seeks compensation for are, in fact, compensable.

Notably, the rate counsel actually charged Defendants for his services was $450/hour—far below the $1,500/hour rate Defendants now claim. Defense counsel's time notes also include plainly non-compensable entries, including time spent drafting and communicating about press releases, Dkt. 205-2, p. 4, 6, and an entry reflecting counsel checking in for a flight, *id.*, p. 21.

---

The Court denied discovery regarding defense counsel's fees and rate, relying on Defendants' representation that they "are willing to stipulate that Plaintiffs may contest the fee amount on remand, if *Christiansburg Garment* is overturned." Plaintiffs therefore reserve all objections regarding the reasonableness, necessity, and recoverability of the requested fees, including objections under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Application for Fees, order that Defendants' arguments are restricted to those advanced in their application, and allow Plaintiffs to reserve all objections to the reasonableness, necessity, and recoverability of the requested fees.

DATED: May 21, 2026

SIDEMAN & BANCROFT LLP

Ellen V. Leonida (*pro hac vice*)
**Sideman & Bancroft LLP**
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:  (415) 392-1960
Fax:  (415) 392-0827
eleonida@sideman.com
Katherine P. Chiarello (TX Bar No. 24006994)
Ryan A. Botkin (TX Bar No. 00793366)
Maria A. Calaf (TX Bar No. 24081915)
Kayna S. Levy (TX Bar No. 24079388)
**Botkin Chiarello Calaf PLLC**
1209 Nueces Street
Austin, Texas 78701
Telephone:  (512) 615-2341
Fax:  (737) 289-4695
katherine@bccaustin.com
ryan@bccaustin.com
mac@bccaustin.com
kayna@bccaustin.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21 day of May, 2026, I electronically filed the

foregoing  **PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR**

**ATTORNEYS' FEES** with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to all counsel of record who have appeared in this case using the

Court's CM/ECF system as a Filing User.

Ellen V. Leonida (*pro hac vice*)
**Sideman & Bancroft LLP**
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:  (415) 392-1960
Fax:  (415) 392-0827
eleonida@sideman.com